XAVIER BECERRA, State Bar No. 118517
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
JEREMY DUGGAN, State Bar No. 229854
Deputy Attorney General
ALLISON LOW, State Bar No. 273202
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-6008
 Fax:  (916) 324-5205
 E-mail:  Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendants*
*Clark, Burns and Diaz*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,** | 1:20-cv-00323-NONE-BAM |
| Plaintiff, | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| **RALPH DIAZ, et al.,** | Date:        July 17, 2020 |
| Defendants. | Time:        9:00 a.m. |
| | Courtroom:  8, 6th Floor |
| | Judge:        The Honorable Barbara A. McAuliffe |
| | Trial Date:  Not set |
| | Action Filed:  March 2, 2020 |

1

**TABLE OF CONTENTS**

2

**Page**

3 Introduction ........................................................................................................................... 1

4 Allegations ............................................................................................................................ 1

Standard on Motion to Dismiss............................................................................................ 2

5 Legal Argument .................................................................................................................... 3

6      I.      Defendants Are Entitled to Sovereign Immunity from Plaintiff's Claims.............. 3

7      II.     Plaintiff Fails to State a Claim for Deliberate Indifference. .................................. 5

     III.    Plaintiff Fails to State a Claim for Failure to Intervene to Protect Pre-Trial

8            Detainee in Custody. ............................................................................................. 6

9      IV.    Plaintiff Fails to State a Claim for Supervisory Liability. ..................................... 8

     V.     Plaintiff Fails to State a Claim for Loss of Familial Relations. ........................... 10

10      VI.    Plaintiff Fails to State a Claim for Conspiracy. .................................................. 10

11      VII.   Moving Defendants Are Entitled to Qualified Immunity on Plaintiff's

12            Federal Causes of Action. .................................................................................... 12

     VIII.  Plaintiff Fails to State a Claim for Negligent Supervision................................... 14

13      IX.    Plaintiff Fails to State a Claim for Wrongful Death. ........................................... 17

14      X.     Plaintiff Fails to Join Decedent's Father, a Necessary Party………………………18

15      XI.    Plaintiff's Eighth Cause of Action Should be Dismissed…………………………..19

16 Conclusion .......................................................................................................................... 20

17

18

19

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Adams v. Johnson*
355 F.3d 1179 (9th Cir. 2004)...........................................................................9

*Aholelei v. Dept. of Public Safety*
488 F.3d 1144 (9th Cir. 2007)...........................................................................4

*Ashcroft v. al-Kidd*
563 U.S. 731 (2011) ........................................................................................12

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .............................................................................. *passim*

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) .............................................................................. *passim*

*BV Eng'g v. Univ. of Cal., L.A.*
858 F.2d 1394 (9th Cir. 1988)...........................................................................4

*Castro v. Cty. of Los Angeles*
833 F.3d 1060 (9th Cir. 2016)......................................................................6, 7

*Cholla Ready Mix, Inc. v. Civish*
382 F.3d 969 (9th Cir. 2004).............................................................................4

*City and Cnty. of San Francisco, Calif. v. Sheehan*
135 S. Ct. 1765 (2015) ....................................................................................12

*City of Canton v. Harris*
489 U.S. 378 (1989).........................................................................................10

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994)...............................................................................3

*Clement v. Gomez*
298 F.3d 898 (9th Cir. 2002)...........................................................................13

*Corales v. Bennett*
567 F.3d 554 (9th Cir. 2009)...........................................................................16

*Crowder v. Riverside County Sheriff's Dep't*
No. CV 17-2362-CAS (JR), 2018 U.S. Dist. LEXIS 236064 (C.D. Cal. Jan. 16,
2018) ..................................................................................................................7

ii

# TABLE OF AUTHORITIES
### (continued)

Page

*Doe v. City of San Diego*
35 F. Supp. 3d at 1229 ....................................................................................9

*Dredge Corp. v. Penny*
338 F.2d 456 (9th Cir. 1964)..........................................................................19

*Eastburn v. Reg'l Fire Prot. Auth.*
31 Cal. 4th 1175 (Cal. 2003) .........................................................................16

*El-Shaddai v. Zamora*
No. CV 13-2327 RGK (JC), 2017 U.S. Dist. LEXIS 122680 (C.D. Cal. Aug. 3, 2017) ..............................................................................................................6

*Erickson v. Pardus*
551 U.S. 89 (2007).............................................................................................3

*Farmer v. Brennan*
511 U.S. 825 (1994)...........................................................................................5

*Ford v. Ramirez-Palmer (Estate of Ford)*
301 F.3d 1043 (9th Cir. 2002)........................................................................14

*Foster v. C.D.C.R.*
No. CV 15-6543-DMG-KK, 2015 U.S. Dist. LEXIS 129493 (C.D. Cal. Sep. 25, 2015) .............................................................................................................4

*Franklin v. Fox*
312 F.3d 423 (9th Cir. 2002)..........................................................................11

*Gausvik v. Perez*
392 F.3d 1006 (9th Cir. 2004)........................................................................10

*Griffin v. Breckenridge*
403 U.S. 88 (1971)...........................................................................................11

*Hansen v. Black*
885 F.2d 642 (9th Cir. 1989)............................................................................8

*Harlow v. Fitzgerald*
457 U.S. 800 (1982).........................................................................................12

*Hart v. Parks*
450 F.3d 1059 (9th Cir. 2006)........................................................................11

*Hearns v. Terhune*
413 F.3d 1036 (9th Cir. 2005)....................................................................5, 14

iii

1

## <u>TABLE OF AUTHORITIES</u>
### (continued)

2

<u>Page</u>

3

*Henry A. v. Willden*

4

    678 F.3d 991 (9th Cir. 2012)......................................................................6, 9

5

*Holley v. Cal. Dep't of Corr.*

    599 F.3d 1108 (9th Cir. 2010)........................................................................4

6

7

*Horton v. City of Santa Maria*

    915 F.3d 592 (9th Cir. 2019)........................................................................13

8

*Ivey v. Board of Regents of the University of Alaska*

9

    673 F.2d 266 (9th Cir. 1982)..........................................................................3

10

*Jeffers v. Gomez*

    267 F.3d 895 (9th Cir. 2001)..........................................................................9

11

*Karim-Panahi v. L.A. Police Dep't*

12

    839 F.2d 621 (9th Cir. 1988)........................................................................11

13

*Leer v. Murphy*

    844 F.2d 628 (9th Cir. 1988)..........................................................................5

14

15

*Lemire v. Cal. Dep't of Corr. & Rehab.*

    726 F.3d 1062 (9th Cir. 2013)......................................................................10

16

*Mattos v. Agarano*

17

    661 F.3d 433 (9th Cir. 2011) (en banc)........................................................12

18

*May v. Baldwin*

    109 F.3d 557 (9th Cir. 1997)........................................................................13

19

*Mullenix v. Luna*

20

    136 S. Ct. 305 (2015) ..................................................................................13

21

*Navarro v. Block*

22

    250 F.3d 729 (9th Cir. 2001)..........................................................................2

23

*Oviatt v. Pearce*

    954 F.2d 1470 (9th Cir. 1992)......................................................................10

24

*Pearson v. Callahan*

25

    555 U.S. 223 (2009) ....................................................................................12

26

*Pennhurst State Sch. & Hosp. v. Halderman*

27

    465 U.S. 89 (1984) ........................................................................................3

28

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Quern v. Jordan*
    440 U.S. 332 (1979) ........................................................................................4

*Quiroz v. Seventh Ave. Ctr.*
    140 Cal. App. 4th 1256 (Cal. App. 2006) ........................................................18

*Riggle v. State of Cal.*
    577 F.2d 579 (9th Cir. 1978) ............................................................................4

*Rise v. Oregon*
    59 F.3d 1556 (9th Cir. 1995) ............................................................................8

*Rounds v. Or. State Bd. of Higher Educ.*
    166 F.3d 1032 (9th Cir. 1999) ..........................................................................4

*Ruttenberg v. Ruttenberg*
    53 Cal. App. 4th 801 (Cal. App. 1997) ..........................................................19

*Saucier v. Katz*
    533 U.S. 194 (2001) ......................................................................................12

*Taylor v. Barkes*
    135 S. Ct. 2042 (2015) (per curiam) ..............................................................13

*Toler v. Paulson*
    551 F. Supp. 2d 1039 (E.D. Cal. 2008) ..........................................................11

*Vander Lind v. Superior Court*
    146 Cal.App.3d 358 (1983) ............................................................................16

*Weaver By and Through Weaver v. State*
    63 Cal. App. 4th 188 (Cal. App. 1998) ....................................................15, 18

*Welch v. State Dep't of Highways & Public Transp.*
    483 U.S. 468 (1987) ........................................................................................3

*Wilbur v. Locke*
    423 F.3d 1101 (9th Cir. 2005) ..........................................................................4

*Wright v. State of Calif.*
    122 Cal. App. 4th 659 (Cal. App. 2004) ........................................................15

*Ziglar v. Abbassi*
    137 S. Ct. 1843 (2017) ..............................................................................12, 13

# TABLE OF AUTHORITIES
## (continued)

**Page**

**STATUTES**

28 U.S.C.
§ 1367(c)(3) ............................................................................................................... 19

42 U.S.C.
§ 1983 ...................................................................................................................... 10
§ 1985 ...................................................................................................................... 10
§ 1988 .................................................................................................................. 10, 11

Code of Civil Procedure
§ 377.30 et seq. .......................................................................................................... 17
§ 377.34 ................................................................................................................... 17
§ 377.60 ............................................................................................................... 16, 17
§ 377.60(a) ............................................................................................................ 18, 19
§ 1714 ............................................................................................................ 14, 15, 16

Government Code
§ 810 ....................................................................................................................... 15
§ 820.8 ................................................................................................... 15, 16, 17, 18
§ 844.6 ..................................................................................................................... 15
§ 844.6(d) ................................................................................................................. 14

Penal Code
§ 5000 et seq. ............................................................................................................. 7

Probate Code
§ 6402(b) ................................................................................................................. 19

**CONSTITUTIONAL PROVISIONS**

United States Constitution
Eighth Amendment ................................................................................................... 7, 10
Eleventh Amendment ................................................................................................... 3, 4
Fourteenth Amendment ......................................................................................... 5, 6, 7, 10

**COURT RULES**

Federal Rule of Civil Procedure
12(b)(6) ..................................................................................................................... 2, 3
12(b)(7) ..................................................................................................................... 19
19 ........................................................................................................................... 19

Federal Rule of Civil Procedure, § 8(a)(2) ..................................................................... 2

Federal Rule of Civil Procedure, § 19(a)(1)(B) ............................................................ 19

# TABLE OF AUTHORITIES
### (continued)

**Page**

Federal Rules of Civil Procedure, § 8 ........................................................................3, 16

Federal Rules of Civil Procedure, § 19(c)..........................................................................19

1  **INTRODUCTION**

2     Plaintiff Dora Solares asserts that R. Diaz, the Secretary of the California Department of

3  Corrections and Rehabilitation (CDCR), K. Clark, the warden at California State Prison,

4  Corcoran (Corcoran), and J. Burns, a sergeant at California State Prison, Corcoran (collectively

5  "Defendants"), are liable in their official capacities for the death of her son, Luis Romero.

6     As state officials, Defendants enjoy sovereign immunity from claims for damages brought

7  against them in their official capacities in federal court.  All claims against Defendants are

8  brought against them in their official capacities, and the only relief sought is monetary damages.

9  Accordingly, all claims in the complaint should be dismissed.

10     In addition, all claims against moving Defendants should be dismissed for failure to state

11  facts sufficient to support a claim under either federal or state law.  The complaint is almost

12  entirely devoid of factual matter as to Defendants' conduct, and instead consists of formulaic

13  recitations of the elements of each cause of action.  The complaint fails to inform Defendants of

14  what they are alleged to have done wrong and should therefore be dismissed.

15     Defendants are also entitled to qualified immunity as to Plaintiff's federal claims, and

16  statutory immunities as to the state-law claims.  Plaintiff fails to plead any recoverable damages

17  for the state-law negligent-supervision claim.  Plaintiff's second cause of action, for failure to

18  protect a pretrial detainee, fails because the complaint does not identify any pretrial detainee.

19  And Plaintiff has not joined a necessary party to the seventh cause of action for wrongful death.

20  The complaint should be dismissed in its entirety.

21  **ALLEGATIONS**

22     Plaintiff Solares alleges as follows:

23     Plaintiff Solares is the mother of Decedent Luis Romero.  (Compl. ¶ 4.)  On or about March

24  7, 2019, Decedent was transferred from Mule Creek State Prison to California State Prison,

25  Corcoran.  (Compl. ¶ 14.)  Corcoran officials, including Defendant Burns, did not follow the

26  usual protocol before housing inmates together, and housed Romero in a cell with inmate Jaime

27  Osuna.  (*Id.*)  Osuna had been convicted of a 2011 murder, and CDCR possessed documents

28

1

1 showing he was extremely violent.  (Compl. ¶ 16.)  Osuna had also been charged with attempted

2 murder based on an incident that occurred at Kern County Jail while Osuna was awaiting trial in

3 2011.  (Compl. ¶ 16.)  In 2012, Osuna found his way into another inmate's cell and stabbed that

4 inmate.  (Compl. ¶ 17.)  Plaintiff believes Osuna had never previously been assigned a cellmate

5 since his CDCR commitment in 2012.  (Compl. ¶ 16.)

6         After housing Osuna and Romero together, CDCR officials did not conduct hourly safety

7 checks on the cell.  (Compl. ¶ 20.)  On March 8, 2019, Osuna murdered Romero and

8 dismembered Romero's body.  (Compl. ¶ 21.)  Staff discovered the murder on the morning of

9 March 9, 2019.  (Compl. ¶ 1.)

10         As the warden at Corcoran, Clark was responsible for ensuring that proper procedures were

11 followed, but he failed to properly supervise his subordinates.  (Compl. ¶ 19.)  Defendants Clark

12 and Diaz failed to establish a procedure to document and track inmates' agreements to be housed

13 together, and failed to properly supervise subordinates with regard to inmates' sharing cells.

14 (Compl. ¶ 19.)

15         Plaintiff asserts seven causes of action against Defendants Diaz, Clark, and Burns, for: (1)

16 Deliberate Indifference; (2) Failure to Intervene to Protect Pretrial Detainee; (3)  Supervisory

17 Liability; (4)  Loss of Familial Relations; (5) Conspiracy to Violate Civil Rights; (6)  Negligent

18 Supervision; and (7)  Wrongful Death.  (Compl. 10-16.)  Plaintiff further asserts an eighth case of

19 action for failure to summon medical care against unidentified Doe defendants only.  (Compl. 16-

20 17.)

21                              **STANDARD ON MOTION TO DISMISS**

22         A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the

23 sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint

24 must set forth "a short and plain statement of the claim showing that the pleader is entitled to

25 relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only 'give

26 the defendant fair notice of what the  . . .  claim is and the grounds upon which it rests.'"

27

28

                                                    2

1   *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2   544, 555 (2007)).

3       Dismissal is proper where the complaint does not contain enough factual allegations, when

4   taken as true, to establish "plausible," as opposed to merely "possible" or "speculative,"

5   entitlement to relief.  *Bell Atlantic Corp.*, 550 U.S. at 555.  Although detailed factual allegations

6   are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me

7   accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and

8   conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does

9   a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*

10  (quoting *Bell Atlantic Corp.*, 550 U.S. at 555, 557).

11      In evaluating a motion to dismiss under Rule 12(b)(6), a court must assume the truth of the

12  facts presented and construe all inferences from them in the light most favorable to the

13  nonmoving party.  *Erickson*, 551 U.S. at 94.  However, courts should not "supply essential

14  elements of the claim that were not initially pled."  *Ivey v. Board of Regents of the University of*

15  *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Additionally, courts "are not required to accept legal

16  conclusions cast in the form of factual allegations if those conclusions cannot reasonably be

17  drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.

18  1994).

19                              **LEGAL ARGUMENT**

20  **I.    DEFENDANTS ARE ENTITLED TO SOVEREIGN IMMUNITY FROM PLAINTIFF'S CLAIMS.**

21      The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not

22  be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

23  United States by Citizens of another State, or Citizens or Subjects of any Foreign State."  U.S.

24  Const. amend. XI.  Although the amendment does not by its terms prohibit an action against a

25  state by one of the state's own citizens, the Supreme Court has recognized such a prohibition.  *See*

26  *Welch v. State Dep't of Highways & Public Transp.*, 483 U.S. 468 (1987) (plurality) (citing *Hans*

27  *v. Louisiana,* 134 U.S. 1, 10 (1890)).  The immunity extends to claims arising under both state

28  law, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984), and federal law,

3

Defs.' Mem. of P. & A. in Support of Mot. to Dismiss (1:20-cv-00323-NONE-BAM)

1    *Quern v. Jordan*, 440 U.S. 332, 341 (1979).  The Eleventh Amendment "precludes the

2    adjudication of pendent state law claims against nonconsenting state defendants in federal

3    courts."  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004)

4        "The Eleventh Amendment bars suits against a state or its agencies, regardless of the relief

5    sought, unless the state unequivocally consents to a waiver of its immunity."  *Wilbur v. Locke*,

6    423 F.3d 1101, 1111 (9th Cir. 2005).  "A state's waiver of sovereign immunity in its own courts

7    does not effect a waiver of its eleventh amendment immunity in the federal courts."  *BV Eng'g v.*

8    *Univ. of Cal., L.A.*, 858 F.2d 1394, 1396 (9th Cir. 1988).  The Ninth Circuit has held that

9    California did not waive its Eleventh Amendment immunity by enacting the California Tort

10   Claims Act.  *Riggle v. State of Cal.*, 577 F.2d 579, 586 (9th Cir. 1978).  In addition, "[t]he

11   Eleventh Amendment bars suits for money damages in federal court against . . . state officials in

12   their official capacities."  *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007)

13   (citations omitted); *see also Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010)

14   ("For sovereign-immunity purposes, we treat [a] suit against state officials in their official

15   capacities as a suit against the state of California.").

16       Plaintiff sues Defendants Clark, Burns, and Diaz, each of whom are state officials, in their

17   official capacities, for damages only.  (Compl. ¶¶ 5-7; Compl. 17.)  Accordingly, Defendants

18   enjoy sovereign immunity from these claims.  *See, e.g., Holley*, 599 F.3d at 1111; *see also*

19   *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999) (noting a "narrow

20   exception to Eleventh Amendment immunity for certain suits seeking declaratory and injunctive

21   relief," which does not apply here).

22       Plaintiff may argue that the caption of the complaint names Defendant Burns in his

23   individual and official capacity, although it still names Diaz and Clark only in their official

24   capacities.  (*See* Compl. 1.)  That shows only that the caption and body of Plaintiff's complaint

25   are inconsistent with one another.  "Such inconsistent naming precludes opposing parties from

26   deducing whether Plaintiff makes any claims against them and identifying which claims Plaintiff

27   makes against which defendant," and subjects the complaint to dismissal.  *Foster v. C.D.C.R.*, No.

28   CV 15-6543-DMG-KK, 2015 U.S. Dist. LEXIS 129493, at *5-6 (C.D. Cal. Sep. 25, 2015).

4

1  Accordingly, to the extent the claims against Burns are ambiguous as to the capacity in which he

2  is sued, they should be dismissed because they do not provide Defendant with fair notice of the

3  claims.

4      As stated in the body of the complaint, Defendants are sued in their official capacities.

5  They are therefore immune from Plaintiff's claims, and their motion to dismiss should be granted.

6  **II.  PLAINTIFF FAILS TO STATE A CLAIM FOR DELIBERATE INDIFFERENCE.**

7      Plaintiff's first cause of action is for "deliberate indifference to serious safety needs" under

8  the Eighth and Fourteenth Amendment against Defendant Burns and Does 1-15.  To establish a

9  Constitutional violation based on a failure to protect Decedent from attacks by another inmate,

10  Plaintiff must show: (1) that officials exposed Decedent to an objectively substantial risk of

11  serious harm; and (2) that the officials were deliberately indifferent to that risk — that is, that

12  they knew of the substantial risk, but disregarded it.  *See Hearns v. Terhune*, 413 F.3d 1036, 1040

13  (9th Cir. 2005).  "[T]he official must both be aware of facts from which the inference could be

14  drawn that a substantial risk of serious harm exists, and he must also draw the inference."

15  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Further, liability under § 1983 requires a showing

16  that a defendant's personal involvement or failure to perform legally required duties caused the

17  plaintiff's constitutionally protected rights to be violated.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th

18  Cir. 1988).

19      Here, Plaintiff pleads no facts showing that Defendant Burns knew of, and disregarded, a

20  substantial risk of serious harm to Decedent.  The only fact alleged against Burns is that he

21  "ignored the usual protocol required before placing one inmate in the cell of another."  (Compl. ¶

22  14.)  According to Plaintff, the usual protocol was to determine whether two inmates are an

23  appropriate fit as cellmates, then have each inmate sign forms agreeing to be celled together.

24  (Compl. ¶ 15.)  The assertion that Burns ignored that protocol does not show that Burns knew of a

25  substantial risk of serious harm to Decedent, and disregarded it.  Rather it shows only that Burns

26  did not follow the usual protocol.  Moreover, the allegations do not show that there would have

27  been a different result if the protocol were followed.  Accordingly, the pleading does not show the

28  required element of causation.  *See Leer*, 844 F.2d at 633.

5

1    Plaintiff also makes allegations that "Defendants" — a term that includes fifteen Does —

2    "were on notice that Jaime Osuna posed a threat to other inmates and should not share a cell with

3    anyone." (Compl. ¶ 16.) Without factual support, those generic allegations are nothing more

4    than a "formulaic recitation of the elements" of the cause of action. *Twombly*, 550 U.S. at 555.

5    That type of "naked assertion" devoid of "further factual enhancement" is insufficient to state a

6    claim in federal court. *Id.* at 557. While Plaintiff alleges that Osuna was dangerous, and that

7    non-defendant "CDCR" was in possession of documents showing the danger (Compl. ¶ 16), the

8    complaint does not allege that Burns was aware of any of the documents or incidents cited.

9    (Compl. ¶¶ 16-17.)

10    To state a viable § 1983 claim, Plaintiff must, "at a minimum, allege facts which

11    demonstrate the <u>specific</u> acts each <u>individual</u> defendant did and how that individual's alleged

12    misconduct <u>specifically</u> violated plaintiff's constitutional rights." *El-Shaddai v. Zamora*, No. CV

13    13-2327 RGK (JC), 2017 U.S. Dist. LEXIS 122680, at *19 (C.D. Cal. Aug. 3, 2017) (emphasis in

14    original) (citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see also Henry A. v.*

15    *Willden*, 678 F.3d 991, 1004 (9th Cir. 2012) (rejecting allegations referring only to "Defendants"

16    as insufficiently specific). There are no facts alleged showing that Burns knew that Romero was

17    in substantial risk of serious harm, and disregarded that risk. (Compl. ¶¶ 14-23.) Plaintiff's

18    generalized and conclusory allegations that Defendants "were on notice" that Osuna should not be

19    double-celled are insufficient to state a cognizable claim for failure to protect, and Plaintiff's'

20    deliberate indifference claim should be dismissed.

21    **III.    PLAINTIFF FAILS TO STATE A CLAIM FOR FAILURE TO INTERVENE TO PROTECT**
        **PRE-TRIAL DETAINEE IN CUSTODY.**

22

23    For their second cause of action, Defendants allege "Failure to Intervene to Protect Pre-

24    Trial Detainee in Custody" against Diaz, Clark, Burns, and Does 1-15. (Compl. 11.) "Inmates

25    who sue prison officials for injuries suffered while in custody may do so under the Eighth

26    Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the

27    Fourteenth Amendment's Due Process Clause." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060,

28    1067-68 (9th Cir. 2016). The standard for the Fourteenth Amendment failure to protect claim is

6

1    slightly different from that for the same claim under the Eighth Amendment. *See id.* at 1071

2    (establishing elements of pretrial detainee's failure to protect claim); *Crowder v. Riverside*

3    *County Sheriff's Dep't,* No. CV 17-2362-CAS (JR), 2018 U.S. Dist. LEXIS 236064, *5 (C.D.

4    Cal. Jan. 16, 2018) ("The same analytical framework applies to both theories, however, though

5    the 14th Amendment standard for failure-to-protect claims is more generous than that of the

6    Eighth Amendment.")

7        Here, Plaintiff alleges that Romero was a CDCR inmate, not a pretrial detainee.  (Compl. ¶

8    1; *see also* Cal. Penal Code § 5000 et seq. (establishing California Department of Corrections and

9    Rehabilitation).)  Accordingly, a failure to protect claim under the Fourteenth Amendment

10   analysis is not available.  While the Complaint does mention the Eighth Amendment in this cause

11   of action (Compl. ¶ 35), it is clear from the pleading that Plaintiff was attempting to plead the

12   Fourteenth Amendment standard under *Castro* (and it would otherwise be duplicative of

13   Plaintiff's first cause of action). *Compare* Compl. ¶¶ 35-37 (asserting that Defendants made an

14   "intentional decision with respect to the conditions under which Romero was confined," that

15   Defendants "did not take reasonable available measures to abate that risk," and that "by not

16   taking such measures," Plaintiff was injured), *with Castro,* 833 F.3d at 1071 (establishing the

17   elements of a pretrial detainee's failure to protect claim as including that defendant made an

18   "intentional decision with respect to the conditions under which the plaintiff was confined," that

19   defendant "did not take reasonable available measures to abate that risk," and that "[b]y not

20   taking such measures," plaintiff was injured).  Because Decedent was not a pretrial detainee,

21   Plaintiff's second cause of action should be dismissed.

22       Moreover, even if Plaintiff had alleged Decedent was a pretrial detainee, the complaint does

23   not allege sufficient facts to support that failure-to-protect claim.  Plaintiff does not allege any

24   facts showing that Diaz, Burns, or Clark made an intentional decision regarding Romero's

25   conditions of confinement that put Romero at substantial risk of serious harm.  (Compl. ¶¶ 14-

26   23.)

27       Specifically, the complaint does not assert that any of these Defendants made an intentional

28   decision to put Romero in harm's way.  (*Id.*)  As stated above with regard to Burns, all that is

7

1  alleged is that he did not follow the usual protocol for housing inmates together.  (Compl. ¶ 14.)

2  That does not show an intentional decision to put Romero at substantial risk of harm.  As to Diaz

3  and Clark, the complaint does not plead facts showing that they made any decision at all with

4  respect to Romero.  (*See* Compl. ¶¶ 1-23.)  Plaintiff's second cause of action should be dismissed.

5  ## IV.   PLAINTIFF FAILS TO STATE A CLAIM FOR SUPERVISORY LIABILITY.

6  Plaintiff's third cause of action is for supervisory liability against Diaz, Clark, Burns, and

7  Does 1-15.  Specifically, Plaintiff asserts that those Defendants "knew and had been put on notice

8  that their subordinates Does [sic] were engaging in conduct in violation of written policy and

9  knew or reasonably should have known that his conduct would deprive Plaintiff of those rights."

10  (Compl. ¶ 44.)

11  "Government officials may not be held liable for the unconstitutional conduct of their

12  subordinates under a theory of *respondeat superior*."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676

13  (2009).  The Supreme Court has rejected liability on the part of supervisors for "knowledge and

14  acquiescence" in subordinates' wrongful discriminatory acts.  *Id.* at 677 ("[R]espondent believes

15  a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the

16  supervisor's violating the Constitution.  We reject this argument.")  Supervisors may be liable for

17  playing "an affirmative part in the alleged deprivation of constitutional rights."  *Rise v. Oregon*,

18  59 F.3d 1556, 1563 (9th Cir. 1995) (internal quotation marks omitted).  A defendant may be held

19  liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in

20  the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's

21  wrongful conduct and the constitutional violation."  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.

22  1989).

23  Here, Plaintiff makes no factual allegations at all of supervisory conduct by Defendant

24  Burns.  (*See* Compl. ¶¶ 1-23.)  The generic statement that Defendants "knew and had been put on

25  notice that their subordinates Does were engaging in conduct in violation of written policy and

26  knew or reasonably should have known that his conduct would deprive Plaintiff of those rights"

27  (Compl. ¶ 44) is a conclusory allegation reciting the element of the claim, and is therefore

28

8

1   insufficient to defeat a motion to dismiss. *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.

2   2004).  Accordingly, the supervisory liability claims against Burns should be dismissed.

3          Plaintiff makes similar conclusory allegation that Defendant Clark that he "failed to

4   properly supervise defendants . . . and thus permitted Burns and Does to ignore the proper

5   administrative procedure for placing one inmate in the cell of another inmate," that Defendants

6   Clark and Diaz "failed to supervise subordinates to ensure that a violent inmate never otherwise

7   permitted to share a cell was actually prevented from sharing a cell," and that Clark and Diaz

8   "failed to supervise Defendants responsible for conducting nighttime safety checks."  (Compl. ¶¶

9   19, 21.)  Again, those assertions are simply conclusory allegation reciting the elements of the

10  claim, and are not sufficient to defeat a motion to dismiss.  Such "naked assertion(s)" devoid of

11  "further factual enhancement" cannot state a claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S.

12  544, 555 (2006).  A claim for supervisory liability is stated only where plaintiff pleads "sufficient

13  allegations of underlying facts to give fair notice and to enable the opposing party to defend itself

14  effectively." *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012) (affirming dismissal of

15  supervisory claims that did "not allege that [supervisors] had any personal knowledge of the

16  specific constitutional violations that led to Plaintiffs' injuries, or that they had any direct

17  responsibility to train or supervise the [subordinates accused of direct constitutional violations]").

18  Plaintiff fails to allege *facts* showing that Defendants knew Romero was in danger, and fails to

19  allege *facts* showing that Defendants knew that there was a problem with Corcoran officers

20  ignoring housing protocols.  (*See* Compl. ¶¶ 1-23.)  Further, the complaint's allegation of a single

21  incident is insufficient to demonstrate supervisory liability.  *See Doe v. City of San Diego*, 35 F.

22  Supp. 3d at 1229.

23         Plaintiff further asserts that Diaz and Clark did not establish certain policies, alleging that

24  they "failed to establish a procedure to document and track when inmates agree in writing to be

25  housed with another" and "failed to establish a system that would ensure crucial nighttime safety

26  checks are conducted."  (Compl. ¶¶ 19, 21.)  A supervisor may only be held liable based on a

27  policy where that policy is "so deficient that the policy itself is a repudiation of constitutional

28  rights and is the moving force of the constitutional violation." *Jeffers v. Gomez*, 267 F.3d 895,

9

Defs.' Mem. of P. & A. in Support of Mot. to Dismiss (1:20-cv-00323-NONE-BAM)

1   915 (9th Cir. 2001).  The pleading must identify a specific policy and establish a "direct causal

2   link" between that policy and the alleged constitutional deprivation.  *See, e.g., City of Canton v.*

3   *Harris*, 489 U.S. 378, 385 (1989); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

4   Plaintiff's allegation that Defendants did not adopt additional inmate housing policies does not

5   show that Defendants repudiated Decedent's constitutional rights, and do not show a causal link

6   between the policy in place and Decedent's death.  (*See Compl.* ¶¶ 1-23.)

7        Plaintiff fails to plead facts showing that Defendants' supervisory conduct violated

8   Decedent's constitutional rights.  The claims for supervisory liability should be dismissed.

9   **V.   PLAINTIFF FAILS TO STATE A CLAIM FOR LOSS OF FAMILIAL RELATIONS.**

10       Plaintiff's fourth cause of action is for loss of familial relations against all Defendants.

11  Parents and children may assert a Fourteenth Amendment substantive due process claim if they

12  are deprived of a liberty interest in the companionship and society of their child or parent through

13  official conduct.  *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013).

14  Although a Fourteenth Amendment substantive due process claim is technically distinct from an

15  Eighth Amendment claim, where the claim is predicated upon other conduct that is alleged to be

16  unconstitutional, a finding that the other conduct was constitutional generally will preclude

17  recovery for interference with familial relationship.  *See, e.g., Gausvik v. Perez*, 392 F.3d 1006,

18  1008 (9th Cir. 2004).  Here, Plaintiffs' Fourteenth Amendment claim is based on the assertions of

19  constitutional violations in the first, second, and third causes of action.  (Compl. ¶ 50.)

20  Accordingly, for the reasons stated above, the fourth cause of action should be dismissed as well.

21  *See supra* §§ II-IV.

22  **VI.   PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY.**

23       Plaintiff's fifth cause of action asserts a claim for conspiracy to violate civil rights.  In

24  particular, Plaintiff asserts that this cause of action arises under 42 U.S.C. §§ 1983, 1985, and

25  1988.  (Comp. ¶ 54.)

26       Section 1988 addresses the applicability of common law, as well as availability of

27  attorneys' fees and expert fees, in certain civil actions.  It does not create a separate cause of

28

10

Defs.' Mem. of P. & A. in Support of Mot. to Dismiss (1:20-cv-00323-NONE-BAM)

1   action.  (*See* 42 U.S.C. § 1988.)  Accordingly, Plaintiff's conspiracy claims based on §1988

2   should be dismissed.

3       A claim based on § 1985(3) must allege that defendants acted from "racial, or perhaps

4   otherwise class-based, invidiously discriminatory animus" in conspiring to deprive plaintiff of

5   equal protection of the laws.  *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *see also Toler*

6   *v. Paulson*, 551 F. Supp. 2d 1039, 1048 (E.D. Cal. 2008).  Plaintiff alleges no such animus, and

7   does not allege any equal protection violation.  Accordingly, Plaintiff's conspiracy claims based

8   on § 1985 should be dismissed.

9       Moreover, "[a] claim under [§ 1985] must allege facts to support the allegation that

10  defendants conspired together. A mere allegation of conspiracy without factual specificity is

11  insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).  Here,

12  Plaintiff's assertions with regard to conspiracy generically recite the elements of the claim as to

13  all Defendants, without pleading any facts as to the alleged conspiracy.  (Compl. ¶ 55.)

14  Accordingly, even if a § 1985 conspiracy claim were appropriate here, Plaintiff has not pled

15  sufficient facts to state a claim for conspiracy.  *See also Iqbal*, 556 U.S. at 678 (a pleading that

16  offers only a "formulaic recitation of the elements" of a cause of action fails to state a claim).

17      In order to allege a conspiracy under § 1983, a plaintiff must plead facts showing "an

18  agreement or 'meeting of the minds' to violate constitutional rights." *Franklin v. Fox*, 312 F.3d

19  423, 441 (9th Cir. 2002).  The complaint pleads no facts showing such an agreement.  Plaintiff

20  uses the term "meeting of the minds" but only as a generic recitation of the elements of the claim.

21  (Compl. ¶ 55.)  Such a "naked assertion" does not meet the requirements for proper pleading.  *See*

22  *Iqbal,* 556 U.S. at 678.  Accordingly Plaintiff fails to plead facts sufficient to state a conspiracy

23  claim, and the conspiracy claim should be dismissed.

24      Further, a conspiracy claim under § 1983 claim requires "an actual deprivation of

25  constitutional rights." *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006).  As set forth above,

26  Plaintiff has not properly pled a constitutional violation.  (*See supra* §§ II-V.)  Plaintiff's

27  conspiracy claim should be dismissed for that reason as well.

28

1    **VII.  MOVING DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S**
     **FEDERAL CAUSES OF ACTION.**

2

3        **A.    Legal Standard for Qualified Immunity**

4        Qualified immunity shields government officials "from liability for civil damages insofar as

5    their conduct does not violate clearly established statutory or constitutional rights of which a

6    reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The

7    doctrine protects "all but the plainly incompetent or those who knowingly violate the law."

8    *Ziglar v. Abbassi*, 137 S. Ct. 1843, 1867 (2017) (quoting *Malley v. Briggs*, 475 U.S. 335, 341

9    (1986)); *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (same).  The rule permits officials to

10   undertake their responsibilities without fear that they will be held liable in damages for actions

11   that appear reasonable at the time but are later held to violate statutory or constitutional rights.

12   *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982); *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir.

13   2011) (en banc).  Thus, qualified immunity prohibits second-guessing prison officials, even where

14   it is plausible that the situation could have been handled differently.  *See Ziglar*, 117 S. Ct. at

15   1866 (stating that qualified immunity gives officials "the breathing room to make reasonable but

16   mistaken judgments"); *City and Cnty. of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1777

17   (2015) (quoting *Roy v. Inhabitants of City of Lewiston*, 42 F.3d 691, 695 (1st Cir. 1994)).

18   Qualified immunity is also intended to free government officials from the concerns of litigation,

19   including "avoidance of disruptive discovery." *Iqbal*, 556 U.S. at 685. Because the "driving

20   force" behind qualified immunity is a desire to ensure that insubstantial claims against

21   government officials will be resolved before discovery, the Supreme Court has stressed the

22   importance of resolving immunity questions at the earliest possible stage in litigation.  *Pearson*,

23   555 U.S. at 231-32.

24       Courts analyze qualified immunity under a two-prong test: (1) whether the alleged facts

25   constitute a constitutional violation and (2), if so, whether the constitutional right at issue was

26   clearly established at the time of the violation.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Courts

27   may decide which of the two prongs to analyze first based on the circumstances of the case.

28   *Pearson*, 555 U.S. at 236. "The proper inquiry focuses on whether 'it would be clear to a

12

1    reasonable officer that [the defendant's] conduct was unlawful in the situation confronted' . . . or

2    whether the state of the law [at the relevant time] gave 'fair warning' to the officials that their

3    conduct was unconstitutional.'" *Clement v. Gomez*, 298 F.3d 898, 906 (9th Cir. 2002) (citing

4    *Hope v. Pelzer*, 536 U.S. 730, 731 (2002)).  To overcome qualified immunity, "existing precedent

5    must have placed the statutory or constitutional question beyond debate." *Taylor v. Barkes*, 135

6    S. Ct. 2042, 2044 (2015) (per curiam) (quoting *al-Kidd*, 563 U.S. at 741).  Plaintiff bears the

7    burden of demonstrating that the constitutional right in question was clearly established at the

8    time officials acted.  *May v. Baldwin*, 109 F.3d 557, 561 (9th Cir. 1997).

9        The right at issue must be framed specifically to appropriately assess whether it was clearly

10   established that the alleged conduct was unconstitutional.  *Mullenix v. Luna*, 136 S. Ct. 305, 308

11   (2015).  The focus of the inquiry is "whether the violative nature of *particular* conduct is clearly

12   established," and whether the unlawfulness of the official's conduct was apparent.  *Ziglar*, 137 S.

13   Ct. at 1866 (citing *Mullenix* and *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (emphasis in

14   original).

15       **B.      Defendants Are Entitled to Qualified Immunity.**

16       Qualified immunity applies unless, given the available case law at the time, and knowing

17   what defendant knew, every reasonable officer would have understood that the failure to act was

18   unconstitutional.  *Horton v. City of Santa Maria*, 915 F.3d 592, 600 (9th Cir. 2019).

19       Here, Plaintiff alleges Defendant Diaz and Clark were the Secretary of CDCR and the

20   warden at Corcoran, respectively, but does not allege facts showing that they knew that Romero

21   and Osuna were going to be housed together, or that they knew of any danger to Romero.

22   (Compl. ¶ 19.)

23       Accordingly, as to those Defendants, to avoid qualified immunity, Plaintiff must show that

24   it was clearly established that prison officials with no knowledge of an inmate housing situation

25   are constitutionally required to act to prevent the risk caused by two particular inmates being

26   housed together.

27       No case law clearly established such an obligation.  Indeed, as stated above, it was clearly

28   established that officials are not responsible for the acts of their subordinates of which they have

13

1    no knowledge. *See Iqbal*, 556 U.S. at 676. Diaz and Clark are entitled to qualified immunity as

2    to Plaintiff's claims.

3        As to Defendant Burns, Plaintiff asserts he "ignored the usual protocol" to determine to

4    determine whether two inmates are an appropriate fit as cellmates, then have each inmate sign

5    forms agreeing to be celled together. (Compl. ¶¶ 14-15.) But the complaint does not allege facts

6    showing that Burns knew of a danger to Romero.

7        Therefore, to avoid qualified immunity as to Burns, Plaintiff must show that it was clearly

8    established that a correctional sergeant violates an inmate's constitutional rights when he places

9    that inmate in a cell with another inmate without using the usual protocol, despite being unaware

10   of any danger.

11       Again, no case law clearly establishes that conduct is a constitutional violation. As stated

12   above, for a deliberate indifference claim, Plaintiff must meet that subjective requirement that

13   Defendant knew of, and disregarded, a serious risk of substantial harm. *Hearns*, 413 F.3d at

14   1040. In *Estate of Ford,* the Ninth circuit found an officer accused of housing two inmates

15   together without following the proper protocol was entitled to qualified immunity because a

16   reasonable officer "would not necessarily have suspected that celling [the inmates together] posed

17   an excessive or intolerable risk of serious injury." *Ford v. Ramirez-Palmer (Estate of Ford)*, 301

18   F.3d 1043, 1052 (9th Cir. 2002). Specifically, the Ninth Circuit found "it would not be clear to a

19   reasonable prison official when the risk of harm from double-celling psychiatric inmates with one

20   another changes from being *a* risk of *some* harm to a *substantial* risk of *serious* harm." *Id.* at

21   1051. Even if the pleadings in the complaint are true, it would not have been clear to Burns that

22   he was violating an inmate's constitutional rights by not following the housing protocol, because

23   he was not aware of a substantial risk of serious harm. Accordingly, Burns is entitled to qualified

24   immunity to Plaintiff's federal claims.

25   **VIII.  PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENT SUPERVISION.**

26       Plaintiff's sixth cause of action is for "Negligent Supervision, Training and Staffing" under

27   Civil Code section 1714 and Government Code section 844.6(d). (Compl. 13.)

28

Section 1714 is a general tort provision stating that "[e]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person." (Cal. Civ. Code § 1714.)  Government code section 844.6 states that "[n]othing in this exonerates a public employee from liability for injury caused by his negligent or wrongful omission." (Cal. Gov't Code § 844.6.)  The conduct Plaintiff asserts for this cause of action is that Defendants "failed to supervise" the nighttime safety check process, and "failed to impress upon their subordinates of the high-risk placement [sic]," and "failed to ensure that their subordinates conducted regular safety checks." (Compl. ¶59.)

### A. Defendants Are Immune from Plaintiff's Negligent Supervision Claim Under Government Code Section 820.8.

First, Defendants are immune from these failure-to-supervise claims under Government Code section 820.8.  Under California law, state employees are not liable for injuries caused by an act or omission of a third party, but only for their own actions. (Cal. Gov't Code § 820.8.)  The immunity provisions of the California Tort Claims Act (Cal. Gov't Code § 810 et seq.) generally prevail over liabilities established by other statutes.  *Wright v. State of Calif.,* 122 Cal. App. 4th 659, 671 (Cal. App. 2004).  Thus, direct tort liability for a public employee may not be premised on acts of subordinates or of other government employees.  *Weaver By and Through Weaver v. State,* 63 Cal. App. 4th 188, 202 (Cal. App. 1998) (determining that a supervisor was immune under section 820.8 for the actions of his subordinates).

Here, Plaintiff asks the Court to find Defendants liable based on the actions of others, asserting that Defendants are liable for the injuries allegedly caused by acts of their subordinates and inmate Osuna. (Compl. ¶¶ 59-60.)  Defendants are immune from those allegations under section 820.8.

Plaintiff may argue that Government Code section 820.8 provides immunity "[e]xcept as otherwise provided by statute," and that therefore Defendants can be liable under Civil Code section 1714.  However, "direct tort liability of public entities must be based on a specific statute

15

declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code section 1714." *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1183 (Cal. 2003). Section 820.8 immunity applies, and Defendants are immune from Plaintiff's claims for negligent supervision.

**B.    Plaintiff Fails to Plead Facts Showing Negligent Supervision.**

The interpretation of Federal Rule of Civil Procedure 8 in *Twombly* governs all civil actions, including claims based on state law, in federal court. *Iqbal*, 556 U.S. at 684. To state a claim for negligent supervision, Plaintiff must plead *facts*, not merely conclusions, showing Defendants were negligent. *Id.* at 678.

Under California law, negligence is stated where a defendant is obligated to conform to a certain standard of conduct to protect others from unreasonable risks (duty); defendant fails to conform to that standard (breach of duty); there is a reasonably close connection between the defendant's conduct and the resulting injuries (proximate cause); and plaintiff suffers actual loss (damages). *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry v. Sax*, 158 Cal. App. 4th 983, 994 (Cal. App. 2008)).

Here, Plaintiff asserts that Defendants "failed to supervise" their subordinates in their safety checks and inmate placement. (Compl. ¶ 59.) But no facts are pled to support those assertions. (*See* Compl. ¶¶ 1-23.) Indeed, as to all three Defendants, the complaint simply concludes that they "failed to supervise" their subordinates, without providing any facts as to their knowledge of the situation, their duties to Decedent (if any), or their supervisory conduct. (*See id.*) Such conclusory allegations are insufficient to state a claim. *See Twombly*, 550 U.S. at 555.

**C.    Plaintiff Fails to Plead Recoverable Damages for the Negligent Supervision Claim.**

The wrongful death action under California Code of Civil Procedure section 377.60 completely occupies the field for an action brought by the heirs for their damages to the exclusion of any other action or remedy. *See Vander Lind v. Superior Court*, 146 Cal.App.3d 358, 364 (1983). Accordingly, the negligent supervision claims can be brought only on Decedent's behalf

16

1    in a representative capacity by Decedent's successor in interest.  *See* Cal. Code Civ. Proc. §

2    377.30 et seq.

3        California Code of Civil Procedure Section 377.34 limits damages for a successor in

4    interest to "the loss or damage that the decedent sustained or incurred before death."  Here,

5    Plaintiff asserts only damages occurring after Decedent's death, such as Plaintiff Solares's

6    "emotional, mental and physical pain and injuries."  (Compl. ¶¶ 24-28.)  Those damages were

7    sustained by Plaintiff, not Decedent, and occurred after death.  They are not recoverable under

8    Plaintiff's sixth cause of action.  Plaintiff does not seek injunctive or declaratory relief (*see*

9    Compl. 17), accordingly Plaintiff's sixth cause of action should be dismissed for failure to state a

10   claim on which relief may be granted.

11   **IX.    PLAINTIFF FAILS TO STATE A CLAIM FOR WRONGFUL DEATH.**

12       For their seventh cause of action, Plaintiff asserts wrongful death under Code of Civil

13   Procedure section 377.60.  (Compl. ¶¶ 62-65.)

14       Plaintiff asserts that moving Defendants "committed intentional or negligent misconduct

15   that caused the untimely and wrongful death of Luis Romero," apparently basing that assertion on

16   the factual allegations of previous paragraphs.  (Compl. ¶¶ 62-63.)  For similar reasons to those

17   stated above with regard to negligent supervision, Defendants are immune from Plaintiff's

18   wrongful death claims, and Plaintiff fails to plead facts supporting those claims.

19       **A.    Defendants Are Immune from Plaintiff's Wrongful Death Claims Under
              Government Code Section 820.8.**

20

21       For their wrongful death claims, Plaintiff asks the Court to find Defendants liable based on

22   all of the allegations in the complaint.  (*See* Compl. ¶ 62.)  The factual allegations against

23   Defendants Diaz, Burns, and Clark consist of the allegation that they supervised others who did

24   not follow protocol with regard to housing inmates together, or hourly cell checks (Compl. ¶¶ 19,

25   21, 59), and that Defendant Burns did not follow protocol with respect to housing inmates

26   together.  (Compl. ¶ 14.)

27

28

1    As to the supervisory allegations, as stated above, Defendants are immune under

2  Government Code section 820.8.  Direct tort liability for a public employee may not be premised

3  on acts of subordinates or of other government employees.  *Weaver By Weaver*, 63 Cal. App. 4th

4  at 202.  All of Plaintiff's wrongful death claims against Diaz and Clark, as well as those based on

5  supervisory allegations against Defendant Burns, should be dismissed because Defendants are

6  immune under section 820.8.

7        **B.    Plaintiff Fails to Plead Facts Showing Defendants Are Liable.**

8    A cause of action for wrongful death consists of a tort (negligence or other wrongful act),

9  the resulting death, and the damages suffered by the heirs.  *Quiroz v. Seventh Ave. Ctr.*, 140 Cal.

10  App. 4th 1256, 1263 (Cal. App. 2006).

11    As stated above, Plaintiff pleads no facts showing that Defendants' conduct caused

12  Decedent's death.  Rather, the supervisory allegations simply conclude that Defendants "failed to

13  supervise" their subordinates, without providing any facts as to their knowledge of the situation,

14  their duties to Decedent (if any), or their supervisory conduct.  (*See supra* § IX.B.)  Those

15  conclusory allegations are insufficient to state a claim.  *See Twombly*, 550 U.S. at 555.

16    Plaintiff also alleges that Burns "ignored the usual protocol" before celling two inmates

17  together.  (Compl. ¶ 14.)  That allegation does not show that conduct caused Plaintiff's alleged

18  harm.  To be considered a proximate cause, conduct must be a "substantial factor" in contributing

19  to the harm.  (CACI No. 400.)  Here, no facts are pled showing that if Burns had followed the

20  protocols, there would have been a different result.  (*See* Compl. ¶¶ 1-23.)  Accordingly, the

21  complaint fails to plead facts showing that Burns's conduct caused the alleged harm, and this

22  cause of action should be dismissed for that reason as well.

23  **X.    PLAINTIFF FAILS TO JOIN DECEDENT'S FATHER, A NECESSARY PARTY.**

24    The California wrongful death cause of action may be asserted by a decedent's "surviving

25  spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving

26  issue of the decedent, the persons, including the surviving spouse or domestic partner, who would

27  be entitled to the property of the decedent by intestate succession."  Cal. Code. Civ. Proc. §

28  377.60(a).  Here, Plaintiff asserts there is no surviving spouse or issue.  (Solares Decl. ¶ 2, ECF

18

No. 2-1.)  Accordingly, the cause of action may be asserted by the heirs by intestate succession.  *See* Cal. Code. Civ. Proc. § 377.60(a).  Under California law where there is no surviving spouse or issue, the estate passes to "the decedent's parent or parents equally."  Cal. Prob. Code § 6402(b).

The complaint in this matter names only Solares, Decedent's mother, as a Plaintiff.  (Compl. ¶ 4.)  The death certificate attached to the complaint names Decedent's father, Victor Manuel Romero Gonzalez.  (Certificate of Death, ECF No. 2-1 at 4.)

In California wrongful death actions, heirs have a "mandatory duty to join all known omitted heirs in [a] single action."  *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 808 (Cal. App. 1997) (internal quotation marks omitted).  Under Federal Rule of Civil Procedure 19, a person is required to be joined if feasible where that person's absence would "impede the person's ability to protect [his] interest," or "leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations."  Fed R. Civ. P. 19(a)(1)(B).

Here, Mr. Romero Gonzalez is a known, omitted heir who should have been joined in this action.  *Ruttenberg*, 53 Cal. App. 4th at 808.  If joining Mr. Romero Gonzalez is not feasible, Plaintiff should have pled the reasons for nonjoinder.  *See* Fed. R. Civ. P. 19(c).  Because Plaintiff has not joined a required party, or stated any reasons why he cannot be joined, the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(7).  *See Dredge Corp. v. Penny*, 338 F.2d 456, 464 (9th Cir. 1964) (If an indispensable party is not joined, "the action is subject to dismissal.").

## XI.    PLAINTIFF'S EIGHTH CAUSE OF ACTION SHOULD BE DISMISSED.

Plaintiff asserts an eighth cause of action for failure to summon medical care against unidentified Doe defendants only.  (Compl. ¶¶ 66-70.)  As set forth above, all of Plaintiff's federal claims should be dismissed.  (*See supra* §§ I-VII.)  Once all of the federal claims are dismissed, the Court should decline to exercise supplemental jurisdiction over the state-law claims, and therefore dismiss the eighth cause of action (asserted only against Doe defendants), and any other state-law claims that might remain.  *See* 28 U.S.C. § 1367(c)(3) (A district court

19

1  may decline to exercise supplemental jurisdiction after dismissing "all claims over which it has
2  original jurisdiction.").

3  ## CONCLUSION

4       Defendants, sued in their official capacities, are entitled to sovereign immunity as to all of
5  Plaintiff's claims.  In addition, Plaintiff's complaint fails to identify any conduct on the part of
6  Defendants that caused the damages alleged here.  Defendants also enjoy qualified immunity and
7  statutory immunity from Plaintiff's claims.  Defendants' motion to dismiss should be granted.

8  Dated:  May 21, 2020                             Respectfully Submitted,

9                                             XAVIER BECERRA
                                         Attorney General of California
10                                           JON S. ALLIN
                                         Supervising Deputy Attorney General
11

12                                           */s/ Jeremy Duggan*

13                                           JEREMY DUGGAN
                                         Deputy Attorney General
14                                           *Attorneys for Defendants*
                                         *Clark, Burns and Diaz*

15  SA2019101902
34096325.docx
16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Mem. of P. & A. in Support of Mot. to Dismiss (1:20-cv-00323-NONE-BAM)