Xavier Becerra, State Bar No. 118517
Attorney General of California
Joanna B. Hood, State Bar No. 264078
Supervising Deputy Attorney General
Jeremy Duggan, State Bar No. 229854
Allison M. Low, State Bar No. 273202
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6008
  Fax: (916) 324-5205
  E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendants*
*Diaz, Burns and Clark*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,**<br><br>                     Plaintiff,<br><br>  v.<br><br>**RALPH DIAZ, et al.,**<br><br>                     Defendants. | 1:20-cv-00323-NONE-BAM<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: July 28, 2020<br>Judge: The Honorable Barbara A. McAuliffe<br>Trial Date: Not set<br>Action Filed: March 2, 2020 |

The Court should dismiss Plaintiff's claims because neither her pleadings nor her arguments in opposition are adequate to sustain them. Each of Plaintiff's federal law claims require her to plead that Defendants knew Osuna posed a serious risk of harm to Decedent and that they disregarded that risk. Plaintiff falls short by generally alleging Osuna's dangerousness as shown by the records of non-party CDCR. She does not plead that Defendants knew of such dangerousness or reviewed those records, or that Osuna's alleged dangerousness created a specific risk of harm to Decedent. Plaintiff falls further short by generally alleging that Defendants failed to follow usual protocols for housing placement and safety checks. She does not establish that the alleged failure to follow protocol constituted a disregard of a known risk.

In addition, Plaintiff abandons several of her claims by failing to defend them in her opposition to Defendants' motion to dismiss her First Amended Complaint (FAC). She abandons all of her claims against Defendant Diaz, as well as her wrongful death claims, her conspiracy claims under 42 U.S.C. § 1988 or § 1985, and her conspiracy claim under any statute against Defendant Clark. The Court should dismiss these claims out of hand.

Because Plaintiff's FAC does not contain enough factual allegations, when taken as true, to establish "plausible," as opposed to merely "possible" or "speculative," entitlement to relief, Defendants request dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### I. PLAINTIFF FAILS TO STATE A CLAIM FOR CONDITIONS OF CONFINEMENT OR FAILURE TO PROTECT.

As stated in Defendants' opening brief, Plaintiff's first two causes of action are redundant because they both allege Defendants failed to protect Decedent from attack by another inmate under the Eighth Amendment. (Defs.' Mem. of P. & A., ECF No. 17-1 at 10.) Plaintiff's attempt to differentiate them by citing two different Ninth Circuit Model Jury Instructions puts form over substance. (Pl.'s Opp'n, ECF No. 18 at 8, 11.) Applicable legal authority sets forth a single standard: Plaintiff may only establish a constitutional violation with a showing that (1) officials, personally, exposed Decedent to an objectively substantial risk of serious harm; and (2) that officials, personally, were deliberately indifferent to that risk. *See Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

1

Defs.' Reply in Support of Mot. to Dismiss First Am. Compl. (1:20-cv-00323-NONE-BAM)

Plaintiff defends her Eighth Amendment claims by block-quoting her allegations. (Pl.'s Opp'n, ECF No. 18 at 7–13.) She does not address Defendants' legal authority and argument establishing that her allegations are deficient.

Plaintiff repeats in her opposition that Defendants "were on notice that Jaime Osuna posed a threat to other inmates and should not share a cell with anyone." (Pl.'s Opp'n, ECF No. 18 at 9; FAC ¶ 15, ECF No. 15.) But, Plaintiff fails to address the seminal pleading principles articulated in *Twombly* that require factual support to make these more than improper "formulaic recitations of the elements" of a cause of action. (Defs.' Mem. of P. & A., ECF No. 17-1 at 11; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).) Plaintiff does not plead facts to showing that Defendants Burns or Clark were aware of the documents or incidents cited. (FAC ¶¶ 15–16, ECF No. 15.) Rather, she says that Osuna was dangerous and non-defendant "CDCR" was in possession of documents showing the danger. (*Id.*).

Plaintiff repeats in her opposition that Defendant Burns made "the decision to bypass the normal committee process" before housing Osuna and Decedent together, and that Defendants Burns and Clark failed to "enforce the rules" of "routine safety checks." (Pl.'s Opp'n, ECF No. 18 at 10; FAC ¶¶ 15, 21, ECF No. 15.) But Plaintiff fails to establish that these assertions show that Burns and Clark knew of, and disregarded, a substantial risk of serious harm to Decedent rather than, more simply, that they did not follow the usual protocol. (Defs.' Mem. of P. & A., ECF No. 17-1 at 11–12.) Plaintiff also fails to establish that these assertions show the required element of causation or, in other words, that the result would have been different if protocol were followed. (*Id.*) Further, as to Defendant Clark, Plaintiff fails to plead foundational facts that he was personally involved the housing of and safety checks on Osuna and Decedent. *Leer*, 844 F.2d at 633 (requiring as an essential claim element the showing of a defendant's personal involvement or failure to perform legally required duties). Instead, she repeats her allegation that Defendant Clark was "the warden of Corcoran" and therefore "responsible for ensuring that his subordinates follow the proper procedure . . . ." (Pl.'s Opp'n, ECF No. 18 at 10.)

In sum, as set forth in her FAC and repeated in her opposition brief, Plaintiff's generalized and conclusory allegations that Defendants "were on notice" that Osuna should not be double-

2

celled are insufficient to state a cognizable claim for "conditions of confinement" or failure to protect, and Plaintiff's Eighth Amendment claims should be dismissed.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR SUPERVISORY LIABILITY.

Plaintiff does not defend in her opposition her claim for supervisory liability against Defendant Diaz. (*Compare* Defs.' Mem. of P. & A., ECF No. 17-1 at 13–15 *with* Pl.'s Opp'n, ECF No. 18 at 13–14.) Therefore, the Court should dismiss this claim.

The Court should also dismiss Plaintiff's claims against Defendants Burns and Clark. Plaintiff does not establish that Burns and Clark's failure to follow or enforce usual protocols for housing Osuna and Decedent together or conducting routine safety checks equates to (1) their knowledge of a substantial risk of serious harm to Decedent, and (2) their disregard of that risk. (*Compare* Pl.'s Opp'n, ECF No. 18 at 13–14 *with supra* § I.) Plaintiff also fails to plead against Defendant Clark more than one incident as necessary to establish the requisite knowledge for supervisory liability. *Doe v. City of San Diego*, 35 F. Supp. 3d 1214, 1228–29 (S.D. Cal. 2014). And Plaintiff further fails to defend in her opposition a claim of supervisory liability based on a failure-to-train theory. (*Compare* Defs.' Mem. of P. & A., ECF No. 17-1 at 14 *with* Pl.'s Opp'n, ECF No. 18 at 13–14.)

Plaintiff argues that the supervisory conduct alleged shows a constitutional violation based on the standard in *Watkins v. City of Oakland*, which includes a statement that a supervisor may be held liable where he "set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitutional injury." 145 F.3d 1087, 1093 (9th Cir. 1998). (Pl.'s Opp'n, ECF No. 18 at 8.) *Watkins,* however, was an excessive force case, decided before *Iqbal*, and therefore did not properly set forth the standard for supervisory liability to deliberate indifference after *Iqbal*. As the Ninth Circuit has more recently explained, in a deliberate indifference case, a supervisor can be "held liable for his or her own culpable action or inaction" only where that action or inaction was done "in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). As set forth above, the facts pled do not show that either Burns or Clark knew of a substantial risk of

3

Defs.' Reply in Support of Mot. to Dismiss First Am. Compl. (1:20-cv-00323-NONE-BAM)

serious harm to Decedent, and accordingly the proper state of mind for deliberate indifference is not shown whether Burns and Clark were acting in their individual or supervisory roles. *See supra* § I.

Plaintiff's claim for supervisory liability should thus be dismissed because Plaintiff fails to plead facts showing that Defendants' supervisory conduct violated any constitutional rights.

### III.   PLAINTIFF FAILS TO STATE A CLAIM FOR LOSS OF FAMILIAL RELATIONS.

Plaintiff's claim for loss of familial relations rises and falls with the viability of her other causes of action. Plaintiff argues her other causes of action are viable, but they are not for the reasons set forth in Defendants' opening brief and this reply brief. (*Compare* Defs.' Mem. of P. & A., ECF No. 17-1 at 15 *with* Pl.'s Opp'n, ECF No. 18 at 14.)

Additionally, Plaintiff failed to defend her claims against Defendant Diaz in their entirety. (Pl.'s Opp'n, ECF No. 18 *passim*.) Therefore, the loss-of-familial-relations claim against Diaz should be dismissed, regardless of its viability against Defendants Burns and Clark.

### IV.   PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY.

Plaintiff does not defend her conspiracy claims under 42 U.S.C. § 1988 or § 1985, or under any statute against Defendant Clark. (*Compare* Defs.' Mem. of P. & A., ECF No. 17-1 at 16 *with* Pl.'s Opp'n, ECF No. 18 at 14.) Therefore, these claims should be dismissed.

To defend her remaining conspiracy claim under 42 U.S.C. § 1983 against Defendant Burns, Plaintiff repeats in her opposition the allegations of her FAC that Defendant Burns—acting with others—failed to follow or enforce usual protocols for housing Osuna and Decedent together or conducting routine safety checks. (Pl.'s Opp'n, ECF No. 18 at 14; FAC ¶¶ 18, 21, 55, ECF No. 15.) Plaintiff fails to address how these allegations establish an underlying constitutional violation on which Defendants conspired or, in other words, how the failure of Burns—and others—to follow or enforce usual protocols for housing Osuna and Decedent together or conducting routine safety checks equates to (1) their knowledge of a substantial risk of serious harm to Decedent, and (2) their disregard of that risk. (Defs.' Opp'n, ECF No. 17-1 at 16; *supra* § I.) Plaintiff also fails to plead specific facts establishing "an agreement or 'meeting of the minds' to violate constitutional rights," which is the essential element of a conspiracy claim.

4

Defs.' Reply in Support of Mot. to Dismiss First Am. Compl. (1:20-cv-00323-NONE-BAM)

1  *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002).  Alleging that Burns and others "worked
2  together," or restating the term "meeting of the minds," does nothing more than formulaically
3  recite the elements of a cause of action and fails to state a claim.  (Pl.'s Opp'n, ECF No. 18 at 14;
4  FAC ¶¶ 18, 21, 55, ECF No. 15.)  *See Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009).  Plaintiff's
5  claims for conspiracy should therefore be dismissed.

6  **V.   DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S FEDERAL**
      **CAUSES OF ACTION.**
7

8  Plaintiff does not address the application of qualified immunity vis-a-vis Defendant Diaz.
9  (Pl.'s Opp'n, ECF No. 18 at 17.)  The cases she cites do not "clearly establish" the liability of the
10 Secretary of CDCR, who neither knew that Decedent would be housed with Osuna nor knew of
11 any danger to Decedent.  (*Id.*)  The claim against Defendant Diaz should be dismissed.

12 As to Defendants Burns and Clark, none of the five cases Plaintiff cites "clearly establish"
13 the liability.  *Clem v. Lomeli*—where an inmate reported his drunk cellmate's threats of violence
14 to an officer and the officer told him to "deal with it"—is factually dissimilar from the case at
15 hand, where Plaintiff has not alleged facts establishing Defendants direct knowledge of the threat
16 Osuna posed to Decedent.  *Compare* 566 F.3d 1177, 1180 (9th Cir. 2009) *with* FAC ¶¶ 15–16,
17 ECF No. 15 (rather, Plaintiff says that Osuna was dangerous and non-defendant "CDCR" was in
18 possession of documents showing the danger).  To this point, the Ninth Circuit has instructed that
19 "broad general propositions" of the deliberate-indifference standard do not sufficiently "flesh out"
20 liability; rather, "whether the law was clearly established must be taken in light of the specific
21 context of the case . . . ."  *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043 (9th Cir. 2002).
22 Further, *Clem* reviewed the propriety of a jury instruction and not once mentioned qualified
23 immunity.  *Id.* at 1181–83.

24 *Lemire v. CDCR*, like *Clem*, does not once mention qualified immunity and is
25 distinguishable on its facts.  726 F.3d 1062 (9th Cir. 2013).  In *Lemire*, as relevant here,
26 supervisory prison officials called a meeting that withdrew all staff from the floor of a unit that
27 housed primarily mentally ill inmates.  *Id.* at 1068–69.  During this three-and-a-half-hour
28 absence, the inmate-decedent committed suicide.  *Id.*  The *Lemire* court found a triable issue of

5

Defs.' Reply in Support of Mot. to Dismiss First Am. Compl. (1:20-cv-00323-NONE-BAM)

fact on the deliberate indifference of the prison warden, whose approval was necessary for all staff meetings, and the prison captain who called the staff meeting. *Id.* at 1070, 1075, 1077–80. Here, Plaintiff alleges no such comparable facts concerning Defendants Burns and Clark's direct knowledge of the risk Osuna posed to Decedent, nor their direct involvement with the disregard of such risk. Rather, Plaintiff says that Osuna was dangerous and non-defendant "CDCR" was in possession of documents showing the danger—not that Burns and Clark were told, reviewed, or otherwise knew of the specific dangerousness. (FAC ¶¶ 15–16, ECF No. 15.) Plaintiff says Burns made "the decision to bypass the normal committee process" before housing Osuna and Decedent together and that Burns and Clark failed to "enforce the rules" of "routine safety checks." (*Id.* at ¶¶ 15, 21.) But, *Lemire* did not find a triable issue on the disregard of usual housing protocols alone—only a disregard of a known risk. *Lemire*, 726 F.3d at 1077–80.

*Wilk v. Nevin* was decided well after the events giving rise to this suit and is therefore inapposite to the qualified-immunity analysis in this case. 956 F.3d 1143, 1149 (9th Cir. 2020). Moreover, in *Wilk*, the inmate-plaintiff alleged facts establishing that he told prison officials of the threat another inmate posed to him at a classification meeting and prison officials did not take reasonable measures to protect him in response. *Id.* Plaintiff makes no such allegations of direct knowledge here. (FAC ¶¶ 15–16, ECF No. 15.)

*Cotta v. City of Kings* rejected the application of qualified immunity at the pleading stage—deferring it to summary judgment—because the facts pled by the inmate-plaintiff established, in essence, the prison official's knowledge of the specific risk the inmate-attacker posed. No. 1:13-cv-00359-LJO-SMS, 2013 WL 3213075, at *9–*11 (E.D. Cal. June 24, 2013). There, the inmate-plaintiff pled the housing officer not only knew or had to have known of the inmate-attacker's history of violence (which Plaintiff has pled here), but also that the inmate-plaintiff had given inculpatory information against the inmate-attacker (which Plaintiff has not pled here). *Compare id.* at *9 *with* FAC ¶¶ 15–16, ECF No. 15. Additionally, the *Cotta* court did not disclaim the application of qualified immunity, only put the question off pending discovery. *Id.* at *11. Deferment is rarely appropriate because it undercuts the purpose of the doctrine. *Cf. Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (Because "[q]ualified immunity is an immunity from suit

6

1 rather than a mere defense to liability," applications "disserve the purpose of the qualified
2 immunity when [they] force[] the parties to endure additional burdens of suit—such as the cost of
3 litigating constitutional questions and delays attributable to resolving them—when the suit
4 otherwise could be disposed of more readily." [citations and internal quotations omitted]).

5 Finally, Plaintiff's cites *Castro v. City of Los Angeles* also falls short. 833 F.3d 1060, 1076
6 (9th Cir. 2016). *Castro* affirmed a jury verdict against jail officials for ignoring the distress calls
7 of a drunk they housed with a man arrested for shattering the glass door at a nightclub who was
8 acting "bizarre" and "combative" at the time of his arrest and intake. *Id.* at 1064–65. But here
9 Plaintiff does not allege that Defendants ignored any distress calls, or knew of, and disregarded, a
10 substantial risk of serious harm. (*See supra* § I.) As stated in *Castro,* faulty housing practices
11 standing along are insufficient to show a constitutional violation. *Castro*, 833 F.3d at 1076.
12 Liability may be found only when such practices are coupled with evidence of deliberate
13 indifference. *Id.* In *Castro*, such evidence was found in the County's adoption of code provisions
14 requiring sobering-cell monitoring equipment the County long knew had never been in installed.
15 *Id.* at 1073–78. Here, such evidence is not found where Plaintiff only alleges a one-off deviation
16 from housing protocol. (FAC ¶ 21, ECF No. 15.)

17 Accordingly, Defendants have shown that none of the cases Plaintiff has cited clearly
18 establish that a prison employee violates an inmate's constitutional rights when he does not conduct
19 regular nighttime cell checks, despite being unaware of any danger. Indeed, no case clearly
20 establishes such a right, as the cases cited in Defendants' opening brief show. Defendants
21 therefore request the Court apply qualified immunity.

22 **VI.   PLAINTIFF FAILS TO STATE CLAIM FOR NEGLIGENT SUPERVISION.**
23 Defendants argued in their opening brief that Plaintiff failed to plead sufficient facts
24 showing negligent supervision by Defendants Diaz and Clark. (Defs.' Mem. of P. & A., ECF No.
25 17-1 at 21–22.) Plaintiff does not defend the sufficiency of her factual allegations against
26 Defendant Diaz, and accordingly the claim against him should be dismissed. (*See* Pl.'s Opp'n,
27 ECF No. 18 at 17.)
28

7

Defs.' Reply in Support of Mot. to Dismiss First Am. Compl. (1:20-cv-00323-NONE-BAM)

1   Plaintiff's attempt to defend the sufficiency of her factual allegations against Defendant
2   Clark fails short. She asserts that Clark approved the decision to house Decedent with Osuna and
3   failed to ensure usual protocols were followed. (Pl.'s Opp'n, ECF No. 18 at 17; FAC ¶ 19, ECF
4   No. 15.) But, Plaintiff fails to plead that Clark knew that others were not following usual
5   protocols when making the housing decision Plaintiff says he ultimately approved. (*Id.*; *see also*
6   CACI No. 411 [legal recognition of the reliance on the good conduct of others].) Plaintiff also
7   fails to establish that the result would have been different if protocol were followed. (Pl.'s Opp'n,
8   ECF No. 18 at 17; FAC ¶ 19, ECF No. 15; *see also supra* § I.) Without these essential elements
9   of breach and causation, Plaintiff fails to plead a sufficient cause of action of negligent
10  supervision against Defendant Clark.

11  Defendants also argued that Plaintiff fails to plead recoverable damages for his negligent
12  supervision claim because the wrongful death action occupies the field for an action brought by
13  the heirs. (Defs.' Mem. of P. & A., ECF No. 17-1 at 22-23.) In response, Plaintiff argues that she
14  is also proceeding as Decedent's successor-in-interest, "and has sought damages related to pre-
15  death pain and suffering under California Code of Civil Procedure Section 377.341." (Pl.'s
16  Opp'n, ECF No. 18 at 17.) There is no Code of Civil Procedure section 377.341, and Defendants
17  assume Plaintiffs meant to type section 377.34. But that section specifically precludes recovery
18  for pre-death pain and suffering, stating that the recoverable damages "do not include damages
19  for pain, suffering, or disfigurement." Cal. Code Civ. Proc. § 377.34. Plaintiffs have not pled
20  any recoverable damages for their negligent supervision claim, and it should be dismissed for that
21  reason as well.

22  Defendants' opening brief also asserted that Defendants Diaz and Clark are immune from
23  Plaintiff's negligent supervision claim under Government Code section 820.8. (Defs.' Mem. of
24  P. & A., ECF No. 17-1 at 20-21.) That section precludes liability of state officials for the actions
25  of others, "except as otherwise provided by statute." Cal. Gov. Code § 820.8. Plaintiff argues
26  that section 820.8 does not apply because she has alleged a violation of California Civil Code
27  section 1714, the general tort statute, and therefore there is no immunity. But the California
28  Supreme Court rejected that argument in *Eastburn v. Regional Fire Protection Authority*, and

8

Defs.' Reply in Support of Mot. to Dismiss First Am. Compl. (1:20-cv-00323-NONE-BAM)

found that this type of exception is triggered only by "a specific statute . . . and not [by] the general tort provisions of Civil Code section 1714." 31 Cal.4th 1175, 1183 (2003). " Otherwise, the general rule of immunity for public entities would be largely eroded by the routine application of general tort principles." *Id.* Defendants Diaz and Clark are immune from Plaintiff's negligent supervision claims under section 820.8, and Plaintiff's arguments otherwise fail.

### VII. PLAINTIFF FAILS TO STATE A CLAIM FOR WRONGFUL DEATH.

Plaintiff does not defend her wrongful death claim. (Pl.'s Opp'n, ECF No. 18.) Defendants' opening brief argued the claim should be dismissed as to Diaz and Clark because Plaintiff fails to properly state a claim against them and because they are immune, and that the claim should be dismissed as to Burns because the court should decline to exercise supplemental jurisdiction. (Defs.' Mem. of P. & A., ECF No. 17-1 at 23–24.) Because Plaintiffs fail to argue against dismissal, the claim should be dismissed.

### VIII. PLAINTIFF FAILS TO JOIN DECEDENT'S FATHER, A NECESSARY PARTY.

Decedent's father is entitled to maintain a wrongful death cause of action. (Defs.' Mem. of P. & A., ECF No. 17-1 at 25.) Plaintiff speculates that he has suffered no loss by the death of his son, but those facts are not pled, and she provides no legal authority authorizing the Court to make these evidentiary findings her on her word alone. (Pl.'s Opp'n, ECF No. 18 at 18–19.)

Plaintiff argues that the statute of limitations forecloses Decedent's father's claim. (*Id.* at 19.) But, she has not established that Decedent's father has been informed of his son's death or its allegedly wrongful cause, as necessary to negate delayed accrual. *See Frederick v. Calbio Pharmaceuticals*, 89 Cal.App.3d 49, 58 (1979) ("if plaintiffs have adequately alleged facts excusing their delayed discovery of the negligent cause of their decedent's death, their claim is not barred" by the statute of limitations period commencing with his death).

Plaintiff argues it is not feasible to join Decedent's father because the Court has no personal jurisdiction over Guatemalan residents. (Pl.' Opp'n, ECF No. 18 at 19–20.) Lack of personal jurisdiction is a defense raised under Federal Rule of Civil Procedure 12(b)(2), and may be waived. Plaintiff has not pled facts establishing that Decedent's father would not consent to this Court's jurisdiction in order to facilitate his recovery.

9

Defs.' Reply in Support of Mot. to Dismiss First Am. Compl. (1:20-cv-00323-NONE-BAM)

Finally, Plaintiff argues she can proceed without Decedent's father. While that may ultimately be true, it is not yet true on the facts pled. Federal Rule of Civil Procedure 19 protects Decedent's father's interests, Defendants from substantial risk of incurring double obligations, and the public interest in orderly and expeditious administration of justice. Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 7:56. Plaintiff has not established these interests are adequately addressed such that factors of Rule 19(b) can be analyzed. In other words, as applicable here, Plaintiff has not shown that Decedent's father is not amenable by force or choice to this Court's jurisdiction, and has made an informed decision to forego his right to recovery. Until she does so, the protections of Rule 19 cannot be disregarded, and she cannot seek sole recovery.

## CONCLUSION

Plaintiff's First Amended Complaint, like her Original Complaint, fails to state a claim against Defendants, and she has not articulated how she might correct these factual deficiencies. Moreover, no amendment of Plaintiffs' allegations would displace Defendants' qualified immunity defense as to the federal-law claims, nor would it displace their immunity to and Plaintiff's abandonment of the state-law claims. For these reasons, Defendants' motion to dismiss must be granted.

Dated: July 21, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
JOANNA B. HOOD
Supervising Deputy Attorney General
JEREMY DUGGAN
Deputy Attorney General

*/s/ Allison M. Low*

ALLISON M. LOW
Deputy Attorney General
*Attorneys for Defendants
Diaz, Burns, and Clark*

SA2019101902
42275294.docx

10

Defs.' Reply in Support of Mot. to Dismiss First Am. Compl. (1:20-cv-00323-NONE-BAM)

# CERTIFICATE OF SERVICE

Case Name:  <u>*Dora Solares v. Ralph Diaz, et al.*</u>   Case No.  <u>**1:20-cv-00323-NONE-BAM**</u>

I hereby certify that on <u>July 21, 2020</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>July 21, 2020</u>, at San Francisco, California.

|  |  |
|---|---|
| <u>G. Pang</u> | <u>*/s/ G. Pang*</u> |
| Declarant | Signature |

SA2019101902/42275378.docx