Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiffs DORA SOLARES

[Counsel for Defendants on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA SOLARES,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, in his individual capacity, KENNETH CLARK, in his individual capacity, JOSEPH BURNS, in his individual, and DOES 1 TO 15, in their individual capacities<br><br>Defendants. | Case No. 1:20-cv-00323-NONE-BAM<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Case Management Conference:**<br><br>Date: March 29, 2021<br>Time: 10:00 a.m.<br><br>**Federal Courthouse, 2500 Tulare St.**<br>**Fresno, California**<br>**Via Zoom** |

1

1. **SUMMARY OF FACTUAL AND LEGAL CONTENTIONS:**

**Plaintiff:**

On or about March 7, 2019, CDCR inmate Luis Romero was transferred to California State Prison, Corcoran. Corcoran prison officials chose to bypass the standardized administrative committee process that is required before forcing one inmate to share the cell of another and rushed to assign Mr. Romero to the same cell as convicted murderer, inmate Jaime Osuna. On March 8, 2019, despite having received warnings that Mr. Osuna was a dangerous psychopath, Corcoran prison officials chose to bypass the standardized process and then failed to conduct regularly scheduled nightly safety checks of Mr. Romero's new cell. Even after a bedsheet was visibly draped along the bars inside this cell, preventing anyone outside from peering in, no Corcoran prison official bothered to conduct a routine safety check during the evening of March 8, 2019. In the early morning hours of March 9, 2019, Corcoran officials finally conducted a safety check and looked on the other side of the bedsheet. At that point, Mr. Romero was found decapitated, and Mr. Osuna was found wearing a necklace made of Mr. Romero's body parts.

Plaintiff makes the following legal contentions: (1) that defendants Clark, Burns and Does 1-15 violated Mr. Romero's Eighth Amendment rights regarding his conditions of confinement; (2) failed to protect Mr. Romero, in violation of his Eighth Amendment rights; (3) supervisory liability against defendants Diaz, Clark, Burns and Does 11-15; (4) pursuant to the Fourteenth Amendment, a loss of familial relations by plaintiff for the death of her son; (5) Conspiracy to violate Civil Rights against defendants Clark, Burns and Does 1-15; (6) negligent supervision and training pursuant to California Civil Code § 1714 and Government Code § 844.6(d) against all individual defendants and Does; (7) wrongful death pursuant to California Code of Civil Procedure § 377.60 against all individual defendants and Does, and ;

(8) failure to summon medical care pursuant to California Government Code § 845.6 against Does 1-15.

**Defendants' Statement:**

Defendants have moved to dismiss all the claims against them because Plaintiff fails to plead facts showing that any Defendant is liable under federal law, and because once the federal causes of action are dismissed, the Court need not exercise supplemental jurisdiction over the state law claims. (ECF No. 17.) That motion is currently pending.

Decedent Luis Romero was convicted of murder in 1992 and was serving a life sentence in California Department of Corrections and Rehabilitations prisons. Decedent arrived at California State Prison, Corcoran on March 7, 2019 from Mule Creek State Prison via Wasco State Prison. Decedent was properly approved to be housed in a cell with inmate Jaime Osuna. On the night of March 8-9, Romero died in the cell he shared with Osuna. Osuna is currently facing criminal prosecution for murder based on those events. Defendants were not deliberately indifferent to Romero's safety and are not liable for any of Plaintiff's claims.

**2. PROPOSED DEADLINE FOR AMENDMENTS:**

**Plaintiff:**

As for amending the complaint, plaintiff proposes that the deadline be November 1, 2021, after plaintiff has had an opportunity to conduct discovery.

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiff intends to file a supplemental pleading (complaint) stemming from events that occurred after the death of Mr. Romero. In particular, CDCR officials (whose identities have not yet been ascertained) took digital photographs of Mr. Romero's remains and then shared these graphic and gruesome images, which were then posted online and on social media, further traumatizing plaintiff. These images were available publicly online from at least December 19, 2020 through around February 20, 2021. Plaintiff has filed a Government Code § 910 claim and intends for the supplemental pleading to

raise claims against these CDCR employees (as Doe defendants, until their identities are discovered) pursuant to California Penal Code § 647.9 (which itself became effective on January 1, 2021) and California Code of Civil Procedure § 129. It is the plaintiff's position that a supplemental pleading pursuant to Rule 15(d) is appropriate, rather than amending the pleading, since the posting of the gruesome images is a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

**Defendants' Statement:**

It is difficult to set a date certain for amended pleadings because Defendants' motion to dismiss all claims is pending and no party has answered the complaint. Defendants propose ninety days after an answer being filed as the deadline to file amended pleadings.

As to Plaintiff's proposed Rule 15(d) supplemental pleading, Defendants believe it should be filed as a separate case. "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." *Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citations and internal quotation marks omitted). Plaintiff's claims against unidentified CDCR officials regarding photographs of Decedent's remains are based on a wholly different set of facts, and combining these two separate claims against two separate sets of Defendants will not promote judicial economy.

**3. SUMMARY OF CONTESTED AND UNCONTESTED FACTS:**

**Plaintiff's Statement:**

Uncontested: that Mr. Romero was transferred to Corcoran prison on March 7, 2019; that Mr. Romero was placed in a cell with Jaime Osuna on March 8, 2019.

Contested: that Mr. Romero was murdered by Jaime Osuna the first night that the two shared a cell; that a blanket was placed along the bars of the cell for hours on the night of March 8, 2019; that CDCR policy prohibits inmates from blocking visual review into a cell by a blanket or other material; that CDCR records described

4

Jaime Osuna as a high-risk inmate; that Jaime Osuna had not shared a cell with anyone for at least three years prior to Mr. Romero; that a CDCR administrative process exists that helps determine the manner in which two inmates will share a cell; that defendant Joseph Burns and Doe defendants made the decision for Mr. Romero to be housed with Jaime Osuna; that the warden of Corcoran, defendant Kenneth Clark approved the decision for Mr. Romero to share a cell with Jaime Osuna; that defendants failed to conduct routine safety checks during the evening of March 8, 2019.

**Defendants' Statement:**

The parties do not contest the following facts: Decedent Luis Romero was a California Department of Corrections and Rehabilitations prisons inmate. Decedent arrived at California State Prison, Corcoran on March 7, 2019 from Mule Creek State Prison via Wasco State Prison. Decedent was housed in a cell with inmate Jaime Osuna. On the night of March 8-9, Romero died in the cell he shared with Osuna. Osuna is currently facing criminal prosecution for murder based on those events.

Defendants contest the remainder of Plaintiff's statements above. The parties contest whether any Defendant is liable for any damages under any of Plaintiff's state and federal theories.

**4. SUMMARY OF LEGAL ISSUES NOT DISPUTED**

Jurisdiction over Plaintiff's federal claims, and venue, are not disputed.

**5. STATUS OF ALL MATTERS PRESENTLY BEFORE THE COURT**

Defendants motion to dismiss is pending. If defendants do not stipulate to permit plaintiff to file a supplemental pleading pursuant to Rule 15(d), then plaintiff will so move (to raise claims as described above), which would then be pending.

**6. DISCOVERY PLAN:**

**Plaintiff's Statement Regarding Items (a)-(d)**

a. Initial Disclosures: Plaintiff will make initial disclosures by March 22, 2021

b. Non-Expert Discovery Cut-Off: March 25, 2022

5

c. Disclosure of Expert Witnesses: April 22, 2022

d. Expert Discovery Cut-off: May 20, 2022

**Defendants' Statement Regarding Items (a)-(d)**

It is difficult to set a date certain for these deadlines because Defendants' motion to dismiss all claims is pending and no party has answered the complaint. Defendants propose the following schedule running from the date an answer (if one is required) is filed.

a. Initial Disclosures: Due fourteen days after a Defendant has answered.

b. Non-Expert Discovery Cut-Off: Ten months after a Defendant has answered.

c. Disclosure of Expert Witnesses: Thirty days after non-expert discovery cut-off.

d. Expert Discovery Cut-off: Sixty days after expert disclosure.

**Joint Statement:**

e. Changes in Limits on Discovery: Plaintiff may seek an increase in the number of interrogatories and the number of depositions.

f. Protective Order: the parties anticipate stipulating to a request for a protective order.

g. Issues with Timing/Sequencing of Discovery: the scheduling of depositions is complicated by the pandemic, which may affect the parties' ability to schedule inmate depositions.

h. Discovery Outside the United States: plaintiff does not anticipate seeking discovery outside the United States. Defendants understand that Decedent's father resides in Guatemala, and contend that he is a necessary party to at least Plaintiff's state-law wrongful death claim, and so discovery outside the United States may be necessary if he does not come forward voluntarily.

i. Video/Sound Depositions: due to the public health crisis Plaintiff anticipates conducting depositions via Zoom, the video and sound of which will be recorded.

j. Mid-Discovery Status Report: the parties are amenable to a Mid-Discovery Status Report. Plaintiff proposes December 5, 2021. Defendants propose five months after a Defendant files an answer, if any is required.

**7.  ELECTRONIC DISCOVERY:**

Plaintiff will seek discovery of computer-based information, has informed defendants of this, and will identify the categories of information sought before the Rule 26(f) conference.

**8.  MEET-AND-CONFER**

The parties have discussed the topics outlined in the Court's order relating to computer-based information, e-mail information, deleted information, and back-up data.

**9.  DATES AGREED TO BY ALL COUNSEL:**

**Plaintiff's Statement:**

a. Filing deadline for motions: June 13, 2022

b. Pre-Trial Conference Date: August 26, 2022

c. Trial Date: October 10, 2022

**Defendants' Statement:**

It is difficult to set a date certain for these deadlines because Defendants' motion to dismiss all claims is pending and no party has answered the complaint. Defendants propose the following schedule running from the date an answer (if one is required) is filed.

a. Filing deadline for motions: Thirty days after expert discovery cut-off

b. Pre-Trial Conference Date: Sixty days after dispositive motion hearing

c. Trial Date:  Sixty days after Pretrial Conference.

**10. SETTLEMENT CONFERENCE:**

The parties have discussed settlement briefly. Plaintiff is amenable to a settlement conference after the close of discovery.  Defendants are amenable to a settlement conference, but do not believe one would be productive at this time.

**11. JURY TRIAL:**

Plaintiff seeks a trial by jury.

**12. TRIAL ESTIMATE:**

Plaintiff anticipates trial lasting 4-6 days. Considering that the claims and Defendants are not set, Defendants can only speculate as to trial length. With that stated Defendants agree with Plaintiff's estimate.

**13. BIFURCATION:**

Plaintiff proposes bifurcating the liability and damages phase of the trial.

**14. PENDING MATTERS:**

There is currently no related civil case that is pending. Defendants believe the pending criminal prosecution of inmate Osuna is related to this case: *People v. Osuna*, Kings County Case No. 19-CM-1275.

Respectfully submitted,

Dated: March 22, 2021.　　　　LAW OFFICES OF JUSTIN STERLING

　　　　　　　　　　　　　　By: _____/s/_____
　　　　　　　　　　　　　　　　Justin E. Sterling,
　　　　　　　　　　　　　　　　Attorneys for Plaintiff

　　　　　　　　　　　　　　LAW OFFICES OF ERIN DARLING

　　　　　　　　　　　　　　By: _____/s/_____
　　　　　　　　　　　　　　　　Erin Darling,
　　　　　　　　　　　　　　　　Attorneys for Plaintiff

Dated: March 22, 2021

MATTHEW RODRIQUEZ
Acting Attorney General of California
JOANNA B. HOOD
Supervising Deputy Attorney General


By: _____/s/_____
JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Defendants
Buenafe and Ramirez*