LAW OFFICES OF JUSTIN E. STERLING
15760 VENTURA BOULEVARD, SUITE 700
ENCINO, CALIFORNIA 91436
(818) 995-9452
Justin@SterlingDefense.com

LAW OFFICES OF ERIN DARLING
3435 WILSHIRE BOULEVARD, SUITE 2910
LOS ANGELES, CALIFORNIA 90010
(323) 736-2230
Erin@ErinDarlingLaw.com

**April 14, 2021**

**Re:**  *Solares, v. Diaz, et al.* (E.D. Cal. Case No. 1:20-cv-00323-NONE-BAM)

**To the Honorable Barbara A. McAuliffe, Magistrate Judge:**

## I. Introduction

Plaintiff's complaint alleges that despite having received warnings that Jaime Osuna was a dangerous psychopath with a history of harming other inmates, defendant Burns decided, and defendant Clark approved, an extraordinary move to bypass the normal administrative procedure and instead placed inmate Luis Romero in Osuna's cell on his first night at Corcoran Prison. After taking this unusually expedited measure, defendants then failed to conduct regularly scheduled nightly safety checks of Romero's new cell. That first night, even after a bedsheet was draped along the bars inside this cell (preventing anyone outside from peering in) defendants did not bother to conduct a routine safety check. The next morning, Corcoran prison officials finally conducted a safety check and looked on the other side of the bedsheet. At that point, Romero was found decapitated. Osuna now faces a death penalty prosecution for this killing.

Defendants moved to dismiss on May 21, 2020 and Plaintiff timely opposed. A ruling on that motion is pending. On March 22, 2021, the parties filed the Joint Scheduling Report, which stated that the parties anticipated stipulating request for a protective order. (Dkt. No. 25 at 6, ll. 17-18). On March 31, 2021, plaintiff served written discovery requests upon defendants Clark and Burns. Defendants have not sought relief on the basis of irrelevancy or privilege or any reason specific to Plaintiff's discovery requests. Rather, defendants seek a total stay of discovery until the motion to dismiss is ultimately resolved.

## II. Legal Standard

"[T]he Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630 JAM-KJN, 2011 WL 489743, at * 6 (E.D. Cal. Feb. 7, 2011). "[D]istrict courts look unfavorably upon such blanket stays of discovery. *Id.* "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing *Blakenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

To show good cause to stay discovery in the Ninth Circuit, the moving party must establish more than an apparently meritorious Rule 12(b)(6) claim. Rather, a "district court may…stay discovery when it is *convinced* that the plaintiff will be *unable* to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (emphasis added). To assess, courts

may take a "peek" at the merits of a pending motion in order to assess the validity of the proposed stay of discovery. *California Sport Fishing Prot. All. v. Chico Scrap Metal, Inc.*, No. 10-CIV-1207 GEB, 2011 WL 130228, at * 4 (E.D. Cal. Jan. 14, 2011). "[M]erely a colorable defense usually will not qualify to stay discovery. Generally, there must be *no question* in the undersigned's mind that the dispositive motion will prevail, and that therefore, discovery is a waste of effort." *Id.* (emphasis in the original). Put another way, "progress in a litigation should not be delayed simply because a non-frivolous motion has been filed." *Id.*

It must be noted that discovery may proceed before qualified immunity issues can be resolved. *See e.g.*, *Quair v. Bega*, 02-CV05891-REC-DLB, 2005 WL 552537, at * 3 (E.D. Cal. Mar. 7, 2005); *Martin v. Naval Criminal Investigative Serv.*, 2013 WL 2896879, at * 11 (S.D. Cal. June 11, 2013) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) ("Discovery involving public officials is indeed one of the evils that *Harlow* aimed to address, but neither that opinion nor subsequent decisions create an immunity from all discovery.")

## III. Application

As described in Plaintiff's opposition, defendants are not likely to prevail on qualified immunity grounds. (Dkt. No 18 at 10). In particular, the Ninth Circuit has addressed similar facts raised in Plaintiff's complaint, namely, that a prison guard's failure to act to prevent an inmate's ongoing placement in a cell with a violent inmate amounts to "deliberate indifference," constituting an Eighth Amendment violation. *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009). Additionally, the Ninth Circuit has held that the withdrawal of staff from a portion of a prison for hours on end can create an objectively substantial risk of harm to unsupervised inmates. *Lemire v. California Dept. of Corrections and Rehabilitation*, 726 F.3d 1062, 1076 (9th Cir. 2013). The Eastern District has found a prison official is not entitled to qualified immunity for purposes of a Rule 12(b)(6) motion in a case in which a prison official knew of substantial risks to inmate's safety and still approved that inmate sharing a cell with the plaintiff. *Cotta v. Cty. of Kings*, No. 1:13-cv-00359-LJO-SMS, 2013 WL 3213075, at *11 (E.D. Cal. June 24, 2013). Regarding Plaintiff's state claims, not only is there a statutory basis for liability (Cal. Civ. Code § 1714) but there is a statutory exception to an immunity defense (Cal. Gov't. Code § 844.5) ("Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission.")

Defendants cannot establish good cause to stay discovery. For one, a "peek" at their motion to dismiss and plaintiff's opposition certainly does not convincingly establish that plaintiff is unable to state a claim. Defendants cannot meet this high standard, even if the Court were to find the complaint flawed, considering the liberal standard for amending a complaint. *See* Fed. R. Civ. P. 15. The Order Setting Mandatory Scheduling anticipates that the parties would engage in discovery alongside the *preparation* of the Joint Scheduling Report. *See* Dkt. No. 5 at 2, ll. 17-18. Accordingly, defendants should not be permitted to convert their wishes for a dispositive ruling into an all-out halt on discovery.

Respectfully,
Erin Darling