*MATTHEW RODRIQUEZ*
*Acting Attorney General*

State of California
DEPARTMENT OF JUSTICE

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public:  (916) 445-9555
Telephone:  (916) 210-6008
Facsimile:  (916) 324-5205
E-Mail:  Jeremy.Duggan@doj.ca.gov

April 14, 2021

VIA ELECTRONIC FILING
The Honorable Barbara A. McAuliffe
United States District Court - Eastern District
2500 Tulare Street, Room 1501
Fresno, CA 93721

RE:    *Dora Solares v. R. Diaz, et al.*
       U.S. District Court, Eastern District of California, Case No. 1:20-cv-00323-NONE-BAM

Dear Judge McAuliffe:

Defendants request a stay of discovery pending a decision on Defendants' motion to dismiss all claims in this case. (Defs.' Mot. to Dismiss, ECF No. 17.) On March 31, 2021, Plaintiff propounded interrogatories, requests for admission, and requests for production to Defendant Clark (Warden at California State Prison, Corcoran) and requests for admission and requests for production to Defendant Burnes (Sergeant at California State Prison, Corcoran). Discovery should not proceed at this time. Defendants' motion is potentially dispositive of the entire case, and therefore any discovery undertaken before that motion is decided is unduly burdensome and a potential waste of resources. Discovery should be stayed until thirty days after an answer is filed.

Whether to stay discovery pending resolution of a potentially dispositive motion is within the sound discretion of the district court. *See, e.g., Stavrianoudakis v. United States Dep't of Fish & Wildlife,* No. 1:18-cv-01505-LJO-BAM, 2019 U.S. Dist. LEXIS 219337, at *7 (E.D. Cal. Dec. 20, 2019); *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630 JAM KJN, 2011 U.S. Dist. LEXIS 16128, at *17 (E.D. Cal. Feb. 7, 2011) ("District courts may exercise 'wide discretion in controlling discovery'" (citation omitted)). The courts of this district have applied a two-part test to determine whether a stay is appropriate: "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *Mlejnecky*, 2011 U.S. Dist. LEXIS 16128, at *20.

Here, both prongs of the test are met. Defendants' motion is potentially dispositive of the entire case. Defendants' motion requests dismissal of Plaintiff's entire complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). (*See* Defs.' Notice of Mot. to Dismiss 1-2, ECF No. 17.) Specifically, dismissal is appropriate because: "(1) Plaintiff fails to allege sufficient facts to state a federal-law claim against all Defendants; (2) Defendants are entitled to qualified immunity from Plaintiff's federal-law claims; (3) Plaintiff fails to allege sufficient facts to state a state-law claim against Defendants Diaz and Clark; (4) Defendants Diaz and Clark are entitled to

The Honorable Barbara A. McAuliffe
April 14, 2021
Page 2

statutory immunity from Plaintiff's state-law claims; (5) Plaintiff fails to plead recoverable damages for the negligent supervision claim; (6) the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims; and (7) Plaintiff has failed to join a required party." *Id.* Defendants' motion is meritorious; Defendants expect it will be granted. (*See* Defs.' Mem. of P. & A., ECF No. 17-1; s*ee also, Stavrianoudakis*, 2019 U.S. Dist. LEXIS 219337, at *8-9 (conducting a "preliminary review" of pending motions and finding the arguments "sufficiently meritorious for a finding that the motions are potentially dispositive").)

Second, no additional discovery is necessary to decide the pending motion. Defendants' motion to dismiss is fully briefed and submitted, and no party has sought additional discovery necessary to resolve the motion to dismiss. *See Stavrianoudakis*, 2019 U.S. Dist. LEXIS 219337, at *9 (finding that the second prong of the *Mlejnecky* test was met where the "pending motions have been fully briefed and taken under submission").

In addition to the *Mlejnecky* test, discovery should be stayed because Plaintiff's counsel agreed to this stay, and now is attempting to renege. Discovery is open in this case because the parties held a rule 26(f) conference on February 11, 2021, in anticipation of the Scheduling Conference, which at that time was scheduled for February 25, 2021. Before the February 11 conference, counsel agreed in writing over email that "no Defendant will have to respond to discovery requests (including deposition notices) until at least 30 days after that Defendant has filed an answer." Without that agreement, Defendants' counsel would not have gone forward with the February 11, conference and instead would have sought a continuance of the Scheduling Conference. At the February 11 conference, Plaintiff's counsel stated he was reneging on the parties' agreement, and would propound discovery in spite of it if the Court did not rule on the pending Motion to Dismiss. Defendants' counsel naturally objected to Plaintiff's counsel's attempts to retroactively alter their agreement to gain a tactical advantage in this case. Plaintiff's counsel's tactics should not be rewarded. Defendants' discovery responses should not be due until at least thirty days after that Defendant has answered the complaint, as Plaintiff's counsel agreed.

Defendants' potentially dispositive motion is pending, no Defendant has answered, and no scheduling conference has been held. No party knows which claims or which Defendants (if any) will remain in this action after the Court rules on the pending motion. Under these circumstances, requiring Defendants to respond to discovery would be unduly burdensome. Defendants request for a stay of discovery until thirty days after an answer is filed should be granted.

Sincerely,

*/s/ Jeremy Duggan*

JEREMY DUGGAN
Deputy Attorney General

For    MATTHEW RODRIQUEZ
Acting Attorney General

# CERTIFICATE OF SERVICE

Case Name:   **Dora Solares v. R. Diaz, et al.**          No.   **1:20-cv-00323-NONE-BAM**

I hereby certify that on April 14, 2021, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **LETTER TO THE HONORABLE BARBARA A. McAULIFFE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on April 14, 2021, at Sacramento, California.

|  M. Garcia  |  /s/ M. Garcia  |
|  Declarant  |  Signature  |

SA2019101902
35007262.docx