ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General
JEREMY DUGGAN
Deputy Attorney General
State Bar No. 229854
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6008
  Fax: (916) 324-5205
  E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendants*
*Diaz, Burns and Clark*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,**<br><br>                      Plaintiff,<br><br>v.<br><br>**RALPH DIAZ, et al.,**<br><br>                      Defendants. | Case No. 1:20-cv-00323-NONE-BAM<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS**<br><br>Action Filed: March 2, 2020 |

    Solares's first amended complaint (FAC) fails to plead facts showing that Defendants knew of a risk of serious harm to Decedent Romero when they housed him in a cell with inmate Osuna, and accordingly fails to state a federal claim. In addition, Solares failed to join a necessary party to this action — Decedent Romero's father, a known omitted heir. Accordingly, Magistrate Judge McAuliffe issued findings and recommendations to grant Defendants' motion to dismiss, with leave to amend.

    Solares objects to the findings and recommendations, arguing first that the facts pled are sufficient to state a claim. Solares's argument here is simply a restatement of the arguments the findings and recommendations correctly rejected. Solares's conclusory statements that Defendants were "on notice" of a threat to Romero's safety do not meet the pleading standard,

1

and the non-conclusory facts pled do not show that Defendants had the required knowledge. Solares therefore fails to state a federal claim in this matter.

Solares also objects to the magistrate judge's finding that the elder Romero is a necessary party. Solares again raises the same arguments that the findings and recommendations correctly rejected. As the findings and recommendations point out, resolving this matter without Decedent's father would leave Defendants at substantial risk of incurring multiple or inconsistent obligations, and there has been no showing that it is not feasible to join Decedent's father to this action.

In addition, Solares makes a new argument that *Wheeler v. City of Santa Clara,* 894 F.3d 1046, 1058 (9th Cir. 2018) bars parents from recovery under the Fourteenth Amendment if they did not adequately participate in child rearing activities. In fact *Wheeler* addressed whether a parent-child relationship with biological parents continued to exist for purposes of the Fourteenth Amendment after the child was adopted. Here there was no adoption, and *Wheeler*'s reasoning does not apply. Instead, the general assumption that a parent does have the right to pursue a loss of companionship claim applies here.

The findings and recommendations correctly found that Solares fails to state a federal claim, and failed to join a necessary party. The Court should adopt the findings and recommendations in full.

I.   **THE FIRST AMENDED COMPLAINT FAILS TO STATE A FEDERAL CLAIM.**

   A.   **Solares Fails to State a Claim for Individual Liability.**

The findings and recommendations reviewed the allegations of the FAC and found that Solares "fails to allege that Defendants had knowledge of a substantial risk of serious harm to Decedent, and fails to state a cognizable claim against them under the Eighth Amendment." (Findings & Recommendations 7 (F&Rs), ECF No. 36.) Without a proper allegation that Defendants had the knowledge required for Solares's failure to protect claims, all of the federal claims fail. (F&Rs 7-11.)

Solares disagrees with the findings and recommendations, and argues that "Plaintiff's allegations regarding defendants Clark and Burns are not conclusory and specifically allege how

2

each man was on notice" of the danger posed to Decedent. (Pl.'s Objections to F&Rs 3 (Pl.'s Obj.), ECF No. 37.) The First Amended Complaint pleads (1) that Defendants were "on notice that Jaime Osuna posed a threat to other inmates" and that there were "jail and prison reports" warning of Osuna's previous violent behavior. (FAC ¶¶ 15-21.) But as the findings and recommendations state, "the FAC fails to allege that Defendants had personally accessed those records or otherwise knew of the risk of harm posed by placing another inmate in a cell with Osuna." (F&Rs 7.)

Plaintiff's objections argue that the FAC's allegations are sufficient. (Pl.'s Obj. 3-4.) But it is not enough for Solares to allege that Defendants should have known, or had constructive notice, of the risk to Decedent; actual knowledge is required. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ((internal quotation marks omitted).) The facts pled, if proven, would show only that third-party CDCR, and not Defendants, had reports showing Osuna's previous violent behavior. (F&Rs 7.) Those allegations would not support the required finding that Defendants *knew of* and disregarded an excessive risk to Decedent's safety. (F&Rs 6-7.) Solares therefore fails to state a claim for failure to protect.

Solares next points to the FAC's allegation that Defendants failed to conduct routine cell checks on Decedent's cell. (Pl.'s Obj. 4-5.) Again, Solares fails to establish that these assertions show that Defendants knew of, and disregarded, a substantial risk of serious harm to Decedent, rather than, more simply, that they did not follow the usual protocol. Solares does not allege facts showing that Defendants knew failing to monitor Decedent's cell would pose a substantial risk of serious harm to Decedent. (F&Rs 7.) Accordingly Solares fails to state a claim for violation of the Eighth Amendment. (*Id.*)

**B.     Solares Fails to State a Claim for Supervisory Liability.**

Solares next argues that the first amended complaint states a claim for supervisory liability. (Pl.'s Obj. 5-7.) The findings and recommendations addressed and rejected that argument, stating:

3

Defs.' Response to Pl.'s Objections to Findings and Recommendations  (1:20-cv-00323-NONE-BAM)

> Even taking as true that Defendant Burns decided [to] bypass the normal committee process for cell placements and affirmatively worked with Doe Defendants to ensure that night-time safety checks were not conducted, and that Defendant Clark himself approved and allowed the out-of-protocol cell placement to go forward, Plaintiff has failed to allege factual support that either defendant had knowledge of a substantial risk of serious harm to Decedent in placing him in a cell with inmate Osuna. Plaintiff therefore fails to state a cognizable claim for relief based on Defendants' supervisory conduct.

(F&Rs 8-9.) Again, without an allegation of Defendants' knowledge of an excessive risk to Decedent, Solares's supervisory liability claims fail. (*Id.*)

### C. Solares's Remaining Federal Claims Should Also Be Dismissed.

In addition to the Eighth Amendment and supervisory liability claims, Solares also attempts to assert federal-law claims for Loss of Familial Relations and Conspiracy to Violate Civil Rights. (FAC 16-17, ECF No. 15.) Those claims should be dismissed for the reasons identified in the findings and recommendations, including that, as above, there is no allegation that Defendants had the requisite knowledge. (F&Rs 9-11.) In addition, Solares concedes that the conspiracy claims should be dismissed (Pl.'s Obj. 7) and has not opposed dismissal of any of the claims against Defendant Diaz. (*See* Defs.' Reply 1, ECF No. 19.)

### D. Defendants Are Also Entitled to Qualified Immunity from the Federal Claims.

Courts analyze qualified immunity under a two-prong test: (1) whether the alleged facts constitute a constitutional violation, and (2) if so, whether the constitutional right at issue was clearly established at the time of the violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The findings and recommendations found that the FAC does not satisfy the first prong and so did not address the second prong. (F&Rs 11.) For the reasons stated in Defendants' previous briefs, no case law has established the rights Solares seeks to assert against Defendants here. Specifically, as to Diaz, no case law has established that prison officials with no knowledge of an inmate housing situation are constitutionally required to act to prevent the risk caused by two particular inmates being housed together, and as to Burns and Clark, no case law has clearly established that a correctional sergeant violates an inmate's constitutional rights when he places that inmate in a cell with another inmate without using the usual protocol, despite being unaware of any danger.

4

Defs.' Response to Pl.'s Objections to Findings and Recommendations  (1:20-cv-00323-NONE-BAM)

(Defs.' Mem. of P. & A. 11-12, ECF No. 17-1; Defs.' Reply 5-7, ECF No. 19.) Accordingly Defendants are entitled to qualified immunity under the second prong as well.

### E. Solares's State-Law Claims Should Be Dismissed.

Solares further attempts to assert state-law claims against Defendants for Negligent Supervision and Wrongful Death. Those claims should be dismissed because the first amended complaint fails to state a federal-law claim, so supplemental jurisdiction should not be exercised. (F&Rs 11-12.) In addition, Solares's Negligent Supervision claims should be dismissed because Solares fails to plead recoverable damages for the claims, and — as to Diaz and Clark — Solares fails to plead facts showing negligent supervision, and those Defendants are immune under Government Code section 820.8. (Defs.' Mem. of P. & A. 13-16, ECF No. 17-1.) The wrongful death claim should be dismissed because Solares has abandoned it by failing to oppose dismissal, and — as to Diaz and Clark — because Solares fails to plead facts showing Defendants are liable and those Defendants are immune under Government Code section 820.8. (Defs.' Mem. of P. & A. 16-17, ECF No. 17-1; Defs.' Reply 7-9, ECF No. 19.)

## II. SOLARES FAILS TO JOIN DECEDENT'S FATHER, A NECESSARY PARTY.

Defendants move to dismiss Solares's claims for failure to join a necessary party under Rules 12(b)(7) and 19. (Defs.' Mem. of P. & A. 17-18, ECF No. 17-1.) To determine whether a person must be joined, a Court must follow the three-step inquiry outlined in the findings and recommendations, determining:

1. Is the absent party necessary (i.e., required to be joined if feasible) under Rule 19(a)?
2. If so, is it feasible to order that the absent party be joined?
3. If joinder is not feasible, can the case proceed without the absent party, or is the absent party indispensable such that the action must be dismissed?

(F&Rs 12.) A party is necessary where resolving an action in a person's absence could subject an existing party to multiple or inconsistent obligations, and where disposing of an action in a person's absence would impede that person's ability to protect an interest in the subject of the case. (F&Rs 13.) Here, "it is apparent that resolving this action in the absence of Decedent's father may leave Defendants at substantial risk of incurring multiple or inconsistent obligations if

5

Defs.' Response to Pl.'s Objections to Findings and Recommendations  (1:20-cv-00323-NONE-BAM)

Decedent's father later attempts to bring a separate claim against Defendants." (F&Rs 14.) Moreover, under California law, "plaintiff heirs have a mandatory duty to join all known omitted heirs in the 'single action' for wrongful death." *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 808, 62 Cal. Rptr. 2d 78, 82 (1997). Failure to join the elder Romero now would impede his ability to protect his interests. (*See* F&Rs 14.) The elder Romero is a necessary party, and he must be joined if feasible. (F&Rs 13-14.)

Plaintiff argues that Decedent did not have a close relationship with his father, and therefore Solares is the only heir who sustained a loss. (Pl'.s Obj. 8.) As stated in the findings and recommendations, the FAC does not allege facts supporting that conclusion (F&Rs 14), instead only stating that Decedent's father has remained in Guatemala, but not pleading facts showing that Decedent's father suffered no loss at all when his son died. (FAC ¶ 4.)

Solares further argues that *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1058 (9th Cir. 2018) prevents recovery by Decedent's father. (Pl.'s Obj. 8-9.) There, the Ninth Circuit upheld a decision to dismiss Wheeler's Fourteenth Amendment loss of companionship claim after the death of his biological mother because their legal relationship had been severed when she put him up for adoption as an infant. *Wheeler,* 894 F.3d at 1058. *Wheeler* did not hold, as Solares attempts to argue, that the parent-child relationship is similarly severed when the child moves a long distance from the parent. Rather, absent adoption, "[a] Decedent's parents and children generally have the right to assert substantive due process claims under the Fourteenth Amendment." *Wheeler*, 894 F.3d at 1057. Based on the facts pled in the first amended complaint, Decedent's father is an omitted heir who must be joined for Solares to proceed on these claims. (F&Rs 14-15.)

Solares next argues that the statute of limitations has run for Decedent's father to bring his claim. (Pl.'s Obj. 9-10.) According to Solares, Decedent's father has not filed a government claim regarding this matter and has missed his window to do so. (*Id.*) First, the FAC does not plead facts, and it has not been shown, that Decedent's father did not file a government claim. (*See generally* FAC.) Second, as stated in the findings and recommendations, if given notice, Decedent's father could potentially plead facts to demonstrate that his claims are not barred.

6

Defs.' Response to Pl.'s Objections to Findings and Recommendations  (1:20-cv-00323-NONE-BAM)

1    (F&Rs 14.)  The record does not establish that the elder Romero's claim, if brought, would
2    necessarily be barred.  (*Id.*)

3    Solares next argues that the court lacks personal jurisdiction over the elder Mr. Romero,
4    and therefore it is not feasible to join him in this case.  (Pl.'s Obj. 11.)  First, as the findings and
5    recommendations point out, Romero may consent to the Court's personal jurisdiction to allow his
6    recovery.  (F&Rs 14.)  Second, even if he did not consent, Romero is subject to this Court's
7    personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2).  Based on the allegations in
8    the FAC, the elder Romero has never been to the United States, and therefore is not subject to any
9    state court's general jurisdiction.  Therefore if served in this matter, the elder Romero would be
10   subject to personal jurisdiction in this Court.  Fed. R. Civ. P. 4(k)(2).

11   Solares last argues that the case can proceed without an indispensable party where joinder is
12   not feasible and it has been established that that party's claim is barred.  (Pl.'s Obj. 11-12.)  Here,
13   Solares has not shown that joinder is not feasible, and has not established that the elder Romero's
14   claim is barred.  (F&Rs 14.)  Accordingly there is no showing at this point to support moving
15   forward without the necessary omitted heir.  (*Id.*)

16   The elder Mr. Romero is an omitted heir and a necessary party to this case.  Defendants
17   face the possibility of multiple obligations if the elder Romero is not joined.  Solares has a
18   mandatory duty to join him in this case.  *Ruttenberg*, 53 Cal. App. 4th at 808.  Solares argues that
19   it is not feasible to join him, but the fact is Solares has not even attempted to do so.  The Court
20   should find that the elder Romero is a necessary party and adopt the findings and
21   recommendations in full.

22   **III.   THE COURT NEED NOT GRANT LEAVE TO ADD AN UNRELATED CLAIM.**

23   In addition to objecting to the findings and recommendations, Solares requests, should her
24   claims be dismissed, that she be granted leave to amend in time to add new state-law claims
25   regarding allegedly leaked crime-scene photographs.  (Pl.'s Obj. 12-13.)  Defendants' counsel
26   understands that Solares has now filed those claims in a separate complaint, so that request is now
27   moot.  *See Solares v. Burns*, No. 1:21-at-00878 (E.D. Cal. filed Sept. 8, 2021).
28   / / /

## CONCLUSION

The findings and recommendations are correct: Plaintiff's complaint fails to plead facts showing that Defendants violated Decedent's constitutional rights. And Decedent's father is a necessary party who must be joined. The findings and recommendations should be adopted in full, and Defendants' motion to dismiss should be granted.

Dated: September 9, 2021

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

*/s/ Jeremy Duggan*

JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Defendants
Diaz, Burns and Clark*

SA2019101902
35454328.docx

8

Defs.' Response to Pl.'s Objections to Findings and Recommendations  (1:20-cv-00323-NONE-BAM)

# CERTIFICATE OF SERVICE

Case Name:  <u>**Dora Solares v. Diaz, et al.**</u>     No.  <u>**1:20-cv-00323-NONE-BAM**</u>

I hereby certify that on <u>September 9, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 9, 2021</u>, at Sacramento, California.

<u>          M. Garcia          </u>          <u>          /s/ M. Garcia          </u>
          Declarant                                    Signature

SA2019101902
35455041.docx