UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DORA SOLARES ,** | No. **1:20–CV–00323–NONE–BAM** |
| Plaintiff, | ORDER OF CLARIFICATION: |
| v. | NO DISTRICT JUDGE AVAILABLE TO HEAR MATTERS |
| **RALPH DIAZ , ET AL. ,** | |
| Defendants. | |

Please read this order carefully as it provides important information about the above-captioned case.

As U.S. District Judge Dale A. Drozd conveyed in a standing order re judicial emergency issued in February 2020, to have a single district judge attempt to manage two excessive caseloads in the Fresno courthouse of the Eastern District of California –– currently a combined 1305 civil cases and over 745 criminal defendants -- is UNSUSTAINABLE. Judge Drozd has now worked tirelessly for more than twenty months to maintain not only his own caseload but all of the cases currently bearing the designation "Unassigned" or "NONE." The court initiated this arrangement with the understanding that Judge Drozd's efforts would be needed on an interim basis until a new judge was appointed to assume this second caseload. That "interim" solution has now been in place for far longer than originally anticipated and can no longer be maintained, particularly in light of reductions, over time, to staff devoted to the unassigned caseload.

/////

While the court is hopeful that a new district judge will be appointed in the near future, it must ensure the valuable judicial resource that Judge Drozd represents is deployed in a manner that enables him to dedicate sufficient time to the adjudication of the critical issues before him and ensures his ability to perform his essential duties is sustained. Therefore, until a new district judge is appointed to fill at least one of the two long–standing vacancies in the Fresno courthouse and is able to begin hearing cases, the parties in ALL civil Unassigned/NONE cases are hereby advised they should expect that no matter in any of those cases will be addressed by a district judge.[1] For practical purposes, this means that all matters set before the district judge in these cases are effectively STAYED until further notice. Scheduled hearings and trials in the Unassigned/NONE caseload will be continued or vacated by minute orders issued in those specific cases, subject to rescheduling upon the seating of a new district judge. Judge Drozd's Standing Order will continue to be issued in newly filed cases allocated to the NONE caseload, and that Standing Order provides the contact information for the Courtroom Deputy Clerk assigned to monitor the NONE caseload. If that Standing Order conflicts with the provisions of this order, however, this order controls.

Consistent with 28 U.S.C. § 636, Local Rule 302, and all other applicable authorities, the magistrate judges assigned to Unassigned/NONE civil cases may, in their discretion, elect to stay discovery and other proceedings in these cases entirely or may allow proceedings that do not require the attention of a district judge to continue to move forward.

This order should not be construed as a revocation of Judge Drozd's authority to issue orders in the Unassigned/NONE civil caseload over which he still formally presides, to the extent he in his sole discretion

/////

/////

/////

---

[1] If a party in any civil action designated to the NONE caseload believes that circumstances in the case warrant an exception from the terms of this order, that party may file a request for relief explaining any extraordinary urgency or need based on the party's circumstances and identifying the relief requested. The court will merely issue a minute order granting or denying any such request. The parties are cautioned, however, that delays due to the lack of judicial resources in this district have plagued the NONE cases since the court's Standing Order issued more than twenty months ago and should come as no surprise to the impacted litigants. In evaluating any relief requested, the court will require a significant and compelling showing to distinguish one case from all the other civil cases that have been waiting for the judicial attention they rightfully deserve but which this court simply cannot provide in light of the inadequate resources currently allocated to it.

deems such orders necessary. The parties may as always consider consenting to magistrate judge jurisdiction, which could alleviate some of the delays associated with the unprecedented emergency that, unfortunately, continues to impact this court.

SO ORDERED.

_____
CHIEF UNITED STATES DISTRICT JUDGE