Rob Bonta, State Bar No. 202668
Attorney General of California
Jon S. Allin, State Bar No. 155069
Supervising Deputy Attorney General
Jeremy Duggan, State Bar No. 229854
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6008
  Fax: (916) 324-5205
  E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendant Burnes*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,** <br><br> Plaintiff, <br><br> v. <br><br> **RALPH DIAZ, et al.,** <br><br> Defendants. | Case No. 1:20-CV-00323-JLT-BAM <br><br> **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> Action Filed: March 2, 2020 |

    Defendant Burnes moves to dismiss Plaintiff's Second Amended Complaint (SAC) because Plaintiff (Decedent Romero's mother) has failed to join a necessary party (Decendent Romero's father) for the Fourteenth Amendment and wrongful death claims. Plaintiff opposes, arguing that Decedent's father cannot bring a wrongful death claim because California law prevents parents who abandon their children for over seven years before adulthood from inheriting from those children. But the facts pled do not show such an abandonment, and accordingly Decedent's father is a necessary party for the wrongful death claim of the SAC.

    Next Plaintiff argues that Romero's father is not a necessary party for the Fourteenth Amendment claims because Plaintiff is asserting only her own rights against deprivation of

1

companionship. But Plaintiff proceeding without Decedent's father impedes the father's ability to protect his interests, and creates a risk for Defendant to be exposed to multiple or inconsistent obligations. Decedent's father is therefore a necessary party for the Fourteenth Amendment claims under Federal Rule of Civil Procedure 19.

Plaintiff further argues that the statute of limitations has run as to Decedent's father's claim because the cause of action accrued before Decedent's death. Plaintiff's argument here is based on the accrual date applicable to survival claims. Neither the Fourteenth Amendment claim nor the wrongful death claim is a survival claim, and Plaintiff's argument fails.

Defendant Burnes also moves to dismiss the supervisory liability claim against him because Plaintiff fails to plead facts establishing supervisory liability, and because the Court rejected nearly identical claims in ruling on Defendant's previous motion to dismiss. Plaintiff's opposition ignores the Court's previous order, and argues that the SAC pleads sufficient facts to establish supervisory liability against Burnes. But the SAC fails to plead any supervisory conduct on Burnes's part, instead alleging only that Burnes was a supervisor for unnamed Doe Defendants who did not properly perform their duties. Those allegations are insufficient to state a claim, and Defendant's motion to dismiss should be granted.

**I.    PLAINTIFF FAILS TO JOIN DECEDENT'S FATHER, A NECESSARY PARTY.**

Plaintiff Solares asserts five causes of action against Defendant Burnes relating to the death of her son, Luis Romero, at the hands of his cellmate, Jaime Osuna, in March 2019 at California State Prison, Corcoran. (SAC 13-17.) Plaintiff previously filed a first amended complaint which named Defendants Diaz (former secretary of CDCR) and Clark (warden at Corcoran State Prison). (First Am. Compl., ECF No. 15.) Defendants moved to dismiss that complaint, and the Court dismissed Diaz and Clark. (Order Adopting F&R in Part 3, ECF No. 44.) The Court further found that Decedent's father is a necessary party to the remaining claims and ordered Plaintiff to file an amended complaint either joining him or pleading additional facts establishing that joinder is not required in this case. (*Id.* at 13.) As stated in Defendant's moving papers, the SAC did neither, failing to join Decedent's father and pleading only minimal new facts. (Def.'s Mem. of P. & A. at 7-9.)

2

Def.'s Reply in Support of Mot. to Dismiss Second Am. Compl.  (1:20-CV-00323-JLT-BAM)

**A.     Decedent's Father Is a Necessary Party for the Wrongful Death Claim.**

As stated in Defendant's moving papers, where, as here, decedent has no issue, the estate passes to the decedent's "parent or parents equally." (*See* Def.'s Mem. of P. & A. 5, ECF No. 47-1 (quoting Cal. Prob. Code § 6402(b).)  The California wrongful death action is "joint, single, and indivisible." *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 807 (Cal. App. 1997) (internal quotation marks omitted).  Therefore, because he has an equal share in the indivisible wrongful death claim, Decedent Romero's father is a necessary party. (*Id.* at 5-6.) Plaintiff argues that Decedent's father is not a necessary party because he abandoned Romero and therefore is ineligible to inherit from him under California Probate Code section 6452(a)(3). (Pl.'s Opp'n 4, ECF No. 50.)  But the SAC fails to plead facts sufficient to establish that section 6452(a)(3) applies.  Plaintiff alleges that:

> When Luis Romero was three years old, and still living in Guatemala, Dora Solares divorced Luis Romero's father.  Since that time, Dora Solares (and Luis Romero) have had no contact with the father.  Furthermore, Dora Solares and Luis Romero emigrated to the United States shortly thereafter, and Luis Romero's father remained in Guatemala, and to Plaintiff's knowledge the father never moved to the United States and has never entered the United States.

(SAC ¶ 5, ECF No. 46.)  Section 6452(a)(3) requires that:

> The parent left the child during the child's minority without an effort to provide for the child's support or without communication from the parent, for at least seven consecutive years that continued until the end of the child's minority, with the intent on the part of the parent to abandon the child.  The failure to provide support or to communicate for the prescribed period is presumptive evidence of an intent to abandon.

Cal. Prob. Code § 6452(a)(3).  Plaintiff may be able to allege facts showing that Decedent's father's actions meet section 6452(a)(3)'s requirement, but the SAC does not do so.  First, there is no allegation that the father "left" Luis Romero.  Instead, the SAC alleges only that Romero's parents divorced,[1] and that "shortly thereafter" Plaintiff and Romero emigrated to the United States, apparently without the father's knowledge. (*See* SAC ¶ 5.)

---

[1] The divorce is irrelevant to Decedent's father's ability to inherit.  *See* Cal. Prob. Code § 6450 ("The relationship of parent and child exists between a person and the person's natural parents, regardless of the marital status of the natural parents.").

3

Next, the SAC alleges (parenthetically) that Luis Romero and his father had "no contact" for a period of time, the SAC is vague as to when. (*See* SAC ¶ 5.) The SAC very specifically states that Plaintiff has not had contact with Romero's father "since 1977." (SAC ¶ 5.) But as to Romero, rather than stating a specific time period, the SAC alleges that Romero had "no contact" with his father "[s]ince that time." (SAC ¶ 5 (p. 3 ln. 8).) The SAC is not clear as to what "that time" means here. It could refer to the time around when Luis Romero was three years old (approximately 1977), or the time around the divorce, but it is not stated. (*See* SAC ¶ 5.) The lack of specificity is troubling, particularly because in the next sentence, Plaintiff alleges that she and Romero emigrated to the United States "shortly" after "that time." (SAC ¶ 5 (p. 3, ln. 10).) It is Defendant's understanding—and it is not inconsistent with the complaint allegations—that Plaintiff emigrated when Decedent was eleven (approximately 1985), and Decedent emigrated when he was sixteen (approximately 1990), so it appears Plaintiff's pleading is loose with the definitions of "that time" and "shortly thereafter."

For section 6452(a)(3) to apply, a parent must leave a child, and not communicate with the child or make an effort to provide for the child's support for a certain, seven-year period of time. *See* Cal. Prob. Code § 6452(a)(3). The SAC's vague allegation falls short. Plaintiff has not pled facts showing that Romero's father left, and has not pled facts showing that there was a lack of communication or support during the relevant time. While Plaintiff may be able to plead facts showing that section 6452(a)(3) applies, the SAC does not do so.

**B.   Decedent's Father Is a Necessary Party for the Fourteenth Amendment Claim.**

Plaintiff argues that the father is not a necessary party for purposes of the Fourteenth Amendment claim because that claim "exists as her own right to pursue." (Pl.'s Opp'n 3.) As explained in Defendant's moving papers, "Parents and children may assert Fourteenth Amendment substantive due process claims if they are deprived of their liberty interest in the companionship and society of their child or parent through official conduct." (Def.'s Mem. of P. & A. 5 (quoting *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013).) However, a Decedent's siblings cannot bring such a claim. *Ward v. San Jose*, 967 F.2d 280, 284 (9th Cir. 1992).

4

Def.'s Reply in Support of Mot. to Dismiss Second Am. Compl.   (1:20-CV-00323-JLT-BAM)

Plaintiff argues that her loss of companionship is her own claim, and therefore no other party is necessary. (Pl.'s Opp'n 3-4.) But none of the authorities Plaintiff supports that theory. (*See id.* and sources cited therein.) They state only that the Fourteenth Amendment cause of action is for interference "with their own individual liberty interests in the companionship and society of their children," but do not address the situation of unjoined parties with similar claims. (*See id.*)

The proper analysis is under Federal Rule of Civil Procedure 19. A "person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined" if that person's absence would "impede the person's ability to protect [his] interest," or "leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed R. Civ. P. 19(a)(1)(B). Where multiple parties have standing to sue on a Fourteenth Amendment loss of companionship claim, they should be joined in the same lawsuit; otherwise the lawsuit without those individuals impedes their ability to protect their interest, and subjects the defendant to multiple or inconsistent obligations. *See G.M. v. Poole*, No. 2:17-cv-02415-TLN-CKD, 2019 U.S. Dist. LEXIS 156259, at *11-12 (E.D. Cal. Sep. 11, 2019) (dismissing Fourteenth Amendment claims brought by only three out of five of decedent's children with leave to amend to join those omitted heirs).

Here, the absence of Decedent's father impedes his ability to protect his interest, and subjects Defendant Burnes to the risk of multiple or inconsistent obligations. (*See* Findings and Recommendations 14, ECF No. 36 ("[I]t is apparent that resolving this action in the absence of Decedent's father may leave Defendants at substantial risk of incurring multiple or inconsistent obligations if Decedent's father later attempts to bring a separate claim against Defendants.").) Decedent's father is therefore a necessary party for the Fourteenth Amendment claim.

### C.    Plaintiff Fails to Plead Facts Showing that Decedent's Father's Claims Are Barred by the Statute of Limitations.

Defendant's moving papers explained that the SAC does not plead facts showing that the statute of limitations has run as to Decedent's father's claims. (Def.'s Mem. of P. & A. at 7-8.) As to the wrongful death claim, under California Government Code section 911.2, potential

5

plaintiffs are required to file a government claim within six months of the accrual of the cause of action. (*Id.*) Under the discovery rule, accrual of a cause of action is postponed until the plaintiff "suspects, or has reason to suspect, a factual basis for" the elements of the claim. *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 389 (1999). Since the SAC does not plead facts showing that Decedent's father suspects, or has reason to suspect, the factual basis for his claim (*see* SAC ¶ 5), it fails to plead facts showing that the statute of limitations has run. (*See* Def.'s Mem. of P. & A. at 7.)

Similarly, as to the Fourteenth Amendment claim, the two-year statute of limitations begins to run when the plaintiff "knows or has reason to know of the injury which is the basis for the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991); *see also* Def.'s Mem. of P. & A. at 7-8. Again, the SAC does not plead facts showing that Decedent's father knows or has reason to know of the injury (*see* SAC ¶ 5), and so fails to plead facts showing the statute of limitations has run. (Def.'s Mem. of P. & A. at 7-8.)

In opposition as to the wrongful death claim, Plaintiff argues that the Court's order on Defendant's previous motion to dismiss stated that "equitable tolling does not apply" to the time to file a claim under the California Government Claims Act. (*See* Pl.'s Opp'n 5-6, ECF No. 50 (quoting Order Adopting F&R in Part 11, ECF No. 44).) The Court is correct that equitable tolling does not apply to the six-month period to file a government claim under section 911.2. *See Willis v. City of Carlsbad,* 48 Cal. App. 5th 1104, 1121 (2020) ("[T]he doctrine of equitable tolling cannot be invoked to suspend section 911.2's six-month deadline for filing a prerequisite government claim.") But the discovery rule is distinct from equitable tolling. While equitable tolling *suspends* an already-running limitations period (*see id.* at 1120-21), the discovery rule *postpones accrual* of the cause of action, preventing the limitations period from starting. *See Norgart,* 21 Cal. 4th at 389. The discovery rule, therefore, applies to section 911.2 under its own terms, which require filing "not later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2; *see also Clarke v. Upton,* 703 F. Supp. 2d 1037, 1045 (E.D. Cal. 2010) (applying discovery rule to Government Code section 911.2). Because the SAC does not plead

6

Def.'s Reply in Support of Mot. to Dismiss Second Am. Compl.  (1:20-CV-00323-JLT-BAM)

facts showing when Decedent's father discovered the factual basis for his wrongful death claim, it fails to plead facts showing that the statute of limitations has run.

As to accrual of the Fourteenth Amendment claim, Plaintiff argues that Defendant is "wrong as a matter of law" because "a survival action by definition accrues at the time the decedent was still alive, not when an additional survivor learns of the action." (Pl.'s Opp'n 6.) But Plaintiff's Fourteenth Amendment claim is not a survival action. As explained in several of the cases Plaintiff cites, a survival action is an action brought on a deceased individual's behalf for the injuries suffered by the decedent. *See, e.g., Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). If the decedent is an inmate, the survival claim is brought under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.") Because the plaintiff brings the survival action on behalf of the decedent, the statute of limitations accrues when the decedent knew of the injury. *See Estate of Jackson v. City of Modesto*, No. 1:21-CV-0415 AWI EPG, 2021 U.S. Dist. LEXIS 199638, at *21 (E.D. Cal. Oct. 14, 2021).

By contrast, a Fourteenth Amendment claim like the one at issue here is brought by parents or children of the decedent for the "deprivation of their liberty interest arising out of their relationship" with the decedent. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 (9th Cir. 1998). Because a decedent's parents or children bring that claim on their own behalf, the claim accrues when the parents or children learn of the injury. *See Bagley*, 923 F.2d at 761-62[2] ("[W]e . . . hold that Bagley's § 1983 and Bivens actions accrued for statute of limitations purposes when he first learned of the injury giving rise to his claims, and not at the completion of his habeas corpus proceeding.") Indeed, in the Eastern District case Plaintiff cites, *Estate of Jackson*, the Court applied a statute of limitations accruing at or before the time of death for the

---

[2] Plaintiff argues that *Bagley* does not apply here because it is "primarily focused on habeas proceedings." (Pl.'s Opp'n 6.) In fact *Bagley* applies to exactly the question here: it squarely addressed when a § 1983 cause of action accrues under federal law for purposes of the statute of limitations, and held that is accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (internal quotation marks omitted).

7

survival action, but accruing at the time the parents and children learned of the death for the loss of familial relations claims. *Estate of Jackson v. City of Modesto*, No. 1:21-CV-0415 AWI EPG, 2021 U.S. Dist. LEXIS 199638, at *19-25 (E.D. Cal. Oct. 14, 2021). Because the SAC does not plead facts showing when Decedent's father learned of Decedent's death, it fails to plead facts showing that the statute of limitations has run.

### D. Plaintiff's Proposed Amendment Is Futile.

Where a required party has not been joined, the court must order that person be made a party. Fed. R. Civ. P. 19(a)(2). If Decedent's father is found to be a required party, Plaintiff requests leave to amend to "show how it is not feasible to join Decedent's father because service on him is not possible." (Pl.'s Opp'n 6-7.) Plaintiff proposes to plead additional facts to show that she cannot locate Decedent's father with the information available. (*Id.*) But difficulty locating someone does not make joinder unfeasible. (*See* Findings and Recommendations 14, ECF No. 36.) Rather, as stated in the Court's order on Defendant's previous motion to dismiss, joinder is not feasible "when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." (Order Adopting F&R in Part 12, ECF No. 44.) As the Court clarified, in this context "subject to personal jurisdiction" means "subject to service of process." *Id.* Decedent's father is subject to service of process under Federal Rule of Civil Procedure 4(f). (*See id.*) Plaintiff's proposed amendment will therefore not show that joinder is unfeasible. The second amended complaint, which does not include a necessary party, should be dismissed, and Plaintiff should be ordered to join Decedent's father if she wishes to proceed.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR SUPERVISORY LIABILITY.

Defendant moves to dismiss the third cause of action against him, for supervisory liability, because he cannot be held liable on a theory of *respondeat superior*, or for knowledge and acquiescence in subordinate's wrongful acts. (Def.'s Mem. of P. & A. 9.) Instead Plaintiff must plead facts showing supervisorial conduct on Burnes's part that led to the constitutional violation. (*Id.*) The SAC fails to do so. (*Id.* at 9-12.) Moreover, the Court dismissed almost identical

///

8

Def.'s Reply in Support of Mot. to Dismiss Second Am. Compl.  (1:20-CV-00323-JLT-BAM)

supervisory liability claims against Burnes on Defendants' previous motion to dismiss. (*Id.* at 10.) Plaintiff's third cause of action should be dismissed.

Plaintiff opposes, arguing first that Defendant's argument "relies heavily on a recommendation . . . that the District Court declined to follow." (Pl.'s Opp'n 7.) In fact the District Court adopted the findings and recommendations, except to the extent that they relied on the finding that the First Amended Complaint failed to plausibly allege that Burnes was "aware of the dangers Romero faced by being celled with inmate Osuna." (Order Adpoting F&R in Part 4-5.) Plaintiff's opposition fails to explain why she believes otherwise. As explained in Defendant's moving papers, the Court adopted the recommendation to dismiss the supervisory liability claims against Burnes on the grounds that (1) Plaintiff cannot sue individuals based solely upon their supervisory role but instead must allege supervisory conduct; and (2) Plaintiff failed to defend the claims related to a failure to train theory. (*See* Def.'s Mem. of P. & A. 10; Findings and Recommendations 7-9, ECF No. 36.)

Plaintiff next argues that regardless of the previous order, the allegations against Burnes regarding supervisory liability are sufficient to state a claim. (Pl.'s Opp'n 7-8.) They are not. Plaintiff first argues that the allegations of SAC paragraph 19, that Burnes supervised a committee which ignored the risk of placing Luis Romero and Jaime Osuna in a cell together, are sufficient. (Pl.'s Opp'n 7-8.) But those allegations do not identify any supervisory conduct on Burnes's part. Instead, the SAC alleges only that Burnes was "responsible for supervising and approving the decisions of the administrative committee process" and "failed to properly supervise Doe defendants to ensure that the standard administrative committee process was followed in this instance." (SAC ¶ 19.)

The paragraph 19 allegations attempt to find Burnes liable simply because he supervised Doe correctional staff who allegedly violated the constitution. In other words, Plaintiff is attempting to proceed against Burnes on a doctrine of *respondeat superior,* which is impermissible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.") Plaintiff argues that Burnes "approved" the committee decision to house Burnes and

9

Osuna together, but that act does not go to supervisory liability — rather if anything that alleges an Eighth Amendment violation by Burnes himself, actionable under Plaintiff's first or second causes of action. Indeed, on Defendant's previous motion to dismiss, near-identical allegations in the First Amended Complaint were dismissed as to Defendant Clark. (*See* Order Adopting F&R in Part at 3, 6-8 (dismissing Warden Clark); *compare* First Am. Compl. ¶¶ 18-19, 44 *with* SAC ¶¶ 19, 44.) The result should be the same here.

Next, Plaintiff argues that the allegations of paragraph 21, regarding supervision of officers performing cell safety checks, are sufficient to state a claim. Again, the allegations are devoid of any facts as to Burnes's supervisory conduct beyond stating that Burnes was a supervisor for Doe Defendants who allegedly did not conduct the cell checks. (*See* SAC ¶ 21.) Instead, the SAC makes generic allegations that Burnes "failed to supervise," "failed to establish a system," "failed to train," and was "aware of the deficiencies in the training" of subordinates. (*See id.*) Those allegations are conclusions, and do not state facts showing Burnes's supervisory conduct. It is not enough for Plaintiff to allege that Burnes was a supervisor and he "failed to supervise" or was "aware of" unnamed problems. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal quotation marks omitted).) Instead Plaintiff is required to make factual allegations (not conclusions) sufficient to establish that it is plausible that Burnes's supervisory conduct violated the constitution. *See id.* The allegations of paragraph 21 as to Burnes's supervisory conduct are simply conclusions, and fail to state a claim.

Finally, Burnes argues that the allegations of paragraph 45 are sufficient to state a claim. (Pl.'s Opp'n 8.) Paragraph 45 alleges that Burnes "knew that his subordinates did not follow protocol" as to cell checks and sheets being hung in cells to obstruct viewing into the cells. (SAC ¶ 45.) Again, this allegation is simply a conclusion. It does not allege, for example, who was failing to perform cell checks, when Burnes supposedly knew, or how Burnes responded. This allegation is a conclusion similar to saying that Burnes "failed to supervise" without any factual support. The SAC fails to state a claim for supervisory liability as to Burnes.

10

Def.'s Reply in Support of Mot. to Dismiss Second Am. Compl.  (1:20-CV-00323-JLT-BAM)

# CONCLUSION

Plaintiff's complaint should be dismissed for failure to join a necessary party, and Plaintiff's supervisory liability claim should be dismissed for failure to state a claim.  Defendant's motion to dismiss should be granted.

Dated:  March 21, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

*/s/ Jeremy Duggan*

JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Defendant Burnes*

SA2019101902
36025642.docx

11

Def.'s Reply in Support of Mot. to Dismiss Second Am. Compl.  (1:20-CV-00323-JLT-BAM)

# CERTIFICATE OF SERVICE

Case Name:   **Dora Solares v. Diaz, et al.**          No.   **1:20-CV-00323-JLT-BAM**

I hereby certify that on <u>March 21, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 21, 2022</u>, at Sacramento, California.

|  M. Garcia  |  /s/ M. Garcia  |
|:---:|:---:|
| Declarant | Signature |

SA2019101902
36026458.docx