ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
JEREMY DUGGAN, State Bar No. 229854
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6008
 Fax: (916) 324-5205
 E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendant*
*J. Burnes*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,** | 1:20-CV-00323-JLT-BAM |
| Plaintiff, | **DEFENDANT BURNES'S ANSWER TO THIRD AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL** |
| v. | |
| **RALPH DIAZ, et al.,** | Action Filed: March 2, 2020 |
| Defendants. | |

Defendant Burnes (Defendant) answers Plaintiffs' Third Amended Complaint (ECF No. 59), filed June 22, 2023, as follows.

**I.   RESPONSE TO INTRODUCTION**

1.   In response to paragraph 1 of the Third Amended Complaint, Defendant admits that Luis Romero was transferred to California State Prison, Corcoran in March 2019 and denies the remaining allegations of this paragraph.

**II.   RESPONSE TO JURISDICTION AND VENUE**

2.   In response to paragraph 2 of the Third Amended Complaint (TAC), Defendant admits that the TAC purports to bring claims under 42 U.S.C. § 1983, the Eighth and

1

Fourteenth Amendments of the U.S. Constitution and California statutes. Defendant further admits that jurisdiction is proper at present under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Defendant denies the remaining allegations of this paragraph.

3. In response to paragraph 3 of the Third Amended Complaint, Defendant admits that venue is proper under 42 U.S.C. § 1391, and that the TAC purports to bring claims under 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments of the U.S. Constitution and California statutes. Defendant denies the remaining allegations of this paragraph.

**III.   RESPONSE TO PARTIES**

4. In response to paragraph 4 of the Third Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

5. In response to paragraph 5 of the Third Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

6. In response to paragraph 6 of the Third Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

7. In response to paragraph 7 of the Third Amended Complaint, Defendant admits that he is a Correctional Sergeant with the California Department of Corrections and Rehabilitation (CDCR), and admits that the TAC purports to bring claims against him in his individual capacity. Defendant denies the remaining allegations of this paragraph.

8. In response to paragraph 8 of the Third Amended Complaint, Defendant denies the allegations of this paragraph.

9. In response to paragraph 9 of the Third Amended Complaint, Defendant admits that in March 2019 he was employed as a Correctional Sergeant with CDCR at California State Prison, Corcoran. Defendant denies the remaining allegations of this paragraph.

10. In response to paragraph 10 of the Third Amended Complaint, Defendant admits that Plaintiffs purport to sue unnamed Doe Defendants, and denies the remaining allegations of this paragraph.

11. In response to paragraph 11 of the Third Amended Complaint, Defendant admits that Plaintiffs purport to sue unnamed Doe Defendants, and denies the remaining allegations of this paragraph.

12. In response to paragraph 12 of the Third Amended Complaint, Defendant admits that in March 2019 he was employed as a Correctional Sergeant with CDCR at California State Prison, Corcoran. Defendant denies the remaining allegations of this paragraph.

## IV. RESPONSE TO EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. In response to paragraph 13 of the Third Amended Complaint, Defendant admits that Plaintiff Solares filed a government claim mentioning the death of Luis Romero in September 2019. Defendant further admits that unserved Plaintiff Romero Gonzalez has not filed a government claim. Defendant denies the remaining allegations of this paragraph.

## V. RESPONSE TO FACTS

**A. Response to "The Decision to Place Luis Romero in Jaime Osuna's Cell"**

14. In response to paragraph 14 of the Third Amended Complaint, Defendant admits that Luis Romero was transferred to California State Prison, Corcoran in March 2019 and denies the remaining allegations of this paragraph.

15. In response to paragraphs 15-19 of the Third Amended Complaint, Defendant denies the allegations of these paragraphs.

**B. Response to "The Failure to Conduct Safety Checks"**

16. In response to paragraphs 20-23 of the Third Amended Complaint, Defendant admits that Luis Romero was killed and dismembered by Jaime Osuna. Defendant denies the remaining allegations of these paragraphs.

## VI. RESPONSE TO DAMAGES

17. In response to paragraphs 24-28 of the Third Amended Complaint, Defendant denies the allegations of these paragraphs.

**VI.   RESPONSE TO FIRST CLAIM FOR RELIEF**

18.   In response to paragraph 29 of the Third Amended Complaint, Defendant incorporates his responses to paragraphs 1-28, above.

19.   In response to paragraphs 30-32 of the Third Amended Complaint (including both paragraphs numbered "31"), Defendant denies the allegations of these paragraphs.

**VII.   RESPONSE TO SECOND CLAIM FOR RELIEF**

20.   In response to paragraph 33 of the Third Amended Complaint, Defendant incorporates his responses to paragraphs 1-32, above.

21.   In response to paragraph 34-40 of the Third Amended Complaint, Defendant denies the allegations of these paragraphs.

**VIII. RESPONSE TO THIRD CLAIM FOR RELIEF**

22.   In response to paragraph 41 of the Third Amended Complaint, Defendant incorporates his responses to paragraphs 1-40, above.

23.   In response to paragraphs 42-48 of the Third Amended Complaint, Defendant denies the allegations of these paragraphs.

**IX.   RESPONSE TO FOURTH CLAIM FOR RELIEF**

24.   In response to paragraph 49 of the Third Amended Complaint, Defendant incorporates his responses to paragraphs 1-48, above.

25.   In response to paragraphs 50-52 of the Third Amended Complaint, Defendant denies the allegations of these paragraphs.

**X.   RESPONSE TO FIFTH CLAIM FOR RELIEF**

26.   In response to paragraph 62 of the Third Amended Complaint (the TAC skips paragraphs 53-61), Defendant incorporates his responses to paragraphs 1-52, above.

27.   In response to paragraphs 63-65 of the Third Amended Complaint, Defendant denies the allegations of these paragraphs.

**XI.   RESPONSE TO SIXTH CLAIM FOR RELIEF**

28.   In response to paragraph 66 of the Third Amended Complaint, Defendant incorporates his responses to paragraphs 1-65, above.

29. In response to paragraphs 67-70 of the Third Amended Complaint, Defendant denies the allegations of these paragraphs.

## XII. RESPONSE TO PRAYER

1. In response to the prayer for relief of the Third Amended Complaint, Defendant denies that Plaintiffs are entitled to any relief.

2. Except as expressly admitted, Defendant denies every allegation in the Third Amended Complaint.

**AFFIRMATIVE DEFENSES**

Defendant alleges the following affirmative defenses:

1. Plaintiffs and Decedent failed to mitigate their injury and damages.

2. Plaintiffs and Decedent caused and contributed to their claimed injuries and damages through her own acts, omissions, and legal fault.

3. Other persons, including Jaime Osuna, caused and contributed to Plaintiffs' claimed injuries and damages through their acts, omissions, and legal fault.

4. Defendant is entitled to qualified immunity because Defendant's actions were objectively reasonable and did not violate any clearly established right.

5. Defendant is entitled to statutory immunity from Plaintiffs' claims under California Government Code sections 820.2, 820.4, 820.6, 820.8, 821.6, 845.2, and 845.6.

6. Plaintiffs' claims are barred in whole or in part by one or more statutes of limitations, including California Government Code §§ 945.6 and 950.2, and California Civil Procedure Code § 335.1.

7. Plaintiffs have failed to present timely, relevant claims under the California Government Claims Act.

8. To the extent that Plaintiffs seek monetary damages from Defendant in his official capacity, Plaintiffs' claims are barred by the Eleventh Amendment of the United States Constitution.

# DEMAND FOR JURY TRIAL

Defendant demands under Federal Rule of Civil Procedure 38 that this matter be tried by and before a jury to the extent provided by law.

Therefore, Defendant asks that:

1. Judgment be entered in favor of Defendant and against Plaintiffs;
2. Plaintiffs take nothing under the Third Amended Complaint;
3. Defendant be awarded costs of suit incurred;
4. Defendant be awarded attorneys' fees; and
5. Defendant be awarded such other relief that the Court may deem just and proper.

Dated: July 6, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

*/s/ Jeremy Duggan*

JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Defendant*
*J. Burnes*

SA2019101902
37320795.docx

# CERTIFICATE OF SERVICE

| Case Name: | **Dora Solares v. Ralph Diaz, et al.** | No. | **1:20-CV-00323-JLT-BAM** |
|---|---|---|---|

I hereby certify that on <u>July 6, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> **DEFENDANT BURNES'S ANSWER TO THIRD AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 6, 2023</u>, at Sacramento, California.

| K. Vitalie | */s/ K. Vitalie* |
|---|---|
| Declarant | Signature |

SA2019101902
37321121.docx