Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiff Dora Solares

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA SOLARES, an individual<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, in his official capacity, KENNETH CLARK, in his official capacity, JOSEPH BURNS, in his individual and official capacity, and DOES 1 TO 15,<br><br>Defendants. | Case No. 1:20-cv-00323-JLT-BAM<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND DEADLINE TO RESPOND TO DISCOVERY REQUESTS; DECLARATION OF ERIN DARLING**<br><br>Judge: Hon. Barbara A. McAuliffe<br>Case Filed: March 2, 2020 |

Plaintiff Dora Solares hereby opposes Defendant's Motion for Administrative Relief to Extend Deadline to Respond to Discovery Requests. Plaintiff filed this action on March 2, 2020. *See* Dkt. No. 1. For twenty-two months, no district judge was assigned to this case. *See* Dkt. No. 43. Defense counsel Jeremy Duggan has filed three different motions to dismiss on this case. *See* Dkt. Nos. 12, 17, 47. Plaintiff first propounded Requests for Production of Documents to defendant Burns in March 2021. Defendant refused to respond until this case was at issue. Once at issue, Plaintiff propounded Requests for Production of Documents (RFP), Requests for Admissions,

1

and Interrogatories on August 18, 2023. Many of the production requests are identical to the requests in the RFPs propounded in March 2021. Plaintiff propounded additional RFPs on August 23, 2023.

Federal Rule of Civil Procedure 33(b)(2)(A) states that, "[t]he party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). This 30-day rule also applies to interrogatories and requests for admission. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 36(a)(3). Defendant does not want to follow this rule and prefers further delay. Defendant argues that the Court should extend for good cause but offers no good cause basis, other than it take time to respond to regular discovery requests.

On the other side of the ledger, Plaintiff has suffered a delay of over three-and-a-half years since the filing of the lawsuit and still has not received discovery responses. In that time-period defense counsel has never agreed to a professional courtesy for Plaintiff's counsel. Without a good cause basis -- and considering that many of these requests for production have been in defendant's possession for over a year -- the Court should not grant the request and should not permit further delay. It must be noted that all parties have an ongoing duty to supplement discovery requests and defendant can supplement or correct its disclosures throughout the discovery process. *See* Fed. R. Civ. P. 26(e).

DATED: September 13, 2023     Respectfully submitted,


                                         */s/ Erin Darling*
                                       ERIN DARLING
                                       Attorney for Plaintiff, Dora Solares

# DECLARATION OF ERIN DARLING

I, Erin Darling, hereby declare as follows:

1. I am an attorney permitted to practice in the Eastern District of California, and I represent plaintiff Dora Solares in the above-entitled action.

2 Plaintiff Dora Solares hereby opposes Defendant's Motion for Administrative Relief to Extend Deadline to Respond to Discovery Requests. Plaintiff filed this action on March 2, 2020. *See* Dkt. No. 1. For twenty-two months, no district judge was assigned to this case. *See* Dkt. No. 43. Defense counsel Jeremy Duggan has filed three different motions to dismiss on this case. *See* Dkt. Nos. 12, 17, 47.

3. Plaintiff first propounded Requests for Production of Documents to defendant Burns in March 2021. Defendant refused to respond until this case was at issue. Once at issue, Plaintiff propounded Requests for Production of Documents, Requests for Admissions, and Interrogatories on August 18, 2023. Many of the production requests are identical to the requests in the RFPs propounded in March 2021.

4. Under Fed. R. Civ. P. 33, 34 and 36, responses to Plaintiff's discovery requests are due within 30 days. Defendant does not want to follow this 30-day rule and prefers further delay. Defendant argues that the Court should extend for good cause but offers no good cause basis, other than it take time to respond to regular discovery requests.

5. On the other side of the ledger, Plaintiff has suffered a delay of over three-and-a-half years since the filing of the lawsuit and still has not received discovery responses. In that time period defense counsel has never agreed to a professional courtesy for Plaintiff's counsel. Without a good cause basis -- and considering that many of these

3

requests for production have been in defendant's possession for over a year -- the Court should not grant the request and should not permit further delay. It must be noted that all parties have an ongoing duty to supplement discovery requests and defendant can supplement or correct its disclosures throughout the discovery process. *See* Fed. R. Civ. P. 26(e).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: September 13, 2023      */s/ Erin Darling*

ERIN DARLING
Attorney for Plaintiff, Dora Solares