ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
JEREMY DUGGAN, State Bar No. 229854
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6008
 Fax: (916) 324-5205
 E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendant*
*J. Burnes*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,**<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**RALPH DIAZ, et al.,**<br><br>　　　　　　　　　　Defendant. | 1:20-CV-00323-JLT-BAM<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　　　　October 12, 2023<br>Time:　　　　8:30 a.m.<br>Courtroom:　By Zoom<br>Judge:　　　The Honorable Barbara A. McAuliffe<br>Action Filed:　March 2, 2020 |

I.   **SUMMARY OF FACTUAL AND LEGAL CONTENTIONS:**

**Plaintiff's Statement:**

On or about March 7, 2019, CDCR inmate Luis Romero was transferred to California State Prison, Corcoran. Corcoran prison officials, including defendant Burnes and Does chose to bypass the standardized administrative committee process that is required before forcing one inmate to share the cell of another and rushed to assign Mr. Romero to the same cell as convicted murderer, inmate Jaime Osuna. On March 8, 2019, despite having received warnings that Mr. Osuna was a dangerous psychopath, Corcoran prison officials chose to bypass the standardized process and then failed to conduct regularly scheduled nightly safety checks of Mr.

1

Romero's new cell. Even after a bedsheet was visibly draped along the bars inside this cell, preventing anyone outside from peering in, no Corcoran prison official bothered to conduct a routine safety check during the evening of March 8, 2019. In the early morning hours of March 9, 2019, Corcoran officials finally conducted a safety check and looked on the other side of the bedsheet. At that point, Mr. Romero was found decapitated, and Mr. Osuna was found wearing a necklace made of Mr. Romero's body parts.

Plaintiff makes the following legal contentions, that defendants Burnes and Does 1-15: (1) violated Mr. Romero's Eighth Amendment rights regarding his conditions of confinement; (2) failed to protect Mr. Romero, in violation of his Eighth Amendment rights; (3) supervisory liability defendant Burnes and Does 11-15; (4) pursuant to the Fourteenth Amendment, a loss of familial relations by plaintiff for the death of her son; (5) wrongful death pursuant to California Code of Civil Procedure § 377.60; (6) failure to summon medical care pursuant to California Government Code § 845.6.

**Defendant's Statement:**

Decedent Luis Romero was convicted of murder in 1992 and was serving a life sentence in California Department of Corrections and Rehabilitations prisons. Decedent arrived at California State Prison, Corcoran on March 7, 2019 from Mule Creek State Prison via Wasco State Prison. Decedent was properly approved to be housed in a cell with inmate Jaime Osuna. On the night of March 8-9, Romero died in the cell he shared with Osuna. Osuna is currently facing criminal prosecution for murder based on those events. Defendant was not deliberately indifferent to Romero's safety, is not liable for any of Plaintiff's claims, and is entitled to qualified immunity.

/ / /

/ / /

/ / /

**2.   PROPOSED DEADLINE FOR AMENDMENTS:**

**Plaintiff's Statement:**

Defendant has yet to produce all responsive documents that have been propounded and Plaintiff cannot state for certain whether a motion to compel may be necessary. This case was filed in March of 2020 and Plaintiff was able to first propound discovery that Defendant will respond to in August 2023. Plaintiff will need time to conduct discovery before the deadline to file amended pleadings. As such, Plaintiff proposes April 5, 2024, as the deadline to file amended pleadings.

**Defendant's Statement:**

Defendant proposes December 11, 2023 as the deadline to file amended pleadings.

**3.   SUMMARY OF CONTESTED AND UNCONTESTED FACTS:**

**Plaintiff's Statement:**

Uncontested: that Mr. Romero was transferred to Corcoran prison on March 7, 2019; that Mr. Romero was placed in a cell with Jaime Osuna on March 8, 2019.

Contested: that Mr. Romero was murdered by Jaime Osuna the first night that the two shared a cell; that a blanket was placed along the bars of the cell for hours on the night of March 8, 2019; that CDCR policy prohibits inmates from blocking visual review into a cell by a blanket or other material; that CDCR records described Jaime Osuna as a high-risk inmate; that Jaime Osuna had not shared a cell with anyone for at least three years prior to Mr. Romero; that a CDCR administrative process exists that helps determine the manner in which two inmates will share a cell; that defendant Joseph Burns and Doe defendants made the decision for Mr. Romero to be housed with Jaime Osuna; that the warden of Corcoran, defendant Kenneth Clark approved the decision for Mr. Romero to share a cell with Jaime Osuna; that defendants failed to conduct routine safety checks during the evening of March 8, 2019, even after the view into the cell was blocked by a blanket or other material.

**Defendant's Statement:**

The parties do not contest the following facts: Decedent Luis Romero was a California Department of Corrections and Rehabilitations prisons inmate. Decedent arrived at California State Prison, Corcoran on March 7, 2019 from Mule Creek State Prison via Wasco State Prison. Decedent was housed in a cell with inmate Jaime Osuna. On the night of March 8-9, Romero died in the cell he shared with Osuna. Osuna is currently facing criminal prosecution for murder based on those events.

The parties contest whether Defendant knew of an elevated risk to Decedent's safety and whether Defendant is liable for any damages under any of Plaintiff's state and federal theories.

**4.    SUMMARY OF LEGAL ISSUES NOT DISPUTED**

Jurisdiction over Plaintiff's federal claims, and venue, are not disputed.

**5.    STATUS OF ALL MATTERS PRESENTLY BEFORE THE COURT**

In the above-listed matter, Defendant answered the complaint and discovery has commenced.

In the related matter, *Solares v. Burnes*, E.D. Cal. No. 1:21-CV-01349-JLT-BAM, in which Solares asserts improper distribution of photographs from the crime scene, Defendant's motion to dismiss the First Amended Complaint is pending.

**6.    DISCOVERY PLAN:**

a. Initial Disclosures: Due November 13, 2023

b. Non-Expert Discovery Cut-Off: November 9, 2024

c. Disclosure of Expert Witnesses: December 6, 2024

d. Expert Discovery Cut-off: January 10, 2025

e. Changes in Limits on Discovery: Plaintiff may seek an increase in the number of interrogatories and the number of depositions.

  f. Protective Order: the parties anticipate stipulating to a request for a protective order.

  g. Issues with Timing/Sequencing of Discovery:  The parties are currently unaware of any issues regarding timing and sequencing of discovery.

  h. Discovery Outside the United States: plaintiff does not anticipate seeking discovery outside the United States.  Defendant understands that Decedent's father resides in Guatemala, and contend that he is a necessary party to at least Plaintiff's state-law wrongful death claim, and so discovery outside the United States may be necessary if he does not come forward voluntarily.

  i. Video/Sound Depositions: due to the public health crisis Plaintiff anticipates conducting some depositions via Zoom, the video and sound of which will be recorded.

  j. Mid-Discovery Status Report: the parties are amenable to a Mid-Discovery Status Report, and propose March 21, 2024 for the date.

**7. ELECTRONIC DISCOVERY:**

Plaintiff will seek discovery of computer-based information, has informed Defendant of this, and will identify the categories of information sought. The parties will meet and confer as needed to establish the reasonable scope and proportion of discovery of electronically stored information.

**8. MEET-AND-CONFER**

The parties have discussed the topics outlined in the Court's order relating to computer-based information, e-mail information, deleted information, and back-up data.

**9. DATES AGREED TO BY ALL COUNSEL:**

  a. Filing deadline for dispositive motions: February 13, 2025

  b. Pre-Trial Conference Date: Sixty days after dispositive motion hearing

  c. Trial Date:  Sixty days after Pretrial Conference.

**10. SETTLEMENT CONFERENCE:**

The parties have discussed settlement briefly. Plaintiff is amenable to a settlement conference after the Mid-Discovery Status Report.

Defendant is amenable to a settlement conference if Plaintiff believes one would be useful at this point.

**11. JURY TRIAL:**

The parties seek a trial by jury.

**12. TRIAL ESTIMATE:**

The parties estimate trial lasting 4-6 days.

**13. BIFURCATION:**

The parties propose bifurcating the amount of punitive damages from the remainder of the trial.

**14. PENDING MATTERS:**

In a related civil matter, *Solares v. Burnes*, E.D. Cal . No. 1:21-CV-01349-JLT-BAM, Solares asserts improper distribution of photographs from the crime scene. Defendant's motion to dismiss the First Amended Complaint is pending.

/ / /

/ / /

/ / /

1      Defendant believes the criminal prosecution of inmate Osuna is related to
2  this case: *People v. Osuna*, Kings County Case No. 19-CM-1275.
3  Dated: October 5, 2023          Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

***/s/ Jeremy Duggan***
JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Defendant*
*J. Burnes*

LAW OFFICES OF ERIN DARLING

By: ***/s/ Erin Darling (as authorized 10/05/23)***
    Erin Darling,
    Attorneys for Plaintiff

SA2019101902
37570917.docx

7

Joint Case Management Statement (1:20-CV-00323-JLT-BAM)

## CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Dora Solares v. Ralph Diaz, et al.** | No. | **1:20-CV-00323-JLT-BAM** |

I hereby certify that on <u>October 5, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## JOINT CASE MANAGEMENT STATEMENT

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 5, 2023</u>, at Sacramento, California.

| Y. Pacheco | */s/ Y. Pacheco* |
|---|---|
| Declarant | Signature |

SA2019101902
37571337.docx