1  Justin E. Sterling, State Bar No. 249491
   LAW OFFICES OF JUSTIN STERLING
2  Justin@SterlingDefense.com
   15760 Ventura Blvd. Suite 700
3  Encino, CA 91436
   Tel. (818) 995-9452/Fax. (818) 824-3533
4
5  Erin Darling, State Bar No. 259724
   LAW OFFICES OF ERIN DARLING
6  Erin@ErinDarlingLaw.com
   3435 Wilshire Blvd. Suite 2910
7  Los Angeles, CA 90010
   Tel. (323) 736-2230
8
9  Attorneys for Plaintiffs DORA SOLARES

   [Counsel for Defendants on signature page]

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA SOLARES, <br><br> Plaintiff, <br><br> v. <br><br> RALPH DIAZ, in his individual capacity, KENNETH CLARK, in his individual capacity, JOSEPH BURNS, in his individual, and DOES 1 TO 15, in their individual capacities <br><br> Defendants. | Case No. 1:20-cv-00323-JLT-BAM <br><br> **JOINT STATEMENT RE: DISCOVERY DISPUTE** <br><br> Date:        December 15, 2023 <br> Time:       9:00 a.m. <br> Dept:        Ctrm. 8, <br><br> **Federal Courthouse, 2500 Tulare St., Fresno, California** |

## 1. DETAILS OF THE CONFERENCE:

On November 6, 2023, Plaintiff's counsel Erin Darling, and Defendant's counsel Jeremy Duggan, spoke by telephone to attempt to resolve their differences, per L.R. 251(b) and Fed. R. Civ. P. 37. While conferring, counsel for the parties discussed the proposed protective order, which is the subject of the dispute. The parties agree on most terms of the protective order, but disagree as its duration. The parties could not resolve their differences and therefore proceed with this joint statement.

## 2. NATURE OF THE ACTION/ISSUES TO BE DETERMINED:

This case is a wrongful death and § 1983 action involving an in-custody murder of Plaintiff's son. Plaintiff has made discovery requests that include CDCR records and employee information, and the parties agree that a protective order is necessary. Both sides agree to almost all of the provisions of the proposed protective order, however, the language regarding Duration (Section 4) is at issue. Specifically, whether materials that have been marked "Confidential" and subject to the protective order shall remain confidential at trial. On that issue the parties do not agree.

Plaintiff has proposed the following language for Duration:

> Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See *Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

*See* Plaintiff's Proposed Protective Order, Declaration of Erin Darling, Para. 3, Exhibit A.

Defendant has proposed the following language for Duration:

> Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

*See* Defendant's Proposed Protective Order, Declaration of Erin Darling, Para. 4, Exhibit B.

The parties agree that, when a court is asked to review the continued protection of confidential information that is part of the judicial record at trial, the Designating Party has the burden to show compelling reasons. Plaintiff contends that the issue is whether the confidentiality obligations will continue through trial or not. Defendant contends that the issue is whether the Designating Party must move for the trial judge's review in advance of the trial of all documents marked in accordance with the protective order, or whether any review is necessary only if a party (or third party) moves for public access to confidential information that has actually become part of the judicial record.

3.  **CONTENTIONS:**

    **Plaintiff contends:**

    Plaintiff proposes a Protective Order with a Duration term that has been used as a template in the Central District of California[1] and that has been agreed upon by the California Attorney General's office in October 2023 in another prisoner civil rights case involving a California Department of Corrections and Rehabilitation (CDCR) employee defendant, *Jones v. Gollette* (C.D. Cal. Case No 2:19-cv-6806), Dkt. No. 98.

    Eastern District of California Local Rule 141.1 states, "A protective order issues prior to trial does not affect the admission of evidence at trial unless the order specifically so states." L.R. 141.1(b)(1). At base, the pertinent local rule for the Eastern District presumes that a protective order does not apply to the admission of evidence at trial, unless otherwise ordered. Here, Defendant would reverse this, that documents deemed protected under the proposed protective order would remain that way. There is no good reason to shift this burden.

    There is a "strong presumption in favor of access" to information filed with a court. *Kamakana v. City and Cty. Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome the presumption, a party seeking to seal a judicial record must demonstrate not just "good casue," but "compelling reasons," *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003), or "sufficiently important countervailing interests." *Phillips v. GMC*, 307 F.3d 1206, 1212 (9th Cir. 2002). A "compelling reasons" standard to keep documents unsealed applies to most judicial records.

    *Kamakana* concerned court records originally filed under seal in accord with a stipulated protective order. In granting the parties' motion to grant summary judgment pleadings under seal, the Court reserved the right to unseal documents, if

---

[1] *Available at* https://www.cacd.uscourts.gov/sites/default/files/documents/SHK/AD/SAMPLE%20STIPULATED%20PROTECTIVE%20ORDER.doc).

upon review, "the court determines that they should be available to the public or otherwise do not merit sealed status." *Kamakana*, 447 F.3d at at 1176. After the protective order was in place, a local paper, the Honolulu Advertiser, filed a motion to intervene for the limited purpose of modifying the protective order and unsealing the judicial record. Following review by a discovery master, the magistrate judge ordered the record unsealed. The parties requesting the material remain sealed then appealed.

The Ninth Circuit held that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold and show that "compelling reasons" support secrecy. *Kamakana*, 447 F.3d at 1180 (internal citations omitted). This required the party that wanted to keep the documents sealed to present "articulable facts" identifying the interests favoring continued secrecy, and to show how those specific interests overcame the presumption of access by outweighing the "public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1181 (internal citations omitted). The "compelling reasons" standard must be shown to seal judicial records attached to a dispositive motion, and that higher standard applies even when attachments have already been "previously filed under seal or protective order." *Id*. at 1179 (internal citations omitted).

In contrast, a "good cause" showing under Fed. R. Civ. P. 26(c) will suffice to keep sealed records attached to non-dispositive motions. "There are good reasons to distinguish between dispositive and nondispositive motions." *Foltz*, 331 F.3d at 1135. Specifically, information that surfaces during pretrial discovery may be unrelated to the cause of action, but "summary judgment adjudicates substantive rights and serves as a substitute for trial." *Id*. (internal citations omitted). Ultimately, a "judge need not document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." *Id*. at 1182.

The distinction between the "compelling reasons" versus "good cause" is instructive here, since the Ninth Circuit has recognized that a higher standard applies to a trial or a process that adjudicates substantive rights. Defendant argues that Plaintiff should somehow give up this presumption of public access, turning the shield of a protective order into handcuffs. Defendant should not make access to discovery materials contingent on a protective order that reverses the basic presumption of public access. "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178. Since filings are a matter of public record absent compelling justification, the party seeking to seal a judicial record bears the burden of overcoming the strong presumption in favor of public access by showing compelling reasons for sealing the records. *Id*. Defendant's proposal would reverse this burden and force Plaintiff to be the moving party to have confidential records be admitted without the protective order at a public trial.

A review of the applicable standard for continuation of a protective order shows why Defendant is eager to wiggle out of the traditional process. "[A] court must not only consider whether the party seeking protection has shown particularized harm, and whether the balance of public and private interests weighs in favor, but also keep in mind the possibility of redacting sensitive material." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 425 (9th Cir. 2011). Thus, the policy goals of a public trial is reflected in the high standard and multiple factors a court must consider before continuing a protective order.

As this Court has noted, "[t]he burden lies with the party seeking the protective order to show good cause for the entry of the order by making a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *United States EEOC v. Sunshine Raisin Corp.*, No. 1-21-cv-01424-JLT, 2023 U.S. Dist. LEXIS 152295, 2023 WL 5596005 at *5 (E.D. Cal. Aug. 29, 2023). If this high standard applies to imposing a protective order why should the burden be on the Plaintiff to undo it?

It must be noted that regardless of the Court's decision, during the pendency of litigation on this issue of duration, a protective order can apply and defendant should not be precluded from producing materials that would be subject to a protective order. At issue is whether the duration of the protective order applies up until trial or after trial. As we are squarely in the pre-trial phase, the protective order can be in place while this issue gets litigated, and discovery can proceed without litigation causing any delay.

**Defendant contends:**

The protective order "Duration" section should use the standard language proposed by Defendant, which is taken from the Northern District of California's model protective order and has been agreed to, and approved by the courts, in numerous Eastern District cases. *See, e.g.*, *Thomas v. Davey*, E.D. Cal. No. 1:19-cv-00333-JLT SAB (Stipulated Protective Order entered 3/24/21 (ECF Nos. 61-62)); *Smithee v. Cal. Correctional Institution*, E.D. Cal. No. 1:19-CV-00004 JLT (Stipulated Protective Order entered 6/25/21 (ECF No. 106)). Defendant's language keeps properly designated material confidential and sealed, while allowing a mechanism for documents to be undesignated or unsealed — before, during, or after trial — if the Designating Party does not meet the relevant standards. Plaintiff's language, by contrast, would automatically undesignate and unseal highly confidential documents wholesale without an opportunity for the designating party to make a showing that the documents should remain sealed.

In this matter, Plaintiff asserts that Defendant is liable for the death of Decedent Romero, who was murdered by his cellmate at California State Prison, Corcoran. One example of documents that will be marked in accordance with the protective order in this case are documents from the investigation of the murder. Such documents are kept confidential for the safety and security of the prison, and should not be made public. *See, e.g., Chakong Thao v. Lynch,* No. 2:21-cv-0731 KJM AC P, 2023 U.S. Dist. LEXIS 25327, at *2 (E.D. Cal. Feb. 9, 2023) (granting

motion to seal prison investigative reports).  Another example is the photographs of the murder scene.  Those photographs may be used as evidence in this case, but should not be made available to the public.  Indeed, Plaintiff is currently suing Defendant for supposedly leaking those photographs to members of the public. *See Solares v. Burnes*, E.D. Cal. No. 1:21-CV-01349-JLT-BAM.  Plaintiff's reckless approach to the protective order would make those documents automatically available to the public if either side introduced them at trial.  The better approach is to use Defendant's language, which keeps the protective order obligations in effect absent agreement or a court order stating otherwise.  The protective order language agreed by both parties includes a mechanism for a party (or third party) to challenge confidentiality designations made under the protective order.  (*See* section 6 of the Proposed Protective Orders).  A party (or third party) seeking to unseal documents in the court record could move the court for such an order (indicating which particular documents were of interest), and the designating party would then be required to make the appropriate showing in order to keep the documents sealed.

Defendant's language for the "Duration" section is taken from the Northern District of California's model protective order for Standard Litigation (available at https://cand.uscourts.gov/forms/model-protective-orders/).  Plaintiff's language is an edited version of language from the Central District of California model protective order (available at https://www.cacd.uscourts.gov/sites/default/files/documents/SHK/AD/SAMPLE%20STIPULATED%20PROTECTIVE%20ORDER.doc).  The Central District model order includes two alternative paragraphs for section 4, "Duration."  The first alternative is similar to Plaintiff's proposal, and automatically removes confidentiality designations from all documents once trial commences.  The second alternative in the Central District model order is the same language used in the Northern District model order, which Defendant proposes should be used here.

The language proposed by Defendant is clear, as are the parties' obligations under the Defendants' proposed language. Under Defendant's proposed language, the confidentiality designations and obligations from the protective order remain in effect unless the Designating Party agrees or the court orders otherwise. Accordingly, documents marked in accordance with the protective order may nevertheless be admitted at trial. If a party wishes to challenge the confidentiality designation as set forth in section 6 of the protective order, they may indicate what particular documents they wish to have reviewed.

Plaintiff's proposed language, on the other hand, is fraught with uncertainty. It appears shoehorned in without regard for its impact on the rest of the order. For example, Plaintiff's proposal is silent as to the duration of the order as to any information that is not "used or introduced as an Exhibit" at trial. Section 13 of the protective order, regarding final disposition of documents, makes no sense using Plaintiff's language for section 4, because Plaintiff's language does not include a definition of the "final disposition" of the action. Plaintiff's proposed language is also silent as to the duration of the protections under the protective order if a trial does not take place. Further, Plaintiff's language is not clear as to the meaning of "used or introduced as an Exhibit" — does marking a document for identification (without introducing it into evidence) mean it becomes public under Plaintiff's language?

Plaintiff's language that "unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial," the protective order's protections end at the commencement of trial, creates unnecessary problems. It would require the Designating Party to litigate, and the Court to review in advance of trial, every document marked in accordance with the protective order, whether or not there is any genuine dispute over its continued confidentiality. If that burdensome review were not accomplished in advance of trial, the documents would become public without a decision or hearing as to

whether they should in fact, be sealed. Defendant's language requires that a review take place before making documents marked confidential public, and sets out the procedure for doing so.

Plaintiff asserts that Defendant's language "reverses" the Local Rule 141.1(b)(1) statement that a "protective order issued prior to trial does not affect the admission of evidence at trial unless the order specifically so states." The protective order Defendant proposes would not affect whether or not evidence is admitted at trial. It requires only that if the evidence should be kept confidential under the relevant standards, it is kept confidential. Such evidence may be admitted under seal, and any genuine challenge can be heard at a time convenient to the Court and focused on the particular documents that may actually be in dispute.

Plaintiff cites *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) to support the proposed language. That case does not support any automatic or blanket unsealing of documents at the commencement of trial. Indeed, the *Kamakana* case itself never went to trial, and instead dealt with a non-party's motion to unseal documents attached to summary judgment motions. *Kamakana,* 447 F.3d at 1181-85.

In *Kamakana*, a Honolulu police detective filed a civil rights suit against the city and others, alleging that the city transferred him in retaliation for being a whistleblower. Both parties filed summary judgment motions under seal pursuant to a stipulated protective order. The motions were largely denied, and the case settled before trial. *Id.* at 1176.

The Honolulu Advertiser intervened and moved to modify the protective order and unseal the court record. *Id.* at 1176-77. The district court found the documents should be unsealed, with redactions to certain information, in the absence of compelling reasons provided by the parties to keep documents sealed. *Id.* at 1177-78.

The Ninth Circuit affirmed, holding that there must be "compelling reasons" to keep documents attached to dispositive motions sealed since there is a presumption of public access to material that is both part of the judicial record and directly relevant to the merits of the case. Meanwhile, documents attached to non-dispositive motions are subject to a lesser "good cause" standard. *Id.* at 1181-87.

In short, *Kamakana* holds that when a third party moves to unseal documents filed in relation to a summary judgment motion, the designating party must provide "compelling reasons" for preserving their confidentiality. *Id.* at 1181-85. *Kamakana* does not hold that the confidentiality of material produced under a protective order should automatically vanish when trial commences, or that parties should be free to introduce confidential documents at trial without regard to the protective order, making them public.

Plaintiff's proposed protective order language would recklessly make confidential information implicating concrete safety and security risks associated prison operations available to the public without a hearing as to whether it should be sealed. Further, Plaintiff's proposed language is unclear, does not fit with the rest of the protective order, and is not supported by the *Kamakana* case. Defendant's proposed language for section 4 of the protective order should be adopted.

Respectfully submitted,

Dated: November 22, 2023.                    LAW OFFICES OF JUSTIN STERLING

            By: _____/s/_____
               Justin E. Sterling,
               Attorneys for Plaintiff

            LAW OFFICES OF ERIN DARLING

By: _____/s/_____
Erin Darling,
Attorneys for Plaintiff

Dated: November 22, 2023          Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General


/s/_____
JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Defendants*
*J. Burnes*

# DECLARATION OF COUNSEL

I, Erin Darling, hereby declare as follows:

1. I am an attorney permitted to practice in the Eastern District of California, and I represent plaintiff Dora Solares in the above-entitled action.

2. In another § 1983 case on behalf of a prisoner against a defendant employed by the California Department of Corrections and Rehabilitation (CDCR), *Jones v. Gollette* (C.D. Cal. Case No 2:19-cv-6806), Dkt. No. 98, the California Attorney General's office agreed to a stipulated protective order that had a duration that extends until trial for some documents.

3. In this case, Plaintiff has proposed the following language for Duration:

> Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See *Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

A true and correct copy of Plaintiff's Proposed Protective Order is attached herein as Exhibit A.

4. In this case, Defendant has proposed the following language for Duration:

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

A true and correct copy of Plaintiff's Proposed Protective Order is attached herein as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: November 21, 2023           */s/ Erin Darling*
                                   ERIN DARLING
                                   Attorney for Plaintiff, Dora Solares