1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DORA SOLARES,                            Case No.  1:20-cv-00323-JLT-BAM

12                  Plaintiff,            **ORDER ON PARTIES' DISCOVERY**
                                          **DISPUTE REGARDING PROTECTIVE**
13          v.                            **ORDER**

14    RALPH DIAZ, et al.,                      (Doc. 68)

15                  Defendants.

16

17          **I.      BACKGROUND**

18          On November 22, 2023, the parties filed their Joint Statement Regarding a Discovery

19    Dispute, in which they note that they disagreed on the duration of the confidentiality provision in

20    a proposed protective order.  (Doc. 68.)  Plaintiff's proposed duration language is as follows:

21

22          Once a case proceeds to trial, information that was designated as
            CONFIDENTIAL or maintained pursuant to this protective order
23          used or introduced as an exhibit at trial becomes public and will be
            presumptively available to all of the public, including the press,
24          unless compelling reasons supported by specific factual findings to
            proceed otherwise are made to the trial judge in advance of the trial.
25          See *Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause"
            showing for sealing documents produced in discovery from
26          "compelling reasons" standard when merits-related documents are
            part of court record). Accordingly, for such materials, the terms of
27          this protective order do not extend beyond the commencement of
            the trial.

28    (Doc. 68-1 at 5:9-18; Doc. 68 at 2.) Defendants' proposed duration language is as follows:

1

1

2
> Even after final disposition of this litigation, the confidentiality
> obligations imposed by this Order shall remain in effect until a
> Designating Party agrees otherwise in writing or a court order

3
> otherwise directs. Final disposition shall be deemed to be the later
> of (1) dismissal of all claims and defenses in this action, with or

4
> without prejudice; and (2) final judgment herein after the
> completion and exhaustion of all appeals, rehearings, remands,

5
> trials, or reviews of this action, including the time limits for filing
> any motions or applications for extension of time pursuant to

6
> applicable law.

7
(Doc. 68-1 at 22:9-16; Doc. 68 at 3.)

8
Plaintiff contends that the issue is "whether the confidentiality obligations will continue

9
through trial," while Defendants contend that the issue is "whether the Designating Party must

10
move for the trial judge's review in advance of the trial of all documents marked in accordance

11
with the protective order, or whether any review is necessary only if a party (or third party)

12
moves for public access to confidential information that has actually become part of the judicial

13
record."  (Doc. 68 at 3.)

14
**II.     LEGAL STANDARD**

15
Pursuant to Federal Rule of Civil Procedure 26(c), a party from whom discovery is sought

16
may move for a protective order in the court where the action is pending.  The court may, for

17
good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or

18
undue burden or expense.  Fed. R. Civ. P. 26(c).  Options available to the court include, among

19
other things, forbidding the disclosure or discovery, forbidding inquiry into certain matters or

20
limiting the scope of disclosure or discovery to certain matters.  *Id.*

21
Furthermore, Local Rule 141.1 states that all "information provided to the Court in a

22
specific action is presumptively public, but may be sealed in conformance with L.R. 141" and

23
confidential information may be protected by seeking a protective order.  L.R. 141.1(a)(1).  Local

24
Rule 141.1 further outlines the requirements for submitting a protective order, including a

25
"description of the types of information eligible for protection under the order, with the

26
description provided in general terms sufficient to reveal the nature of the information;" a

27
"showing of particularized need for protection as to each category of information proposed to be

28
covered by the order;" and a "showing as to why the need for protection should be addressed by a

2

court order, as opposed to a private agreement between or among the parties." L.R. 141.1(c)

District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984); see also *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1211–12 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information).

### III.    DISCUSSION

Plaintiff argues that her proposed duration language should be adopted as it follows Eastern District of California Local Rule 141.1, and there is a strong presumption in favor of access to information filed with a court.  (Doc. 68 at 4-7.)  Defendants argue that their proposed duration language should be used for numerous reasons: the proposed duration language is taken from the Northern District of California's model protective order which has been approved by courts in many Eastern District cases; the proposed duration language creates clear obligations and processes for the designating parties; Plaintiff's cited Ninth Circuit authority does not require that confidential material produced pursuant to protective order automatically become publicly available once a trial commences; and Plaintiff's proposed duration language could create safety and security risks if confidential material is made immediately available to the public.  (Doc. 68 at 7-11.)

After considering the parties' arguments, the Court adopts Defendants' proposed duration language for the protective order.  First, as Defendants note, this proposed duration language has been adopted and found to be workable in numerous previous Eastern District cases. *See, e.g., Clinton v. Cooper*, No. 2:05-cv-01600-JAM-DMC, 2020 WL 1812128, at *3 (E.D. Cal. Apr. 9, 2020); *Vang v. City of Fresno*, No. 1:21-cv-01370-ADA-SKO, 2023 WL 2374217, at *4 (E.D. Cal. Mar. 6, 2023); *Warren v. Winco Foods, LLC*, No. 1:22-cv-00594-SAB, 2022 WL 6707133, at *2 (E.D. Cal. Oct. 11, 2022).  In contrast, the Court is unable to locate courts outside of the Central and Southern Districts that have utilized Plaintiff's proposed duration language.  Because Defendants' proposed duration language has been found effective in Eastern District cases, the

1    Court adopts their proposed duration language.

2           Second, Defendants' proposed duration language does not present the potential for delay.

3    Defendants' proposed duration language does not delay trial, as it reserves removal of the

4    confidentiality designation until after final disposition of the matter. (Doc. 68-1 at 22:9-16.)

5    Plaintiff's proposed duration language, however, makes all previously designated confidential

6    information public once the matter proceeds to trial.  (Doc. 68-1 at 5:9-18.)  To maintain

7    confidentiality under Plaintiff's proposed duration language, the parties must raise, and the trial

8    judge must find, "compelling reasons supported by specific factual findings" in advance of trial.

9    (*Id.*)  This procedure will unnecessarily burden the trial judge and delay trial. The trial judge will

10   be asked to make numerous, individual confidentiality determinations in advance of trial as to

11   documents which may not be used at trial.  Instead, Defendants' proposed duration language

12   allows for post-disposition removal of confidentiality which permits more efficient resolution of

13   the confidentiality designation.  The trial judge may focus on the limited number of confidential

14   documents which the parties actually intend to use at trial.[1]  The Court, therefore, finds

15   Defendants' proposed duration language more likely to secure the just, speedy, and inexpensive

16   determination of this action, and thus adopts Defendants' proposed duration language.  *See* Fed.

17   R. Civ. P. 1.

18          The Court now addresses Plaintiff's arguments in favor of her proposed duration

19   language.  Plaintiff first argues that her proposed duration language follows Eastern District of

20   California Local Rule 141.1.  Plaintiff suggests that Rule 141.1 "presumes that a protective order

21   does not apply to the admission of evidence at trial, unless otherwise ordered."  (Doc. 68 at 4.)

22   However, Local Rule 141.1 simply states that a "protective order issued prior to trial does not

23   affect the admission of evidence at trial unless the order specifically so states." L.R. 141.1(b)(1).

24   Thus, the trial judge can make the decision as to the confidential documents to be used at trial,

25   regardless of the protective order.  Defendants' proposed duration language does not affect the

26   admission of evidence at trial, but instead protects the confidentiality of material subject to the

27

28   ───────────────
     [1] Undoubtedly, many more documents have been or will be discovered during the course of
     discovery than will be used at trial in this matter.

1  protective order.  (Doc. 68-1 at 22:9-16.)  Defendants' proposed duration language therefore does

2  not contravene the requirements of Local Rule 141.1.  Plaintiff's argument that her proposed

3  duration language is favored by Local Rule 141.1 is thus unavailing.

4      Plaintiff further argues that her proposed duration language is supported by Ninth Circuit

5  authority, citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  (Doc.

6  68 at 4-6.)  Plaintiff contends that the Ninth Circuit has held that there is a strong presumption in

7  favor of access to information filed with a court.  (*Id.*)  Plaintiff further contends that the Ninth

8  Circuit has held that those who seek to maintain the secrecy of documents attached to dispositive

9  motions must show that "compelling reasons" support such secrecy.  (Doc. 68 at 5.)  Defendant

10  argues that *Kamakana* does not support automatic unsealing of documents at the start of trial.

11  (Doc. 68 at 11-12.) Defendant contends that *Kamakana* only holds that there are different

12  standards for maintaining the seal for documents attached to dispositive motions and documents

13  attached to non-dispositive motions.  (*Id.* at 12.)

14      In *Kamakana*, following settlement of a civil rights action, a newspaper moved to modify

15  the protective order to unseal the record.  *Kamakana*, 447 F.3d at 1176-77.  The magistrate judge

16  required documents to be unsealed and redactions to be made.  *Id.* at 1177-78.  The Ninth Circuit

17  held that the magistrate judge did not abuse her discretion in declining to seal documents attached

18  to dispositive motions or requiring production of documents attached to non-dispositive motions.

19  *Id.* at 1182, 1187.  The Ninth Circuit noted that those "who seek to maintain the secrecy of

20  documents attached to dispositive motions must meet the high threshold of showing that

21  'compelling reasons' support secrecy," while a "'good cause' showing under Rule 26(c) will

22  suffice to keep sealed records attached to non-dispositive motions."  *Id.* at 1180.

23      Plaintiff's reliance on *Kamakana* is inapposite.  In *Kamakana*, protected documents were

24  not immediately unsealed at the start of trial, as Plaintiff's proposed duration language dictates.

25  *Id.* at 1176-78 (magistrate judge ordering unsealing and granting redactions after settlement and

26  stipulated dismissal of the matter).  Instead, the Ninth Circuit in *Kamakana* held that protected

27  documents attached to dispositive motions are treated differently from protected documents

28  attached to non-dispositive motions.  *Id.* at 1181-87.  Plaintiff's proposed duration language here

requires that <u>all</u> documents be unsealed at the start of trial unless "compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial." (Doc. 68-1 at 5:9-18.)  Plaintiff's proposed duration language diverge from the procedures approved by the Ninth Circuit in *Kamakana*.  Therefore, Plaintiff's citation of *Kamakana* does not support adoption of Plaintiff's proposed duration language.

## IV.   CONCLUSION AND ORDER

For the reasons stated, IT IS ORDERED THAT Defendants' proposed duration language for the confidentiality provision in the protective order (Doc. 68-1 at 22:9-16) shall govern, and the parties shall include this approved language in their stipulated protective order.

IT IS SO ORDERED.

Dated:   **January 3, 2024**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE