Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiffs DORA SOLARES

[Counsel for Defendants on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA SOLARES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RALPH DIAZ, in his individual capacity, KENNETH CLARK, in his individual capacity, JOSEPH BURNS, in his individual, and DOES 1 TO 15, in their individual capacities<br><br>　　　　Defendants. | Case No. 1:20-cv-00323-JLT-BAM<br><br>**PLAINTIFF'S STATUS REPORT RE: DISCOVERY**<br><br>**Mid-Discovery Status Conference:**<br><br>Date:　　　February 13, 2021<br>Time:　　　 9:00 a.m.<br>Judge:　　　Hon. Mag. Judge<br>　　　　　　Barbara A. McAuliffe<br><br>Federal Courthouse, 2500 Tulare St.<br>Fresno, California<br>Via Zoom |

1

## 1. PLAINTIFF'S STATUS REPORT RE: DISCOVERY

On March 31, 2021, Plaintiff served written discovery requests upon defendants Clark and Burnes. On April 14, 2021, the parties filed Informal Discovery Dispute Letter Briefs regarding defendants' requested stay on discovery, and on April 16, 2021, the Court granted a stay on discovery until Defendants' Motion to Dismiss was resolved. (Dkt. No. 32)

On February 9, 2022, Plaintiff filed a Second Amended Complaint (Dkt. No. 46), Defendant Burnes filed a second Motion to Dismiss on February 23, 2022 (Dkt. No. 47), and on May 30, 2023, the Court issued an order denying Burnes's Motion to Dismiss. (Dkt. No. 56) Plaintiff filed her Third Amended Complaint on June 22, 2023 (Dkt. No. 59) and defendant Burnes filed his answer on July 6, 2023. (Dkt. No. 60)

On August 18, 2023, Plaintiff propounded Request for Production, Requests for Admission and Interrogatories on defendant Burnes. On August 23, 2023, Plaintiff propounded a second set of Requests for Production. On September 18, 2023, defendant Burnes provided written responses to Plaintiff's Interrogatories and Requests for Admission. Attached to that production was a representation by defense counsel that "[a] privilege log will follow."

On September 19, 2023, defendant Burnes filed a Motion for Administrative Relief to Extend Deadline to Respond to Discovery Requests (Dkt. No. 61), and on September 22, 2023, the Court extended the deadline for Burnes to respond to Plaintiff's Requests for Production (Set One), Requests for Admission and Interrogatories until October 3, 2023, and to respond to Plaintiff's Requests for Production (Set Two) until October 9, 2023. (Dkt. No. 63)

On October 9, 2023, defendant Burnes provided responses to Plaintiff's Second Set of Requests for Production. Attached to that production was a representation by defense counsel that "[a] privilege log will follow." On January

16, 2024, Plaintiff's counsel Erin Darling emailed defense counsel Jeremy Duggan asking when the defense would be producing a privilege log and on January 18, 2024, Mr. Duggan responded that "[w]e anticipate getting that across to you the week of Feb. 5." Defendant Burnes has not yet provided any privilege log, nor any additional responses to Requests for Admission and Interrogatories.

On November 22, 2023, the parties filed a Discovery Disagreement Joint Statement regarding the duration provision of the parties' contemplated protective order. (Dkt. No. 68) Defendant Burnes did not stipulate to the Court's informal resolution of the discovery dispute, and on January 3, 2024, the Court issued its order. (Dkt. No. 73) On January 5, 2024, the parties filed their Stipulation and Proposed Order for Protective Order, and on January 8, 2024, the Court signed the Protective Order. With a protective order in place, defendant Burnes should produce responses to Plaintiff's discovery requests.

Thus far, defendant Burnes has produced over 4800 pages of written discovery, at least 400 pages of which have been deemed "Confidential" and "Attorney's Eyes Only" by Burnes. In addition, at least six media files have been produced, which also have been deemed "Confidential" and "Attorney's Eyes Only" by Burnes.

On January 5, 2024, the parties have filed a stipulation to modify the Scheduling Conference Order to extend the deadline to file a stipulation or motion to amend the pleadings, and on January 8, 2024, the Court granted that request, extending the time to stipulate or move to amend the pleading to April 3, 2024. Plaintiff is unsure whether additional discovery will be produced by defendant Burnes and is concerned that her ability to meaningfully identify additional defendants will be hamstrung prior to April 3, 2024. Plaintiff is unsure whether any additional discovery materials will be produced, or when a privilege log will be produced. In the event that responsive documents are not produced by mid-March,

Plaintiff will be forced to seek another extension on the deadline to amend the pleadings.

        Plaintiff filed this lawsuit on March 2, 2020, following the murder of her son in March 2019. After years of delay Plaintiff first received initial written discovery responses in October 2023, and documents subject to the protective order in January 2024. Plaintiff is concerned about the narrow window of time to review written discovery, and the fact that defendant Burnes seems to have not produced all responsive documents. In the absence of the production of all responsive documents, the looming April, 3, 2024, deadline to amend is very concerning. In the meantime, Plaintiff's counsel will diligently review the produced materials to ascertain the identities of individuals who will be named as additional defendants. Once that is done Plaintiff anticipates commending depositions.

Respectfully submitted,

Dated: February 7, 2024       LAW OFFICES OF JUSTIN STERLING

                                      By: _____/s/_____
                                             Justin E. Sterling,
                                             Attorneys for Plaintiff

                                      LAW OFFICES OF ERIN DARLING

                                      By: _____/s/_____
                                           Erin Darling,
                                           Attorneys for Plaintiff