1  Justin E. Sterling, State Bar No. 249491
   LAW OFFICES OF JUSTIN STERLING
2  Justin@SterlingDefense.com
   15760 Ventura Blvd. Suite 700
3  Encino, CA 91436
   Tel. (818) 995-9452/Fax. (818) 824-3533

4  Erin Darling, State Bar No. 259724
   LAW OFFICES OF ERIN DARLING
5  Erin@ErinDarlingLaw.com
   3435 Wilshire Blvd. Suite 2910
6  Los Angeles, CA 90010
   Tel. (323) 736-2230
7
   Attorneys for Plaintiff Dora Solares
8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DORA SOLARES, an individual, | Case No. 1:20-cv-00323-LHR-BAM |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** |
| v. | |
| RALPH DIAZ, in his individual capacity, KENNETH CLARK, in his individual capacity, JOSEPH BURNS, in his individual, and DOES 1 TO 15, in their individual capacities | Date: July 19, 2024<br>Time: 9 a.m.<br>Courtroom: 8, 6th Floor<br>Trial Date: February 3, 2026<br>Action Filed: March 2, 2020 |
| Defendants. | |

1

1 **MEMORANDUM OF POINTS & AUTHORITIES**

**I.   Overview and Relief Requested**

Plaintiff Dora Solares lost her son, Luis Romero, after Mr. Romero was killed on the second night of being transferred to California State Prison, Corcoran. The killing occurred for three primary failures, which are described in Plaintiff's proposed Fourth Amended Complaint. First, because Corcoran prison officials, including defendant Sergeant Burnes, and proposed defendants, licensed social worker K. Kyle, and Lieutenant M. Gamboa, made the decision to approve Mr. Romero's killer, Jaime Osuna, to go from being single-celled, to being permitted to share a cell, despite Osuna expressing frequent homicidal ideations, including directly to Kyle, and despite Osuna's history of violence to inmates and custodial staff. Second, Sergeant Burnes, who ran the unit where Osuna was housed, and proposed defendants A. Loza and F. Muñoz, made the decision to assign Romero to be housed with Osuna within 24 hours of Romero arriving at Corcoran, despite empty cells in the same housing unit. Burnes and proposed defendants A. Loza and F. Muñoz, chose to bypass the standardized administrative committee process that is required before forcing one inmate to share the cell of another, and rushed to assign Mr. Romero to the same cell as convicted murderer, inmate Jaime Osuna. All of these defendants were on notice that Jaime Osuna posed a threat to other inmates and should not share a cell with anyone, as jail and prison reports from Osuna's years behind bars document his violent misconduct and establish that he was always single-celled. Third, after taking the unusual step of expediting Mr. Romero's placement, and bypassing the standardized process, Burnes and proposed defendants Luis Silva, Bryan Gallemore, Leonel Pena, and Jesse Garcia, failed to visually and auditorily monitor Romero's cell and failed to ensure regularly scheduled nightly safety checks of Mr. Romero's new cell, even after a bedsheet was visibly draped along the bars inside this cell, preventing anyone outside from peering in. Over the course of the entire evening, none of these defendants bothered to order Osuna to pull down the bedsheet, despite it being a clear rule violation Hours passed

2

without safety checks or inspections, and in the morning, Mr. Romero was found decapitated.

Defendant has provided discovery responses on at least *seven* different dates, and consequentially, Plaintiff has learned the identities of the newly proposed defendants and the actions and omissions that resulted in the death of Romero have come clearer into focus. Plaintiff now asks for the Court for leave to amend to file her Fourth Amended Complaint.

**II. Standard for Granting Leave to Amend**

Under Federal Rules of Civil Procedure 15(a)(2), leave to amend should be "freely given when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Leave is granted unless the amendment causes prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *Ascon Properties, Inc., v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). As the Supreme Court explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

As explained below, there is no prejudice to defendants and Plaintiff complies with the relevant federal and state rule.

## III. California Law for Naming and Serving Doe Defendants Controls

Cal. Code Civ. Procedure § 474 allows a plaintiff to designate as "doe" defendants those parties whose true identities are unknown at the time the complaint was filed. There are three circumstances under which the "ignorance" requirement can be satisfied: (1) if the plaintiff is unaware of the defendant's identity, (2) if the plaintiff is unaware of the facts giving rise to its cause of action against the defendant, or (3) if the law does not recognize the cause of action until after the time to file the complaint has lapsed. Cal. Code Civ. Proc. § 474.

In *Cabrales v. County of Los Angeles*, 864 F.2d 1564 (9th Cir. 1988), *vacated on other grounds*, 490 U.S. 1087 (1989), opinion reinstated by 886 F.2d 235 (9th Cir. 1989), plaintiff sued under § 1983, alleging defendants wrongly denied her son medical care while he was incarcerated in the Los Angeles County jail. Nearly two years after filing suit, the plaintiff named and served as Doe defendant, Ronald Black, a jail commander. Following judgment in plaintiff's favor, defendant appealed. Black argued the claims against him were time-barred because he was not named and served as a defendant within one year, as then required by Fed. R. Civ. P. 15(c).[1] The Ninth Circuit disagreed, holding that the far more liberal California law controlled over the federal rules for naming and serving Doe defendants in actions brought under § 1983. *Cabrales*, 864 F.2d at 1463. As summarized by the Ninth Circuit:

> In *Cabrales*, we affirmed the district court's holding that the relation back provisions of state law, rather than Rule 15(c), govern a federal cause of action pursuant to 42 U.S.C. § 1983. We reached this determination despite the fact the substitution of the additional defendants would have violated the notice requirement of the federal rule. Under California relation back rules, there is no notice-to-defendants requirement as in the federal rule."

---

[1] Before 1991, Fed. R. Civ. P 15(c) required that a Doe defendant receive notice of the complaint within the time for filing suit against him under the applicable statute of limitations. *Lindley v. General Elec. Co.*, 780 F.2d 797, 798 n.1 (9th Cir. 1986) (quoting Rule 15(c) then in effect).

4

*Merritt v. County of Los Angeles*, 875 F.2d 765 (1989) (citing *Cabrales*, 864 F.2d at 1463).

After *Cabrales*, Rule 15(c) was itself amended, and as explained by the Ninth Circuit in *Butler v. National Community Renaissance of California*, 766 F.3d 1191 (9th Cir. 2014):

> Rule 15(c)(1) incorporates the relation back rules of the law of the state when the state's law provides the applicable statute of limitations and is more lenient. As a result, if an amendment relates back under the state law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not otherwise relate back under the federal rules.

*Butler*, 766 F.3d at 1200.

Where "the limitations period derives from state law, Rule 15(c)(1) requires us to consider both federal and state law and employ whichever affords the "more permissive" relation back standard. *Butler*, 766 F.3d at 1201. Substituting in a new defendant for a Doe defendant is permitted when: (1) the complaint states a cause of action against each Doe defendant; (2) the complaint alleges that the plaintiff is ignorant of the true names of each Doe defendant; (3) the plaintiff is actually ignorant of the true name at the time of the filing; and (4) the plaintiff amends once the true name of the defendant is discovered." *Russell v. Cnty. of Butte*, 2015 U.S. Dist. LEXIS 80059, at * 10 (E.D. Cal. June 19, 2015) (citing *Fireman's Fund. Ins. Co. v. Sparks Const., Inc.* 114 Cal. App. 4th 1135, 1143 (2004)).

In this case, plaintiff was ignorant of the newly proposed defendants until she received discovery responses from defendants in 2024 that included descriptions of their identities and roles within Corcoran. Within months of these productions of documents Plaintiff moves to amend to add these defendants. There is no prejudice to the current sole defendant, Sergeant Burnes. The pleadings in this case have always alleged other individuals (who were named as Does) and it was not until 2024 that Plaintiff learned the identities of the correctional officers on duty the night that Mr.

Romero was killed. Similarly, it was only until 2024 that Plaintiff learned the identities of the individuals who decided to permit Osuna to share a cell, and who assigned Romero to share a cell with Osuna. Plaintiff was ignorant of the true names of the proposed defendants at the time of the filing but has moved to amend once the true names have been discovered. Moreover, this proposed amendment occurs prior to the deadline to move to amend, after extensions by court order and stipulation.

Defendant would suffer no prejudice from the amendment. No new claims are made and the essential allegations remain the same. The proposed defendants are all state employees and would be represented by the Office of the Attorney General of California, unless a conflict exists. Defendant Burnes was never alleged to have acted alone, and not that Plaintiff has learned of the identities of the other CDCR employees who have played a role, Plaintiff has named them in the proposed Fourth Complaint. California Code of Civil Procedure §474 anticipates this exact naming of Doe defendants when a Plaintiff has been unaware of a defendant's identity.

## IV. Conclusion

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff respectfully requests that the Court grant leave to file the Fourth Amended Complaint so as to add eight named defendants, K. Kyle; M. Gamboa; Leonel Pena; Luis Silva; Bryan Gallemore; Jesse Garcia; A. Loza; F. Muñoz, who are currently Doe defendants. These eight new defendants are described in the proposed Fourth Amended Complaint, which is attached herein in both redline form and non-redline form. All of the new proposed defendants are described on page 4, line 8 through page 5, line 4; page 5, lines 6-7; page 5, lines 17-18; page 12, lines 20-21. In addition, Silva, Pena, Gallemore and Garcia are described at page 11, lines 10-12 and lines 23-27; page 12, line 6-9., and page 20, line 10. Also, Kyle, Gamboa, Loza and Munoz are described at page 7, line 15; page 10, line 10-16. Loza and Muñoz are also mentioned at page 10, lines 10-16. Kyle and Gamboa are described at page 8, line 20; page 9, line 24 to page 10, line 16, and their alleged roles are described on page 8, line 12-28. "All Defendants" or "Defendants" (as

opposed to just Burnes) are newly described at page 15, lines 3, 7, 11, 17, 25, 28; page 16, lines 3, 8, 18, 23, 39. The proposed Fourth Amended Complaint is attached as Exhibit A (in its redlined format) and Exhibit B (in its non-redlined format).

Respectfully Submitted,

DATED: June 24, 2024 **LAW OFFICES OF ERIN DARLING**

By:   /s/ Erin Darling
     Erin Darling
    Attorney for Plaintiff,
    DORA SOLARES