ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
JEREMY DUGGAN, State Bar No. 229854
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-6008
  Fax:  (916) 324-5205
  E-mail:  Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendant*
*J. Burnes*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,**<br><br>                                        Plaintiff,<br><br>    v.<br><br>**RALPH DIAZ, et al.,**<br><br>                                        Defendants. | 1:20-CV-00323-JLT-BAM<br><br>**DEFENDANT'S OBJECTIONS TO PROPOSED ORDER**<br><br>Judge:           The Honorable Lee H. Rosenthal<br>Action Filed:  March 2, 2020 |

At the status conference on June 26, 2024, the Court ordered the parties to confer regarding an order for production of inmate Jaime Osuna's disputed mental health records, and for Plaintiff's counsel to submit a proposed order. (*See* Minute Order, ECF No. 93.) The parties have met and conferred, but could not agree on a draft proposed order.

Plaintiff has now submitted her proposed order without Defendant's agreement. (Proposed Order, ECF No. 94.) Defendant Burnes objects to Plaintiff's proposed order on the following grounds.

**A.     Psychotherapist-Patient Communications Are Unconditionally Privileged.**

Plaintiff seeks an order compelling production of Osuna's mental health records. But confidential communications between a psychotherapist and patient in the course of diagnosis or

1

treatment are privileged and "protected from compelled disclosure under Rule 501 of the Federal Rules of Civil Procedure." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996).  The protection includes communications with clinical social workers.  *Id.* at 15-16 ("the reasons for recognizing a privilege for treatment by psychiatrists and psychologists apply with equal force to treatment by a clinical social worker").  There is no exception to the privilege because the evidence would be relevant or probative in litigation.  In announcing the federal common law psychotherapist-patient privilege in *Jaffee,* the Supreme Court understood that the rule would result in some "reliable and probative evidence" being excluded from litigation.  *See Jaffee*, 518 U.S. at 18-19 (Scalia, J., dissenting).  But the Supreme Court announced the rule anyway in order to encourage mental health counseling.  *Id.*

Mental health records can be disclosed where a patient waives the psychotherapist-patient privilege.  "For example, a party waives the psychotherapist-patient privilege when he seeks monetary damages for emotional distress, since he has placed his mental condition at issue in the case."  *Kindred v. Price*, No. 1:19-cv-00955-AWI-JLT (PC), 2020 U.S. Dist. LEXIS 107214, at *2 (E.D. Cal. June 17, 2020).  Here, though, Osuna is a third party, and so has not placed anything at issue in this litigation.  Osuna's communications with his mental health providers are absolutely privileged and protected from compelled disclosure under *Jaffee*, regardless of how useful they might be to the parties in this case.

Plaintiff's proposed order includes language to provide a thirty-day notice to Osuna regarding the proposed production and allowing him the opportunity to object.  (Proposed Order, ECF No. 94.)  Defendant's counsel sought that language in order to provide Mr. Osuna an opportunity to object.  Having reviewed the relevant law again, however, Defendant believes an affirmative act by Osuna is necessary to waive the privilege.  The notice, followed by a non-response, is not sufficient.  *See Fitzgerald v. Cassil*, 216 F.R.D. 632, 636 (N.D. Cal. 2003) ("courts have held that there must be an affirmative reliance [by the patient in litigation] on the psychotherapist-patient communications before the privilege will be deemed waived").  In this case, Plaintiff has made no showing that the patient, Osuna, has made any disclosure or use of his mental health records and communications, or has otherwise waived the privilege.

1   To the extent the Court has already ordered the compelled production of Osuna's mental health records, that order should be reconsidered on the grounds of clear error. *See, e.g., School District 1J, Multnomah County v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting out clear error standard). As explained above, the psychotherapist-patient privilege is unconditional and no waiver has been shown. Accordingly, entering the order proposed by Plaintiff would be a legal error.

Defendant does not seek to delay matters or conceal the records sought. Defendant's intention here is to comply with the law regarding the psychotherapist-patient privilege. The only legal solution would be for Mr. Osuna to waive his privilege and allow Plaintiff's counsel to view his privileged records for purposes of this litigation. Defendant suggests that Plaintiff's counsel write to Mr. Osuna and ask whether he will waive.

**B.   Plaintiff's Proposed Order Is Not Limited to Documents Necessary to the Case.**

If Osuna does waive, Plaintiff's mental health records are also protected by Health Insurance Portability and Accountability Act (HIPAA) regulations. 42 U.S.C. § 1320d. Under those regulations, disclosures of *non-privileged* records may be made for purposes of litigation, but the disclosure should be limited to the documents necessary to accomplish the intended purpose. *See* 45 CFR § 164.502(b) (disclosure should be limited to "minimum necessary to accomplish the intended purpose of the use"); 45 CFR § 164.512(a) (where disclosure is required by law it is "limited to the relevant requirements of such law").

Plaintiff's proposed order would require production of all of Osuna's mental health records in Defendant's possession. (Proposed Order at 2, ECF No. 94.) First, Plaintiff has not requested all of those documents in any of her five sets of requests for production. Second, Plaintiff's request is not limited to the records necessary to the case. For example, mental health records after the March 2019 incident are not relevant or necessary to this case, nor are mental health records from long before the March 2019 incident.

If the psychotherapist-patient privilege is waived, any order compelling production of mental health records should be limited to the two-year period leading up to, and including, the

incident, since those are the only mental health records necessary to the case. That time period is March 1, 2017 to March 31, 2019.

## CONCLUSION

Defendant Burnes objects to Plaintiff's proposed order because production of Osuna's mental health records cannot be compelled absent an affirmative waiver, and because even if the privilege were waived, production of mental health records should be limited to those records necessary to the case. The Court should decline to enter the order proposed by Plaintiff, without prejudice to Plaintiff obtaining a privilege waiver from Osuna.

Dated: July 8, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

*/s/ Jeremy Duggan*
JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Defendants*
J. Burnes

SA2019101902
38246543.docx

# CERTIFICATE OF SERVICE

| Case Name: | **Dora Solares v. Ralph Diaz, et al.** | No. | **1:20-CV-00323-JLT-BAM** |
|---|---|---|---|

I hereby certify that on <u>July 8, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S OBJECTIONS TO PROPOSED ORDER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 8, 2024</u>, at Sacramento, California.

| Y. Pacheco | */s/ Y. Pacheco* |
|---|---|
| Declarant | Signature |

SA2019101902
38246857.docx