Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiff Dora Solares

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA SOLARES, an individual,<br><br>Plaintiff,<br>v.<br><br>RALPH DIAZ, in his individual capacity, KENNETH CLARK, in his individual capacity, JOSEPH BURNS, in his individual, and DOES 1 TO 15, in their individual capacities<br><br>Defendants. | Case No. 1:20-cv-00323-LHR-BAM<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTIONS TO PROPOSED ORDER**<br><br>**Judge:** Hon. Lee H. Rosenthal |

Plaintiff Dora Solares hereby replies to the opposition of Defendant Joseph Burnes[1] to Plaintiff's Proposed Order Re: Mental Health. (*See* ECF Dkt. No. 95.)

---

[1] Defendant Joseph Burnes has been sued as "Joseph Burnes" (*see* ECF Dkt. No. 59) but Defendant's filings, including his Answer (*see* ECF Dkt. No. 60) and "Defendant's Objections to Proposed Order" (*see* ECF Dkt. No. 95) refer to him as "Defendant Burnes." Plaintiff question why Defendant omits his lawful first name and will refer to him, interchangeably, as "Defendant Joseph Burnes," "Burnes," or simply "Defendant."

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. The Psychotherapist-Patient Privilege is Not Absolute and Has Not Been Established Here

Defendant Joseph Burnes's rendering of *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) is incomplete and inaccurate, and his assertion that Jaime Osuna's "communications with his mental health providers are absolutely privileged and protected from compelled disclosure" does not bear scrutiny.

The Supreme Court has indeed recognized a psychotherapist-patient testimonial privilege, holding that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The Court in *Jaffee* expressly declined to delineate the "full contours" of the psychotherapist privilege. *Id.* at 18. The Court noted: "[W]e do not doubt that there are situations in which the privilege must give way, for example, if a serious threat of harm to the patient or to others can be averted only by means of a disclosure by a therapist." *Id.* at 18 n. 19. Additionally, "[o]f course, the psychotherapist-patient privilege, like other privileges, can be waived." *Id.* at 15 n. 14.

The Ninth Circuit has provided guidance as to the contours of the privilege, holding that a party seeking to invoke the benefit of the federal psychiatric-patient privilege bears the burden of showing that: (1) the communication was sent to a licensed psychotherapist; (2) the communication was confidential; (3) the communication was made in the course of diagnosis or treatment. *United States v. Romo*, 413 F.3d 104, 1047 (9th Cir. 2005); *Speaker v. Cnty. San Bernadino*, 82 F.Supp.2d 1105 (C.D. Cal. 2000) (burden of proof for the psychotherapist/patient privilege is on the party seeking to establish that the privilege exists.)

1 **A. Defendant Joseph Burnes Cannot Invoke or Establish Osuna's
2 Psychotherapist-Patient Privilege**

As a threshold matter in this case, Defendant Joseph Burnes has not established that he can invoke the federal psychiatric-patient privilege, and the opposition he has filed makes no attempt to provide facts that would satisfy the three factors outlined in *Romo*, which makes clear the privilege is far from absolute (*See* ECF Dkt. No. 95.) For the privilege to apply here, one of two things must happen: first, Burnes would have to establish he has standing to invoke the federal-patient privilege *and then* meet the burden established in *Romo*; or second, Jaime Osuna must appear, choose to invoke this particular privilege, and then establish the facts that meet the *Romo* standard. The former has not happened, and the process to permit the latter is contemplated in the proposed order that Plaintiff has filed.

In *Romo*, the Ninth Circuit held that a defendant's confession to a prison counselor was not protected by the psychotherapist-patient privilege. *Romo*, 413 F.3d at 1049. The privilege generally applies only when the results of psychological tests or details of treatment are not disclosed to anyone; however, when communications are recorded in documents that are to be shared then *Jaffee* is inapposite. *Duenez v. City of Manteca*, 2013 U.S. Dist. LEXIS 24954, 20131 WL 684654, at *20 (E.D. Cal. Feb. 22, 2013). Privacy concerns are protected by directing the reporting party to produce responsive documents pursuant to a protective order and designated "Confidential Material." *Id.* Additionally, where someone did not seek treatment but was ordered to see a psychotherapist, "the ensuing psychotherapist-patient relationships were not the type contemplate when the Supreme Court recognized the privilege." *Romo*, 413 F.3d at 1048 (quoting *Barret v. Vojtas*, 182 F.R.D. 177, 179 (W.D. Pa. 1998) (holding psychotherapist-patient privilege did not apply to conversations and notes taken during counseling sessions with psychiatrist and psychologist where officer was ordered by officials to be examined by them and doctors submitted certain reports to officials). Moreover, a prisoner has no reasonable expectation of privacy in psychological records

and reports generated pursuant to routine custodial protocols, as well as observations about his behavior and demeanor while in custody. *United States v. Loughner*, 782 F.Supp.2d 829 (D. Ariz. 2011) (citing *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)).

### B. The Psychotherapist-Patient Privilege Has Been Waived

In this case, not only has Joseph Burnes not established he has standing to invoke Jaime Osuna's privilege, but Burnes has not offered details that would factually establish that the sought records would qualify. "Whether a meeting occurred 'in the course of diagnosis or treatment' is a factual determination that rests upon consideration of the totality of the circumstances." *Romo*, 413 F.3d at 1047.

Additionally, Defendant Joseph Burnes confuses establishing the privilege versus waiving the privilege. For the former, a party must affirmatively invoke the federal psychotherapist-patient privilege and successfully establish the *Romo* standard, and for the latter, the privilege can be waived by volition or by his actions. Two different approaches to the waiver have emerged since *Jaffee*. Under the broad approach, the privilege is waived whenever the patient places his mental condition at issue. *Thomas-Young v. Sutter Cent. Valley Hosps.*, 2013 U.S. Dist. LEXIS 85377, 2013 WL 3054167, at *12 (E.D. Cal. June 17, 2013). Under the narrower approach, the privilege is waived only if the patient places the contents of the communication itself at issue. *Id.*

Defendant Joseph Burnes is wrong that Osuna must make an affirmative act to waive the privilege, as Osuna (and CDCR) can be deemed to have waived the privilege. Jaime Osuna's mental health was placed at issue in the criminal proceeding against him for Luis Romero's murder, when the criminal court suspended proceedings and found him incompetent to stand trial. After receiving services from Patton State Hospital, criminal proceedings were reinstated. *See* Kings County Case No. 19CM-1882, *People of State of California v. Jaime Osuna*. In that criminal case, **CDCR officials turned over mental health records** and two psychiatrists reviewed hundreds of pages of records and then formed an opinion on his mental health. To wit, Dr. Brandi Matthews testified:

1  "There was documentation to support with the decrease of medications there was an
2  increase in his psychosis." *See* Jason Kotowski, *Jamie Osuna Found Incompetent to Stand
3  Trial in Cellmate's Killing*, KGET, Jan. 20, 2021, *available at*
4  https://www.kget.com/news/crime-watch/jaime-osuna-found-incompetent-to-
5  stand-trial-in-cellmates-killing/. To spell it out explicitly: CDCR turned over Osuna's
6  mental health records in the criminal case against him, and Osuna's mental health was
7  at issue in that case, but in this civil case, CDCR employee Burnes argues Osuna's
8  mental health records are privileged and those hundreds of pages made available in the
9  criminal case are off-limits here. These dueling positions are not just inconsistent, they
10 constitute a waiver.

Defendant's delays cannot persist, and he cannot have it both ways: the proposed order should be issued and the process for obtaining the sought records should go forward.

## II. HIPAA Does Not Preclude Production of Requested Documents

The Health Insurance Portability and Accountability Act (HIPAA) contains an exception that generally allows a provider to disclose information in the course of litigation. *See* 45 CFR §§ 164.506. If a court order is signed by a judge, a medical provider must strictly comply with and disclose the information expressly authorized by the order. *See* 45 CFR § 164.512(e)(1)(i) and (f)(1)(ii).

Plaintiff has requested a range of documents and Defendant has refused to produce on the basis of Osuna's purported privilege and confidentiality issues. To state the obvious, the proposed order at issue merely removes the barrier of this line of objections and orders Defendant to produce the records that have already been requested. These include explicit requests for Osuna's mental health records and other requests that Defendant argues may include or implicate Osuna's mental health records. Plaintiff's requests include, *inter alia*:

**REQUEST FOR PRODUCTION NO. 25:**
Please provide all documents that notify or describe that Jaime Osuna posed a risk to other inmates.

**REQUEST FOR PRODUCTION NO. 31:**
Please provide all documents that reference all prescribed drugs (and doses) that Corcoran Prison medical staff provided to Jaime Osuna in the first three months of 2019.

**REQUEST FOR PRODUCTION NO. 37:**
Please provide all written documents from the investigation of the death of Luis Romero at Corcoran Prison.

**REQUEST FOR PRODUCTION NO. 43:**
Please provide the entire C-File for Jaime Osuna.

**REQUEST FOR PRODUCTION NO. 48:**
Please provide all documents that pertain to any act of violence by Jaime Osuna since 2011.

**REQUEST FOR PRODUCTION NO. 58:**
Please provide all documents that the Institutional Classification Committee (ICC) -- comprised of yourself (Burnes), E. Moreno and K. Kyle, LCSW -- reviewed and/or relied on in its determination made on January 22, 2019 (reference is made to the "Classification Committee Chrono" at DEF004385).

**REQUEST FOR PRODUCTION NO. 59:**
Please provide all documents attached to the March 21, 2019, Memorandum ("Review of In-Cell Assault at California State Prison-Corcoran (CSP-COR) Incident Log # COR-04A-19-03-0315A1)") located the Bates-stamp DEF004368, including the following: Osuna's incarceration, disciplinary and cell status overview; CDCR Form 837, Crime-Incident Report; CDCR Form 1882, SOMS Initial Housing Reviews (Osuna and Romero); CCR Form 128G, SOMS Classification Committee Chrono (Osuna); CDCR Form 262 Form 262, SOMS Classification Reviews (Osuna and Romero); CDCR Form 128-B, Archive Review (Osuna); In-Cell Assault Classification Review Worksheets (Osuna and Romero).

**REQUEST FOR PRODUCTION NO. 61:**
Please provide all documents that include and/or reference acts of violence (to other inmates or CDCR employees) by Jaime Osuna.

**REQUEST FOR PRODUCTION NO. 62:**
Please provide all documents that include and/or reference statements by Jaime Osuna that reflect a desire to commit violence.

**REQUEST FOR PRODUCTION NO. 63:**
Please provide all documents that include and/or reference statements by Jaime Osuna pertaining to past acts of violence by Osuna himself.

**REQUEST FOR PRODUCTION NO. 64:**
Please provide all documents that pertain to any decision by CDCR officials for Jaime Osuna to not share a cell with another inmate (i.e. be single-cell).

**REQUEST FOR PRODUCTION NO. 69:**
Please provide all documents from CDCR employees, including CDCR healthcare staff, regarding any acts of violence, or articulations of a desire to commit violence, made by Jaime Osuna.

**REQUEST FOR PRODUCTION NO. 73:**
Please provide all documents that pertain to CDCR's decision to single-cell Jaime Osuna in 2017.

**REQUEST FOR PRODUCTION NO. 74:**
Please provide all documents that the Wasco State Prison ICC relied on and produced in making the decision to single-cell Jaime Osuna in May 2017, including the mental health information that was considered by the Wasco State Prison ICC.

**REQUEST FOR PRODUCTION NO. 75:**
Please provide all documents that the Sacramento State Prison ICC relied on and produced in making the decision to single-cell Jaime Osuna in June 2017.

**REQUEST FOR PRODUCTION NO. 76:**
In June 2017 the Sacramento State Prison ICC elected to retain Jaime Osuna on Single Cell status due to his propensity for violence (*see* Bates "DEF004375"), please provide all documents the Sacramento State Prison ICC reviewed that pertain to Jaime Osuna's documented propensity for violence.

**REQUEST FOR PRODUCTION NO. 77:**
In June 2017 the Sacramento State Prison ICC elected to retain Jaime Osuna on Single Cell status due to his prior county jail disciplinary history (*see* Bates "DEF004375"), please provide all document that pertain to Jaime Osuna's county jail disciplinary history.

**REQUEST FOR PRODUCTION NO. 78:**
In June 2017 the Sacramento State Prison ICC elected to retain Jaime Osuna on Single Cell status due to Mental Health's recommendations based on initial interdisciplinary treatment team (IDTT) interaction (*see* Bates "DEF004375"). Please provide all document that pertain to IDTT's interaction with Jaimie Osuna, including any Mental Health recommendations.

**REQUEST FOR PRODUCTION NO. 81:**
Please provide all documents that LCSW K. Kyle reviewed in 2019 that pertain to Jaime Osuna's mental health, including Jaime Osuna's propensity for violence and any homicidal ideations.

**REQUEST FOR PRODUCTION NO. 82:**
Please provide all Classification Committee Chronos that pertain to Jaime Osuna, including, but not limited to, Wasco State Prison, Sacramento State Prison, California Medical Facility in Vacaville, CA, and Corcoran Prison.

**REQUEST FOR PRODUCTION NO. 88:**
Please provide all documents that pertain to the mental health of Jaime Osuna that the ICC reviewed in the years 2017, 2018, and 2019.

6

Plaintiff has requested a range of records that Defendant has refused to produce at every turn. For whatever reason, Defendant really does not want to produce these requested records. However, these adamant and abundant objections are not valid and do not bear scrutiny. Plaintiff respectfully requests that the proposed order is granted in its entirety.

Respectfully submitted,

Dated: July 10, 2024        LAW OFFICES OF ERIN DARLING

By: _____/s/*Erin Darling*_____
Erin Darling,
Attorney for Plaintiff