1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JON S. ALLIN, State Bar No. 155069
   Supervising Deputy Attorney General
3  JEREMY DUGGAN, State Bar No. 229854
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 210-6008
6   Fax: (916) 324-5205
    E-mail: Jeremy.Duggan@doj.ca.gov
7  *Attorneys for Defendants*
   *Burnes, Pena, Loza, Munoz, Gamboa, Gallemore,*
8  *Maytubby, and Garcia*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,** | 1:20-CV-00323-LHR |
| Plaintiff, | **DEFENDANT B. GALLEMORE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| **RALPH DIAZ, et al.,** | Judge: The Honorable Lee H. Rosenthal |
| Defendants. | Action Filed: March 2, 2020 |

**INTRODUCTION**

Plaintiff Solares asserts multiple causes of action against prison staff members relating to the death of her son, Luis Romero, at California State Prison, Corcoran. In her Fourth Amended Complaint (4AC), Solares for the first time asserts claims for failure to summon medical care under California Government Code section 845.6 against named defendants, including Defendant Gallemore. Because the 4AC does not plead facts sufficient to state a claim under section 845.6, those claims should be dismissed.

Section 845.6 provides that generally neither a public entity nor a public employee is liable for an injury resulting from the failure an employee to furnish medical care for a prisoner. The

1

1  statute provides a narrow exception for cases where the employee knows or has reason to know
2  that the prisoner needs immediate medical care and the employee fails to take reasonable action to
3  summon that medical care.
4      Here, the 4AC does not allege any facts showing that any Defendant, including Gallemore,
5  knew or had reason to know that Decedent Romero needed immediate medical care. Instead, the
6  complaint asserts that prison staff did not observe Decedent's condition until after he had died
7  and any need for immediate medical care had passed. The section 845.6 claims should therefore
8  be dismissed, without leave to amend.

## FACTUAL ALLEGATIONS

10  Plaintiff Solares alleges as follows:
11  Solares is the mother of Decedent Luis Romero. (Pl.'s Fourth Am. Compl. (4AC) ¶ 4, ECF
12  No. 97.) On or about March 7, 2019, Decedent was transferred from Mule Creek State Prison to
13  California State Prison, Corcoran. (4AC ¶ 14.) Corcoran officials did not follow the usual
14  protocol before housing inmates together, and housed Romero in a cell with inmate Jaime Osuna.
15  (*Id.*) Osuna had been convicted of a 2011 murder, and CDCR possessed documents showing he
16  was extremely violent. (4AC ¶¶ 16-17.)
17  After housing Osuna and Romero together, Corcoran staff, including Defendant Gallemore,
18  were responsible for conducting nighttime safety checks on the cell. According to the 4AC, staff
19  did not conduct nighttime safety checks, and failed to remove a bedsheet covering the cell
20  window. (4AC ¶ 21.) On the evening of March 8-9, 2019, Osuna murdered Romero. (4AC ¶¶
21  21-23.) Staff discovered the murder in the early morning of March 9, 2019. (4AC ¶ 1.)

## PLAINTIFF'S CAUSES OF ACTION

23  Plaintiff asserts five causes of action against Defendant Gallemore for: (1) Conditions of
24  Confinement; (2) Failure to Protect Inmate; (3) Loss of Familial Relations; (4) Wrongful Death;
25  and (5) Failure to Summon Medical Care under section 845.6. (4AC 14-19.) Plaintiff further
26  asserts a cause of action for Supervisory Liability against Defendant Burnes only. (4AC 17-18.)

2

**STANDARD ON MOTION TO DISMISS**

A dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557.)  The interpretation of Federal Rule of Civil Procedure 8 in *Twombly* governs all civil actions, including claims based on state law, in federal court. *Iqbal*, 556 U.S. 662, 684 (2009).

Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). Similarly, vague allegations of official participation in civil rights violations are not sufficient to defeat a motion to dismiss. *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  "The plaintiff must 'allege with at least some degree of particularity overt acts which defendants engaged in' that support plaintiff's claim." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citations omitted).

/ / /

/ / /

/ / /

I. **PLAINTIFF FAILS TO STATE A CLAIM FOR FAILURE TO SUMMON MEDICAL CARE.**

A. **Plaintiff Fails to State Facts Showing Defendant Knew of a Need for Immediate Medical Care.**

California Government Code section 845.6 provides that neither a public entity nor a public employee is liable for injury resulting from "the failure of [a public] employee to furnish or obtain medical care for a prisoner in his custody." Cal. Gov. Code 845.6. The statute, however, provides an exception "if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." *Id.*

The section 845.6 exception is a narrow one. *See Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1071 (2013) ("A narrow reading of [the section 845.6 exception] is compelled as a matter of statutory interpretation.") "[T]he duty to summon is presented as the exception to the broad, general immunity for failing to furnish or provide medical care" and the section "imposes the duty to summon on 'public employees' generally [who] do not have the medical training to know whether a prisoner's medical condition has been properly diagnosed and treated." *Id.* Therefore, "[l]iability under section 845.6 is limited "to serious and obvious medical conditions requiring immediate care." *Watson v. State of California*, 21 Cal.App.4th 836, 841 (1993). For liability to attach, a public employee must have "actual or constructive knowledge that the prisoner is in need of immediate medical care." *Id.*

Plaintiff has not alleged facts showing that Defendant Gallemore knew that Decedent had a serious and obvious condition requiring immediate medical care. (*See generally* 4AC.) Indeed, the 4AC alleges that prison staff did not see Decedent's condition until "the early morning hours of March 9, 2019," at which point Decedent had already died. (4AC ¶ 1.)

Nor does the 4AC plead facts supporting Gallemore's constructive knowledge of Decedent's serious and obvious medical condition. As stated by the California Supreme Court,

> in determining whether an actor was in possession of the constructive knowledge described by the 'reason to know' standard, we ask whether, after examining the facts in the actor's possession, a reasonable person of ordinary intelligence—or, in the particular circumstance, a person of superior intelligence—would have inferred the

> existence of the ultimate fact at issue or regarded its existence as so highly probable as to conduct himself or herself as if it did exist.

*Doe v. City of L.A.*, 42 Cal. 4th 531, 547, (2007); *see also John B. v. Superior Court,* 38 Cal. 4th 1177, 1191 (2006) (reciting the same standard).

> A 'reason to know' standard does not require proof that a person must have inferred the existence of the ultimate fact but only, under the circumstances described above, that a person would have inferred the existence of the ultimate fact or would have regarded the existence of the ultimate fact as so highly probable as to have behaved in conformity with that belief.

*Doe,* 42 Cal. 4th at 547. The allegations of the 4AC do not show that Defendant knew of any facts that would have led them to infer the existence of Decedent's immediate medical need, or regard that immediate medical need as so highly probable as to conduct themselves as if the need did exist. (*See generally* 4AC.) Indeed, the 4AC alleges that Defendant was not aware of any facts related to Decedent's health on the night in question. (*See, e.g.,* 4AC ¶ 67 (Defendant "failed to be within earshot or eyeshot of [Decedent's] cell . . . . [i]n the moments that [Decedent] was attacked by Osuna, but before [Decedent] died").) Accordingly, Defendant had no reason to know that Decedent needed immediate medical care. *See Jack v. Cty. of Stanislaus*, No. 1:17-CV-0520 AWI SAB, 2017 U.S. Dist. LEXIS 150367, at *41 (E.D. Cal. Sep. 15, 2017) ("If Pearson and Gunsolley did not actually see these symptoms or Jack's condition, then they neither knew or nor did they have reason to know that Jack needed immediate medical care.")

Plaintiff may argue that Defendant had knowledge that Osuna was a dangerous inmate, and that because Decedent was in a cell with Osuna, Defendant had reason to know that Decedent needed immediate medical care. That argument stretches the narrow exception to section 845.6 immunity far beyond its clear language. Knowledge that Decedent was in a cell with a dangerous inmate is not sufficient for a person to infer the existence of Decedent's immediate medical need, or regard that immediate medical need as so highly probable as to conduct themselves as if the need did exist. Accordingly constructive knowledge does not attach. *See Jones v. Awad*, 39 Cal. App. 5th 1200, 1209 (2019) ("a landowner cannot be charged with constructive notice without a showing of some overt feature surrounding the dangerous condition, which would notify the

landowner of its existence"). Plaintiff pleads no facts showing that Defendant Gallemore observed anything showing them that Decedent needed immediate medical care.

Similarly, to the extent Plaintiff is arguing that an obligation to conduct night-time safety checks means that Gallemore had constructive knowledge of Decedent's need for immediate medical care, again, Plaintiff attempts to stretch the narrow exception to immunity too far. As set forth by the California Supreme Court, the "reason to know" analysis looks at the information the official had, and determines whether that knowledge would have led a person of ordinary intelligence to infer the ultimate fact at issue. *See John B.*, 38 Cal. 4th at 1191. Here, the 4AC pleads no facts showing that Defendant observed anything showing them that Decedent was in need of immediate medical care. (*See generally* 4AC.) Moreover, the 4AC does not allege facts showing that any Defendant would have observed Decedent in a serious and obvious condition requiring immediate medical care had they conducted the supposedly missed safety checks. (*See generally id.*) At no point did Defendant have constructive knowledge that Decedent had a serious and obvious condition requiring immediate medical care. The section 845.6 claims against them should be dismissed.

## CONCLUSION

Plaintiff's Fourth Amended Complaint fails to plead facts showing that Gallemore is liable for failure to summon medical care. Gallemore did not know, and did not have reason to know, that Decedent needed immediate medical care. The section 845.6 claim against Gallemore should be dismissed.

| | | |
|---|---|---|
| 1 | Dated: September 2, 2024 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | JON S. ALLIN<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | |
| 6 | | */s/ JEREMY DUGGAN*<br>JEREMY DUGGAN |
| 7 | | Deputy Attorney General<br>*Attorneys for Defendants* |
| 8 | | *Burnes, Pena, Loza, Munoz, Gamboa,*<br>*Gallemore, Maytubby, and Garcia* |
| 9 | SA2019101902 | |

7

# CERTIFICATE OF SERVICE

| Case Name: | **Dora Solares v. Ralph Diaz, et al.** | No. | **1:20-CV-00323-LHR** |
|---|---|---|---|

I hereby certify that on <u>September 3, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT B. GALLEMORE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 3, 2024</u>, at San Francisco, California.

| G. Guardado | */s/ G. Guardado* |
|---|---|
| Declarant | Signature |

SA2019101902