Rob Bonta, State Bar No. 202668
Attorney General of California
Jon S. Allin, State Bar No. 155069
Supervising Deputy Attorney General
Jeremy Duggan, State Bar No. 229854
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6008
  Fax: (916) 324-5205
  E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendants
Burnes, Pena, Loza, Munoz, Gamboa,
Maytubby, and Garcia*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,**<br><br>Plaintiff,<br><br>v.<br><br>**RALPH DIAZ, et al.,**<br><br>Defendants. | 1:20-CV-00323-LHR<br><br>**DEFENDANTS L. PENA AND J. GARCIA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Judge:  The Honorable Lee H. Rosenthal<br>Action Filed: March 2, 2020 |

Plaintiff asserts that Defendants Pena and Garcia ("Defendants") are liable under California Government Code section 845.6 for failing to summon immediate medical care for Decedent Luis Romero. Defendants moved to dismiss Plaintiff's claim, pointing out that the operative fourth amended complaint (4AC) does not plead any facts showing that Defendants knew or had reason to know that Decedent needed immediate medical care.

In opposition, Plaintiff argues that Defendants were required to conduct hourly safety checks on Decedent's cell, which they did not do. Therefore, according to Plaintiff, they had "reason to know" that Decedent needed immediate medical care. As stated by the California Supreme Court, "reason to know" exists where the facts in the official's possession would have

1

led a person of ordinary intelligence to infer the existence of the ultimate fact at issue. The 4AC does not plead that Defendants possessed any such facts. Indeed, the 4AC pleads the opposite — that Defendants were not near enough to Decedent's cell to observe anything about his condition. The 4AC thus fails to plead facts showing that Defendants had "reason to know" that Decedent needed immediate medical care.

Section 845.6 is a narrow exception to the general rule that California prison staff are not liable for failure to provide medical care to inmates. Plaintiff's reading would impute a "reason to know" onto prison staff for almost any inmate needing immediate medical care anywhere in the prison, regardless of whether staff observed any indication of the need. In other words, the exception would swallow the rule.

Applying the proper "reason to know" analysis, the 4AC fails to plead facts showing a section 845.6 violation. Plaintiff's section 845.6 claims should be dismissed, without leave to amend.

**I.    PLAINTIFF FAILS TO PLEAD FACTS SHOWING THAT DEFENDANTS KNEW, OR HAD REASON TO KNOW, THAT DECEDENT WAS IN NEED OF IMMEDIATE MEDICAL CARE.**

Plaintiff attempts to sue Defendants under the narrow exception to California Government Code section 845.6's general rule that neither a public entity nor a public employee is liable for injury resulting from "the failure of [a public] employee to furnish or obtain medical care for a prisoner in his custody." Cal. Gov. Code section 845.6. The exception applies "if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." *Id.*

"A narrow reading of [the section 845.6 exception] is compelled as a matter of statutory interpretation." *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1071 (2013). For liability to attach, a public employee must have "actual or constructive knowledge that the prisoner is in need of immediate medical care." *Watson v. State of California*, 21 Cal.App.4th 836, 841 (1993).

Plaintiff cites *Lucas v. Cty. of Los Angeles,* 47 Cal. App. 4th 277 (1996) to argue that "[w]hether a public employee . . . has reason to know of a prisoner's need for immediate care is

2

an objective standard." (Pl.'s Opp'n at 2, ECF No. 103.)  Plaintiff is half-right — the "reason to know" analysis is objective with regard to the *inferences drawn from* the facts known to the actor. But the analysis does not charge officials with knowledge of facts which they did not know.  As stated by the California Supreme Court,

> in determining whether an actor was in possession of the constructive knowledge described by the 'reason to know' standard, we ask whether, after examining the facts in the actor's possession, a reasonable person of ordinary intelligence—or, in the particular circumstance, a person of superior intelligence—would have inferred the existence of the ultimate fact at issue or regarded its existence as so highly probable as to conduct himself or herself as if it did exist.

*Doe v. City of L.A.*, 42 Cal. 4th 531, 547, (2007); *see also John B. v. Superior Court,* 38 Cal. 4th 1177, 1191 (2006) (the reason to know standard does not impute knowledge of facts to the actor).

> A 'reason to know' standard does not require proof that a person must have inferred the existence of the ultimate fact but only, under the circumstances described above, that a person would have inferred the existence of the ultimate fact or would have regarded the existence of the ultimate fact as so highly probable as to have behaved in conformity with that belief.

*Doe,* 42 Cal. 4th at 547.  In other words, the reason to know standard is objective in analyzing the inferences drawn, but subjective as regards the facts in the actor's possession.

In *Lucas*, the case Plaintiff cites, the appellate court compared section 845.6's "knows or has reason to know" language with the constitutional deliberate-indifference standard announced by the Supreme Court in *Farmer v. Brennan*, 511 U.S. 825 (1994).  *Lucas,* 47 Cal. App. 4th at 287-88.  The Supreme Court held in *Farmer* that the deliberate-indifference standard is not met unless the "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Unsurprisingly, the *Lucas* court found that section 845.6's "knows or has reason to know" requires a lesser showing — to do otherwise would read "has reason to know" out of the statute.

But *Lucas* did not, as Plaintiff seems to suggest, pronounce a new standard imputing knowledge of facts to prison staff which they did not have.  Rather, *Lucas* reiterated the standard from *Watson* that the duty "duty to provide medical care to prisoners is limited to 'cases where

3

Defs.' Pena and Garcia's Reply in Support of Mot. to Dismiss  (1:20-CV-00323-LHR)

there is *actual or constructive knowledge* that the prisoner is in need of *immediate* medical care.'" *Lucas,* 47 Cal. App. 4th at 288 (emphasis in original) (quoting *Watson*, 21 Cal, App. 4th at 841). As stated by the California Supreme Court in *Doe* and *John B.,* the "species of constructive knowledge" invoked by the "reason to know" language does not impute knowledge of additional facts to the actor. *Doe*, 42 Cal. 4th at 546-47.

The allegations of the 4AC do not show that Defendants knew of any facts that would have led them to infer the existence of Decedent's immediate medical need, or regard that immediate medical need as so highly probable as to conduct themselves as if the need did exist. (*See generally* 4AC.) Indeed, the 4AC alleges that Defendants were not aware of any facts related to Decedent's health on the night in question. (*See, e.g.,* 4AC ¶ 67 (Defendants "failed to be within earshot or eyeshot of [Decedent's] cell . . . . [i]n the moments that [Decedent] was attacked by Osuna, but before [Decedent] died").)

Because the 4AC fails to allege any facts showing that Defendants had "reason to know" that Decedent needed immediate medical care, the section 845.6 claims should be dismissed.

**A.    The District Court in *Medina* Applied the Wrong Standard**

Plaintiff relies on a district court decision from the Central District of California to argue that the obligation to conduct hourly cell safety checks provides "reason to know" of the health condition of the inmates within the cells. (Pl.'s Opp'n at 3 (citing *Medina v. County of L.A.,* 2020 U.S. Dist. LEXIS 130732, *39, 2020 WL 3964793 (C.D. Cal. Mar. 9, 2020).) According to that district court, officials there "had reason to know [that decedent was dying from an overdose] because of their obligation to perform timely safety-checks." *Id.* Therefore, the court allowed Plaintiff's section 845.6 claims to go forward against staff tasked with the safety checks. *Id.*

*Medina* was wrongly decided on this point. As stated above, under California law, constructive knowledge exists under a "reason to know" standard only where facts in the actor's possession would have led a person of ordinary intelligence to infer the existence of the ultimate fact at issue. *See, e.g., Doe,* 42 Cal. 4th at 547; *see also John B.*, 38 Cal. 4th at 1191. The court in *Medina* did not review the proper standard from the California Supreme Court, and instead cited *Zeilman*, a 1985 case from California's Fifth Appellate District, for the questionable

4

Defs.' Pena and Garcia's Reply in Support of Mot. to Dismiss  (1:20-CV-00323-LHR)

proposition that the "reason to know" standard is the equivalent of "should have known." *See Medina,* 2020 U.S. Dist. LEXIS 130732, at 37-38 (citing *Zeilman v. Cty. of Kern*, 168 Cal.App.3d 1174, 1186 (1985).) California's Supreme Court has since made clear the correct parameters for a "reason to know" analysis. The proper test does not impute knowledge to the official, but instead analyzes the information that the official did have, and determines whether that knowledge would have led a person of ordinary intelligence to infer the ultimate fact at issue. *See John B.*, 38 Cal. 4th at 1191. That test comports with the plain language of section 845.6. An official who knows facts that would lead to an inference of the existence of ultimate fact, has "reason to know" that ultimate fact. An official who does not know facts that would lead to an inference of the ultimate fact, does not have "reason to know" that ultimate fact.

In addition, the California Supreme Court's test properly keeps the section 845.6 exception narrow. *See Castaneda*, 212 Cal. App. 4th at 1071 (the exception under section 845.6 must be interpreted narrowly). Under a "should have known" standard as suggested by Plaintiff, the exception would swallow the rule. If knowledge of an inmate's need for immediate medical care were imputed to officials, regardless of whether they observed any indication of that need, officials would be charged with knowledge of every need for immediate medical care in the prison, regardless of when or where it arose. Plaintiff's interpretation would read the "knows or has reason to know" language out of the statute.

The "reason to know" standard was set forth by the California Supreme Court in *John B*. The district court in *Medina* applied an improper "should have known" standard. Under the proper standard, "reason to know" an ultimate fact exists only where facts in the actor's possession would have led a person of ordinary intelligence to infer the existence of the ultimate fact at issue. *See, e.g., John B.*, 38 Cal. 4th at 1191. Here, the 4AC does not allege that Defendants knew any facts that would lead to an inference that Decedent needed immediate medical care. (*See generally* 4AC.) Plaintff's section 845.6 claims should be dismissed.

## CONCLUSION

This is not a case of failure to summon medical care. As alleged in the 4AC, Defendants did not know, and had no reason to know that Decedent needed immediate medical care. While

5

Defs.' Pena and Garcia's Reply in Support of Mot. to Dismiss  (1:20-CV-00323-LHR)

1  Plaintiff may state a claim for other causes of action, the section 845.6 claims fail, and should be
2  dismissed without leave to amend.
3
4  Dated: September 3, 2024                    Respectfully submitted,
5                                              ROB BONTA
                                                Attorney General of California
6                                               JON S. ALLIN
                                                Supervising Deputy Attorney General
7
8
9                                               */s/ JEREMY DUGGAN*
                                                JEREMY DUGGAN
10                                              Deputy Attorney General
                                                *Attorneys for Defendants*
11                                              *Burnes, Pena, Loza, Munoz, Gamboa,*
                                                *Maytubby, and Garcia*
   SA2019101902
12

6

Defs.' Pena and Garcia's Reply in Support of Mot. to Dismiss  (1:20-CV-00323-LHR)

# CERTIFICATE OF SERVICE

| Case Name: | **Dora Solares v. Ralph Diaz, et al.** | No. | **1:20-CV-00323-LHR** |
|---|---|---|---|

I hereby certify that on <u>September 3, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS L. PENA AND J. GARCIA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 3, 2024</u>, at San Francisco, California.

| G. Guardado | */s/ G. Guardado* |
|---|---|
| Declarant | Signature |

SA2019101902