J. RANDALL ANDRADA, SBN 70000
randrada@andradalaw.com
LYNNE G. STOCKER, SBN 130333
lstocker@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
1939 Harrison Street, Suite 612
Oakland, California  94612
Tel.:   (510) 287-4160 / Fax: (510) 287-4161

Attorneys for Defendant
L. SILVA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DORA SOLARES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>Defendants. | Case No.: 1:20-CV-00323-LHR-BAM<br><br>**DEFENDANT SILVA'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIM FOR FAILURE TO SUMMON MEDICAL CARE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hon. Lee H. Rosenthal |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that defendant Correctional Officer L. SILVA will and hereby does move to dismiss the Sixth Claim for Relief (or Sixth Cause of Action) of the Fourth Amended Complaint (ECF No. 97) pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), on the grounds that plaintiff's Fourth Amended Complaint ("4AC") fails to state facts sufficient to state a claim against defendant Silva for failure to summon medical care under California Government Code § 845.6.

PLEASE TAKE FURTHER NOTICE that, pursuant to Judge Rosenthal's Court Procedures, this motion is submitted on the record without oral argument unless a party requests oral argument in writing.

/ /

1

1  This Motion is based on this Notice and Motion, the memorandum of points and authorities, the
2  pleadings, records, and files herein, and upon such oral and documentary evidence as may be presented
3  to the Court at the time of the hearing, if any there be.

4  Dated: September 3, 2024                    **ANDRADA & ASSOCIATES**

                                               */s/ Lynne G. Stocker*
6                                         By ─────────────────────────
                                               LYNNE G. STOCKER
7                                              Attorneys for Defendant SILVA

2

{00128161.DOC/2}CDCR 1269                                          *Solares v. Diaz, et al.*
MOTION TO DISMISS SIXTH CAUSE OF ACTION OF 4AC                     1:20-cv-00323-LHR-BAM

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Based on the circumstances surrounding the murder of her son, Luis Romero, at California State Prison - Corcoran, Dora Solares proceeds in both her individual capacity and as successor-in-interest to Mr. Romero in this action pursuant to 42 U.S.C. § 1983 and state law. This action proceeds on Plaintiff's Fourth Amended Complaint ("4AC") against defendant Correctional Officer Silva and others. ECF No. 97.

## ARGUMENT

### I.   Standard on 12(b)(6) Motions to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*; see also *Twombly*, 550 U.S. at 556–57.

**II.     Factual Allegations Against Defendant Silva**

The Fourth Amended Complaint (4AC) is not a model pleading. The 4AC asserts Federal Constitutional claims under 28 U.S.C. § 1983 and related state law claims. The 4AC blends numerous and varied allegations against numerous and varied defendants without sufficiently specifying which acts or omissions of each individual defendant allegedly caused a constitutional deprivation or violation of law.

As to defendant Silva, plaintiff alleges as follows: Defendant Silva is a Correctional Officer who was working at the California State Prison, Corcoran, at the time of the incident. He is sued in his individual capacity. (4AC ¶7.)  Defendant Silva failed to conduct routine safety check-ups, routine counting of inmates that require a visual inspection of inmates in each cell, and routine visual and auditory monitoring of the cell, even when a bedsheet was impermissibly draped inside the cell. (4AC ¶ 20.)

Plaintiff further alleges that defendant Silva did not order Osuna (or Romero) to take the bedsheets down at any point in the night. Defendant Silv's failure to conduct required safety-checks and required count measures and required audio/visual monitoring was so prolonged and pronounced that he heard no sounds that would indicate a violent attack was being committed and that he should intervene. . . .   Defendant Silva failed to actually conduct routine night-time safety checks and safety measures on [the night] of March 8-March 9, 2019. (4AC ¶ 21.)

Plaintiff further alleges that Defendant Silva was deliberately indifferent to a substantial risk of serious harm to which Luis Romero was exposed in failing to make regular checks despite a bedsheet draped inside Romero and Osuna's cell that evening, which visibly prevented proper monitoring and would have required the inmates to take it down, under Corcoran's own rules, and in failing to monitor the cell holding Osuna and Romero. (4AC ¶ 22.)

Plaintiff further alleges that while in the cell he was forced to share with Jaime Osuna, Luis Romero was violently attacked. Defendant Silva failed to conduct timely safety checks, failed to order the draped bedsheets obstructing any view into the cell to come down, and failed to be within

4

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

earshot or eyeshot of Romero and Osuna's cell. In the moments that Mr. Romero was attacked by Osuna, but before Mr. Romero died, Defendant Silva failed to provide necessary medical care that would have prevented Mr. Romero's death. (4AC ¶67.) Defendant Silva failed to take reasonable action to summon medical care for Mr. Romero, despite having reason to know that he was in need of immediate medical care, in violation of Cal. Gov't Code § 845.6. (4AC ¶ 68.) As a result, Mr. Romero's injuries worsened, and without timely medical treatment, he died. (4AC ¶69.)

### III.     The Complaint Fails to State Sufficient Facts under Govt. Code § 845.6

Even when construing the pleading in a light most favorable to the plaintiff, the Sixth Claim for Relief (or Sixth Cause of Action) fails to state facts sufficient to state a claim upon which relief may be granted.

The California Tort Claims Act provides that '[a] public entity is not liable for an injury,' '[e]xcept as otherwise provided by statute.' " *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1179 (2003) (quoting Cal. Gov't Code § 815(a)). As that language indicates, the intent of the Tort Claims Act is to confine potential governmental liability, not expand it. *Id*.

The first clause of California Government Code § 845.6 generally protects "public employee[s]" from liability "for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody." The second clause then provides a narrow exception to this immunity, making a public employee "liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." See, *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1071 (2013) (justifying a "narrow reading of section 845.6" based on the statutory structure in which "the duty to summon is presented as the *exception to the broad, general immunity* for failing to furnish or provide medical care") (emphasis added).

To state a claim falling within the exception in § 845.6, a plaintiff must allege "(1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care." *Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006).

When actual knowledge cannot be shown (or at the pleading stage, alleged in good faith), courts typically require that the medical need be "obvious" in order to satisfy the second clause of §

845.6. See *Lucas v. Cty. of Los Angeles*, 47 Cal. App. 4th 277, 288 (1996) (§ 845.6 is "limited to serious *and obvious* medical conditions requiring immediate care" (emphasis added)); the term "should have known" does not refer to a failure to note a risk that would be perceived with the use of ordinary prudence. *Id.*; See, *Lucas v. City of Long Beach*, 60 Cal. App. 3d 341, 349 (1976) (§ 845.6 provides absolute immunity "except for the situation of a failure to provide medical care [of] a prisoner in *obvious* need of such care." (emphasis added.)

Courts typically rely on affirmative statements and direct observations of the person in need, **not silence or unseen behavior**. See, *Palacios v. Cnty. of San Diego*, No. 20-CV-450-MMA (DEB), 2020 WL 4201686, at *2 (S.D. Cal. July 22, 2020)(finding allegations sufficiently demonstrated jail staff's actual or constructive knowledge of need for immediate medical care where *decedent told them* "he was 'feeling sad and depressed,' and he felt like 'ending his life' " and that "he was hearing voices telling him to hurt and/or kill himself")(emphasis added); *Page v. Cty. of Madera*, No. 1:17-cv-0849-DAD-EPG, 2017 WL 5998227, at *6 (E.D. Cal. Dec. 4, 2017) (finding sufficient allegations to infer that officers had "reason to know" of decedent's need for immediate medical care where the same officers moved decedent from a medical intake cell and decedent made statements indicating he was suicidal); *Bock v. Cty. of Sutter*, No. 2:11-CV-00536-MCE, 2012 WL 3778953, at *17 (E.D. Cal. Aug. 31, 2012) (finding sufficient allegations of actual or constructive knowledge where defendants *observed* decedent banging himself against his cell door, yelling, engaging in acts of self-harm in his cell, having delusions, and making alarming statements suggesting suicidal thoughts.) (emphasis added.)

Here, there are no factual allegations sufficient to demonstrate that defendant Silva (or anyone) had actual or constructive knowledge of Romero's need for immediate medical care. In fact, the allegations demonstrate that defendant Silva neither knew nor had reason to know of any such need because, as alleged, he did not conduct nighttime safety checks, did not remove a bedsheet that blocked visibility, and did not properly monitor Romero and Osuna in the cell. See, *Jack v. Cty. of Stanislaus*, No. 1:17-CV-0520-AWI-SAB, 2017 WL 4123930, at *13 (E.D. Cal. Sept. 15, 2017) (dismissing § 845.6 cause of action where there were no allegations that the officers "actually saw" the inmate's symptoms or condition; "If [the officers] did not actually see these symptoms or Jack's

6

condition, then they neither knew [ ] nor did they have reason to know that Jack needed immediate medical care;" *Crosby v. Cnty. of Alameda*, No. 20-cv-08529-MMC, 2021 WL 764120, at *2 (N.D. Cal. Feb. 26, 2021) (dismissing the plaintiff's § 845.6 claim against an officer due to the plaintiff's "failure to allege facts sufficient to demonstrate [the officer] knew or had reason to know the decedent was in need of 'immediate medical care' ").

The 4AC does not allege that defendant Silva was aware of Romero's need for medical help, but failed to summon help after perceiving the need. While the 4AC seems to imply that defendant Silva should have deduced earlier that medical attention was needed, that is not a duty included under § 845.6. *Jack*, 2017 WL 4123930, at *12.

Here, plaintiff's allegations are insufficient to allow the Court to find or infer actual or constructive knowledge by defendant Silva of Romero's serious and obvious medical condition requiring immediate care.

### IV. Leave to Amend Should be Denied

Either it is alleged that defendant Silva is liable for failing to observe and monitor decedent in his cell during the nighttime or it is alleged that governmental immunity does not apply because Silva observed decedent in his cell and observed decedent's obvious and serious medical needs requiring immediate care and did nothing. There are no facts alleged to support the latter. While a district court should grant leave to amend even if no request to amend the pleading was made, leave to amend need not be granted where amendment would be futile. *Jack*, 2017 WL 4123930, at *1.

### CONCLUSION

Plaintiff's Fourth Amended Complaint fails to state facts sufficient to demonstrate that the exception to governmental immunity under Gov't. Code ¶845.6 applies to defendant Silva. The 4AC fails to state facts sufficient to show that Silva may be held liable for failure to summon medical care. For the foregoing reasons, defendant Silva respectfully requests that the Court grant his motion to dismiss the Sixth Claim for Relief (or Sixth Cause of Action) without leave to amend.

Dated:   September 3, 2024    **ANDRADA & ASSOCIATES**

By */s/ Lynne G. Stocker*
LYNNE G. STOCKER
Attorneys for Defendant SILVA