Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiffs DORA SOLARES

[Counsel for Defendants on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA SOLARES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RALPH DIAZ, in his individual capacity, KENNETH CLARK, in his individual capacity, JOSEPH BURNS, in his individual, and DOES 1 TO 15, in their individual capacities<br><br>　　　　Defendants. | Case No. 1:20-cv-00323-LHR-BAM<br><br>**STIPULATED REQUEST FOR RULING ON PROPOSED ORDER COMPELLING PRODUCTION OF DISPUTED MENTAL HEALTH RECORDS** |

**COME NOW** Plaintiff Dora Solares and Defendant J. Burnes (all through their attorneys of record) who stipulate and agree to the following request for a ruling regarding the proposed order re: Mental Health Records (Dkt. No. 94.).

1

1. On June 26, 2024, the parties appeared (through counsel) in front of District Judge Lee H. Rosenthal, and the Court directed Plaintiff's counsel to submit a proposed order compelling production of third party Jaime Osuna's mental health records. *See* Dkt. No. 93.

2. On July 6, Plaintiff filed a Proposed Order Re: Mental Health Records. (*See* Dkt. No. 94.) On July 8, 2024, Defendant Burnes filed Objections to that proposed order, stating that production of third-party mental health records cannot be compelled absent an affirmative privilege waiver. Because Osuna has not waived privilege, the Court should decline to enter Plaintiff's proposed order, without prejudice to Plaintiff obtaining a privilege waiver from Osuna. (*See* Dkt. No. 95.) On July 10, 2024, Plaintiff filed a Reply to those Objections, stating that Defendant Joseph Burnes has not established he has standing to invoke Jaime Osuna's privilege, and that CDCR and Osuna have waived any privilege since CDCR officials turned over mental health records and two psychiatrists reviewed hundreds of pages of records and then formed an opinion on his mental health in his criminal case. *See* Kings County Case No. 19CM-1882, *People of State of California v. Jaime Osuna*. (*See* Dkt. No. 96.)

3. The parties seek clarity as to whether the Court will enter Plaintiff's Proposed Order, as Plaintiff proposes, or decline to do so, as proposed by Defendant.

///

THEREFORE, Plaintiff Dora Solares and Defendant Joseph Burnes, through their attorneys of record, respectfully request that this Court issue an order regarding Plaintiff's Proposed Order Re: Mental Health Records.

Respectfully submitted,

Dated: September 25, 2024

LAW OFFICES OF ERIN DARLING

By: _____*/s/*_____
    Erin Darling,
    Attorneys for Plaintiff Dora Solares

Dated: September 25, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

By: \_\_\_\_*/s/*_____
JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Defendants Burnes, Pena, Loza, Munoz, Gamboa, and Garcia*