1  J. RANDALL ANDRADA, SBN 70000
   randrada@andradalaw.com
2  LYNNE G. STOCKER, SBN 130333
   lstocker@andradalaw.com
3  **ANDRADA & ASSOCIATES**
   **PROFESSIONAL CORPORATION**
4  1939 Harrison Street, Suite 612
   Oakland, California  94612
5  Tel.:   (510) 287-4160 / Fax: (510) 287-4161

6  Attorneys for Defendant
   L. SILVA
7

8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10                             FRESNO DIVISION
11

| | |
|---|---|
| DORA SOLARES, | Case No.: 1:20-CV-00323-LHR-BAM |
| Plaintiff, | **DEFENDANT SILVA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |
| v. | |
| RALPH DIAZ, et al., | |
| Defendants. | Hon. Lee H. Rosenthal |

## INTRODUCTION

Plaintiff relies on generalities and legal conclusions in an attempt to plead a California Government Code §845.6 state law claim against defendant Silva. Plaintiff mischaracterizes or misconstrues the legal concept of "constructive knowledge." Plaintiff fails to allege a claim plausible on its face.

Plaintiff essentially argues that the Fourth Amended Complaint ("4AC") states sufficient facts to show that Silva "should have known" that decedent Romero suffered from a serious and obvious medical condition requiring immediate care because Silva "should have conducted safety checks" (but didn't) or "should have ordered removal of the bedsheets obscuring the view into the cell" (but didn't) or "should have done something" that he otherwise failed to do. That is not the proper pleading standard for a claim under Govt. Code §845.6. Under the exception to the immunity

1

provision of Govt. Code § 845.6, this is not a case of what defendant Silva "should have" known.

Indeed, plaintiff misstates the holding in *Jett v. Penner*, 439 F.3d 1091 (9th Cir. 2006) by inserting the word "should" where it does not appear. ECF No. 109 at 3.[1]

The motion to dismiss the Sixth Claim for Relief (Failure to Summon Medical Care – Govt. Code §845.6) should be granted without leave to amend.

## ARGUMENT

### I.  Allegations Lack Facts Sufficient to State a Claim Under Govt. Code §845.6

A plaintiff must not allege conduct that is merely conceivable but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). There are no facts alleged to allow the court to draw such an inference.

Plaintiff alleges that defendant Silva, and others, failed to take reasonable action to summon medical care for Romero despite having reason to know that he was in need of immediate medial care. ECF No. 97 at 20. These allegations are "bare assertions" not entitled to the presumption of truth. *Starr v. Baca*, 652 F.3d 1202, 1214 (9th Cir. 2011).

Plaintiff' inaccurately contends that "Defendant Silva's argument (that he was not aware of Romero's need for medical help and therefore had no duty to act) focuses on his subjective knowledge." ECF No. 109 at 4. Defendant Silva makes no such argument about his state of mind or the legal issue of duty. The motion to dismiss is based solely on the deficient allegations of the Fourth Amended Complaint.

After alleging that during the night on March 8, 2019, defendant Silva, and other defendants, failed to conduct regularly scheduled nightly safety checks, failed to remove a bedsheet that prevented anyone outside from peering into Romero's cell, plaintiff goes on to allege that "[i]In the early morning hours of March 9, 2019, Corcoran officials (not defendant Silva) finally looked on the

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of documents.

other side of the bedsheet. At that point, Mr. Romero was found decapitated. . . " ECF No. 97 at 2.

Plaintiff further alleges that defendant Silva, and others, "failed to take reasonable action to summon medical care for Romero despite having reason to know that he was in need of immediate medical care, in violation of Cal. Gov't Code § 845.6." ECF No. 97 at 20. It is simply not plausible that defendant Silva had "reason to know" when, it is alleged, he did not see or hear the inmates.

Moreover, this allegation merely asserts a legal conclusion (defendants' knowledge) without providing any supporting factual basis elsewhere in the complaint. See, *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) ("Although factual allegations are taken as true, [courts] do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." (internal quotation omitted)). Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.2004) (internal quotation marks and citation omitted).

Plaintiff argues that the 4AC alleges "ample constructive knowledge" (ECF 109 at 6) but fails to support that argument with references to the actual "facts" purportedly alleged. There is none.

## II.     Plaintiff's Reliance on Cases Involving Pre-Trial Detainees is Misplaced

Defendant does not dispute that the Ninth Circuit held, as a matter of first impression, that "pre-trial detainees do have the right to direct-view safety checks to determine whether their presentation indicates the need for medical treatment." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) ("*Gordon II*"). However, the instant case involves a convicted felon incarcerated in state prison, not a pre-trial detainee being held in county jail. The *Gordon* court also held that "because the due process right to an adequate safety check for pretrial detainees was not clearly established at the time of the incident" [in 2013], the Deputy responsible for conducting safety checks was entitled to qualified immunity. *Id*. Here, the pre-trial detainee standard under *Gordon II* does not apply. Even if it did, Romero died in 2019, two years before the right for pre-trial detainees was established by the *Gordon II* court.

That *Gordon II* and the district courts cited therein recognized a general right to direct-view safety checks under a lesser objective standard does not absolve plaintiff of the need to plead facts suggesting that defendant Silva had subjective knowledge of Romero's alleged serious and obvious

3

medical need, in order to make out plaintiff's claim under Section 845.6.

Plaintiff's reliance on *Borges v. City of Eureka*, No. 15-CV-00846-YGR, 2017 WL 363212 (N.D. Cal. Jan. 25, 2017) is equally misplaced. In *Borges*, the plaintiff's decedent died while a pre-trial detainee at Humboldt County Correctional Facility (the "County jail") on June 13, 2014. The U.S. District Court for the Northern District denied the motion for summary judgment brought by County officers because they placed the uncooperative, resistive and unpredictable detainee in a sobering cell or were present when the placement was made. *Borges*, 2017 WL 363212, at *2. The court found that sufficient evidence existed from which a jury could find that each defendant violated Borges's constitutional right to medical care. *Id.*, at *8. Because of their direct interaction with the detainee, a reasonable jury could find that County officers knew of or should have known of Borges's immediate need for medical care, but failed to summon medical care under Govt. Code § 845.6; the court denied their motion for summary judgment. *Id.* at *18. Plaintiff does not, and cannot, allege that Romero was a pre-trial detainee. Plaintiff does not allege that defendant Silva had direct interaction with Romero; in fact, plaintiff alleges the opposite.

The Court in the *Medina* case quoted in plaintiff's opposition found triable issues of fact with respect to the deliberate indifference claims against the individual defendants assigned to perform safety checks on the decedent pre-trial detainee. *Medina v. Cty. of Los Angeles*, No. CV 19-3808-GW-EX, 2020 WL 3964793, at *16 (C.D. Cal. Mar. 9, 2020).[2] However, *Medina* was applying the objective deliberate indifference standard applicable to pre-trial detainees under the Due Process Clause established in *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1120, 1125 (9th Cir. 2018) ("*Gordon I*"); and in any event, its summary judgment ruling does not address the extent of the plaintiffs' allegations as to the monitoring officers' knowledge.

### III.     Plaintiff Concedes the Arguments Made by Defendant Silva

Defendant provided legal authority for the proposition that when actual knowledge cannot be shown (or at the pleading stage, alleged in good faith), courts typically require that the medical need be "obvious" in order to satisfy the second clause of § 845.6. See *Lucas v. Cty. of Los Angeles*, 47 Cal. App. 4th 277, 288 (1996) (§ 845.6 is "limited to serious and *obvious* medical conditions

---

[2] The ruling of a district court is not binding precedent on other District Court judges. *White v. Shen*, No. C09-0989 BZ, 2011 WL 2790475, at *2 (N.D. Cal. July 13, 2011).

4

{00128245.DOC/}CDCR 1269                                                          *Solares v. Diaz, et al.*
SILVA'S REPLY TO OPPOSITION TO MOTION TO DISMISS                         1:20-cv-00323-LHR-BAM

requiring immediate care." (emphasis added)); *Lucas v. City of Long Beach*, 60 Cal. App. 3d 341, 349 (1976) (§ 845.6 provides absolute immunity "except for the situation of a failure to provide medical care [of] a prisoner in *obvious* need of such care." (emphasis added.) ECF No. 107 at 6.

Defendant provided legal authority for the proposition that <u>the term "should have known" does not refer to a failure to note a risk that would be perceived with the use of ordinary prudence</u>. *Lucas,* 47 Cal. App. 4th at 288. (emphasis added.)  ECF No. 107 at 6.

Defendant also provided legal authority for the proposition that Courts typically rely on affirmative statements and direct observations of the person in need, <u>not silence or unseen behavior</u>, citing *Palacios v. Cnty. of San Diego*, No. 20-CV-450-MMA (DEB), 2020 WL 4201686, at *2 (S.D. Cal. July 22, 2020); *Page v. Cty. of Madera*, No. 1:17-cv-0849-DAD-EPG, 2017 WL 5998227, at *6 (E.D. Cal. Dec. 4, 2017); and *Bock v. Cty. of Sutter*, No. 2:11-CV-00536-MCE, 2012 WL 3778953, at *17 (E.D. Cal. Aug. 31, 2012). ECF No. 107 at 6.

Plaintiff, by failing to address these arguments in opposition, concedes them.[3] *Shree Shiva, LLC v. City of Redding*, No. 221CV00211JAMKJN, 2022 WL 463245, at *1 (E.D. Cal. Feb. 15, 2022), *aff'd,* No. 22-15395, 2023 WL 1775650 (9th Cir. Feb. 6, 2023) (citing *Ramirez v. Ghilotti Bros. Inc.,* 941 F.Supp.2d 1197, 1210 n.7 (N.D. Cal. 2013) (deeming argument conceded where the defendant failed to address it in opposition) and *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (deeming claims abandoned by failure to raise them in opposition to motion for summary judgment.)

Plaintiff's argument that the murder was neither silent nor unseen, and that it <u>could</u> have been seen or heard <u>IF</u> defendant Silva had conducted regular safety checks (ECF No. 109 at 7), ignores the actual allegations of the 4AC that defendant Silva, and others, failed to conduct regular safety checks, failed to remove the bedsheet obscuring the view into the cell, and "heard no sounds that would indicate a violent attack was being committed and that they should intervene." ECF No. 97 at 11.

//

//

---

[3] Plaintiff claims that defendant's argument is "absurd" but misconstrues the argument.

**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**

### IV. Leave to Amend Should be Denied

Almost as an afterthought, plaintiff requests leave to amend the 4AC. Plaintiff does not, however, explain how amendments to the 4AC would correct the deficiencies.

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). In other words, it is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Here, granting of further leave to amend in this case would nevertheless be futile because plaintiff has failed to state, and cannot state even with additional allegations, a § 845.6 claim, for the reasons explained above.

### CONCLUSION

Plaintiff's Fourth Amended Complaint fails to state facts sufficient to demonstrate that the exception to governmental immunity under Gov't. Code ¶845.6 applies to defendant Silva. The 4AC fails to state facts sufficient to show that Silva may be held liable for failure to summon medical care. For the foregoing reasons, defendant Silva respectfully requests that the Court grant his motion to dismiss the Sixth Claim for Relief (or Sixth Cause of Action) without leave to amend.

Dated:   September 25, 2024             **ANDRADA & ASSOCIATES**

By *Lynne G. Stocker*
LYNNE G. STOCKER
Attorneys for Defendant SILVA