1  Rob Bonta, State Bar No. 202668
   Attorney General of California
2  Jon S. Allin, State Bar No. 155069
   Supervising Deputy Attorney General
3  Jeremy Duggan, State Bar No. 229854
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 210-6008
6    Fax:  (916) 324-5205
     E-mail:  Jeremy.Duggan@doj.ca.gov
7  *Attorneys for Defendants*
   *Burnes, Pena, Loza, Munoz, Gamboa,*
8  *Maytubby, Gallemore, and Garcia*

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11                      FRESNO DIVISION

12

13  **DORA SOLARES,**                         1:20-CV-00323-LHR

14                            Plaintiff,       **DEFENDANT GALLEMORE'S REPLY**
                                               **TO PLAINTIFF'S OPPOSITION TO**
15         v.                                  **MOTION TO DISMISS**

16                                             Judge:        The Honorable Lee H.
17  **RALPH DIAZ, et al.,**                                  Rosenthal
                                               Action Filed:  March 2, 2020
18                            Defendants.

19

20       Plaintiff asserts that Defendant Gallemore ("Defendant") is liable under California

21  Government Code section 845.6 for failing to summon immediate medical care for Decedent Luis

22  Romero.  Defendant moved to dismiss Plaintiff's claim, pointing out that the operative fourth

23  amended complaint (4AC) does not plead any facts showing that Defendant knew or had reason

24  to know that Decedent needed immediate medical care.

25       In opposition, Plaintiff disputes the interpretation of the "reason to know" standard.

26  According to Plaintiff, Defendant Gallemore had "reason to know" that Decedent needed

27  immediate medical care because they were required to conduct hourly safety checks on

28  Decedent's cell, which they did not do.  Plaintiff misunderstands the standard for "reason to

                                             1

know" under California law.  As stated by the California Supreme Court, "reason to know" exists where the facts in the official's possession would have led a person of ordinary intelligence to infer the existence of the ultimate fact at issue.  California law does not find a "reason to know" unless the official actually possesses such facts.  California's "reason to know" standard differs from the standard that Plaintiff asserts in that, under the "reason to know" standard, the official must actually possess facts that would lead the official to infer the ultimate fact at issue, in this case that Decedent needed immediate medical care.

The 4AC does not plead that Defendant possessed any such facts.  Indeed, the 4AC pleads the opposite — that Defendant was not near enough to Decedent's cell to observe anything about his condition.  The 4AC thus fails to plead facts showing that Defendant had "reason to know" that Decedent needed immediate medical care.

Section 845.6 provides a narrow exception to the general rule that California prison staff are not liable for failure to provide medical care to inmates.  Plaintiff's reading would impute a "reason to know" onto prison staff for almost any inmate needing immediate medical care anywhere in the prison, regardless of whether staff observed any indication of the need.  In other words, the exception would swallow the rule.

Applying the correct "reason to know" analysis, the 4AC fails to plead facts stating a claim under section 845.6.  Plaintiff's section 845.6 claims should be dismissed, without leave to amend.

I.    **PLAINTIFF FAILS TO PLEAD FACTS SHOWING THAT DEFENDANT KNEW, OR HAD REASON TO KNOW, THAT DECEDENT WAS IN NEED OF IMMEDIATE MEDICAL CARE.**

Plaintiff attempts to sue Defendant under the narrow exception to California Government Code section 845.6's general rule that neither a public entity nor a public employee is liable for injury resulting from "the failure of [a public] employee to furnish or obtain medical care for a prisoner in his custody." Cal. Gov. Code § 845.6.  The exception applies "if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." *Id.*

1    "A narrow reading of [the section 845.6 exception] is compelled as a matter of statutory

2    interpretation." *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1071 (2013).

3    For liability to attach, a public employee must have "actual or constructive knowledge that the

4    prisoner is in need of immediate medical care." *Watson v. State of California*, 21 Cal.App.4th

5    836, 841 (1993).  The California Supreme Court defines constructive knowledge under the reason

6    to know standard as follows:

7        in determining whether an actor was in possession of the constructive knowledge
         described by the 'reason to know' standard, we ask whether, after examining the facts
8        in the actor's possession, a reasonable person of ordinary intelligence—or, in the
         particular circumstance, a person of superior intelligence—would have inferred the
9        existence of the ultimate fact at issue or regarded its existence as so highly probable
         as to conduct himself or herself as if it did exist.
10

11   *Doe v. City of L.A.*, 42 Cal. 4th 531, 547, (2007); *see also John B. v. Superior Court,* 38 Cal. 4th

12   1177, 1191 (2006) (the reason to know standard does not impute knowledge of facts to the actor).

13       A 'reason to know' standard does not require proof that a person must have inferred
         the existence of the ultimate fact but only, under the circumstances described above,
14       that a person would have inferred the existence of the ultimate fact or would have
         regarded the existence of the ultimate fact as so highly probable as to have behaved in
15       conformity with that belief.

16   *Doe,* 42 Cal. 4th at 547.

17       Plaintiff cites *Lucas v. Cty. of Los Angeles,* 47 Cal. App. 4th 277 (1996) to argue that

18   "[w]hether a public employee . . . has reason to know of a prisoner's need for immediate care is

19   an objective standard."  (Pl.'s Opp'n at 3, ECF No. 108.)  Plaintiff is half-right — the "reason to

20   know" analysis is objective with regard to the *inferences drawn from* the facts known to the actor.

21   But the analysis does not charge officials with knowledge of facts which they did not know.

22       The appellate court in *Lucas* compared section 845.6's "knows or has reason to know"

23   language with the constitutional deliberate-indifference standard announced by the Supreme

24   Court in *Farmer v. Brennan*, 511 U.S. 825 (1994).  *Lucas,* 47 Cal. App. 4th at 287-88.  The

25   Supreme Court held in *Farmer* that the deliberate-indifference standard is not met unless the

26   "official knows of and disregards an excessive risk to inmate health or safety; the official must

27   both be aware of facts from which the inference could be drawn that a substantial risk of serious

28   harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

1    In other words, deliberate indifference requires actual knowledge of the risk to safety.

2    Unsurprisingly, the *Lucas* court found that section 845.6's "knows or has reason to know"

3    standard does not require actual knowledge — to do otherwise would read "has reason to know"

4    out of the statute.

5         But *Lucas* did not, as Plaintiff suggests, pronounce a "should have known" for section

6    845.6. Rather, *Lucas* reiterated the standard from *Watson* that the duty "duty to provide medical

7    care to prisoners is limited to 'cases where there is *actual or constructive knowledge* that the

8    prisoner is in need of *immediate* medical care.'" *Lucas,* 47 Cal. App. 4th at 288 (emphasis in

9    original) (quoting *Watson*, 21 Cal, App. 4th at 841). As stated by the California Supreme Court

10   in *Doe* and *John B.,* the "species of constructive knowledge" invoked by the "reason to know"

11   language is objective with regard to the *inferences drawn from* the facts known to the actor, but

12   subjective as regards the facts in the actor's possession. *Doe*, 42 Cal. 4th at 546-47 ("we ask

13   whether, after examining the facts *in the actor's possession*, a reasonable person of ordinary

14   intelligence . . . would have inferred the existence of the ultimate fact at issue" (emphasis

15   supplied).)

16        Moreover, even if the *Lucas* appellate court had pronounced a "should have known"

17   standard in 1996 (and it did not), such an interpretation would have been overruled by the

18   California Supreme Court's clear statements in *John B.* and *Doe* in 2006 and 2007, respectively.

19   "When interpreting state law, federal courts are bound by decisions of the state's highest court.

20   In the absence of such a decision, a federal court must predict how the highest state court would

21   decide the issue." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir.

22   2018). Here, the California Supreme Court has clearly stated that the "reason to know" species of

23   constructive knowledge is analyzed by examining the facts in the actor's possession and

24   determining whether a reasonable person would have inferred the ultimate fact. *Doe*, 42 Cal. 4th

25   at 546-47.

26        In this case, the ultimate fact is that Decedent was in need of immediate medical care. Cal.

27   Gov. Code § 845.6. The 4AC does not plead that Defendant knew of any facts that would have

28   led them to infer the existence of Decedent's immediate medical need, or regard that immediate

1  medical need as so highly probable as to conduct themselves as if the need did exist.  (*See*

2  *generally* 4AC.)  Indeed, the 4AC alleges that Defendant were not aware of any facts related to

3  Decedent's health on the night in question.  (*See, e.g.,* 4AC ¶ 67 (Defendant "failed to be within

4  earshot or eyeshot of [Decedent's] cell . . . . [i]n the moments that [Decedent] was attacked by

5  Osuna, but before [Decedent] died").)

6      Because the 4AC fails to allege any facts showing that Defendant had "reason to know"

7  that Decedent needed immediate medical care, the section 845.6 claims should be dismissed.

8      **A.    The District Court in *Medina* Applied the Wrong Standard.**

9      Plaintiff relies on a district court order from the Central District of California to argue that

10  the obligation to conduct hourly cell safety checks provides "reason to know" of the health

11  condition of the inmates within the cells.  (Pl.'s Opp'n at 4 (citing *Medina v. County of L.A.,* 2020

12  U.S. Dist. LEXIS 130732, *39, 2020 WL 3964793 (C.D. Cal. Mar. 9, 2020).)  According to that

13  district court, officials there "had reason to know [that decedent was dying from an overdose]

14  because of their obligation to perform timely safety-checks."  *Id.*  Therefore, the court allowed

15  Plaintiff's section 845.6 claims to go forward against staff tasked with the safety checks.  *Id.*

16      *Medina* was wrongly decided on this point.  As stated above, under California law,

17  constructive knowledge exists under a "reason to know" standard only where facts actually in the

18  actor's possession would have led a person of ordinary intelligence to infer the existence of the

19  ultimate fact at issue.  *See, e.g., Doe,* 42 Cal. 4th at 547; *see also John B.*, 38 Cal. 4th at 1191.

20  The court in *Medina* did not review the proper standard established by the California Supreme

21  Court in 2006, and instead cited *Zeilman*, a 1985 case from California's Fifth Appellate District,

22  for the invalid proposition that the "reason to know" standard is the equivalent of "should have

23  known."  *See Medina,* 2020 U.S. Dist. LEXIS 130732, at 37-38 (citing *Zeilman v. Cty. of Kern*,

24  168 Cal.App.3d 1174, 1186 (1985).)  California's Supreme Court has since made clear the correct

25  parameters for a "reason to know" analysis.  The proper test does not impute knowledge to the

26  official, but instead analyzes the information that the official did have, and determines whether

27  that knowledge would have led a person of ordinary intelligence to infer the ultimate fact at issue.

28  *See John B.*, 38 Cal. 4th at 1191.  That test comports with the plain language of section 845.6.  An

5

1   official who has information that would lead to an inference of the existence of ultimate fact, has

2   "reason to know" that ultimate fact.  An official who does not have information that would lead to

3   an inference of the ultimate fact, does not have "reason to know" that ultimate fact.

4       Plaintiff also cites *Horton v. City of Santa Maria*, 915 F.3d 592, 605 (9th Cir. 2019), to

5   suggest that the proper test is whether the official "reasonably should know" that the prisoner

6   requires immediate medical care.  (Pl.'s Opp'n at 5.)  In the passage Plaintiff cites, the Ninth

7   Circuit was not attempting to analyze the "reason to know" standard; instead, the phrase simply

8   introduced an ensuing quotation of the statute itself.  Indeed, later in the opinion, the *Horton*

9   panel stated the proper test.  *Horton*, 915 F.3d at 608 ("A trier of fact should be permitted to

10   determine whether the information Officer Brice *had* should have given rise to knowledge of

11   [the] need for immediate medical care." (emphasis added; internal quotation marks omitted).)

12       This Court should adopt the California Supreme Court's test for "reason to know."  The

13   California Supreme Court's test properly keeps the section 845.6 exception narrow.  *See*

14   *Castaneda*, 212 Cal. App. 4th at 1071 (the exception under section 845.6 must be interpreted

15   narrowly).  Under a "should have known" standard as suggested by Plaintiff, the exception would

16   swallow the rule.  If knowledge of an inmate's need for immediate medical care were imputed to

17   officials, regardless of whether they observed any indication of that need, officials would be

18   charged with knowledge of every need for immediate medical care in the prison, regardless of

19   when or where it arose.  Plaintiff's interpretation would read the "knows or has reason to know"

20   language out of the statute.

21       The "reason to know" standard was set forth by the California Supreme Court in *John B.*

22   The district court in *Medina* applied an improper "should have known" standard.  Under the

23   proper standard, "reason to know" an ultimate fact exists only where facts in the actor's

24   possession would have led a person of ordinary intelligence to infer the existence of the ultimate

25   fact at issue.  *See, e.g., John B.*, 38 Cal. 4th at 1191.  Here, the 4AC does not allege that

26   Defendant knew any facts that would lead to an inference that Decedent needed immediate

27   medical care.  (*See generally* 4AC.)  Plaintiff's section 845.6 claims should be dismissed.

28

1

**CONCLUSION**

2          This is not a case of failure to summon medical care.  As alleged in the 4AC, Defendant did

3    not know, and had no reason to know, that Decedent needed immediate medical care.  While

4    Plaintiff may state a claim for other causes of action, the section 845.6 claims fail, and should be

5    dismissed without leave to amend.

6    Dated:  September 27, 2024                          Respectfully submitted,

7                                                         ROB BONTA
                                                         Attorney General of California
8                                                        JON S. ALLIN
                                                         Supervising Deputy Attorney General
9

10
                                                         */s/ Jeremy Duggan*
11                                                       JEREMY DUGGAN
                                                         Deputy Attorney General
12                                                       *Attorneys for Defendants*
                                                         *Burnes, Pena, Loza, Munoz, Gamboa,*
13                                                       *Maytubby, Gallemore, and Garcia*
     SA2019101902
14   38443178.docx

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:  **Dora Solares v. Ralph Diaz, et al.**          No.    **1:20-CV-00323-LHR**

I hereby certify that on <u>September 27, 2024,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT GALLEMORE'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 27, 2024</u>, at Sacramento, California.

|  |  |
|---|---|
| Y. Pacheco | */s/ Y. Pacheco* |
| Declarant | Signature |

SA2019101902
38443493.docx