Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230
Attorneys for Plaintiff Dora Solares

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA SOLARES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, in his individual capacity, KENNETH CLARK, in his individual capacity, JOSEPH BURNS, in his individual, and DOES 1 TO 15, in their individual capacities<br><br>Defendants. | Case No. 1:20-cv-00323-LHR-BAM<br><br>**[PROPOSED] ORDER RE: MENTAL HEALTH RECORDS** |

## MEMORANDUM DECISION AND ORDER

### I.    BACKGROUND:

Plaintiff Dora Solares filed this action on behalf of her deceased son, Luis Romero, who was brutally murdered on or around March 8, 2019, while in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff alleges that Mr. Romero was murdered by his cellmate, Jaime Osuna, and

the defendants, including Defendant Sergeant Joseph Burnes, improperly permitted Mr. Osuna to share a cell with Mr. Romero. Plaintiff has sought records, including Mr. Osuna's mental health records from prior to March 8, 2019, which would show that CDCR officials were on notice of Mr. Osuna's ongoing desire to kill. Defendant Burnes argues that Mr. Osuna's mental health records are subject to the psychiatrist-patient privilege. After multiple hearings and multiple court filings this Order follows.

**Stipulated Protective Order Entered January 8, 2024:**

On January 8, 2024, the Court granted the parties' Stipulated Protective Order. *See* Dkt. 76, "Stipulated Protective Order," (January 8, 2024). The Stipulated Protective Order allows for a party to designate certain protected materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Stipulated Protective Order strictly limits who is permitted to access and review protected material, to what purpose the protected material may be used, and how the protected material may be stored. The designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is for "extremely sensitive" confidential information or items, and prohibits disclosure to non-attorneys, "because such information threatens the safety of individuals or inmates, or threatens the safety and security of a prison." *Id*. at Para. 2.3. The duration of this protection extends "[e]ven after final disposition of this litigation." *Id*. at Para. 4.

**March 6, 2024, Status Conference:**

On March 6, 2024, the Court convened a status conference to address ongoing discovery issues. *See* Dkt. 84, "Minute Order," (March 6, 2024). One issue was Plaintiff's Request for Production (RFP) Number **25**, "Please provide all documents that notify or describe that Jaime Osuna posed a risk to other inmates." At the

hearing, "Plaintiff's counsel noted that he had propounded a narrower version of Request for Production No. 25 in Plaintiff's March 1, 2024 discovery requests." *Id*.

The March 1, 2024, discovery requests by Plaintiff to Defendant Burnes included RFP Numbers 63 and 69:

**RFP No. 63** requests: "Please provide all documents that include and/or reference statements by Jaime Osuna pertaining to past acts of violence by Osuna himself."

**RFP No. 69** requests: "Please provide all documents from CDCR employees, including CDCR healthcare staff, regarding any acts of violence, or articulations of a desire to commit violence, made by Jaime Osuna."

Defendant Burnes did not produce mental health records of Jaime Osuna responsive to the above requests, pursuant to the psychiatrist-patient privilege, amongst other objections.

**June 26, 2024, Status Conference:**

On June 26, 2024, the Court held a status conference and heard argument regarding ongoing discovery disputes. *See* Dkt. 93, Minute Entry (June 26, 2024). Plaintiff was to "provide a proposed order compelling production of the disputed mental health records." *Id*. On July 6, 2024, Plaintiff submitted a Proposed Order Re: Release of Mental Health Records. *See* Dkt. 94, "Minute Order," (July 6, 2024). Two days later, Defendant Burnes filed Objections to the Proposed Order. *See* Dkt. 95, "Objections," (July 8, 2024). Two days after that, Plaintiff filed her Reply to Defendant Burnes's Objections. *See* Dkt. 96, "Reply," (July 10, 2024).

The parties agree that absent an order compelling production of mental health records, Defendant Burnes did not produce certain mental health records of Jaime Osuna, pursuant to the psychiatrist-patient privilege.

**December 10, 2024, Discovery Conference:**

At Plaintiff's request, the Court held a Discovery Conference on December 10, 2024. *See* Dkt. 118, Minute Order (December 10, 2024). The RFPs at issue included, *inter alia*, the following:

**RFP No. 31** requests, "Please provide all documents that reference all prescribed drugs (and doses) that Corcoran Prison medical staff provided to Jaime Osuna in the first three months of 2019."

**RFP No. 43** requests, "Please provide the entire C-File for Jaime Osuna."

**RFP No. 48** requests, "Please provide all documents that pertain to any act of violence by Jaime Osuna since 2011."

**RFP No. 58** requests, "Please provide all documents that the Institutional Classification Committee (ICC) --comprised of yourself (Burnes), E. Moreno and K. Kyle, LCSW -- reviewed and/or relied on in its determination made on January 22, 2019 (reference is made to the "Classification Committee Chrono" at DEF004385)."

**RFP No. 62** requests, "Please provide all documents that include and/or reference statements by Jaime Osuna that reflect a desire to commit violence."

**RFP No. 63** requests, "Please provide all documents that include and/or reference statements by Jaime Osuna pertaining to past acts of violence by Osuna himself."

**RFP No. 74** requests, "Please provide all documents that the Wasco State Prison ICC relied on and produced in making the decision to single-cell Jaime Osuna in May 2017, including the mental health information that was considered by the Wasco State Prison ICC."

**RFP No. 84** requests, "Please provide all documents the Corcoran Prison ICC reviewed in conducting its Cell Status Review in January 2019."

**RFP No. 85** requests, "Please provide all documents that the Corcoran Prison ICC produced, including any notes or other work product, as it was conducting its

Cell Status Review in January 2019, other than the "Classification Committee Chrono" dated January 22, 2019 (see Bates "DEF004385")."

Defendant Burnes objected, including that materials responsive to these above requests were subject to the psychotherapist-patient privilege. At the December 10, 2024, Discovery Conference, the Court heard argument from the parties and requested that Plaintiff file a Proposed Order Re: Mental Health Records. On December 11, 2024, Plaintiff filed a Proposed Order Re: Mental Health Records. *See* Dkt. 119, "Proposed Order Re: Mental Health Records," (Dec. 11, 2024). On December 19, 2024, Defendant Burnes objected to the Proposed Order. *See* Dkt. 123, "Objections," (December 19, 2024).

**February 4, 2025, Discovery Conference:**

On February 4, 2054, at Plaintiff's request, the Court held another Discovery Conference. The Request for Production included RFPs Numbers 31, 43, 48, 58, 62, 63, 74, 84, and 85, as described above.

This Order follows.

**II.  DISCUSSION**

**A.  The Psychotherapist-Patient Privilege and Its Limits**

The Supreme Court in *Jaffe* recognized that the psychotherapist-patient privilege is not absolute: "[W]e do not doubt that there are situations in which the privilege must give way." *Jaffee v. Redmon*, 518 U.S. 1, 18, n. 19, 135 L.Ed. 2d 337, 116 S.Ct. 1923 (1996). Under *Jaffee*, the party claiming the privilege bears the burden of establishing it. *United States v. Romo*, 413 F.3d 1044, 1047 (9th Cir. 2005); *Speaker v. Cnty. San Bernadino*, 82 F.Supp.2d 1105 (C.D. Cal. 2000) (burden of proof for the psychotherapist/patient privilege is on the party seeking to establish that the privilege exists). Not only is the psychotherapist-patient privilege not

4

absolute it is also not automatic. In *Romo*, the Ninth Circuit held that a defendant's confession to a prison counselor was not protected by the psychotherapist-patient privilege after the party invoking the privilege failed to establish sufficient facts. *United States v. Romo*, 413 F.3d at 1049.

The psychotherapist-patient privilege generally applies only when the mental health records are not disclosed to anyone; however, when communications are recorded in documents that are shared then *Jaffee* is inapposite. *Duenez v. City of Manteca*, 2013 U.S. Dist. LEXIS 24954, 20131 WL 684654, at *20 (E.D. Cal. Feb. 22, 2013) (holding the psychiatrist-patient privilege did not apply to psychological evaluations that were subsequently submitted to employer); see also *Phelps v. Coy*, 194 F.R.D. 606 (S.D. Ohio 2000); *Kamper v. Gray*, 182 F.R.D. 597 (E.D. Mo. 1998) (psychotherapist-patient privilege did not apply to communications, reports, notes, documents, and test scores from counseling sessions where results were subsequently submitted to employer).

When briefing is devoid of factual assertions and arguments are vague and conclusory, Defendants do not meet their burden for the psychotherapist-patient privilege to apply. *Debeaubien v. California*, 2021 U.S. Dist. LEXIS 79498, *64 (E.D. Cal. Apr. 24, 2021). Moreover, when defendants do not address why an already stipulated-to protective order is in place is not sufficient to address any privacy concerns, the psychotherapist-patient privilege will not apply. *Id*. at *6 (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995) ("privacy interests may be sufficiently protected with the use of a 'tightly drawn' protective order")).

In multiple briefings, Defendant Burnes has argued that statements made by Jaime Osuna are psychotherapist-patient statements that are absolutely privileged. *See* Dkt. 95, "Defendant's Objections to Proposed Order" (July 8, 2024) at 2; Dkt. 123, "Defendant's Objections to Proposed Order" (December 19, 2024), at 5. Defendant's assertion of an absolute privilege is legally incorrect.

In this case, specifically at issue are inculpatory, confessional statements made by Jaime Osuna while in the custody of the CDCR, to CDCR employee(s), about his own desire to kill. Communications of homicidal ideations are confessional and in line with the facts of *Romo* and would not be protected by the psychotherapist-patient privilege. *Romo*, 413 F.3d at 1049. Here, Defendant Burnes is not the party to claim a privilege on behalf of Jaime Osuna, and even if he were, Burnes has not asserted facts sufficient to establish the burden for the privilege to apply. The standard set forth by the Ninth Circuit in *Romo* makes clear that the party invoking the psychotherapist-patient privilege bears the burden of establishing it.

Defendant Burnes is incorrect that Jaime Osuna must affirmatively waive the psychotherapist-patient privilege for the sought materials to be produced. The burden is on Jaime Osuna, or anyone else asserting the privilege, to establish the sufficient facts. Jaime Osuna has not asserted the psychotherapist-patient privilege, and Defendant Sergeant Burnes has not met the burden of establishing that the privilege applies here. Moreover, as discussed below, besides not asserting the psychotherapist-patient privilege, Mr. Osuna (and the CDCR) have waived it.

**B.     Waiver**

The Supreme Court in *Jaffe* recognized that the psychotherapist-patient privilege could be waived: "Of course, the psychotherapist-patient privilege, like other privileges, can be waived." *Jaffee*, 518 U.S. at 15 n. 14.

In *Jaffee*, the Supreme Court repeatedly analogized the psychotherapist-patient privilege to the attorney-client privilege. In the context of the attorney-client privilege, nonwaiver must be proved by the party asserting the privilege. *See, e.g. United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002) (noting that burden is on party asserting attorney-client privilege to establish all elements of privilege, which includes no waiver).

Two different approaches to the waiver have emerged since *Jaffee*. *See EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 394 (E.D. Cal. June 18, 2009). Under the broadest view, a party waives the privilege when he places his mental condition at issue. *Thomas-Young v. Sutter Cent. Valley Hosps.*, 2013 U.S. Dist. LEXIS 85377, *12, 2013 WL 3054167 (E.D. Cal. June 17, 2013); *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391, 400 (E.D. Cal. 2009) (holding the broad approach should apply even though no specific emotional injury claimed since emotional damages the crux of the claim); *Sanchez v. U.S. Airways Inc.*, 202 F.R.D. 131 (E.D. Penn. 2001) (Plaintiffs alleging Title VII violation waived the psychotherapist-patient privilege by alleging emotional distress); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 567 (S.D. Cal. 1999) (Plaintiff in employment discrimination case who seeks to recover emotional damages is relying on her emotional condition as an element of her claim and waives the privilege); *Sarko v. Penn-del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997) (Plaintiff in Americans with Disability Act case who alleged defendant did not accommodate her depression waived psychotherapist-patient privilege); *I.R. v. City of Fresno*, 2014 U.S. Dist. LEXIS 52094, *11-12 (E.D. Cal. Apr. 11, 2014) (privilege waived by Plaintiff whose complaint made generic allegations of emotional distress and protective order was in place).

Under the narrow approach, "the psychotherapist-patient privilege is waived only if the patient places the contents of the communication itself at issue, which excludes raising a claim of emotional distress." *See EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. at 399 (citing *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 229 (D.Mass. 1997); see also *Rhodes v. County of Placer*, 2011 U.S. Dist. LEXIS 6248, *18-19 (E.D. Cal. Jan. 13, 2011) ("Under the narrowest view, a party waives the privilege only when he or she affirmatively relies on the psychotherapist-patient communications"). However, even under the narrow approach, the privilege may be deemed waived if communication between a psychotherapist and patient was

7

itself put at issue by the patient. *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. at 399. Regardless of approach, a Court can fashion protections to protect privacy rights. *Id*. ("A protective order, and a direction that any of the disclosed material filed with the court must be done under seal, will protect [party's] privacy rights.") Furthermore, even under the narrow reading, a party claiming the privilege waives it if the records in question are relevant to that party's own claims. *Rhodes*, 2011 U.S. Dist. LEXIS 6248 at *18-19 ("plaintiff has waived the psychotherapist-patient privilege even under the narrower view of waiver…Plaintiff has affirmatively relied on otherwise potentially privileged communications.")

Under any of these standards, CDCR and Jaime Osuna are both deemed to have waived the psychotherapist-patient privilege. In 2019, Jaime Osuna was charged for the murder of Luis Romero. *See People of the State of California v. Jaime Osuna*, (County of Kings Superior Court Case No. 19CM-1882). Mr. Osuna's murder prosecution is ongoing. *Id*. In that case, two psychiatrists "reviewed hundreds of pages of medical records, including mental health records, turned over by CDC, as well as a report made in 2019 by another psychiatrist."[1] Mr. Osuna's criminal defense team relied on non-CDCR psychiatrists to review Osuna's personal mental health records in order to argue that he did not understand the criminal proceedings against him, and as a result, in 2021, criminal proceedings were temporarily suspended until he was restored to competency. *Id*. On November 9, 2022, a pretrial conference and preliminary hearing was set, and that hearing has been continued until April 3, 2025.[2]

In Mr. Osuna's criminal defense case, the CDCR has turned over Jaime Osuna's mental health, and Osuna's defense placed his mental health at issue. This

---

[1] *Available at* https://www.kget.com/news/crime-watch/jaime-osuna-found-incompetent-to-stand-trial-in-cellmates-killing/

[2] *Available at* https://prod-portal-kingscounty-ca.ecourt.com/public-portal/?q=node/394/578737/FV-Events-Portal

constitutes two forms of waiver. First, CDCR waived any assertion of the psychotherapist-patient privilege, as it has already provided Mr. Osuna's mental health records in a state forum. Second, Mr. Osuna waived the psychotherapist-patient privilege under a narrow reading of waiver by affirmatively relying on his own mental health records, which could include otherwise potentially privileged communications. Furthermore, Mr. Osuna waived the psychotherapist-patient privilege under a broader reading by placing his mental condition at issue in the first place.

### III.   CONCLUSION:

**GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED:**

Defendant Joseph Burnes is ordered to produce the mental health records of Jaime Osuna (CDCR# BD0868), including the mental health records in Jaime Osuna's C-File, and mental health records that include or reference: acts of violence by Jaime Osuna; statements by Jaime Osuna that reflect a desire to commit violence; statements by Jaime Osuna pertaining to past acts of violence by Osuna himself; and mental health records that were reviewed or relied upon in any decision by CDCR officials for Jaime Osuna to not be permitted to share a cell with another inmate (i.e. be single-celled) and any decision by CDCR officials for Jaime Osuna to be permitted to share a cell with another inmate (i.e. be double-celled).

The documents shall be marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with the protective order in this case. *See* Dkt. 76, "Stipulated Protective Order," January 8, 2024. The produced mental health records are subject to the following stringent protections:

> "Unless otherwise ordered by the court or permitted in writing by the Designating Party, Counsel for the Receiving Party may not disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Plaintiff Solares, members of Plaintiff's family, friends or

associates of Plaintiff, or to any inmate, parolee, or person previously in the custody of CDCR or any of their relatives, friends, associates, or the public. Counsel for the Receiving Party also may not disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Defendant Burnes or any other CDCR employee unless that person otherwise qualifies to receive it under this section. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, only Counsel for the Receiving Party may have access to and review any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

See Dkt. 76, "Stipulated Protective Order," January 8, 2024, at 9-10.

DATED:   February ___, 2025

                                                  United States District Judge
                                                  HON. LEE H. ROSENTHAL

Presented By:

 /s/ *Erin Darling*
ERIN DARLING
Attorney for Plaintiff