1  Rob Bonta, State Bar No. 202668
   Attorney General of California
2  Jon S. Allin, State Bar No. 155069
   Supervising Deputy Attorney General
3  Jeremy Duggan, State Bar No. 229854
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 210-6008
6    Fax:  (916) 324-5205
     E-mail:  Jeremy.Duggan@doj.ca.gov
7  *Attorneys for Defendant*
   *J. Burnes*

8

                    IN THE UNITED STATES DISTRICT COURT
9
                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
                              FRESNO DIVISION
11

12

13  | **DORA SOLARES,** | 1:20-CV-00323-LHR |

14  | Plaintiff, | **DEFENDANT'S OBJECTIONS TO PROPOSED ORDER (ECF No. 131)** |

15  | v. | Judge:         The Honorable Lee H. Rosenthal |

16  | **RALPH DIAZ, et al.,** | Trial Date:    Not Set |

17  | Defendants. | Action Filed:  March 2, 2020 |

18

19                           **INTRODUCTION**

20       At the February 4, 2025 conference, the Court ordered Plaintiff's counsel to provide a

21  "stout order" that would justify production by Burnes of the portion of Osuna's mental health

22  records that are in Burnes's possession, custody, or control.  (Transcript of Pre-Motion

23  Conference on February 4, 2025 at 22:1-5.)  Plaintiff presents a proposed order (ECF No. 131)

24  that contradicts the Court's findings on the record, cites inapposite law, and makes unsupported

25  findings of fact.  Defendant Burnes objects to Plaintiff's proposed order.

26       First, Plaintiff's proposed order contradicts the Court's statements on the record.  Plaintiff's

27  proposed order purports to require Defendant Burnes to produce all of Jaime Osuna's mental

28  health records.  (Proposed Order at 9, ECF No. 131.)  But the Court clearly stated that Burnes

                                        1

1   should produce only the mental health records in Jaime Osuna's C-file, which are the only mental

2   health records in Burnes's possession, custody, or control.  As to Osuna's other mental health

3   records (the Mental Health Services Delivery System records), the Court required Plaintiff to seek

4   those from Burnes's employer, non-party California Department of Corrections and

5   Rehabilitation (CDCR).

6         Second, the mental health records that Plaintiff seeks are privileged under the

7   psychotherapist-patient privilege and not subject to compelled disclosure.  As stated by the

8   Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996), there is no balancing component to

9   the privilege, and no exception to the privilege because the evidence would be relevant or

10  probative in litigation.  *See Jaffee*, 518 U.S. at 17.  Plaintiff argues that the records are not

11  privileged under *United States v. Romo*, 413 F.3d 1044, 1047 (9th Cir. 2005).  In *Romo,* the Ninth

12  Circuit found that a defendant's confession to the program director at a correctional facility was

13  not privileged because the meeting was not a therapy session and the confession was not made

14  during the course of diagnosis or treatment.  *Id.* at 1049.  Here by contrast, the proposed order

15  seeks to compel production Osuna's "mental health records."  (Proposed Order at 9.)  Those

16  records are, of course, records of Osuna's mental health diagnosis and treatment.  They are

17  therefore privileged, and *Romo* does not counsel otherwise.

18        Last, Plaintiff argues that third parties Osuna and CDCR have waived the privilege based

19  on the criminal proceedings against Osuna in Kings County, California.  But Plaintiff fails to

20  provide evidence showing that any waiver has taken place or establish the scope of any waiver.

21  Plaintiff's only support for the existence of a waiver is a citation to a news station website.  The

22  Court cannot, on that (lack of) evidence, find that third party Osuna has waived privilege as to all

23  of his mental health records in this case.  Osuna has not put his mental health state at issue in this

24  matter and has not waived any privilege.

25        The Court should not adopt Plaintiff's proposed order.  To the extent that the Court makes

26  any order on the issue of Osuna's mental health records, it should be limited to those records in

27  Burnes's possession, custody, or control.  Further, any such order should remove the flawed legal

28

1    analysis Plaintiff suggests (Proposed Order at 4-9) and instead provide the Court's reasoning for

2    the order.

3    **I.    PROCEDURAL BACKGROUND**

4           Plaintiff has never filed a formal motion to compel production of documents, and the issues

5    have never been fully briefed.  Plaintiff first raised the issue of Osuna's mental health records at a

6    June 26, 2024 status conference.  The Court ordered Plaintiff to provide a proposed order

7    compelling production of the disputed records.  (Minute Order, ECF No. 93.)  Plaintiff filed a

8    proposed order compelling Defendant Burnes to produce the records.  (ECF No. 94.)  Defendant

9    opposed entry of the proposed order on the ground that confidential communications between

10   Osuna and his mental health providers are protected from compelled disclosure under the holding

11   in *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996).  (ECF No. 95.)  The Court did not rule on the

12   proposed order.

13          At Plaintiff's request, the Court set a pre-motion conference for December 10, 2024.  (ECF

14   No. 116.)  At the conference, rather than holding a pre-motion discussion, the Court ruled on the

15   parties' discovery disputes as stated on the record.  (Minute Order, ECF No. 118.)  The Court

16   ordered the parties to confer and draft an agreed order as to Osuna's mental health records, based

17   on the rulings made during the hearing.  (Transcript of Proceedings of Dec. 10, 2024, at 32:4-5,

18   ECF No. 122.)

19          The parties could not agree on a form of proposed order.  Plaintiff submitted a draft

20   Proposed Order (ECF No. 119), and Defendant Burnes filed objections requesting that the Court

21   not adopt the proposed order and instead order additional briefing on the issue (ECF No. 123).

22   The Court did not rule on the proposed order.

23          The Court set a second pre-motion hearing for February 4, 2025.  (Notice of Setting, ECF

24   No. 127.)  Again, the Court did not hold a pre-motion conference but ruled on discovery disputes

25   as stated on the record.  (Minute Order, ECF No. 129.)  The rulings included an order for Plaintiff

26   to submit a proposed order in accordance with the Court's statements on production of Osuna's

27   mental health records.  Plaintiff submitted an attempt to do that on February 8, 2025 (ECF No.

28   131).

## II.    THE PROPOSED ORDER CONTRADICTS THE COURT'S STATEMENTS ON THE RECORD.

### A.    The Disputed Mental Health Records

Osuna's mental health records fall into two categories: the mental health records that are part of Osuna's C-file (a collection of Osuna's custody records from CDCR); and Osuna's MHSDS (Mental Health Services Delivery System) records.[1]

The mental health records in Osuna's C-file are mental health documents that are related to custody proceedings.  For example, a Rules Violation Report Mental Health Assessment is an assessment by a mental health clinician regarding whether an inmate's mental health condition contributed to a rules violation.  As a correctional sergeant, Defendant Burnes has access to those records in Osuna's C-file.

The MHSDS records are the records of Osuna's encounters with his mental health clinicians and include the clinicians' impressions and records of conversations with Osuna.  As a correctional sergeant, Defendant Burnes does not have access to those records.  Access to those records is limited to mental health staff.

### B.    The Proposed Order Contradicts the Court's Statements on the Record.

At the February 4, 2025 conference, the Court required Defendant Burnes to produce "the part [of Osuna's mental health records] that was available to the correctional officers who were on duty that night" — that is, the mental health records that are part of Osuna's C-file. (Transcript of Pre-Motion Conference at 20:2-6.)

As to the Osuna's non-C-file mental health records (the MHSDS records), the Court acknowledged that they are not in Burnes's possession, custody, or control, and stated that Plaintiff should seek them from CDCR.  (Transcript of Pre-Motion Conference at 25:14-25:23 ("So why don't you take a deposition of CDCR."); *id.* at 27:10-24 ("But you're going to take a deposition or seek the discovery from the entity that does [have Osuna's MHSDS records] right Mr. Darling?"); *id* at 34:13-19 (the non-C-file mental health records "will be separately sought

---

[1] Defendant can provide declarations confirming these facts if necessary.

1    [from CDCR]").  Accordingly, the proposed order, directed to Burnes, should address only the C-

2    file mental health records, and Plaintiff should seek any other records from CDCR.

3         Plaintiff's proposed order, however, ignores the Court's clear distinction between the C-file

4    mental health records and the MHSDS records, and asserts that Sergeant Burnes should produce

5    "the mental health records of Jaime Osuna" without any limitation.  (Proposed Order at 9.)  That

6    is not what the Court ordered at the February 4, 2025 conference.  The Court should decline to

7    adopt Plaintiff's proposed order.  Instead, any order the Court enters regarding Burnes's

8    production of Osuna's mental health records should be limited to those mental health records in

9    Osuna's C-file.

10    **III.    THE DISPUTED MENTAL HEALTH RECORDS ARE PRIVILEGED.**

11         In *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996), the United States Supreme Court recognized a

12    federal common law psychotherapist-patient privilege, which protects "conversations between [a

13    therapist and patient], and the notes taken during their counseling sessions" from compelled

14    disclosure.  The protection includes communications with clinical social workers.  *Id.* at 15-16

15    ("the reasons for recognizing a privilege for treatment by psychiatrists and psychologists apply

16    with equal force to treatment by a clinical social worker").  The privilege extends to records of a

17    patient's diagnosis and treatment, including the purpose of medications being taken.  *Jakubaitis v.*

18    *Padilla (In re Jakubaitis)*, 604 B.R. 562, 572 (B.A.P. 9th Cir. 2019).

19         There is no exception to the privilege because the evidence would be relevant or probative

20    in litigation: "[W]e hold that confidential communications between a licensed psychotherapist

21    and her patients in the course of diagnosis or treatment are protected from compelled disclosure."

22    *Jaffee*, 518 U.S. at 15.  In announcing the federal common law psychotherapist-patient privilege,

23    the Supreme Court understood that the rule would result in some "reliable and probative

24    evidence" being excluded from litigation.  *See Jaffee*, 518 U.S. at 18-19 (Scalia, J., dissenting).

25    But the Supreme Court announced the rule anyway in order to enable effective mental health

26    treatment.  *Jaffee*, 518 U.S. at 10, 15-16 ("the mere possibility of disclosure may impede

27    development of the confidential relationship necessary for successful treatment").

28

1    Osuna's MHSDS records are clearly protected from disclosure under *Jaffee*. They are

2    Osuna's therapist's notes of their encounters with Osuna, made for the purposes of diagnosis and

3    treatment. Osuna's C-file mental health records are also protected. Documents such as an RVR

4    Mental Health Assessment include a clinician's impressions gained in the course of diagnosis and

5    treatment of an inmate, and sometimes the content of communications with the inmate. Although

6    those records are accessible to authorized personnel within a prison, they remain confidential and

7    privileged.

8    **A.    The Proposed Order's Arguments Against Privilege Fail.**

9    Plaintiff first argues that Osuna's mental health records are not privileged under *United*

10    *States v. Romo*, 413 F.3d 1044 (9th Cir. 2005). (Proposed Order at 4-5.) In *Romo*, the Ninth

11    Circuit found a confession made by an inmate to a program director at a correctional facility was

12    not privileged. *Id.* at 1049. Although the program director had previously provided counseling to

13    the inmate, the program director provided many other services, and there was no evidence that the

14    meeting at which the confession took place was a counseling session. *Id.*

15    The reasoning from *Romo* does not apply here. The documents at issue are Osuna's mental

16    health records (Proposed Order at 9), that is, the records of Osuna's mental health treatment.[2]

17    The meeting at issue in *Romo* was not a mental health counseling session. It was a non-mental

18    health meeting with a mental health professional. *Romo* is inapposite.

19    Plaintiff next argues that psychotherapist-patient privilege does not apply where privileged

20    records are distributed to others. (Proposed Order at 5.) Again, the cases Plaintiff cites are not

21    applicable here. In all four cases Plaintiff cites, the records were not privileged because the

22    mental health evaluations in question were done for the purpose of being submitted to the

23    patient's employer. *See Kamper v. Gray*, 182 F.R.D. 597, 599 (E.D. Mo. 1998) ("Since he was

24    aware that his evaluations would be reported to his employer, Gray had no reasonable expectation

25    of confidentiality."); *Duenez v. City of Manteca*, 2013 U.S. Dist. LEXIS 24954, *20 (E.D. Cal.

26    2013) (Psychological evaluations made as part of employment not privileged); *Phelps v. Coy*, 194

27    _____

28    [2] Should the Court deem it necessary, Defendant can provide a declaration stating that Osuna's mental health records are in fact records of his mental health treatment and diagnosis.

6

1    F.R.D. 606, 608 (S.D. Oh. 2000) (same); *Debeaubien v. California*, 2021 U.S. Dist. LEXIS

2    79498, *5 (E.D. Cal. 2021) (same).  That exception to privilege does not apply here, as Osuna's

3    records were kept confidential, and the evaluation was not done for purposes of employment.

4            Plaintiff next cites *Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D. Cal. 1995) to assert

5    that "when defendants do not address why an already stipulated-to protective order is in place is

6    not sufficient to address any privacy concerns, the psychotherapist-patient privilege will not

7    apply."  (Proposed Order at 5.)  *Soto* was decided before *Jaffee*, so at the time *Soto* was decided,

8    there was no federal psychotherapist-patient privilege.  *See Soto*, 162 F.R.D. at 618 ("[T]he Ninth

9    Circuit has not recognized a physician-patient privilege, nor a psychotherapist-patient privilege

10   under federal law.")  *Soto* has no bearing on whether or not federal psychotherapist-patient

11   privilege applies, because the privilege did not exist when *Soto* was decided.

12           Plaintiff's arguments that psychotherapist-patient privilege does not apply to these records

13   falls flat.  These are records of Osuna's mental health evaluations and diagnoses that have been

14   kept confidential.  Osuna's mental health records are privileged under *Jaffee*.

15   **IV.    OSUNA HAS NOT WAIVED THE PRIVILEGE.**

16           Privileged mental health records can be disclosed where a patient waives the

17   psychotherapist-patient privilege.  "For example, a party waives the psychotherapist-patient

18   privilege when he seeks monetary damages for emotional distress, since he has placed his mental

19   condition at issue in the case."  *Kindred v. Price*, No. 1:19-cv-00955-AWI-JLT (PC), 2020 U.S.

20   Dist. LEXIS 107214, at *2 (E.D. Cal. June 17, 2020).  Here, though, Osuna is a third party, and

21   so has not placed anything at issue in this litigation.

22           Plaintiff asserts that Osuna has waived privilege in this matter based on proceedings in a

23   criminal matter against Osuna.  (Proposed Order at 8.)  Plaintiff fails to show that a waiver took

24   place.  Plaintiff asserts that two psychiatrists hired by Osuna's criminal defense team reviewed

25   Osuna's mental health records.  (*Id.*)  Such a disclosure does not waive privilege, as the records

26   have remained confidential.

27           Plaintiff further asserts that Osuna argued in the criminal matter "that he did not understand

28   the criminal proceedings against him . . . in 2021."  (*Id.*)  Plaintiff provides no support for this

1    assertion.  (*Id.*)  And even if it were true, Osuna would only have placed his mental health in 2021

2    at issue, not his mental health in 2019 at the time of the incident.  *See Jakubaitis v. Padilla*, 604

3    B.R. 562, 574 (9th Cir. Br. 2019) ("an implicit waiver occurs when the holder of the privilege

4    takes some affirmative action in the litigation that puts at issue privileged information").  If

5    Osuna claimed in the criminal proceeding that he was unfit to stand trial — at the time of the trial

6    — that would waive privilege as to Osuna's mental health only at that time.  Even assuming

7    Plaintiff has the facts correct regarding a waiver in the criminal matter, that waiver would not

8    have affected the records Plaintiff seeks here.

9         Finally, Plaintiff fails to show that any waiver of privilege in the criminal matter also

10    applies here.  As set forth above, Osuna has not put anything at issue in this case, he is not a

11    party.  The usual reasoning for applying waiver across different cases (to prevent privilege from

12    being used as both a sword and shield), therefore does not apply here.  *EEOC v. Lexus*

13    *Serramonte*, 237 F.R.D. 220, 224 (N.D. Cal. 2006) (describing the sword and shield principle).

14    There is no reason to apply any supposed waiver from Osuna's criminal matter to this civil

15    matter.  *See IGT v. Alliance Gaming Corp.*, 2007 U.S. Dist. LEXIS 62395, *14 (D. Nev. 2007)

16    (finding that disclosing records in separate litigation under a protective order "cannot form the

17    basis of a waiver argument.").

18         Osuna has not waived privilege as to the mental health records Plaintiff seeks here.  Indeed,

19    even if Plaintiff were to prove a supposed waiver in Osuna's criminal matter, it would extend

20    only to Osuna's mental health in 2021, and not in March 2019 at the time of the incident.

21    / / /

22    / / /

23    / / /

24

25

26

27

28

1

**CONCLUSION**

2       Defendant Burnes objects to Plaintiff's proposed order and opposes the compelled

3   production of Osuna's mental health records absent an affirmative waiver by Osuna. To the

4   extent the Court does enter an order regarding Osuna's mental health records, it should: (1) be

5   limited to those records in Burnes's possession, custody, or control, namely the C-file mental

6   health records; and (2) remove the flawed legal analysis Plaintiff suggests (Proposed Order at 4-

7   9) and instead provide the Court's reasoning for the order.

8   Dated:  February 18, 2025                     Respectfully submitted,

9                                                 ROB BONTA
                                                  Attorney General of California
10                                                JON S. ALLIN
                                                  Supervising Deputy Attorney General
11

12

13                                                */s/ Jeremy Duggan*

14                                                JEREMY DUGGAN
                                                  Deputy Attorney General
15                                                *Attorneys for Defendant*
                                                  *J. Burnes*

16   SA2019101902
     38797351.docx
17

18

19

20

21

22

23

24

25

26

27

28

Def.'s Objections to Proposed Order (1:20-CV-00323-LHR)

# CERTIFICATE OF SERVICE

Case Name:  **Dora Solares v. Ralph Diaz, et al.**          No.    **1:20-CV-00323-LHR**

I hereby certify that on <u>February 18, 2025,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

➢ **DEFENDANT'S OBJECTIONS TO PROPOSED ORDER (ECF No. 131)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>February 18, 2025,</u> at Sacramento, California.

|  |  |
|---|---|
| K. Vitalie | */s/ K. Vitalie* |
| Declarant | Signature |

SA2019101902
38328919.docx