### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA SOLARES, § | |
| § | |
| Plaintiff(s), § | |
| v. § | CIVIL ACTION NO. H-1:20-cv-00323- |
| § | LHR-BAM |
| RALPH DIAZ, *et al.*, § | |
| Defendant(s). § | |

### ORDER

The plaintiff, Dora Solares, has asked the court to order one of the defendants, Joseph Burnes, to produce Jaime Osuna's mental health records from prior to March 8, 2019. (Docket Entry No. 131). Solares asserts that these records are relevant to determining whether Burnes, a sergeant at the California Department of Corrections and Rehabilitation, knew of Osuna's violent and homicidal obsessions and therefore can be held liable for the decision to put Luis Romero in Osuna's cell, and for failing to ensure that safety checks were performed during the first night that the two men shared a cell. During their first night sharing a cell, Osuna draped a sheet in front of the cell and violently murdered and dismembered Romero.

Burnes opposes the production of any of Osuna's mental health records. (Docket Entry No. 132). Burnes claims that Solares's request is inconsistent with this court's prior order. (*Id*. at 1-2). He also asserts that the mental health records are privileged under the psychotherapist-patient privilege and not subject to compelled disclosure. (*Id*. at 2).

There are two categories of mental health records at issue: (1) those found in Osuna's "C-File," which are a collection of Osuna's custody records from the California Department of

Corrections and Rehabilitation ("CDCR"); and (2) and the Mental Health Services Delivery System ("MHSDS") records, which are more expansive and include records of Osuna's encounters with his mental health clinicians and the clinicians' impressions and records of conversations with Osuna. (*Id*. at 4). Solares's proposed order asking the court to compel production of Osuna's mental health records does not differentiate between these two categories of records.

At the February 4, 2025, conference held by the court, the court ordered production of those records that were "available to the correctional officers who were on duty that night" —which Solares's counsel conceded encompassed *only* those mental health records contained in Osuna's C-File, and not the MHSDS records. (Docket Entry No. 133 at 20:2-6). Burnes objects to the production of both the C-File and MHSDS records as privileged under *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The court agrees that compelling Burnes to produce all the mental health records contained within Osuna's C-File could include documents protected by the federal patient-psychotherapist privilege. *See Jaffee v. Redmond*, 518 U.S. 1, 18, n. 19, 135 L.Ed. 2d 337, 116 S.Ct. 1923 (1996). Solares has not shown that Osuna has waived the privilege in this case, to which he is not a party.

The court finds that the best approach is to compel the production of documents containing, referring to, or describing inculpatory or confessional statements made by Jaime Osuna while he was in the custody of the CDCR, to CDCR employees, about his desire to kill or inflict violence, including statements in the mental health records in Osuna's C-File. Under *United States v. Romo*, 413 F.3d 1044, 1047 (9th Cir. 2005), these statements were not made in the course of diagnosis or treatment and are not subject to privilege.

As such, the court orders Burnes to produce the mental health records contained in Osuna's C-File, and other mental health records pertaining to Osuna to which Burnes had access, which

2

refer to, describe, or reflect these inculpatory or confessional statements. Solares must pursue the MHSDS records from the entity that has them: Burnes's employer, the non-party CDCR. The court is not ordering Burnes to produce MHSDS records unless he has them in his custody or control; if such records are in Burnes's custody or control, Burnes must produce the records to the extent that they contain, refer to, or describe the inculpatory or confessional statements described above.

The documents are to be marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY," in accordance with the protective order. (Docket Entry No. 76). The produced mental health records are subject to the following stringent protections:

> Unless otherwise ordered by the court or permitted in writing by the Designating Party, Counsel for the Receiving Party may not disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Plaintiff Solares, members of Plaintiff's family, friends or associates of Plaintiff, or to any inmate, parolee, or person previously in the custody of CDCR or any of their relatives, friends, associates, or the public. Counsel for the Receiving Party also may not disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Defendant Burnes or any other CDCR employee unless that person otherwise qualifies to receive it under this section. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, only Counsel for the Receiving Party may have access to and review any information or item designated 'CONFIDENTIAL – ATTORNEYS' EYES ONLY.'

Burnes must produce these documents to Solares by March 31, 2025.

SIGNED on February 26, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge