J. RANDALL ANDRADA, SBN 70000
randrada@andradalaw.com
LYNNE G. STOCKER, SBN 130333
lstocker@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
1939 Harrison Street, Suite 612
Oakland, California 94612
Tel.: (510) 287-4160 / Fax: (510) 287-4161

Attorneys for Defendant
L. SILVA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DORA SOLARES, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>RALPH DIAZ, et al.,<br><br>  Defendants. | Case No.: 1:20-CV-00323-LHR-BAM<br><br>**DEFENDANT SILVA'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIM FOR FAILURE TO SUMMON MEDICAL CARE; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hon. Lee H. Rosenthal |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that defendant Correctional Officer SILVA will and hereby does move to dismiss the Sixth Claim for Relief of the Fifth Amended Complaint (ECF No. 134) pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), on the grounds that plaintiff's Fifth Amended Complaint ("5AC") fails to state facts sufficient to state a claim against defendant Silva for failure to summon medical care under California Government Code § 845.6.

PLEASE TAKE FURTHER NOTICE that, pursuant to Judge Rosenthal's Court Procedures, this motion is submitted on the record without oral argument unless a party requests oral argument in writing.

/ /

1  This Motion is based on this Notice and Motion, the memorandum of points and authorities, the
2  pleadings, records, and files herein, and upon such oral and documentary evidence as may be presented
3  to the Court at the time of the hearing, if any there be.

4  Dated:     March 6, 2025                                    **ANDRADA & ASSOCIATES**

                                                               */s/ Lynne G. Stocker*
                                                           By _____
                                                               LYNNE G. STOCKER
                                                               Attorneys for Defendant SILVA

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Based on the circumstances surrounding the murder of her son, Luis Romero, at California State Prison - Corcoran, Dora Solares proceeds in both her individual capacity and as successor-in-interest to Mr. Romero in this action pursuant to 42 U.S.C. § 1983 and state law. This action proceeds on Plaintiff's Fifth Amended Complaint ("5AC") against defendant Correctional Officer Silva and others. ECF No. 134.

## ARGUMENT

### I.    Standard on 12(b)(6) Motions to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally speaking, in reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court is not required to accept as true allegations in an amended complaint that contradict an earlier complaint without explanation. *Designing Health, Inc. v. Erasmus*, No. CV–98–4758 LGB (CWx), 2000 WL 35789501, *9 (C.D. Cal. Oct. 31, 2000). See *Jones v. Bayer Healthcare LLC*, No. 08–

3

2219–SC, 2009 WL 1186891, *3 (N.D. Cal. May 4, 2009) (striking plaintiff's amended pleading because it was factually inconsistent with an earlier complaint); *Azadpoour v. Sun Microsys., Inc.*, No. 06–3272, 2007 WL 2141079, *2 n. 2 (N.D. Cal. July 23, 2007) ("Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as 'false and sham.'")

## II.     The Court's Ruling on Silva's Prior Motion to Dismiss Sixth Claim for Relief

On February 07, 2025, the Court issued its Memorandum and Opinion related to the Rule 12(b)(6) motions to dismiss filed by Defendant Silva, and Defendants Pena, Gallemore, and Garcia.[1] ECF No. 130. The Court granted the motions to dismiss without prejudice and with leave to amend. *Id*. at 7.[2]  In relevant part, the Court found that Plaintiff's allegations against Silva "fall just short of pleading that Silva [ ] either knew, or should have known, that Romero needed urgent medical care." *Id*. The Court further opined that "Ms. Solares has not pled that the guards on duty that evening heard unusual noises coming from the cell that Romero and Osuna shared, or that the guards received reports from other prisoners of an attack occurring in the cell." *Id*.

## III.     Plaintiff is Bound by Prior Judicial Admissions

As it applies to Defendant Silva, Plaintiff alleges in the Fifth Amended Complaint that Defendant Silva "noticed the obstruction on the cell holding Romero and Osuna, and **could hear** the loud, unusual noises coming from inside the cell that signaled a violent attack was occurring, and **could hear** the loud sounds of other inmates commenting on the violence within the Romero/Osuna cell." ECF No. 134 at 20, emphasis added.

These new allegations, however, cannot be reconciled with the judicial admissions in Plaintiffs' prior complaint that Defendant Silva's "failure to conduct required safety-checks and required count measures and required audio/visual monitoring was so prolonged and pronounced that [he] **heard no sounds** that would indicate a violent attack was being committed and that [he] should intervene." ECF No. 97 at 12, emphasis added. Plaintiff's new allegations cannot be reconciled with the admission that Defendant Silva "**failed to be within earshot or eyeshot** of Romero and Osuna's

---

[1] Defendants Pena, Gallemore and Garcia are separately represented by Deputies Attorneys General Jeremy Duggan and David Kuchinsky.
[2] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of documents.

cell." *Id*. at 19, emphasis added. Plaintiff is bound by her judicial admissions.

"Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *American Title Ins. Co. v. Lacelaw Corp*., 861 F.2d 224, 226 (9th Cir. 1988) (citation omitted). Indeed, "[f]actual assertions in pleadings . . . are considered judicial admissions conclusively binding on the party who made them." *Id*. "[J]udicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." *Soo Line R.R. v. St. Louis S. W. Ry*., 125 F.3d 481, 483 (7th Cir. 1997).

Allegations in an amended complaint must be "consistent with the [prior] pleading" and may "not contradict the allegations in the original complaint." *Rodriguez v. Sony Computer Entm't Am., LLC,* 801 F.3d 1045, 1054 (9th Cir. 2015). (Citation and internal quotation marks omitted).

The Supreme Court has endorsed this standard in the context of a party's attempt to assert arguments contrary to its initial pleadings, finding that such factual concessions are binding. *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 470 n.6 (2013) (citing *Lacelaw*, 861 F.2d at 226).

Here, Plaintiff has been prosecuting this action since March 2, 2020. (ECF No. 2.) Plaintiff does <u>not</u> specifically indicate, as required by Rule 11, that these new factual contentions "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." In fact, Plaintiff already has had that opportunity. Much written discovery has been exchanged in the past five years including production of the CDCR Incident Report which indicates that inmates in section "C" were asked by Correctional Officers if they had any information regarding the incident and that all inmates in section "C" declined.

### IV.    The Complaint Fails to State Sufficient Facts under Govt. Code § 845.6

As to the Fourth Amended Complaint, this Court found that "[t]he pleadings of Osuna's violent nature and the presence of the bedsheet support a failure to protect claim but are not sufficient to state a claim for failure to summon medical care under California Government Code § 845.6." ECF No. 130 at 7. Here, disregarding Plaintiff's improper allegations that contradict her judicial admissions, the Sixth Claim for Relief fails to state facts sufficient to state a claim upon

5

{00129260.DOC/2}CDCR 1269
MOTION TO DISMISS SIXTH CAUSE OF ACTION OF 5AC

*Solares v. Diaz, et al.*
1:20-cv-00323-LHR-BAM

which relief may be granted. Here, disregarding the allegations that contradict previous allegations, there are no factual allegations sufficient to demonstrate that defendant Silva had actual or constructive knowledge of Romero's need for immediate medical care.

In fact, the allegations demonstrate that defendant Silva neither knew nor had reason to know of any such need because, as alleged, he did not conduct nighttime safety checks, did not remove a bedsheet that blocked visibility, did not properly monitor Romero and Osuna in the cell, failed to actually look into Romero and Osuna's cell, failed to open the door to Romero and Osuna's cell, and (based on Plaintiff's judicial admissions) **heard no sounds** that would indicate a violent attack was being committed, and **failed to be within earshot or eyeshot** of Romero and Osuna's cell. (Emphasis added.) See, *Jack v. Cty. of Stanislaus*, No. 1:17-CV-0520-AWI-SAB, 2017 WL 4123930, at *13 (E.D. Cal. Sept. 15, 2017) (dismissing § 845.6 cause of action where there were no allegations that the officers "actually saw" the inmate's symptoms or condition; "If [the officers] did not actually see these symptoms or Jack's condition, then they neither knew [ ] nor did they have reason to know that Jack needed immediate medical care).

The 5AC does not adequately allege that defendant Silva was aware of Romero's need for medical help, but failed to summon help after perceiving the need. While the 5AC seems to imply that defendant Silva should have deduced earlier that medical attention was needed, that is not a duty included under § 845.6. *Jack*, 2017 WL 4123930, at *12.

Here, disregarding Plaintiff's improper new allegations and in reliance on Plaintiff's judicial admissions, Plaintiff's allegations are insufficient to allow the Court to find or infer actual or constructive knowledge by defendant Silva of Romero's serious and obvious medical condition requiring immediate care.

V. **Leave to Amend Should be Denied**

Either it is alleged that defendant Silva is liable for failing to observe and monitor decedent in his cell during the nighttime or it is alleged that governmental immunity does not apply because Silva observed decedent in his cell and observed decedent's obvious and serious medical needs requiring immediate care and did nothing. The Court has already found that there are no facts alleged to support the latter. While a district court should grant leave to amend even if no request to amend

6

the pleading was made, leave to amend need not be granted where amendment would be futile. *Jack*, 2017 WL 4123930, at *1.

### CONCLUSION

Plaintiff's Fifth Amended Complaint fails to state facts sufficient to demonstrate that the exception to governmental immunity under Gov't. Code ¶845.6 applies to Defendant Silva. In light of Plaintiff's binding judicial admissions, the 5AC fails to state facts sufficient to show that Silva may be held liable for failure to summon medical care. For the foregoing reasons, Defendant Silva respectfully requests that the Court grant his motion to dismiss the Sixth Claim for Relief without leave to amend.

Dated: March 6, 2025

**ANDRADA & ASSOCIATES**

By */s/ Lynne G. Stocker*
LYNNE G. STOCKER
Attorneys for Defendant SILVA