Rob Bonta, State Bar No. 202668
Attorney General of California
Jon S. Allin, State Bar No. 155069
Supervising Deputy Attorney General
Jeremy Duggan, State Bar No. 229854
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6008
  Fax: (916) 324-5205
  E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendants Burnes, Loza, Munoz, Gamboa, and Maytubby*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,**<br><br>Plaintiff,<br><br>v.<br><br>**RALPH DIAZ, et al.,**<br><br>Defendants. | 1:20-CV-00323-LHR<br><br>**DEFENDANTS BURNES, LOZA, MAYTUBBY, MUNOZ, AND GAMBOA'S ANSWER TO FIFTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**<br><br>Action Filed: March 2, 2020 |

Defendants Burnes, Loza, Maytubby, Munoz, and Gamboa (Defendants) answer Plaintiffs' Fifth Amended Complaint (ECF No. 134), filed February 26, 2025, as follows.

## I.     RESPONSE TO INTRODUCTION

1. In response to paragraph 1 of the Fifth Amended Complaint (5AC), Defendants admit that Luis Romero was transferred to California State Prison, Corcoran in March 2019 and deny the remaining allegations of this paragraph.

1

Defs. Burnes, Loza, Maytubby, Munoz and Gamboa's Answer and Demand for Jury Trial (1:20-CV-00323-LHR)

**II.    RESPONSE TO JURISDICTION AND VENUE**

2.     In response to paragraph 2 of the 5AC, Defendants admit that the 5AC purports to bring claims under 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments of the U.S. Constitution, and California statutes. Defendants further admit that jurisdiction is proper at present under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Defendants deny the remaining allegations of this paragraph.

3.     In response to paragraph 3 of the 5AC, Defendants admit that venue is proper under 42 U.S.C. § 1391, and that the 5AC purports to bring claims under 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments of the U.S. Constitution, and California statutes. Defendants deny the remaining allegations of this paragraph.

**III.    RESPONSE TO PARTIES**

4.     In response to paragraph 4 of the 5AC, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis deny them.

5.     In response to paragraph 5 of the 5AC, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis deny them.

6.     In response to paragraph 6 of the 5AC, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis deny them.

7.     In response to paragraph 7 of the 5AC, Defendants admit that Burnes is a correctional sergeant employed by the California Department of Corrections and Rehabilitation (CDCR), and was employed at California State Prison, Corcoran in March 2019, that Gamboa is, and was in January 2019, employed by CDCR, that Loza is, and was in March 2019, employed by CDCR, as a correctional officer, at California State Prison Corcoran, that Maytubby was, in March 2019, employed by CDCR, and that Munoz was, in March 2019, employed by CDCR, as a correctional lieutenant, at California State Prison Corcoran. Defendants deny the remaining allegations of this paragraph.

8. In response to paragraph 8 of the 5AC, Defendants deny the allegations of this paragraph.

9. In response to paragraph 9 of the 5AC, Defendants admit that Gamboa was employed by CDCR at California State Prison, Corcoran in January 2019 and that Defendants Burnes, Loza, Maytubby, and Munoz were employed by CDCR at California State Prison Corcoran in March 2019. Defendants admit that the 5AC purports to bring claims against other individuals who were employed at California State Prison, Corcoran in 2019. Defendants deny the remaining allegations of this paragraph.

10. In response to paragraph 10 of the 5AC, Defendants admit that Plaintiffs purport to sue unnamed Doe Defendants, and deny the remaining allegations of this paragraph.

11. In response to paragraph 11 of the 5AC, Defendants admit that Plaintiffs purport to sue unnamed Doe Defendants, and deny the remaining allegations of this paragraph.

12. In response to paragraph 12 of the 5AC, Defendants admit that Gamboa was employed by CDCR at California State Prison, Corcoran in January 2019 and that Defendants Burens, Loza, Maytubby, and Munoz were employed by CDCR at California State Prison Corcoran in March 2019. Defendants admit that the 5AC purports to bring claims against other individuals who were employed at California State Prison, Corcoran in 2019. Defendants deny the remaining allegations of this paragraph.

## IV. RESPONSE TO EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. In response to paragraph 13 of the 5AC, Defendants admit that Plaintiff Solares filed a government claim mentioning the death of Luis Romero in September 2019. Defendants further admit that unserved Plaintiff Romero Gonzalez has not filed a government claim. Defendants deny the remaining allegations of this paragraph.

## V. RESPONSE TO FACTS

### A. Response to "The Decision to Place Luis Romero in Jaime Osuna's Cell"

14. In response to paragraph 14 of the 5AC, Defendants admit that Luis Romero was transferred to California State Prison, Corcoran in March 2019 and deny the remaining allegations of this paragraph.

3

Defs. Burnes, Loza, Maytubby, Munoz and Gamboa's Answer and Demand for Jury Trial (1:20-CV-00323-LHR)

15. In response to paragraphs 15-19 of the 5AC, Defendants deny the allegations of these paragraphs.

**B.  Response to "The Failure to Conduct Safety Checks"**

16. In response to paragraphs 20-23 of the 5AC, Defendants admit that Luis Romero was killed, and his body mutilated, by Jaime Osuna. Defendants deny the remaining allegations of these paragraphs.

## VI. RESPONSE TO DAMAGES

17. In response to paragraphs 24-28 of the 5AC, Defendants deny the allegations of these paragraphs.

## VI. RESPONSE TO FIRST CLAIM FOR RELIEF

18. In response to paragraph 29 of the 5AC, Defendants incorporate their responses to paragraphs 1-28, above.

19. In response to paragraphs 30-32 of the 5AC (including both paragraphs numbered "31"), Defendants deny the allegations of these paragraphs.

## VII. RESPONSE TO SECOND CLAIM FOR RELIEF

20. In response to paragraph 33 of the 5AC, Defendants incorporate their responses to paragraphs 1-32, above.

21. In response to paragraph 34-40 of the 5AC, Defendants deny the allegations of these paragraphs.

## VIII. RESPONSE TO THIRD CLAIM FOR RELIEF

22. In response to paragraph 41 of the 5AC, Defendants incorporate their responses to paragraphs 1-40, above.

23. In response to paragraphs 42-48 of the 5AC, Defendants deny the allegations of these paragraphs.

## IX. RESPONSE TO FOURTH CLAIM FOR RELIEF

24. In response to paragraph 49 of the 5AC, Defendants incorporate their responses to paragraphs 1-48, above.

4

Defs. Burnes, Loza, Maytubby, Munoz and Gamboa's Answer and Demand for Jury Trial  (1:20-CV-00323-LHR)

25.   In response to paragraphs 50-52 of the 5AC, Defendants deny the allegations of these paragraphs.

## X.   RESPONSE TO FIFTH CLAIM FOR RELIEF

26.   In response to paragraph 53 of the 5AC, Defendants incorporate their responses to paragraphs 1-52, above.

27.   In response to paragraphs 54-56 of the 5AC, Defendants deny the allegations of these paragraphs.

## XI.   RESPONSE TO SIXTH CLAIM FOR RELIEF

28.   In response to paragraph 57 of the 5AC, Defendants incorporate their responses to paragraphs 1-56, above.

29.   In response to paragraphs 58-61 of the 5AC, Defendants deny the allegations of these paragraphs.

## XII.   RESPONSE TO PRAYER

1.   In response to the prayer for relief of the Fifth Amended Complaint, Defendants deny that Plaintiffs are entitled to any relief.

2.   Except as expressly admitted, Defendants deny every allegation in the Fifth Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses:

1.   Plaintiffs and Decedent failed to mitigate their injury and damages.

2.   Decedent caused and contributed to his claimed injuries and damages through his own acts, omissions, and legal fault.

3.   Other persons, including Jaime Osuna, caused and contributed to Plaintiffs' and Decedent's claimed injuries and damages through their acts, omissions, and legal fault.

4.   Defendants are entitled to qualified immunity because Defendants' actions were objectively reasonable and did not violate any clearly established right.

5.   Defendants are entitled to statutory immunity from Plaintiffs' claims under California Government Code sections 820.2, 820.4, 820.6, 820.8, 821.6, 845.2, and 845.6.

5

Defs. Burnes, Loza, Maytubby, Munoz and Gamboa's Answer and Demand for Jury Trial  (1:20-CV-00323-LHR)

6. Plaintiffs' claims are barred in whole or in part by one or more statutes of limitations, including California Government Code sections 945.6 and 950.2, and California Civil Procedure Code section 335.1.

7. Plaintiffs have failed to present timely, relevant claims under the California Government Claims Act.

8. To the extent that Plaintiffs seek monetary damages from Defendants in their official capacities, Plaintiffs' claims are barred by the Eleventh Amendment of the United States Constitution.

## DEMAND FOR JURY TRIAL

Defendants demand under Federal Rule of Civil Procedure 38 that this matter be tried by and before a jury to the extent provided by law.

Therefore, Defendants ask that:

1. Judgment be entered in favor of Defendants and against Plaintiffs;
2. Plaintiffs take nothing under the Fifth Amended Complaint;
3. Defendants be awarded costs of suit incurred;
4. Defendants be awarded attorneys' fees; and
5. Defendants be awarded such other relief that the Court may deem just and proper.

Dated: March 12, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

*/s/ Jeremy Duggan*
JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Defendants*
*Burnes, Loza, Munoz, Gamboa, and Maytubby*

SA2019101902
38324307.docx

6

Defs. Burnes, Loza, Maytubby, Munoz and Gamboa's Answer and Demand for Jury Trial  (1:20-CV-00323-LHR)

# CERTIFICATE OF SERVICE

| Case Name: | **Dora Solares v. Ralph Diaz, et al.** | No. | **1:20-CV-00323-LHR** |
|---|---|---|---|

I hereby certify that on <u>March 12, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> **DEFENDANTS BURNES, LOZA, MAYTUBBY, MUNOZ, AND GAMBOA'S ANSWER TO FIFTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 12, 2025</u>, at Sacramento, California.

| K. Vitalie | */s/ K. Vitalie* |
|---|---|
| Declarant | Signature |

SA2019101902
38328919.docx