J. RANDALL ANDRADA, SBN 70000
randrada@andradalaw.com
LYNNE G. STOCKER, SBN 130333
lstocker@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
1939 Harrison Street, Suite 612
Oakland, California  94612
Tel.:   (510) 287-4160 / Fax: (510) 287-4161

Attorneys for Defendant
L. SILVA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DORA SOLARES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:20-CV-00323-LHR-BAM<br><br>**DEFENDANT SILVA'S REPLY TO OPPOSITION TO MOTION TO DISMISS CLAIM FOR FAILURE TO SUMMON MEDICAL CARE**<br><br>Hon. Lee H. Rosenthal |

**INTRODUCTION**

According to the weight of authority in the Ninth Circuit, a party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding without explanation. A liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Regardless of the contradictory allegations, there are no allegations in the Fifth Amended Complaint ("5AC") that Correctional Officer Silva "actually saw" Romero's medical condition or that Romero's medical condition was "obvious." The *exception* to the immunity under Govt. Code § 845.6 does not apply. Plaintiff still fails to plead facts showing that Defendant Silva knew or had reason to know that Romero needed immediate medical care. The section 845.6 claim should be dismissed without leave to amend.

1

# ARGUMENT

## I.  Standard on 12(b)(6) Motions to Dismiss

"The standard used to evaluate a motion to dismiss is a liberal one. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

## II.  A Party May Not Assert Contradictory Allegations

In *Reddy v. Litton Industries, Inc.,* 912 F.2d 291 (9th Cir.1990), the Ninth Circuit upheld the dismissal of an insufficient complaint without leave to amend because no amendment consistent with prior pleadings could cure the insufficiency. *Reddy* made its reason clear: "Although leave to amend should be liberally granted, the amended complaint may only allege 'other facts consistent with the challenged pleading.' " *Id*. at 296–97 (quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co*., 806 F.2d 1393, 1401 (9th Cir.1986)).

The Ninth Circuit has cited *Reddy* for this proposition as recently as *IV Sols., Inc. v. Empire Healthchoice Assurance, Inc.,* No. 20-56132, 2021 WL 5492974, at *1 (9th Cir. Nov. 23, 2021) and in *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). The United States District Court for the Eastern District of California has cited *Reddy* for this proposition as recently as *Original Sixteen to One Mine, Inc. v. Quartzview, Inc*., No. 2:23-CV-00376-TLN-DB, 2024 WL 1344596, at *3 (E.D. Cal. Mar. 29, 2024)(Plaintiff cautioned that any subsequently amended complaint must not allege facts inconsistent with the original complaint.)

In 2024, the Ninth Circuit rejected a party's attempt on appeal to eliminate the distinction between their proprietary websites and the copies of such websites as alleged in the original complaint. *Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962, 968 (9th Cir. 2024)(citing *Airs Aromatics LLC v. Op. Victoria's Secret Stores Brand Mgmt., Inc*., 744 F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to directly contradic[t] an assertion made in the same proceeding.") (internal quotation marks and citation omitted, alteration in original).

Plaintiff relies on *PAE Gov't Servs., Inc. v. MPRI, Inc.,* 514 F.3d 856 (9th Cir. 2007) for the proposition that inconsistent or even contradictory allegations may be made in successive pleadings. However, Ninth Circuit Judge Canby disagrees. In his concurring opinion in *Shirley v. Univ. of*

2

*Idaho, Coll. of L.*, 800 F.3d 1193 (9th Cir. 2015), Circuit Judge Canby opines, "In my view, *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856 (9th Cir.2007), is irreconcilable with *Reddy* and its rationale. *Shirley,* 800 F.3d at 1195(Canby, CJ, concurring). Because the *Shirley* Panel concluded that the proposed amended complaint offered by Shirley was not actually inconsistent with his prior pleadings, there was no reason to call for an *en banc* rehearing to address the inconsistency in their precedent. *Id.*

Here, Plaintiff's new allegations in the Fifth Amended Complaint that contradict his allegations and judicial admissions in the previous Complaint should be disregarded.

### III. The Complaint Fails to State Facts Sufficient under Govt. Code § 845.6

Even if considering Plaintiff's contradictory allegations for purposes of this motion to dismiss, the allegations of "loud, unusual noises coming from inside the cell that signaled a violent attack was occurring, and "loud sounds of other inmates commenting on the violence within the Romero/Osuna cell," are insufficient under § 845.6.

Plaintiff's new allegations that Defendant Silva **could not help but hear** the unavoidably loud sounds of yelling and screaming which **could be heard from the areas outside the cells** need not be accepted as true. (Emphasis added.) The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal citations and quotations omitted).

Govt. Code § 845.6 provides absolute immunity "except for the situation of a failure to provide medical care [of] a prisoner in **obvious** need of such care." *Lucas v. City of Long Beach*, 60 Cal. App. 3d 341, 349 (1976) (emphasis in original).

"Liability under section 845.6 is limited to serious and **obvious** medical conditions requiring immediate care." *Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006)(emphasis added). In situations where the need for medical care is unknown, the public employee is immune from liability. *Arias v. Cnty. of Los Angeles*, No. CV2106865MWFKES, 2022 WL 1557057, at *3 (C.D. Cal. Mar. 29, 2022, citing *Lawson v. Superior Ct.*, 180 Cal.App.4th 1372, 1383 (2010).

See, *Jack v. Cty. of Stanislaus*, No. 1:17-CV-0520-AWI-SAB, 2017 WL 4123930, at *13 (E.D. Cal. Sept. 15, 2017) (dismissing § 845.6 cause of action where there were no allegations that

the officers "actually saw" the inmate's symptoms or condition; "If [the officers] did not actually see these symptoms or Jack's condition, then they neither knew [ ] nor did they have reason to know that Jack needed immediate medical care).")

Plaintiff conflates "notice" of "loud unusual noises" with awareness of serious and obvious medical conditions. Knowledge of "loud sounds of yelling and screaming," especially in a solitary confinement prison setting where such sounds are common, is not the same as knowledge of a need for immediate medical care. A pretrial detainee's right or a convicted prisoner's right to medical care depends on the officer being "aware that an inmate is suffering from a serious acute medical condition." *Hyde v. City of Willcox*, 23 F.4th 863, 873 (9th Cir. 2022); *Arias v. Cnty. of Los Angeles*, No. CV2106865MWFKES, 2022 WL 1557057, at *3 (C.D. Cal. Mar. 29, 2022)(where the need for medical care is unknown, the public employee is immune from liability). As pled, the 5AC does not state facts sufficient to allege that Defendant Silva was aware of Decedent's serious medical condition. Nor does Plaintiff state facts sufficient to allege that Romero's medical condition was obvious.

Plaintiff further conflates "obligation to perform welfare checks" pursuant to court orders with the "constructive knowledge standard of § 845.6." As a matter of law, knowledge of an obligation to perform safety checks (and the failure to conduct safety checks) does not signify knowledge of a serious and obvious medical condition.

## CONCLUSION

Plaintiff's Fifth Amended Complaint (5AC) fails to state facts sufficient to demonstrate that the exception to governmental immunity under Gov't. Code ¶845.6 applies to Defendant Silva. The 5AC fails to state facts sufficient to show that Defendant Silva may be held liable for failure to summon medical care. For the foregoing reasons, defendant Silva respectfully requests that the Court grant his motion to dismiss the Sixth Claim for Relief without leave to amend.

Dated:   March 31, 2025                     **ANDRADA & ASSOCIATES**

                                            */s/ Lynne G. Stocker*
                                        By _____
                                            LYNNE G. STOCKER
                                            Attorneys for Defendant SILVA

4