Rob Bonta, State Bar No. 202668
Attorney General of California
Jon S. Allin, State Bar No. 155069
Supervising Deputy Attorney General
Jeremy Duggan, State Bar No. 229854
Deputy Attorney General

 Telephone: (916) 210-6008
 Fax: (916) 324-5205
 E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendants
Pena, Garcia, and Gallemore*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,**<br><br>                              Plaintiff,<br><br>          v.<br><br>**RALPH DIAZ, et al.,**<br><br>                              Defendants. | 1:20-CV-00323-LHR<br><br>**DEFENDANTS L. PENA, J. GARCIA, AND B. GALLEMORE'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

Plaintiff Solares attempts to state a claim against correctional officers Pena, Garcia, and Gallemore ("Defendants") for failure to summon medical care under California Government Code section 845.6. For liability to attach under the statute, a defendant must either know or have "reason to know" that an inmate is in need of immediate medical care. Plaintiff argues that the Fifth Amended Complaint's allegation that Defendants heard sounds of yelling and screaming from Decedent's cell are sufficient to meet the "reason to know" standard. Plaintiff is wrong. As stated by the California Supreme Court, "reason to know" exists where the facts in the official's possession would have led a person of ordinary intelligence to infer the existence of the ultimate fact at issue. Knowledge of "yelling and screaming" in a cell is not the same as knowledge of an

1

Defs.' Reply in Support of Motion to Dismiss Fifth Am. Compl. (1:20-CV-00323-LHR)

inmate's need for immediate medical care, and Plaintiff fails to allege facts sufficient to support the required knowledge.

Section 845.6 provides a narrow exception to the general rule that California prison staff are not liable for failure to provide medical care to inmates. Applying the correct "reason to know" analysis, the fifth amended complaint fails to plead facts stating a claim under section 845.6. Plaintiff's section 845.6 claims should be dismissed, and because Plaintiff has now failed in two attempts to state a claim for section 845.6 liability against these Defendants, the dismissal should be without leave to amend.

## I.   PLAINTIFF IGNORES THE PROPER "REASON TO KNOW" STANDARD.

Plaintiff attempts to sue Defendants under the narrow exception to California Government Code section 845.6's general rule that neither a public entity nor a public employee is liable for injury resulting from "the failure of [a public] employee to furnish or obtain medical care for a prisoner in his custody." Cal. Gov. Code § 845.6. The exception applies "if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." *Id.*

"A narrow reading of [the section 845.6 exception] is compelled as a matter of statutory interpretation." *Castaneda v. Dep't of Corr. & Rehab.*, 212 Cal. App. 4th 1051, 1071 (2013). For liability to attach, a public employee must have "actual or constructive knowledge that the prisoner is in need of immediate medical care." *Watson v. State of California*, 21 Cal.App.4th 836, 841 (1993). The California Supreme Court defines constructive knowledge under the reason to know standard as follows:

> in determining whether an actor was in possession of the constructive knowledge described by the 'reason to know' standard, we ask whether, after examining the facts in the actor's possession, a reasonable person of ordinary intelligence—or, in the particular circumstance, a person of superior intelligence—would have inferred the existence of the ultimate fact at issue or regarded its existence as so highly probable as to conduct himself or herself as if it did exist.

*Doe v. City of L.A.*, 42 Cal. 4th 531, 547, (2007); *see also John B. v. Superior Court,* 38 Cal. 4th 1177, 1191 (2006) (the reason to know standard does not impute knowledge of facts to the actor).

2

Defs.' Reply in Support of Motion to Dismiss Fifth Am. Compl.  (1:20-CV-00323-LHR)

> A 'reason to know' standard does not require proof that a person must have inferred the existence of the ultimate fact but only, under the circumstances described above, that a person would have inferred the existence of the ultimate fact or would have regarded the existence of the ultimate fact as so highly probable as to have behaved in conformity with that belief.

*Doe,* 42 Cal. 4th at 547.

Defendants' motion pointed out that the California Supreme Court's analysis in the *Doe* matter meant that Plaintiff's attempt to state a section 845.6 claim in the Fifth Amended Complaint failed. (Defs.' Mem. of P. & A. at 5-6, ECF No. 140-1; *see also* Fifth Am. Compl., ECF No. 134 (5AC).) But Plaintiff's opposition does not mention or even cite *Doe*. (*See* Pl.'s Opp'n at 1-7, ECF No. 143 (not citing the *Doe* matter).) Instead, Plaintiff improperly relies on federal district court cases (which also did not address *Doe*) in attempting to interpret this matter of California law. (*See* Pl.'s Opp'n at 4 (citing *Estate of Spratt v. County of Riverside*, 2024 U.S. Dist LEXIS 35716 (C.D. Cal. Feb. 29, 2024), and *Estate of Abdollahi v. County of Sacramento*, 405 F. Supp. 2d 1194 (E.D. Cal. 2005)).

"When interpreting state law, federal courts are bound by decisions of the state's highest court. In the absence of such a decision, a federal court must predict how the highest state court would decide the issue." *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018). Here, the California Supreme Court has clearly stated that the "reason to know" species of constructive knowledge is analyzed by examining the facts in the actor's possession and determining whether a reasonable person would have inferred the ultimate fact. *Doe*, 42 Cal. 4th at 546-47; *John B.,* 38 Cal. 4th at 1191. As set forth below, when the proper standard is applied to the facts pled in the 5AC, no section 845.6 claim is stated.

**II.   THE NEW FACTS PLED IN THE 5AC DO NOT SAVE THE COMPLAINT.**

The 5AC asserts Defendants Pena, Garcia, and Gallemore heard "loud sounds of yelling and screaming coming from the Romero/Osuna cell" and that other inmates "yelled about the attack occurring inside the cell." (5AC ¶ 21.) Even taking Plaintiff's unlikely story as true, the 5AC does not state a claim under section 845.6. Knowledge of yelling and screaming in a cell is not the same as knowledge of a need for immediate medical care.

3

Defs.' Reply in Support of Motion to Dismiss Fifth Am. Compl.  (1:20-CV-00323-LHR)

To state a claim, Plaintiff must plead facts showing that Defendants had reason to know of Decedent's need for immediate *medical care*. Cal. Gov. Code § 845.6. As stated above, the California Supreme Court defines reason to know as whether the person actually knew sufficient facts to infer the existence of the ultimate fact at issue (in this case, that Decedent Romero required immediate medical care). *See Doe v. City of L.A.*, 42 Cal. 4th at 547; *see also John B. v. Superior Court,* 38 Cal. 4th 1177, 1191 (2006) (the reason to know standard does not impute knowledge of facts to the actor).

Here, even with the new allegations regarding yelling and screaming coming from the cell, the 5AC does not plead that Defendants knew of any facts that would have led them to infer the existence of Decedent's immediate medical need. (*See generally* 5AC.) While the supposed yelling and screaming could lead to the inference that something was happening in the cell, it does not show that the officers knew that Decedent needed immediate medical care. (*See* 5AC ¶ 21.) Indeed, the 5AC does not allege facts showing that any Defendant knew anything about Romero's medical condition until the next morning, when Romero had died. (*See* 5AC ¶ 1 ("In the early morning hours of March 9, 2019, Corcoran officials finally looked on the other side of the bedsheet.").)

Plaintiff asserts that the allegations in the 5AC are sufficient because it pleads that the noises coming from Decedent's cell "signaled a violent attack was occurring." (*See* Pl.'s Opp'n at 5 (citing 5AC ¶ 58).) However, even if one could infer that an altercation was occurring, an altercation is not the same as a need for "immediate medical care." Because the 5AC fails to allege *facts* showing that Defendants had "reason to know" that Decedent needed immediate medical care, or indeed anything about Romero's medical condition, the section 845.6 claims should be dismissed.

### III. THE CASES PLAINTIFF CITES ARE INAPPOSITE

In opposition to dismissal, Plaintiff relies primarily on the district court's decision in *Estate of Spratt*, 2024 U.S. Dist. LEXIS 35761 (C.D. Cal. 2024). First, *Estate of Spratt* can be distinguished. There, the district court found that Plaintiff stated a claim where the complaint asserted that officers were informed that there was a fight in a cell, officers told the participants to

4

Defs.' Reply in Support of Motion to Dismiss Fifth Am. Compl.  (1:20-CV-00323-LHR)

1 | stop fighting, and officers observed blood in the cell, but did not summon medical care. *Id.* at *4,
2 | *16. By contrast here, the only allegation against Defendants is that they heard yelling and
3 | screaming, not that they knew there was a fight or observed any sign of an immediate need for
4 | medical care. (*See* 5AC ¶ 21.)
5 |       Moreover, to the extent *Estate of Spratt* is interpreted to support a finding that a section
6 | 845.6 claim can be stated without the officer knowing facts that support an inference that an
7 | immediate need for medical care exists, it was wrongly decided. The court in *Estate of Pratt* did
8 | not analyze *Doe* or review the proper standard for "reason to know" established by the California
9 | Supreme Court in 2006. Accordingly, its analysis of the standard to state a section 845.6 claim
10 | under a "reason to know" analysis has little weight. *See PSM Holding Corp.* 884 F.3d at 820.
11 |       Plaintiff next cites *Estate of Abdollahi*, F.Supp. 2d at 1216, for the premise that
12 | "circumstantial evidence" was enough to defeat summary judgment in a section 845.6 case. (Pl.'s
13 | Opp'n at 4.) First, Plaintiff's argument misses the point — on a motion to dismiss, no evidence is
14 | being presented, whether circumstantial or otherwise. Second, the case is distinguishable because
15 | in *Estate of Abdollahi* the facts put forward by Plaintiff were that the officer had been told by
16 | another officer that an inmate was a suicide risk and had then observed the inmate with a torn
17 | sheet around his neck, i.e., a condition requiring an immediate medical response. *Estate of*
18 | *Abdollahi*, F.Supp. 2d at 1216. Here, by contrast, there are no allegations of Defendants ever
19 | observing Decedent's medical condition. (*See generally* 5AC.) Third, *Estate of Abdollahi* was
20 | decided in 2005, before the California Supreme Court's decisions in *Doe* and *John B.*, therefore
21 | any analysis of the "reason to know" standard under California law in *Abdollahi* were superseded
22 | by the later decisions of the California Supreme Court.
23 |       Plaintiff also cites *Lucas v. Cty. of Los Angeles,* 47 Cal. App. 4th 277 (1996) to argue that
24 | "[w]hether a public employee . . . has reason to know of a prisoner's need for immediate care is
25 | an objective standard." (Pl.'s Opp'n at 5.) *Lucas* did not, as Plaintiff suggests, pronounce a
26 | "should have known" standard for section 845.6. Rather, *Lucas* reiterated the standard that the
27 | "duty to provide medical care to prisoners is limited to 'cases where there is *actual or*
28 | *constructive knowledge* that the prisoner is in need of *immediate* medical care.'" *Lucas,* 47 Cal.

5

Defs.' Reply in Support of Motion to Dismiss Fifth Am. Compl.  (1:20-CV-00323-LHR)

App. 4th at 288 (emphasis in original) (quoting *Watson v. State of California*, 21 Cal.App.4th 836, 841 (1993).). As stated by the California Supreme Court in *Doe*, the "species of constructive knowledge" invoked by the "reason to know" language is objective with regard to the *inferences drawn from* the facts known to the actor, but subjective as regards the facts in the actor's possession. *Doe*, 42 Cal. 4th at 546-47 ("we ask whether, after examining the facts *in the actor's possession*, a reasonable person of ordinary intelligence . . . would have inferred the existence of the ultimate fact at issue" (emphasis supplied).)

Plaintiff also cites *Horton v. City of Santa Maria*, 915 F.3d 592, 605 (9th Cir. 2019), to suggest that the proper test is whether the official "reasonably should know" that the prisoner requires immediate medical care. (Pl.'s Opp'n at 5.) In the passage Plaintiff cites, the Ninth Circuit was not attempting to analyze the "reason to know" standard; instead, the phrase simply introduced an ensuing quotation of the statute itself. Indeed, later in the opinion, the *Horton* panel stated the proper test. *Horton*, 915 F.3d at 608 ("A trier of fact should be permitted to determine whether the information Officer Brice *had* should have given rise to knowledge of [the] need for immediate medical care." (emphasis added; internal quotation marks omitted).)

Because the 4AC fails to allege any facts showing that Defendants had "reason to know" that Decedent needed immediate medical care, the section 845.6 claims should be dismissed.

IV. **PLAINTIFF'S ARGUMENT REGARDING ENTITLEMENT TO CELL CHECKS ALSO FAILS.**

Plaintiff argues that "the failure to comply with an obligation to perform safety checks can establish the 'reason to know' constructive knowledge standard of § 845.6." (Pl.'s Opp'n at 7.) As stated above, under California law, constructive knowledge exists under a "reason to know" standard only where facts actually in the actor's possession — i.e., not facts that they theoretically *should* have had — would have led a person of ordinary intelligence to infer the existence of the ultimate fact at issue, here the need to summon immediate medical care. *See, e.g., Doe,* 42 Cal. 4th at 547; *see also John B.*, 38 Cal. 4th at 1191. Accordingly, the obligation to conduct cell checks cannot create the requisite constructive knowledge, only facts actually in the defendant's possession can do that. *See Doe,* 42 Cal. 4th at 547. Because the 5AC does not allege that

6

Defs.' Reply in Support of Motion to Dismiss Fifth Am. Compl.  (1:20-CV-00323-LHR)

Defendants knew facts sufficient to lead to the conclusion that Decedent was in need of immediate medical care, it fails to state a section 845.6 claim.

## CONCLUSION

The facts alleged in this case do not support a claim for failure to summon medical care. As alleged in the 5AC, Defendants did not know, and had no reason to know, that Decedent needed "immediate medical care." While Plaintiff may state a claim for other causes of action, the section 845.6 claims fail, and should be dismissed without leave to amend.

Dated: April 7, 2025                                Respectfully submitted,

                                                    ROB BONTA
                                                    Attorney General of California
                                                    JON S. ALLIN
                                                    Supervising Deputy Attorney General


                                                    */s/Jeremy Duggan*
                                                    JEREMY DUGGAN
                                                    Deputy Attorney General
                                                    *Attorneys for Defendants*
                                                    *Pena, Garcia, and Gallemore*

SA2019101902

7

Defs.' Reply in Support of Motion to Dismiss Fifth Am. Compl.  (1:20-CV-00323-LHR)

# CERTIFICATE OF SERVICE

| Case Name: | **Dora Solares v. Ralph Diaz, et al.** | No. | **1:20-CV-00323-LHR** |
|---|---|---|---|

I hereby certify that on <u>April 7, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS L. PENA, J. GARCIA, AND B. GALLEMORE'S REPLY IN SUPPORT OF MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>April 7, 2025</u>, at San Francisco, California.

| G. Guardado | */s/ G. Guardado* |
|---|---|
| Declarant | Signature |

SA2019101902
44579060.docx