Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiff Dora Solares

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA SOLARES, an individual<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, in his official capacity, KENNETH CLARK, in his official capacity, JOSEPH BURNS, in his individual and official capacity, and DOES 1 TO 15,<br><br>Defendants. | Case No. 1:20-cv-00323-LHR<br><br>**PLAINTIFF'S OPPOSITION TO RESPONDENT'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND DEADLINE TO RESPOND TO PROVIDE COURT WITH AN UPDATED PRIVILEGE LOG**<br><br>Judge: Hon. Lee H. Rosenthal<br>Case Filed: March 2, 2020 |

Plaintiff Dora Solares hereby opposes Respondent's Motion for Administrative Relief to Extend Deadline to Respond to Provide Court with an Updated Privilege Log. *See* Dkt. No. 153. Plaintiff filed this action on March 2, 2020. *See* Dkt. No. 1. For twenty-two months, no district judge was assigned to this case. *See* Dkt. No. 43. Defendant Burnes filed at least three different motions to dismiss on this case. *See* Dkt. Nos. 12, 17, 47. Plaintiff first propounded Requests for Production of Documents to defendant Burnes in March 2021. Defendant refused to respond until this case was at issue. Once at issue, Plaintiff propounded Requests for Production of Documents

1

1  (RFP), Requests for Admissions, and Interrogatories on August 18, 2023.

2        On March 20, 2025, Plaintiff's counsel served on Respondent California
3  Department of Corrections and Rehabilitation (CDCR) a subpoena to produce
4  documents and records that contain, refer to, or describe inculpatory or confessional
5  statements made by Jaime Osuna about his desire to kill or inflict violence. Some of
6  these records implicate Mr. Osuna's mental health records. The issue of mental health
7  records is not novel to this case:

8        On June 26, 2024, the Court heard argument on discovery disputes and ordered
9  plaintiff to "provide a proposed order compelling production of the disputed mental
10 health records. *See* Dkt. No. 93. On July 6, 2024, Plaintiff submitted a Proposed Order
11 Re: Release of Mental Health Records. *See* Dkt. No. 93. Plaintiff raised that issue of the
12 release of mental health records on December 11, 2024, with another filing regarding a
13 Proposed Order Re: Mental Health Records. *See* Dkt. No. 119. Plaintiff again raised the
14 issue of the release of mental health records on February 7, 2025, filing another
15 Proposed Order Re: Mental Health Records. *See* Dkt. No. 131. During all this time,
16 Defendant Burnes, who is represented by the same Deputies Attorney General as
17 Respondent CDCR, was on notice of Plaintiff's intention to obtain statements by Mr.
18 Osuna about his homicidal ideations. On April 24, 2025, the Court heard argument on
19 this exact issue and the Court held that CDCR "must produce to the court an updated
20 privilege log in response to the plaintiff's subpoena." *See* Dkt. No. 150.

21       Plaintiff recognizes that individual DAG David Kuchinsky has since worked
22 diligently.  However, given that Defendant Burnes and CDCR have known about
23 Plaintiff seeking statements within Osuna's mental health records for over a year, it is
24 odd that the search is just commencing.

25       Respondent's motion states that Mr. Kuchinsky spoke with the litigation
26 coordinator at Corcoran-CSP "regarding obtaining the information ordered by the
27 Court." *See* Dkt. No. 153 at p. 2. This is odd for several reasons. For one, in response
28 to Plaintiff's subpoena, a CDCR did not even begin to look for responsive documents

it just made objections, and only began looking for responsive documents after April 24, 2025. Second, CDCR engages in internal bureaucratic finger-pointing once the belated search for documents commenced, informing Mr. Kuchinsky on April 25, 2025, that "the request needed to be made at a headquarters level, rather than the institution itself." *See* Dkt. No. 153 at p. 2 Then on April 29, 2025, Mr. Kuchinsky was informed that documents must be sought "at the institutional level." *Id.* at 3. At this point, the best CDCR can do is to state that it "had determined the correct division and submitted the request, but would not have the results back by May 14, 2025." *Id.* at 4.

In short, CDCR is asking for an extension for a delay it caused, as CDCR admits it did not seek out responsive documents prior to the April 24, 2025, hearing. Plaintiff has suffered ample delay in obtaining records and will be prejudiced in conducting its deposition of Defendant LCSW Kyle/Maytubby. As of now, Plaintiff cannot impeach or question Kyle about key documents because CDCR has not even located and produced these documents to its own counsel. In addition, Plaintiff's deposition of Kyle will be hamstrung since CDCR has not provided responsive to the Court for an *in camera* review, let alone to Plaintiff's counsel so that Kyle can be questioned on them in her deposition. At this point, the deposition of Kyle/Maytubby will be commenced on May 15, 2025, but will not be able to conclude without production of these documents. Further delay in production will only further delay the resumption of Kyle's deposition. Beyond Kyle's deposition is the larger issue, that key documents potentially damning to defendants have remained unsearched, unidentified and unproduced despite multiple types of notice. Any further delay is simply not reasonable.

DATED: May 14, 2025                     Respectfully submitted,


                                        */s/ Erin Darling*

                                        ERIN DARLING
                                        Attorney for Plaintiff, Dora Solares

3