J. RANDALL ANDRADA, SBN 70000
randrada@andradalaw.com
LYNNE G. STOCKER, SBN 130333
lstocker@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
1939 Harrison Street, Suite 612
Oakland, California 94612
Tel.:    (510) 287-4160 / Fax: (510) 287-4161

Attorneys for Defendant
L. SILVA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DORA SOLARES,<br><br>             Plaintiff,<br><br>      v.<br><br>RALPH DIAZ, et al.,<br><br>             Defendants. | Case No.: 1:20-CV-00323-LHR-BAM<br><br>**DEFENDANT SILVA'S ANSWER TO FIFTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL** |

COMES NOW defendant SILVA who responds to Plaintiff's Fifth Amended Complaint ("5AC") (ECF No. 134) filed on February 26, 2025.[1]  Pursuant to Rule 8(b)(3), Federal Rules of Civil Procedure, said answering Defendant generally denies all of the allegations of the SAC except for those allegations that are expressly admitted.

### INTRODUCTION

1.       Responding to Paragraph 1 of the 5AC, Defendant admits that in March 2019, Luis Romero was murdered by his cellmate, Jaime Osuna, at California State Prison-Corcoran. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

/ /

---

[1] Plaintiff was granted leave to amend the FAC to add Silva as a DOE defendant on June 26, 2024. ECF No. 93.

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

**JURISDICTION AND VENUE**

2.      Responding to Paragraph 2 of the 5AC, Defendant admits that jurisdiction is proper in this court under 28 U.S.C. § 1331, and that supplemental jurisdiction over the state-law claims is proper under 28 U.S.C. § 1367. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

3.      Responding to Paragraph 3 of the 5AC, Defendant admits that venue is proper in this court under 28 U.S.C. § 1391. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them.

**PARTIES**

4.      Responding to Paragraph 4 of the 5AC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

5.      Responding to Paragraph 5 of the 5AC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

6.      Responding to Paragraph 6 of the 5AC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them.

7.      Responding to Paragraph 7 of the 5AC, Defendant admits that he is a Correctional Officer employed by the California Department of Corrections and Rehabilitation (CDCR) and was employed at California State Prison, Corcoran (CSP-COR) in March 2019.  Defendant is informed and believes that Burnes was a correctional sergeant employed by the CDCR and was employed at CSP-COR in March 2019, that Pena was a correctional officer employed by the CDCR and was employed at CSP-COR in March 2019, that Gallemore was a correctional officer employed by the CDCR and was employed at CSP-COR in March 2019, and that Garcia was a correctional officer employed by the CDCR and was employed at CSP-COR in March, 2019. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

8.      Responding to Paragraph 8 of the 5AC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

2

9.        Responding to Paragraph 9 of the 5AC, Defendant admits that he is a Correctional Officer employed by the California Department of Corrections and Rehabilitation (CDCR) and was employed at California State Prison, Corcoran (CSP-COR) in March 2019.  Defendant is informed and believes that Burnes was a correctional sergeant employed by the CDCR and was employed at CSP-COR in March 2019, that Pena was a correctional officer employed by the CDCR and was employed at CSP-COR in March 2019, that Gallemore was a correctional officer employed by the CDCR and was employed at CSP-COR in March 2019, and that Garcia was a correctional officer employed by the CDCR and was employed at CSP-COR in March, 2019. Defendant lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

10.        Responding to Paragraph 10 of the 5AC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

11.        Responding to Paragraph 11 of the 5AC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

12.        Responding to Paragraph 12 of the 5AC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.        Responding to Paragraph 13 of the 5AC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

### FACTS

**A.        The Decision to Place Luis Romero in Jaime Osuna's Cell**

14.        Responding to Paragraph 14 of the 5AC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them. To the extent

**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION

that the paragraph states legal theories and conclusions, no response is required.

15.    Responding to Paragraph 15 of the 5AC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

16.    Responding to Paragraph 16 of the 5AC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

17.    Responding to Paragraph 17 of the 5AC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

18.    Responding to Paragraph 18 of the 5AC, Defendant denies the allegations.

19.    Responding to Paragraph 19 of the 5AC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

**B.    The Failure to Conduct Safety Checks**

20.    Responding to Paragraph 20 of the 5AC, Defendant denies the allegations.

21.    Responding to Paragraph 21 of the 5AC, Defendant denies the allegations.

22.    Responding to Paragraph 22 of the 5AC, Defendant denies the allegations.

23.    Responding to Paragraph 23 of the 5AC, Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations and on that basis denies them. To the extent that the paragraph states legal theories and conclusions, no response is required.

**DAMAGES**

24.    Responding to Paragraph 24 of the 5AC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

25.    Responding to Paragraph 25 of the 5AC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

26.    Responding to Paragraph 26 of the 5AC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

27.     Responding to Paragraph 27 of the 5AC, Defendant denies the allegations. To the extent that the paragraph states legal theories and conclusions, no response is required.

28.     Responding to Paragraph 28 of the 5AC, 14, Defendant denies the allegations.

**FIRST CLAIM FOR RELIEF**

29.     Responding to Paragraph 29 of the 5AC, Defendant incorporates by reference the above responses to Paragraphs 1-28 of the 5AC.

30.     Responding to Paragraph 30 of the 5AC, Defendant denies the allegations.

31.     Responding to Paragraph 31 of the 5AC, Defendant denies the allegations.

32.     Responding to Paragraph 32 of the 5AC, Defendant denies the allegations.

33.     Responding to Paragraph 33 of the 5AC, Defendant denies the allegations.

**SECOND CLAIM FOR RELIEF**

34.     Responding to Paragraph 34 of the 5AC, Defendant incorporates by reference the above responses to Paragraphs 1-33 of the 5AC.

35.     Responding to Paragraph 35 of the 5AC, Defendant denies the allegations.

36.     Responding to Paragraph 36 of the 5AC, Defendant denies the allegations.

37.     Responding to Paragraph 37 of the 5AC, Defendant denies the allegations.

38.     Responding to Paragraph 38 of the 5AC, Defendant denies the allegations.

39.     Responding to Paragraph 39 of the 5AC, Defendant denies the allegations.

40.     Responding to Paragraph 40 of the 5AC, Defendant admits that Plaintiff is entitled to seek attorneys' fees and denies that Plaintiff is entitled to recover attorneys' fees. Defendant denies the remaining allegations.

**THIRD CLAIM FOR RELIEF**

41.     Responding to Paragraph 41 of the 5AC, Defendant incorporates by reference the above responses to Paragraphs 1-40 of the 5AC.

42.     Responding to Paragraph 42 of the 5AC, Defendant denies the allegations.

43.     Responding to Paragraph 43 of the 5AC, Defendant denies the allegations.

44.     Responding to Paragraph 44 of the 5AC, Defendant denies the allegations.

45.     Responding to Paragraph 45 of the 5AC, Defendant denies the allegations.

**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION

5

1    46.    Responding to Paragraph 46 of the 5AC, Defendant denies the allegations.

2    47.    Responding to Paragraph 47 of the 5AC, Defendant denies the allegations. To the

3  extent that the paragraph states legal theories and conclusions, no response is required.

4    48.    Responding to Paragraph 48 of the 5AC, Defendant denies the allegations.

5                        **FOURTH CLAIM FOR RELIEF**

6    49.    Responding to Paragraph 49 of the 5AC, Defendant incorporates by reference the

7  above responses to Paragraphs 1-48 of the 5AC.

8    50.    Responding to Paragraph 50 of the 5AC, Defendant denies the allegations. To the

9  extent that the paragraph states legal theories and conclusions, no response is required.

10    51.    Responding to Paragraph 51 of the 5AC, Defendant denies the allegations. To the

11  extent that the paragraph states legal theories and conclusions, no response is required.

12    52.    Responding to Paragraph 52 of the 5AC, Defendant denies the allegations

13                        **FIFTH CLAIM FOR RELIEF**

14    53.    Responding to Paragraph 53 of the 5AC, Defendant incorporates by reference the

15  above responses to Paragraphs 1-52 of the 5AC.

16    54.    Responding to Paragraph 54 of the 5AC, Defendant denies the allegations.

17    55.    Responding to Paragraph 55 of the 5AC, Defendant denies the allegations.

18    56.    Responding to Paragraph 56 of the 5AC, Defendant denies the allegations. To the

19  extent that the paragraph states legal theories and conclusions, no response is required.

20                        **SIXTH CLAIM FOR RELIEF**

21    57.    Responding to Paragraph 57 of the 5AC, Defendant incorporates by reference the

22  above responses to Paragraphs 1-56 of the 5AC.

23    58.    Responding to Paragraph 58 of the 5AC, Defendant denies the allegations.

24    59.    Responding to Paragraph 59 of the 5AC, Defendant denies the allegations. To the

25  extent that the paragraph states legal theories and conclusions, no response is required.

26    60.    Responding to Paragraph 60 of the 5AC, Defendant denies the allegations.

27    61.    Responding to Paragraph 61 of the 5AC, Defendant denies the allegations.

28  / /

**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION

**PRAYER FOR RELIEF**

62.     Responding to the Prayer for Relief section of the 5AC, Defendant admits that Plaintiff is entitled to seek damages, but denies that Plaintiff is entitled to recover damages.

**AFFIRMATIVE DEFENSES**

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendant alleges as follows:

1.     The Complaint fails to state a cause of action upon which relief may be granted under the Eighth Amendment, the Fourteenth Amendment, California Code of Civil Procedure § 377.60, and/or under any other theory of law including, but not limited to, 42 U.S.C. § 1983.

2.     The Complaint fails to state facts sufficient to constitute a cause of action for punitive damages against Defendant.

3.     Defendant did not act with malicious intent or reckless disregard for Plaintiff's rights, and therefore is not liable for punitive damages.

4.     Plaintiff's and Decedent's claims are barred by the applicable statute of limitations as set forth in California Code of Civil Procedure §§ 335.1 *et seq*., California Government Code §§ 945.6 and 950.2, and other applicable statutes of limitations.

5.     Plaintiff's and Decedent's claims are barred because Decedent failed to exhaust his administrative remedies.

6.     Plaintiff lacks standing.

7.     Defendant is entitled to immunity or qualified immunity because he committed no constitutional violations and a reasonable person in his position would have believed his conduct was lawful.

8.     Defendant is entitled to statutory immunity from Plaintiff's claims under California Government Code §§ 820.2, 820.4. 820.6, 820.8, 821.6, 845.2, and 845.6.

9.     Plaintiff and Decedent have not been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

10.     Plaintiff failed to comply with the claim presentation requirements of the California Government Claims Act and Plaintiff's claims are barred under California Government Code § 950.2.

11.     Defendant invokes California Government Code §§ 814 through 985.

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

12. Defendant's actions were, at all times, based on legitimate penological interests and purposes.

13. Plaintiff and Decedent have suffered no actual injury due to Defendant's conduct.

14. Plaintiff and Decedent failed to mitigate their damages.

15. Plaintiff's 5AC is barred by the doctrines of waiver, estoppel, unclean hands, and laches.

16. Any act or omission on the part of Defendant was not the legal cause of Plaintiff's and Decedent's alleged injuries.

17. At all times mentioned in the 5AC, Plaintiff and Decedent acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the 5AC; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff and Decedent; that as a consequence, Plaintiff's and Decedent's claims are barred.

18. Plaintiff and Decedent were contributorily negligent; that such contributory negligence was a proximate cause of Plaintiffs' and Decedent's alleged damages, if any; said damages are therefore diminished in direct proportion to the fault attributable to Plaintiff and Decedent as compared with that of Defendant.

19. The fault of others, if any, was greater than the fault of Defendant, if in fact Defendant was at fault, and the liability, if any, of Defendant should be diminished in direct proportion to the fault, if any, attributable to those other persons or entities as compared with that of Defendant.

20. Because the 5AC is couched in conclusory terms, Defendant cannot anticipate fully all affirmative defenses that may be applicable in this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays as follows:

1. That judgment be rendered in favor of Defendant and against Plaintiff;

2. That Plaintiff take nothing by reason of the Fifth Amended Complaint;

3. That Defendant be awarded costs of suit and attorney's fees; and

4. For such other relief as this court may deem proper.

//

//

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

1

**DEMAND FOR JURY TRIAL**

2

      Defendant hereby demands a trial by jury.

3

Dated:    May 19, 2025                   **ANDRADA & ASSOCIATES**

4

5

                     */s/ Lynne G. Stocker*

By _____

6

                     LYNNE G. STOCKER

                     Attorneys for Defendant SILVA

7

8

9

10

11

12

**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28