ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
JEREMY DUGGAN, State Bar No. 229854
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6008
 Fax: (916) 324-5205
 E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Non-Party
California Department of Corrections and
Rehabilitation*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,**<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**RALPH DIAZ, et al.,**<br><br>　　　　　　　　　　Defendants. | 1:20-CV-00323-LHR<br><br>**NON-PARTY CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S NOTICE AND PRIVILEGE LOG RE: PLAINTIFF'S SUBPOENA DIRECTED TO THE OFFICE OF THE INSPECTOR GENERAL**<br><br>Date:　　　　June 24, 2025<br>Time:　　　　11:00 a.m.<br>Courtroom:　Videoconference<br>Judge:　　　The Honorable Lee H. Rosenthal<br>Action Filed: March 2, 2020 |

On May 23, 2025, the Court ordered non-party California Department of Corrections and Rehabilitation (CDCR) to review documents gathered by the California Office of the Attorney General (OIG) in response to a subpoena in this matter and provide a privilege log as to documents generated by CDCR. (Minute Order, ECF No. 162.) CDCR asserts privileges as shown in the attached privilege log.

1   CDCR notes that OIG's access to the documents listed in the attached privilege log does not result in a waiver of privilege. By statute, CDCR is required to allow OIG access to its documents, but allowing that access does "not result in the waiver of any confidentiality or privilege regarding any records or property." Cal Penal Code § 6126.5.

In addition, access to Jaime Osuna's mental health records by CDCR personnel for purposes of a confidential investigation into potential staff misconduct does not waive psychotherapist-patient privilege. That privilege can be waived only by the actions of the privilege holder (in this case Osuna). *See, e.g., Jaffee v. Redmond,* 518 U.S. 1, 15 n..14 ("Like other testimonial privileges, *the patient* may of course waive the protection." (emphasis added)); *In re Jakubaitis*, 604 B.R. 562, 573 (9th Cir. BAP 2019) (describing the two types of possible waivers of the privilege, express waiver by the patient, whether explicit or through disclosure, and implied waiver by the patient's assertion of claims); *Alatorre v. Mabus*, 2015 U.S. Dist. LEXIS 46090, *7-8 (S.D. Cal. 2015) (no waiver of privilege based on therapist's failure to assert privilege in response to subpoena). Restricted access for the purpose of employee oversight is permitted under HIPAA, including under 45 CFR 164.512(d).

Dated:  June 6, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General


/s/ *Jeremy Duggan*
JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Defendants*
*California Department of Corrections and Rehabilitation*

SA2019101902
39076528.docx