Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230
Attorneys for Plaintiff Dora Solares

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA SOLARES, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RALPH DIAZ, in his individual capacity, KENNETH CLARK, in his individual capacity, JOSEPH BURNS, in his individual, and DOES 1 TO 15, in their individual capacities<br><br>　　　　Defendants. | Case No. 1:20-cv-00323-LHR-BAM<br><br>**[AMENDED PROPOSED] ORDER RE: PLAINTIFF DORA SOLARES'S SUBPOENAS TO OIG AND CDCR** |

## ORDER

The plaintiff, Dora Solares, served a subpoena on California Department of Corrections and Rehabilitation (referred to as "CDCR Subpoena") on March 20, 2025. Plaintiff Solares served a subpoena on the Office of the Inspector General (referred to as "OIG Subpoena") on May 5, 2025. On April 3, 2025, Respondent CDCR served objections to the CDCR Subpoena on Plaintiff's counsel, specifically asserting that the documents sought by Plaintiff are protected by the psychotherapist-patient privilege. (*See* Docket Entry No. 153 at 1) On April 8, 2025, CDCR served on Plaintiff's counsel a privilege log identifying 114 withheld documents, and also produced three documents as to which CDCR did not assert psychotherapist-patient privilege. (*Id.*) On April 24,

2025, the Court held a pre-motion conference and heard arguments on discovery issues related to the production of certain statements by third-party Jaime Osuna regarding homicidal ideations that may, or may not have, been made in the context of obtaining mental health treatment.  (Docket Entry No. 150) The court ordered CDCR to produce an updated privilege log by May 14, 2025. (*See* Docket Entry No. 153 at 2) On April 29, 2025, the Court held a Status Conference and heard an update on the status of discovery issues related to the production of certain statements by third-party Jaime Osuna regarding homicidal ideations that may, or may not have, been made in the context of obtaining mental health treatment.  (Docket Entry No. 151).

On May 13, 2025, CDCR sought an extension to provide an updated privilege log to the Court on or before June 13, 2025. (*See* Docket Entry No. 153) On May 15, 2025, the Court held a Pre-Deposition Conference on the status of discovery issues related to the production of certain statements by third-party Jaime Osuna regarding homicidal ideations that may, or may not have, been made in the context of obtaining mental health treatment. (Docket Entry No. 156) The Court ordered that CDCR produce an updated privilege log by June 6, 2026, and provide the documents over which the privilege is being asserted to the Court for *in-camera* review. the Court set a hearing on June 13, 2025. (*Id.*)

On May 28, 2025, the Court held a Pre-Motion Conference and heard argument as to the OIG Subpoena and the CDCR Subpoena. (Docket Entry No. 162) The Court reset the conference scheduled for June 13, 2025, to June 17, 2025, and ordered that CDCR and OIG submit privilege logs setting forth objections to each of Solares's document requests by June 6, 2025, with the plaintiff's response to both privilege logs due June 13, 2025. (*Id.*)

On June 6, 2025, the Court reset the Pre-Motion Conference to June 24, 2025. (Docket Entry No. 164) That same date, CDCR submitted a Declaration of D. Buduru and a Privilege Log Re: Plaintiff's Subpoena to CDCR. (Docket Entry No. 166), as well as a Notice and Privilege Log Re: Plaintiff's Subpoena to the OIG (Docket Entry No.

1  167). Plaintiff filed her response to the Privilege Log Re: Plaintiff's Subpoena to CDCR
2  (Docket Entry No. 169) and her response to Privilege Log Re: Plaintiff's Subpoena to
3  the OIG (Docket Entry No. 171). On June 23, 2025, CDCR filed a Supplemental
4  Privilege Log (Docket Entry No. 172) (referred to as "CDCR Supplemental Privilege
5  Log") and Defendant Luis Silva filed a Privilege Log Re: Plaintiff's Subpoena Directed
6  to the OIG (Docket Entry No. 173) (referred to as "Silva Privilege Log"). OIG did not
7  file a Privilege log, but provided one to the parties and the Court on June 6, 2025.

8  On June 24, 2025, the Court, after reviewing *in camera* the documents identified
9  in all filed privilege logs and submitted by CDCR, held a Pre-Motion Conference with
10 counsel for Plaintiff Solares, Defendants, CDCR and OIG all present. CDCR argued
11 that the records in the privilege log are privileged psychotherapist-patient
12 communications and that the privilege has not been waived, including specifically that
13 the privilege was not waived in a competency proceeding for Osuna's criminal case.

14 The Court finds that the presumption of confidential records is overcome. The
15 documents responsive to the CDCR Subpoena are clearly relevant to the issues in this
16 case and cannot be obtained elsewhere. The privileges claimed by CDCR (third party
17 medical privacy, mental health privilege, Fed. R. Evid. 501, psychotherapist-patient
18 privilege (*Jaffee v. Redmond*, 518 U.S. 1, 10-11, 15-16 (1996)) have been waived. Jaime
19 Osuna put his mental state at issue in the state court competency proceedings.
20 Additionally, CDCR was allowed to take a position and has already provided Osuna's
21 mental health records (subject to protections) to non-CDCR employees. It is a step too
22 far to say that California statutory protections form a blanket and permanent basis for
23 keeping records unavailable to plaintiff, the Court and the finder of fact. The Court is
24 ordering production of records about Osuna's own statements regarding his violent
25 ideations, made to CDCR professionals, on or before the time that his housing was
26 reclassified in 2019. The focus is not on exposing details for the first time but on what
27 officials knew about the threat Osuna posed. CDCR is ordered to produce to counsel
28 for all parties (i.e. plaintiff Solares and defendants, but not OIG) the documents

2

responsive to the CDCR Subpoena that have been provided to the Court for its *in camera* review without redaction, within 48 hours of this order.

The produced documents are to be marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY," in accordance with the protective order. (Docket Entry No. 76). The produced mental health records are subject to the following stringent protections:

> Unless otherwise ordered by the court or permitted in writing by the Designating Party, Counsel for the Receiving Party may not disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Plaintiff Solares, members of Plaintiff's family, friends or associates of Plaintiff, or to any inmate, parolee, or person previously in the custody of CDCR or any of their relatives, friends, associates, or the public. Counsel for the Receiving Party also may not disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Defendant Burnes or any other CDCR employee unless that person otherwise qualifies to receive it under this section. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, only Counsel for the Receiving Party may have access to and review any information or item designated 'CONFIDENTIAL – ATTORNEYS' EYES ONLY.'

As to the OIG Subpoena: the OIG shall produce too all counsel documents that it produced and has in its possession, without redaction, by Friday, June 27, 2025. The Court finds that these records are relevant, not available by other means, and the need outweighs any reason why such documents should not be produced.

///

3

As to the documents identified by the CDCR responsive to the OIG subpoena (Docket Entry Nos. 167-1 and 172-1), and the documents identified by Defendant Silva in his privilege log (Docket Entry No. 173), counsel may submit briefing as follows: counsel for defendants Burnes, Loza, Gamboa, Pena, Garcia, Gallemore, and Maytubby shall submit briefing on any claims of privilege by Friday, June 27, 2025, and Plaintiff is to submit her response by July 3, 2025. Defendant Silva shall submit briefing on any privilege claim by July 7, 2025, and Plaintiff is to submit her response by July 11, 2025.

SIGNED on June ___, 2025, at Houston Texas.

_____
United States District Judge
HON. LEE H. ROSENTHAL

Presented By:

 /s/ *Erin Darling*
ERIN DARLING
Attorney for Plaintiff

4