1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JON S. ALLIN, State Bar No. 155069
   Supervising Deputy Attorney General
3  JEREMY DUGGAN, State Bar No. 229854
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 210-6008
6    Fax: (916) 324-5205
     E-mail: Jeremy.Duggan@doj.ca.gov
7  *Attorneys for Non-Party*
   *California Department of Corrections*
8  *and Rehabilitation*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,**<br><br>Plaintiff,<br><br>v.<br><br>**RALPH DIAZ, et al.,**<br><br>Defendants. | 1:20-CV-00323-LHR-BAM<br><br>**NON-PARTY CDCR'S OBJECTION TO PROPOSED ORDER (ECF NO. 177)**<br><br>Judge:        The Honorable Lee H. Rosenthal<br>Trial Date:   Not Set<br>Action Filed: March 2, 2020 |

## INTRODUCTION

Non-Party California Department of Corrections and Rehabilitation (CDCR) provides its objection to Plaintiff's Proposed Order (ECF No. 177). Under the "*Perlman* doctrine," the Proposed Order must be modified to provide a meaningful opportunity to the privilege-holder Osuna to seek review of the Order before disclosure. In particular, the language at the top of page 4, which currently reads "CDCR is ordered to produce [the documents] … within 48 hours of this order being issued," should be modified to read "CDCR is ordered to produce [the documents] … within 30 days of this order. Within 2 days of entry of this Order, CDCR shall provide notice of this Order to Osuna."

**DISCUSSION**

On June 24, 2025, the Court held a pre-motion conference to discuss two subpoenas served on non-parties by Plaintiff Solares. One subpoena was directed to non-party CDCR seeking the mental health records of non-party inmate Jaime Osuna. CDCR timely objected to production of those records based on the psychotherapist-patient privilege held by Osuna under *Jaffee v. Redmond*, 518 U.S. 1 (1996). CDCR filed a privilege log and provided the documents in question to the Court for in camera review.

At the June 24, 2025 conference, the Court found that non-party Osuna had waived privilege by putting his mental state at issue in a competency proceeding for his criminal matter. Osuna was not present or represented at the pre-motion conference, and there is no record that he or his counsel had notice of the conference or that the Court would potentially order disclosure of his records without service of a motion and an opportunity to be heard and make a full record with the participation of his counsel.[1] Having found that privilege was waived, the Court directed CDCR to produce all of the records identified in its privilege log within 48 hours of entry of a written order.

During the June 24, 2025 pre-motion conference, the Court revealed that ECF No. 117, a December 2024 docket entry listed on the docket as a "Sealed Event" was in fact objections filed by the unrepresented and incarcerated non-party Osuna against the release of his privileged mental health records. The parties, and non-party CDCR, were not aware that the sealed filing was from Osuna until the June 24, 2025 hearing, and the Court did not release a copy of the filing until June 25, 2025.

CDCR objects to the portion of the Proposed Order at pages 3-4 requiring CDCR to produce documents "within 48 hours of this order being issued." Under that language, there is no time for Osuna to respond to, or potentially seek review of, the Order. Instead, the confidential mental health records as to which he has asserted privilege would be disclosed to the parties without notice to Osuna or his criminal defense counsel. In addition to irretrievably breaching the

---

[1] Osuna's criminal prosecution for murder and imposition of the death penalty is currently ongoing.

2

psychotherapist-patient privilege, the release of these records could potentially compromise both the prosecution and the defense in Osuna's ongoing criminal case.

Instead, the Court should allow adequate time for Osuna to be served with and to respond to the Order before CDCR is required to produce documents. *See* Fed. R. App. P. 4(a)(1)(A) & 4(c) (providing thirty days after entry of an order to file a notice of appeal). Osuna has the right to seek interlocutory appellate review of the Order before his privileged mental health records are disclosed. *See In re Grand Jury Proceedings*, 867 F.2d 562, 563 (9th Cir. 1989), *abrogated on other grounds by Jaffee v. Redmond*, 518 U.S. 1 (1996) (insofar as the U.S. Supreme Court later held that the psychotherapist-patient privilege is absolute, not conditional). In *In re Grand Jury Proceedings*, the Ninth Circuit held that the "*Perlman* doctrine" allows a mental health patient to file an interlocutory appeal when psychotherapist-patient privileged records are at risk of court-ordered disclosure by a third party because, without an opportunity to seek review, the privilege holder is "powerless to avert the mischief of the order"). *In re Grand Jury Proceedings*, 867 F.2d at 564, *cited with approval in United States v. Doe Co. (In re Grand Jury Investigation)*, 966 F.3d 991, 996 (9th Cir. 2020).

Osuna was not given notice of the June 24, 2025 pre-motion conference, and he was not present. Because Plaintiff has never filed and served any actual motion concerning disclosure of Osuna's records, Osuna had no notice that the Court might order disclosure at the pre-motion conference and no opportunity to present evidence and make a full record. Thus, he must be served with notice of the Order and provided adequate time to act upon it before disclosure of his confidential mental health records.

## CONCLUSION

The Proposed Order should be modified to allow thirty days before CDCR must produce documents and notice beforehand to the privilege-holder Osuna. In particular, the language at the top of page 4, which currently reads "CDCR is ordered to produce [the documents] … within 48 hours of this order being issued," should be modified to read "CDCR is ordered to produce [the documents] … within 30 days of this order. Within 2 days of entry of this Order, CDCR shall provide notice of this Order to Osuna."

1 | Dated: June 26, 2025 | Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

*/s/ Jeremy Duggan*
JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Non-Party*
*California Department of Corrections*
*and Rehabilitation*

SA2019101902
38244735.docx

# CERTIFICATE OF SERVICE

| Case Name: | **Dora Solares v. Ralph Diaz, et al.** | No. | **1:20-CV-00323-LHR** |
|---|---|---|---|

I hereby certify that on <u>June 27, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **NON-PARTY CDCR'S OBJECTION TO PROPOSED ORDER (ECF NO. 177)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 27, 2025</u>, at Los Angeles, California.

| J. Sissov | */s/ J. Sissov* |
|---|---|
| Declarant | Signature |

SA2019101902