Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiff Dora Solares

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA SOLARES, an individual | Case No. 1:20-cv-00323-LHR |
| Plaintiff, | |
| v. | **PLAINTIFF'S OPPOSITION TO CDCR'S OBJECTION TO PROPOSED ORDER (ECF NO. 177)** |
| RALPH DIAZ, in his official capacity, KENNETH CLARK, in his official capacity, JOSEPH BURNS, in his individual and official capacity, and DOES 1 TO 15, | Judge: Hon. Lee H. Rosenthal Case Filed: March 2, 2020 |
| Defendants. | |

## I.    INTRODUCTION

**"The lady doth protest too much, methinks." -William Shakespeare,** *Hamlet*

Plaintiff Dora Solares hereby opposes California Department of Corrections and Rehabilitation (CDCR) objections to Plaintiff's Proposed Order (ECF No. 177). Plaintiff understands that CDCR and defendants really do not want to produce damning evidence of Jaime Osuna's desire to kill. However, the spaghetti that CDCR throws up against the wall with its objection will not stick. It is a matter of black-letter law that *Perlman* does not apply in the civil context. Furthermore, invoking the psychologist-patient privilege, after it has been waived, does not obviate its waiver.

## II.    *PERLMAN* IS INAPPLICABLE AND PERMITTING AN INTERLOCUTORY APPEAL WOULD BE WRONG

On June 24, 2025, the Court held a Pre-Motion Conference and ruled that CDCR must respond to Plaintiff's subpoena and produce statements reflecting Jaime Osuna's desire to kill. CDCR now argues, on Osuna's behalf, that Osuna should be served and be given time to respond to the subpoena on CDRC, and that Osuna has a right to seek an interlocutory appeal under *Perlman*. Desperate to avoid a damning production, this Hail Mary attempt falls short for a number of reasons.

First and foremost, it is a matter of black-letter law that *Perlman* does not apply to discovery orders in an ongoing civil case. As the Ninth Circuit has held, "the *Perlman* rule does not apply to render appealable discovery orders issued in an ongoing civil case." *In re National Mort. Equity Corp.*, 857 F.2d 1238, 1240 (9th Cir. 1988). Unlike in the context of a discovery dispute in a civil case, "the classic application" of *Perlman* is where the aggrieved party's motion or petition is the only pending proceeding in any federal court, such as criminal subpoenas or orders to produce documents in grand jury proceedings. *Id.* However, in an ongoing civil case where a party is aggrieved by a district court discovery order, the rationale for *Perlman* does not apply, as the privilege holder can seek recourse through post-judgment appeals. "The essential character of any litigation over a discovery order and the circumstances under which the order is issued... render it merely a step in the civil proceeding." *Id.* Of course, an order compelling discovery is not a final judgment under 28 U.S.C. § 1291.

Second, *Perlman* is an exception that should not be extended in this case, where CDCR participated in the confidential relationship upon which any claim of privilege by Osuna emerges. The Ninth Circuit in *In re Grand Jury Served upon Niren*, 784 F.2d 939 (9th Cir. 1986) (*Niren*) addressed what it called "the *Perlman* exception," to the general rule that appellate jurisdiction does not lie unless the witness has been held in contempt. In *Niren*, the Ninth Circuit expressed two reasons for the limitation of the *Perlman* exception: (1) the exception is intended to protect only those movants who are

"powerless" to control the actions of the subpoenaed third party; and (2) it is particularly inappropriate to extend the *Perlman* exception to third parties who are participants in the confidential relationship upon which the movant's claim of privilege is based. *Id.* at 941. Here, Osuna has already argued for the psychotherapist-patient privilege to apply under *Jaffee*, but that objection was filed after Osuna waived the privilege when he placed his mental health at issue. Additionally, the *Perlman* exception should not be extended to CDCR, which provided the psychological care, maintained Osuna's mental health records, and fully participated in the confidential relationship upon which any psychotherapist-patient privilege would be based. As stated in *Niren*, "the exception becomes more difficult to sustain where the target of the disclosure order is both subject to the control of the person or entity asserting the privilege and is a participant in the relationship out of which the privilege emerges." *Id.* at 941 (quoting *National Super Spuds Inc. v. N.Y. Mercantile exchange,* 591 F.2d 174, 179-80 n. 7 (2d Cir. 1979)). Here, CDCR is not just the custodian of the sought records, CDCR provided the psychological care and participated in the provider-patient relationship with Osuna of which the privilege emerges. As there is no daylight between CDCR and Osuna on this issue of privilege, so extending the *Perlman* exception is particularly inappropriate.

Caselaw makes clear that *Perlman* has been narrowed not expanded. The Supreme Court's decision in *Mohawk Industries, Inc. v. Carpenter* 558 U.S. 100 (2009) has further narrowed the scope of interlocutory appeals in privilege disputes. See *Holt-Orstead v. City of Dickson*, 641 F.3d 230 (6th Cir. 2011)("The *Mohawk* decision, however, appears to have narrowed the scope of the *Perlman* doctrine"); see also *Jones v. Riot Hosp. Grp. LLC*, 2022 U.S. App. LEXIS 3546 (quoting *Admiral Ins. Co., v. U.S. Dist. Ct.*, 881 F.2d 1486, 1490 (9th Cir. 1989) ("Discovery orders are not final appealable orders under 28 U.S.C. § 1291, and courts have refused interlocutory review of such orders under the collateral order doctrine.")). Expanding *Perlman* would fly in the face of the narrowing of interlocutory appeals post-*Mohawk*.

## III.    WAIVER

Osuna has known about Plaintiff's intentions to obtain statements of his desire to kill within his mental health records and has already asserted the psychologist-patient privilege in an objection filed in December 2024. *See* ECF Docket No. 117. Six months later, CDCR offers further delay, for Osuna to make the same argument under *Jaffee v. Redmond* that he has already made. *Id.* CDCR's latest filing misses the point here. It is not that Osuna has not objected or is not on notice of Plaintiff's intentions to obtain Osuna's homicidal ideation statements within mental health records maintained by CDCR. Rather, the Court has already addressed this on June 24, 2025, took Osuna's objections under consideration, and found that Osuna has already waived the psychologist-patient privilege and ordered production under the strict terms of the Protective Order.

## IV.    CONCLUSION

Osuna's mental health records have been in dispute for over a year. *See* ECF Docket No. 93 (June 26, 2024) (The plaintiffs will provide a proposed order compelling production of the disputed mental health records.") Plaintiffs obtained an order as to Burnes, and as ordered by the Court then subpoenaed CDCR. Having litigated and lost on the erroneous argument that *Jaffee* creates an absolute, unwaivable privilege, CDCR attempts a *Perlman* Hail Mary pass. As the law is clear, this effort must fall short. CDCR should be ordered to comply with the subpoena and provide the documents it has already provided *in camera* to the Court, within 48 hours.


DATED:  June 28, 2025                    Respectfully submitted,


                                        */s/ Erin Darling*

                                        ERIN DARLING
                                        Attorney for Plaintiff, Dora Solares


4