Rob Bonta, State Bar No. 202668
Attorney General of California
Jon S. Allin, State Bar No. 155069
Supervising Deputy Attorney General
Jeremy Duggan, State Bar No. 229854
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6008
  Fax: (916) 324-5205
  E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Non-Party*
*California Department of Corrections and*
*Rehabilitation*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,**<br><br>                                              Plaintiff,<br><br>       v.<br><br>**RALPH DIAZ, et al.,**<br><br>                                              Defendants. | 1:20-CV-00323-LHR<br><br>**NON-PARTY CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S RESPONSE TO PLAINTIFF'S OPPOSITION (ECF NO. 181)**<br><br>Judge:            The Honorable Lee H. Rosenthal<br>Action Filed: March 2, 2020 |

Non-party California Department of Corrections and Rehabilitation responds briefly to Plaintiff Solares's Opposition (ECF No. 181) to correct an error therein. Plaintiff states "it is a matter of black-letter law that *Perlman* does not apply in the civil context." (Pl.'s Opp'n at 1, ECF No. 181.) Plaintiff is incorrect. *Perlman v. United States*, 247 U.S. 7, 13, (1918) does apply in civil matters, including this one.

In *In re Optical Disk Drive Antitrust Litig.*, 801 F.3d 1072, 1075-76 (9th Cir. 2015), a civil antitrust matter, Doe, a non-party, filed an interlocutory appeal regarding an order requiring production of confidential interviews of Doe by another non-party, the Antitrust Division of the United States Department of Justice. The Ninth Circuit held that it had jurisdiction under *Perlman* to consider whether the records that the USDOJ planned to disclose were privileged. *In re Optical Disk Drive Antitrust Litig.*, 801 F.3d at 1076 ("We have jurisdiction over this appeal pursuant to *Perlman v. United States*, 247 U.S. 7, 13, 38 S. Ct. 417, 62 L. Ed. 950 (1918).").

In addition, in *SEC v. CMKM Diamonds, Inc.*, 656 F.3d 829, 830 (9th Cir. 2011), a civil action filed by the Securities and Exchange Commission, Gewerter, a non-party attorney, filed an interlocutory appeal to prevent another non-party, Bank of the West, from disclosing his trust account data. Again, the Ninth Circuit found it had jurisdiction to hear the interlocutory appeal under the *Perlman* doctrine. *Id.* at 831 (citing *Perlman* and stating "[I]n order to prevent the SEC from obtaining records relating to his trust account, Gewerter must be permitted to seek immediate review of the district court's order denying his motion to quash").

The Ninth Circuit, has applied, and does apply, the *Perlman* doctrine in civil cases. Plaintiff's assertion that it is "black-letter law" that the Ninth Circuit does not do so is incorrect.

Plaintiff cites a 1988 Ninth Circuit case, *In re National Mortgage Equity Corp.,* 857 F.2d 1238 (9th Cir. 1988), to argue that *Perlman* does not apply. The decision in *National Mortgage Equity* is not at odds with the later Ninth Circuit holdings in the *Optical Disk Drive* and *CMKM Diamonds* cases identified above.[1] In *National Mortgage Equity*, the Ninth Circuit found no jurisdiction for an interlocutory appeal because the party appealing, National Mortgage Equity

---

[1] Indeed, the panel in *Optical Disk Drive* quoted *National Mortgage Equity*, indicating that the panel did not find the two decisions to be inconsistent. *In re Optical Disk Drive Antitrust Litig.*, 801 F.3d at 1076.

1  Corp. (identified as NMEC in the opinion) was the Defendant. *In re National Mortgage Equity*,
2  857 F.2d at 1239.  Therefore, NMEC could correct "any unfair use of the information or
3  documents produced as a result of an improper order [by] appeal[ing] from final judgment in the
4  case." *Id.* at 1240.

5  By contrast, in *Optical Disk Drive* and *CMKM Diamonds*, the appellants were not parties to
6  the case.  *See in re Optical Disk Drive Antitrust Litig.*, 801 F.3d at 1074 (stating that appellant
7  was "Interested Non-Party John Doe 1"); *CMKM Diamonds, Inc.,* 656 F.3d at 830 (identifying
8  Gewerter as having represented Defendant Edwards "in earlier, unrelated matters").  Accordingly,
9  they had no ability to appeal from a final judgment in the case, and an interlocutory appeal was
10 appropriate.  *See In re Optical Disk Drive Antitrust Litig.,* 801 F.3d at 1076 (holding that the
11 *Perlman* doctrine applies "where a third party . . . must rely on another third party . . . to protect
12 his interests in the discovery process"); *CMKM Diamonds, Inc.,* 656 F.3d at 830 ("Gewerter must
13 be permitted to seek immediate review . . . . Otherwise he would be powerless to avert the
14 mischief of the order." (internal quotation marks omitted).)

15 Here, as in *Optical Disk Drive* and *CMKM Diamonds*, Osuna is a third party who cannot
16 seek review of an order compelling production of these documents after judgment.  Accordingly,
17 he is entitled to seek interlocutory review of an order compelling production of his privileged
18 documents under the *Perlman* doctrine.  Any order compelling CDCR to produce Osuna's
19 psychotherapist-patient privileged documents should provide for notice to Osuna and enough time
20 for him to appeal, should he choose to do so.  Otherwise, the Court risks Osuna suffering
21 irreparable harm from a disclosure that could affect his criminal case.  *See In re Perez*, 749 F3d
22 849, 854-855 (9th Cir. 2014) (finding that disclosure of identities of anonymous employees would
23 "damage petitioner in a way not correctable on appeal").
24 / / /
25 / / /
26 / / /
27
28

It is understandable that Plaintiff's counsel would be mistaken on this issue as it is a complicated area of law. But the fact remains, Plaintiff is incorrect, and the *Perlman* doctrine applies in civil matters in the circumstances here.

Dated: June 30, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

*/s/ Jeremy Duggan*

JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Non-Party*
*California Department of Corrections and Rehabilitation*

SA2019101902
39129386.docx

# CERTIFICATE OF SERVICE

| Case Name: | **Dora Solares v. Ralph Diaz, et al.** | No. | **1:20-CV-00323-LHR** |
|---|---|---|---|

I hereby certify that on June 30, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> **NON-PARTY CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S RESPONSE TO PLAINTIFF'S OPPOSITION (ECF NO. 181)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 30, 2025, at Los Angeles, California.

| K. Vitalie | /s/ K. Vitalie |
|---|---|
| Declarant | Signature |

SA2019101902