RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

JUN 3 0 2025

Jamie Osuna BD0868
4A-1L #44
CSP-COR
PO BOX 3476
CORCORAN, CA 93212

Non-Party Intervenor/Real
Party in Interest,

     v.

Dora Solares,
         Plaintiff,

     v.

Diaz, et al
         Defendants.

**FILED**
Jun 30, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

FILED
DOCKETED    DATE    INITIAL

No. 1:20-cv-00323-LHR-BAM
**Interlocutory Appeal**

**EMERGENCY MOTION UNDER CIRCUIT
RULE 27-3 FOR INTERLOCUTORY RELIEF
UNDER 28 U.S.C. § 1292(a)(1);
MOTION TO VACATE IMPROPER WAIVER
OF PRIVILEGE, COMPEL RETURN AND
SEQUESTRATION OF CONFIDENTIAL AND
PRIVILEGED MATERIALS, AND ENTER
PROTECTIVE ORDER TO PREVENT
FURTHER DISCLOSURE OF NON-PARTY
JAMIE OSUNA'S RECORDS**

**EMERGENCY – IMMEDIATE ATTENTION
REQUESTED**

**TO THE HONORABLE COURT AND ALL PARTIES:**

    Non-party Jamie Osuna, pro se inmate, respectfully submits

this interlocutory appeal, motion for reconsideration, and motion

for protective order pursuant **28 U.S.C. § 1292(a)**, **Fed. R. Civ. P.

26(c)**, **Fed. R. Evid. 501**, and California **Evidence Code §§ 1014,

1018,** to prevent the improper waiver of his privileges and

improper disclosure of Jamie Osuna's privileged mental health

records in this federal § 1983 action.

## I. INTRODUCTION

    This case arises from a civil rights wrongful death action

under 42 U.S.C. § 1983. The Court has authorized, or is

contemplating, the disclosure of the confidential mental health

and competency records of a non-party California state inmate,

Jamie Osuna, who:

- Is not a party to the action;

- Has not waived the psychotherapist-patient privilege;

- Has explicitly objected to any such disclosure;
- Is currently facing pending felony charges—including potential death penalty exposure—in a California state prosecution directly related to the incident at issue in this civil matter;
- Whose mental health condition or history is not alleged or placed at issue in the original complaint or any operative amended complaint.

Furthermore, the presiding judge has noted on the record an unfamiliarity with California law—a significant concern, as California state privilege law governs in federal civil cases where state law provides the rule of decision. (See Fed. R. Evid. 501.)

The contemplated disclosure raises urgent controlling questions of law, including whether:

1. The psychotherapist-patient privilege under California Evidence Code §§ 1014 and 1018 may be overcome or waived by a federal court when the patient is a non-party criminal defendant who has objected;

2. The release of mental health and competency records from an ongoing, capital-eligible state criminal proceeding (19CM-1882; Kings County Superior Court)—without protective procedures or waiver—violates the inmate's Fifth, Sixth, and Fourteenth Amendment rights, including the rights to:
   - Due process;
   - Effective assistance of counsel;
   - Privacy;
   - Be free from compelled self-incrimination;

3. Whether a federal court may compel disclosure of privileged mental health or competency records from an unrelated, pending criminal prosecution when the non-party's mental condition is not placed in controversy in the civil action, and when the records were generated solely for use in a criminal proceeding—raising serious concerns under California Evidence Code § 1016, Penal Code §§ 1369-1370, and *Jaffee v. Redmond*, 518 U.S. 1 (1996). Disclosure would not only constitute a violation of federal common law (*Jaffee v. Redmond*, 518 U.S. 1 (1996)) and California privilege law, but would also inflict irreparable constitutional harm on the non-party Jamie Osuna ("Jamie"). Specifically, it would:

- Violate his privacy rights under the California Constitution, Article I, § 1, and under established federal precedent;

- Endanger his due process protections under the Fourteenth Amendment by disclosing pretrial psychiatric materials outside the bounds of criminal procedure;

- Interfere with his right to remain silent under the Fifth Amendment, particularly where competency evaluations could be misused against him in both state and civil proceedings;

- Undermine the integrity of mental health treatment within the California Department of Corrections and Rehabilitation (CDCR), where inmates rely on assurances of confidentiality to seek care.

The Eastern District's proposed or actual release of sealed mental health and competency records—generated solely for the

1  purpose of state prosecution and never introduced or relied upon

2  in this civil litigation—creates a dangerous precedent, one that

3  undermines both the rule of law and constitutional safeguards in

4  overlapping criminal and civil proceedings.

5      Plaintiff's counsel, Erin Darling ("Darling"), has failed at

6  every opportunity to notify the third party, Jamie Osuna, or his

7  counsel, regarding any request for or release of Jamie's

8  privileged mental health records. Darling has repeatedly sought

9  production of all of Jamie's mental health and competency

10  records, despite the fact that neither the original nor any

11  amended complaints in *Solares v. Diaz* cites Jamie's mental health

12  as a cause or factor underlying the events in question.

13      When directed by the District Court to pursue relief through

14  the state criminal court—the proper venue for determining access

15  to competency materials in Jamie's pending capital case (19CM-

16  1882)—Darling filed a motion but failed to arrange Jamie's

17  transport, rendering the hearing defective. When the state

18  criminal court judge rescheduled the hearing due to Jamie's

19  absence, Darling stated on the record that he "didn't have time

20  to wait."

21      Subsequently, at the next hearing in *Solares v. Diaz*, Judge

22  Rosenthal waived Jamie Osuna's psychotherapist-patient privilege

23  in full and ordered the release of all mental health and

24  competency records, despite Jamie having previously filed an

25  objection to any such waiver. This objection was sealed by the

26  court under Docket No. 117, and critically, the court:

27    • Did not notify the parties in the civil action, including

28      the California Attorney General or Plaintiff;

                                4            OSUNA: Emergency Appeal

1    • Did not notify CDCR, the custodian of the records;

2    • Did not release the sealed objection (ECF 117) until June

3      25, 2025—one day after Judge Rosenthal formally waived

4      Jamie's privilege and ordered CDCR to produce the documents

5      on June 24, 2025.

6      This series of actions deprived the third party of fair

7    notice and a meaningful opportunity to contest the disclosure of

8    his privileged records. It also raises serious due process

9    concerns and violates both California law and the federal

10   psychotherapist-patient privilege recognized in *Jaffee v.*

11   *Redmond*, 518 U.S. 1 (1996).

12                **II. LEGAL GROUNDS FOR INTERVENTION AND RELIEF**

13   **A. Federal Law Recognizes the Psychotherapist-Patient**

14   **Privilege**

15       In *Jaffee v. Redmond*, 518 U.S. 1 (1996), the U.S. Supreme

16   Court recognized the psychotherapist-patient privilege as a

17   matter of federal common law under Fed. R. Evid. 501. The Court

18   made clear that the privilege extends to psychiatrists,

19   psychologists, and licensed social workers, and is **not subject to**

20   **a balancing test** once established.

21       Here, Jamie has clearly invoked this privilege. As a non-

22   party, the records are not essential to the claims or defenses

23   unless extraordinary need is shown—and no such showing has been

24   made. Furthermore, his mental health condition or history is not

25   alleged or placed at issue in the original complaint or any

26   operative amended complaint. *Jaffee* squarely prohibits compelled

27   disclosure of such records where the privilege has not been

28   waived.

**B. California Law Also Bars Disclosure**

Because this is a diversity action applying California state law to wrongful death claims, California's Evidence Code §§ 1010-1027 govern the scope of privilege.

- **§1014:** The patient holds the privilege and it **cannot be waived by others.**
- **§1018:** A waiver must be **knowing and voluntary** and must come from the patient or their legal representative.

There has been **no waiver** here. Jamie has <u>objected to disclosure</u>. California law therefore prohibits disclosure.

Additionally, **California Constitution, Article I, § 1,** protects individual privacy rights, and courts have consistently held that **mental health records are among the most private and protected categories of personal information.** (*See Board of Medical Quality Assurance v. Gherardini*, 93 Cal.App.3d 669 (1979).)

**C. Disclosure Risks Violating Fifth Amendment Rights in Ongoing Criminal Case**

Jamie is currently facing felony charges in a California criminal proceeding related to the incident forming the basis of the Solares civil suit. Compelled production of confidential mental health records may effectively circumvent his right against self-incrimination or provide inadmissible or prejudicial material to the prosecution.

Federal courts have recognized that the risk of **prejudice in pending criminal matters** justifies entry of a protective order. (See *Campbell v. Gerrans*, 592 F.2d 1054, 1058 (9th Cir. 1979).)

**D. Improper Judicial Application of California Privilege Law**

OSUNA: Emergency Appeal

1      The presiding judge's admission of unfamiliarity with

2  California law underscores the need for restraint and correction.

3  Under Fed. R. Evid. 501, **state privilege law governs civil**

4  **actions where state law supplies the rule of decision**. As this is

5  a wrongful death case governed in part by state law, **the**

6  **psychotherapist-patient privilege under California law must apply**

7  **in full force.**

8      **E. Competency Proceedings Do Not Constitute a Waiver of the**

9  **Psychotherapist-Patient Privilege**

10      Plaintiff argued that Jamie Osuna waived the

11  psychotherapist-patient privilege by undergoing a court-ordered

12  competency hearing in a separate pending criminal matter in

13  around 2021, when March 2019 is the date under scrutiny for

14  *Solares v. Diaz*. This argument is both legally and factually

15  incorrect.

16      First, California courts have long held that merely

17  undergoing a competency evaluation or proceeding does not

18  constitute a waiver of the psychotherapist-patient privilege,

19  especially when the defendant **refuses to engage** in clinical

20  discussions or assessments. In *People v. Gonzalez*, 210 Cal.App.3d

21  1151 (1989), the court emphasized that privilege is not waived

22  simply because mental health was at issue in a legal proceeding;

23  affirmative use of privileged content is required to constitute a

24  waiver.

25      Here, Jamie Osuna **refused to speak with court-appointed**

26  **psychiatrists,** did not affirmatively introduce any privileged

27  material, and has never consented to disclosure of any such

28  records. Moreover, **California Evidence Code § 1016,** which governs

1  waiver in legal proceedings, requires that the patient "tender"

2  their mental condition "as an element of a claim or defense" for

3  privilege to be waived. Jamie Osuna did no such thing.

4      Second, the competency hearing occurred **after the date of**

5  **the incident underlying the wrongful death claim in** *Solares v.*

6  *Diaz*. Any argument that these later proceedings retroactively

7  justify disclosure is untenable. **Courts routinely prohibit**

8  **fishing expeditions** into post-incident mental health records

9  unless **directly relevant** to an affirmative defense, and subject

10  to privilege analysis. (*See People v. Hammon*, 15 Cal.4th 1117

11  (1997).)

12      Finally, to the extent the Plaintiff argued that the

13  competency hearing justifies disclosure under *Fed. R. Evid. 504*,

14  or under any kind of public policy exception, this is precluded

15  by the Supreme Court's reasoning in *Jaffee v. Redmond*, 518 U.S. 1

16  (1996), where the Court **explicitly rejected** balancing tests that

17  would erode the clarity and strength of the psychotherapist-

18  patient privilege. The *Jaffee* Court cautioned that creating

19  ambiguity or exceptions would chill mental health treatment and

20  impair justice.

21      **F. Attempt to Secure Waiver in Absentia Violated Due Process**

22  **and Undermines Any Claim of Voluntary Disclosure Improper**

23  **Disclosure Following Procedural Default by Plaintiff's Counsel**

24      Darling's failure to comply with the Court's own directive—

25  to pursue the records through the criminal court—should have led

26  to denial of any discovery relief, not judicial circumvention. By

27  skipping the required criminal court process, Darling:

28      • Attempted to collaterally attack the jurisdiction and

1    authority of the state criminal court, in violation of the

2    principles of federalism and comity;

3  • Ignored Penal Code §§ 1369-1370, which establish exclusive

4    procedures for competency proceedings and restrict

5    disclosure;

6  • Failed to secure Osuna's transport under Penal Code § 2625,

7    depriving the criminal court of jurisdiction to act on his

8    case;

9  • Misrepresented procedural necessity to the court, then used

10   that misrepresentation to prompt judicial waiver.

11   This conduct constitutes bad faith litigation tactics under

12 Rule 37(a)(5)(B), and **any records obtained through such**

13 **misconduct must be excluded under the exclusionary doctrine** for

14 tainted evidence in civil discovery. See *United States v.*

15 *Morrison*, 449 U.S. 361 (1981).

16   **G. Constitutional Violations Arising from Disclosure**

17   Jamie Osuna is the subject of a pending felony prosecution

18 related to the incident at issue in this civil case. Disclosure

19 of his mental health records—especially those compiled pursuant

20 to court-ordered psychiatric evaluations under Cal. Penal Code §§

21 1368-1370—violates his:

22 • **Fifth Amendment right against self-incrimination,** as

23   protected psychiatric content may be used to infer mental

24   state or guilt;

25 • **Sixth Amendment right to counsel,** since records were

26   disclosed without notifying defense counsel;

27 • **Fourteenth Amendment due process protections,** given lack of

28   notice, opportunity to be heard, and compliance with

9                    OSUNA: Emergency Appeal

1     required procedural safeguards;

2     • **California Constitution Article I, § 1,** privacy rights.

3       See also:

4     • *Estelle v. Smith*, 451 U.S. 454 (1981) (psychiatric

5       evaluations in criminal cases implicate Fifth and Sixth

6       Amendment rights);

7     • *Campbell v. Gerrans*, 592 F.2d 1054 (9th Cir. 1979)

8       (protective orders required when disclosure implicates

9       criminal liability);

10    • *People v. Lopez*, 110 Cal.App.4th 1100 (2003) (privileged

11      competency evaluations inadmissible absent express waiver).

12    **H. Judicial Error and Lack of Jurisdiction to Waive**

13    **Privilege**

14    Judge Rosenthal lacked legal authority to waive Jamie

15    Osuna's privilege under California law or federal common law. The

16    Court's reliance on an incomplete procedural record—due to

17    Darling's failure to perfect criminal court process—renders the

18    waiver not only unauthorized but *void ab initio*.

19    The delayed release of the sealed objection (ECF 117) until

20    after the privilege was waived compounds the constitutional and

21    procedural violation and foreclosed any meaningful opportunity to

22    contest or stay disclosure.

23    **I. Improper Disclosure and Use of Sealed and Privileged C-**

24    **File and Incident Records from Pending Capital Case Without**

25    **Notice or Due Process**

26    In connection with ongoing discovery in *Solares v. Diaz*,

27    1:20-cv-00323-LHR-BAM, the District Court, in coordination with

28    the California Department of Corrections and Rehabilitation

(CDCR) and the California Attorney General, permitted the **release of extensive and highly sensitive documents** from Jamie Osuna's criminal case and institutional files, without notice, consent, or legal justification.

These materials include:

- Sealed incident reports from Mr. Osuna's pending capital case and unrelated matters;

- His entire institutional "C-File", including disciplinary records, staff assault allegations, mental health evaluations, and rule violation reports (RVRs) wholly unrelated to the subject matter of the civil case;

- Confidential psychological assessments conducted while Mr. Osuna was:

  o Declared incompetent to stand trial;

  o Held in custodial conditions involving forced antipsychotic medication;

- Recorded interrogation interviews, taken by correctional staff during this period, which were **coerced under threat** and are now being introduced into a civil wrongful death case;

- A **detailed list of potential additional records** that plaintiff's counsel may seek from Mr. Osuna's files — effectively providing a roadmap for further intrusion into confidential material.

None of these records were part of the original or amended complaint in this §1983 action, and none were disclosed with:

1    • Prior notice to Mr. Osuna;

2    • Opportunity to object;

3    • Opportunity to move for protective relief or redaction;

4    • Review of sealing or privilege by neutral process.

5

6    **Legal Grounds for Return, Suppression, and Sealing of**

7    **Records**

8    This sequence of events implicates multiple serious

9    violations of Mr. Osuna's federal and state rights:

10    **1. Federal Constitutional Violations**

11    • **Due Process Clause (14th Amendment):** Mr. Osuna was deprived

12    of liberty and privacy interests in his medical,

13    psychological, and criminal records **without notice or**

14    **opportunity to be heard,** in violation of *Mathews v.*

15    *Eldridge*, 424 U.S. 319 (1976).

16    • **Right to Privacy:** Disclosure of confidential psychiatric

17    records and coerced statements infringes on Mr. Osuna's

18    **substantive liberty interest in informational privacy,** as

19    recognized in *Whalen v. Roe*, 429 U.S. 589 (1977), and *Doe v.*

20    *Attorney General of the U.S.*, 941 F.2d 780 (9th Cir. 1991).

21    **2. Federal Evidentiary and Procedural Protections**

22    • **Fed. R. Civ. P. 45(d)(3)(A)(iii):** Compels courts to **quash or**

23    **modify** subpoenas that seek privileged or protected matter if

24    no waiver or exception applies.

25    • **Fed. R. Civ. P. 26(c):** Authorizes protective orders to

26    **shield parties or non-parties** from undue burden, oppression,

27    or invasion of privacy.

28    **3. California Law Violations**

OSUNA: Emergency Appeal

- **Cal. Evid. Code §§ 1014, 1018, and 1030:** Protect psychotherapist-patient privilege and prohibit release without a knowing, express waiver.
- **Cal. Penal Code § 5328(a):** Makes unauthorized disclosure of mental health records by CDCR or state personnel **unlawful** and potentially criminal.
- **Cal. Penal Code § 987.9 and § 1054.6:** Bar use or public disclosure of capital defense records prior to trial.

### 4. Involuntary and Coerced Statements

Any statements made by Mr. Osuna while:

- Deemed **incompetent**;
- Under **forced psychiatric medication**; and
- Without legal counsel present,

are **presumptively unreliable** and potentially inadmissible under *Miranda v. Arizona*, 384 U.S. 436 (1966), and *Colorado v. Connelly*, 479 U.S. 157 (1986).

### 5. Ethical and Professional Misconduct

The Attorney General's agreement to produce **privileged, confidential, and unrelated disciplinary and mental health records** without notice to the third party:

- May constitute a violation of **ethical duties under Rule 8.4 of the California Rules of Professional Conduct**;
- Raises significant concerns under **Canon 3(A)(4)** and **3(A)(6)** of the Code of Conduct for United States Judges, regarding fairness, impartiality, and improper influence on pending criminal cases.

**J. Improper Conflict of Interest and Denial of Due Process
Where the California Attorney General Represents Civil Defendants
and Simultaneously Facilitates the Disclosure of Privileged
Materials of a Third Party Without Notice or Advocacy**

In the federal civil rights action *Solares v. Diaz*, Case
No. 1:20-cv-00323-LHR-BAM, the California Attorney General's
Office represents multiple California Department of Corrections
and Rehabilitation (CDCR) employees as defendants. These same
individuals are material witnesses and potential accusers in a
pending capital felony homicide case against non-party Jamie
Osuna (CDCR No. BD0868) in Kings County Superior Court. By
failing to notify or include Jamie Osuna in matters affecting
his privileges and protected records, the Court has deprived him
of an opportunity to be heard and has improperly placed the
burden on the Attorney General—who lacks standing and is
conflicted—to assert or waive rights that only Mr. Osuna may
lawfully exercise.

Despite this direct and substantial overlap, the District
Court and the Attorney General has:

1. **Failed to provide Mr. Osuna with notice** that his
   psychotherapist-patient, medical, and criminal investigatory
   records were being sought in the civil litigation;

2. **Failed to notify Mr. Osuna's criminal defense counsel,**
   despite knowledge of the open capital prosecution;

3. **Declined to assert Mr. Osuna's privileges or object to or
   grant subpoenas,** resulting in the disclosure of highly
   protected material including:

   o  Mental health evaluations/records,

1      o   Records covered by **Penal Code § 5328,**

2      o   Interrogation recordings under seal in the criminal

3          court,

4      o   HIV testing status and PC §2602 medication lists,

5      o   Disciplinary records and investigatory outcomes

6          directly related to pending felony charges;

7   4. **Stipulated to and/or failed to oppose** Plaintiff's discovery

8      motions that led to these disclosures, while simultaneously

9      defending the correctional officers who will testify against

10     Mr. Osuna in his criminal trial.

11     This sequence of actions represents a **structural and legal**

12  **breakdown in adversarial fairness** and implicates multiple grounds

13  for relief and sanction:

14

15  **i. Due Process Violation – Lack of Notice and Opportunity to Be**

16     **Heard**

17  The U.S. Constitution guarantees that **no person shall be deprived**

18     **of life, liberty, or property without due process of law.**

19     (U.S. Const., Amends. V & XIV). In the context of privileged

20     and confidential information, due process requires that:

21

22  • The person whose rights are affected **must receive timely**

23     **notice;**

24  • They must be given a **meaningful opportunity to be heard;**

25  • The process must allow for **objection, representation, and**

26     **appeal.** (*Mullane v. Central Hanover Bank*, 339 U.S. 306

27     (1950)).

28

                        15          OSUNA: Emergency Appeal

Mr. Osuna was **denied all of these procedural rights.** He received **no notice** of the request for his records, **no opportunity to oppose** the production, and was **not appointed counsel** despite his status as a mentally incompetent capital defendant.

## ii. Violation of Psychotherapist-Patient and Privacy Privileges

Mr. Osuna holds:

- The **psychotherapist-patient privilege** under **Cal. Evid. Code §§ 1014, 1018,** and *Jaffee v. Redmond*, 518 U.S. 1 (1996);
- A constitutional **right to privacy** under **Cal. Const., Art. I, § 1;**
- **Medical record protections** under **HIPAA** and the **California Confidentiality of Medical Information Act (Civ. Code § 56 et seq.);**
- **Criminal protective rights** over sealed discovery and investigation materials under **Penal Code §§ 987.9, 1054.6, and 5328.**

No waiver was granted or implied, and no judicial hearing occurred with Mr. Osuna present. The release of such materials without informed consent, notice, or court finding violates both **state and federal law.**

## iii. Conflict of Interest by the Attorney General's Office

The Attorney General's Office cannot ethically or constitutionally:

- Represent state employees accused of misconduct in a wrongful death action involving Mr. Osuna,

16                    OSUNA: Emergency Appeal

- **While also serving as the party responsible for defending and managing records and privileges of Mr. Osuna, a third-party criminal defendant in a capital case.**

   This dual representation is <u>prohibited</u> under:

- **California Rules of Professional Conduct Rule 1.7(a)(2):** A lawyer has a conflict when the representation of one client is materially limited by responsibilities to another client or third party.

- **People v. Bonin,** 47 Cal.3d 808, 835 (1989): The state may not represent adverse interests in criminal and civil matters arising from the same nucleus of facts.

- **State ex rel. Dept. of Pesticide Regulation v. Pet Food Express,** 144 Cal.App.4th 839 (2006): Conflicted representation by state lawyers undermines the integrity of state prosecutions and civil proceedings.

- **Canon 5 of the California Code of Judicial Ethics,** requiring all attorneys, including state-employed, to maintain impartiality and avoid divided loyalty.

   Here, the Attorney General has become **an adverse actor to Mr. Osuna's protected interests** while defending parties whose interests are directly contrary to his. No ethical wall or special counsel has been appointed, and **no notice has been given** to the criminal court overseeing Mr. Osuna's competency and pending capital charges.

iv. Improper Delegation of Advocacy and No Mechanism for Third-Party Protection

   In *In re George T.*, 33 Cal.3d 419 (1983), the California

1  Supreme Court emphasized that when mental health, liberty, or

2  competency is at issue, **the affected party must be afforded**

3  **counsel and advocacy.**

4      By allowing Plaintiff's civil attorney to argue for

5  production of sealed competency and trial transcripts — without

6  appointing a guardian ad litem, public defender, or issuing

7  notice to criminal counsel — the federal court and the Attorney

8  General have both **denied Mr. Osuna access to legal advocacy** in a

9  matter directly affecting his rights.

10                **III. REQUESTED RELIEF**

11  Jamie Osuna respectfully requests that this Court:

12  1. Stay or reverse any waiver of Jamie Osuna's privileges;

13  2. Stay or reverse any order compelling disclosure of the non-

14     party Jamie's mental health records;

15  3. Enter a protective order under Fed. R. Civ. P. 26(c) and

16     Cal. Evid. Code §1014 prohibiting disclosure of any mental

17     health or psychiatric records absent express written waiver;

18  4. Permit Jamie to intervene for the limited purpose of

19     asserting and protecting this privilege;

20  5. Refer any question of California law to an appropriate

21     California-licensed magistrate or consider requesting

22     supplemental briefing from California legal experts;

23  6. Seal any previously disclosed documents pending a ruling on

24     this motion.

25  7. Order the immediate return or destruction of all improperly

26     disclosed materials from his C-File and criminal case;

27  8. Issue a protective order barring future disclosure or

28     discussion of such records in this civil matter;

9. Seal any publicly filed transcripts, exhibits, or motions quoting or referencing those materials;

10.    Declare the waiver of privilege invalid due to lack of notice and incompetency;

11. Preserve Mr. Osuna's right to pursue interlocutory appellate review under the collateral order doctrine.

12. Order the recusal of District Judge Rosenthal from further proceedings in this matter pursuant to 28 U.S.C. §455(a), due to the appearance of bias and the improper waiver of Jamie Osuna's psychotherapist-patient privilege. The presiding judge's on-record statements reflecting unfamiliarity with governing California law, combined with the unilateral judicial waiver of privilege before the sealed objection (ECF 117) was made available, create an objectively reasonable basis to question impartiality. Continued presiding authority over this matter by Judge Rosenthal would undermine confidence in the fairness and legality of the proceedings.

13. The Attorney General's continued participation in both matters constitutes an unwaivable conflict of interest;

14. Sanctions or disqualification of conflicted counsel may be appropriate under Fed. R. Civ. P. 37, California State Bar Rules, and judicial ethics authorities;

15. All records obtained in violation of due process must be **suppressed, returned, and stricken from the civil record**;

16. The Court must **appoint independent counsel or guardian ad litem** to protect Mr. Osuna's interests in any future discovery requests;

OSUNA: Emergency Appeal

17. Further use or dissemination of the improperly obtained materials constitutes **ongoing harm**, prejudicing both civil and criminal proceedings, and should be <u>**enjoined**</u>.

### IV. CONCLUSION

Disclosure of Jamie Osuna mental health records would violate settled constitutional, statutory, and evidentiary protections. The records are not central to the claims at issue, and the privilege has not been waived. The Court should act to prevent an irreversible violation of this non-party's rights.

**Attached exhibits:** *Dckt.* 133's pages of *Solares v. Diaz* showing the judicial quotes above referenced, criminal court docket showing pending hearing; *Dckts.* 179 and 181 of *Solares v. Dias* showing improper waiver of Jamie Osuna's privileges and order to and requests for compelling records; 19CM-1882 record; copies of notices of service.


Respectfully submitted,

Dated: June 30, 2025


**p.p. Jamie Osuna BD0868**

OSUNA: Emergency Appeal

1   been some months.  But I would propose Mr. Darling draft

2   me a stout order that is lauded with citations to the

3   authorities that you say authorize this limited release

4   under terms of confidentiality and restriction to

5   attorneys' eyes only.  Lard it up.

6         MR. DARLING:  Okay.

7         THE COURT:  And then make sure that Mr. Duggan has

8   a chance to see it.

9         MR. DARLING:  Okay.  I will do that.

10         MR. DUGGAN:  And, Your Honor, just to the question

11   of -- because you asked whether Mr. Osuna has the

12   capacity to waive or not waive.  We asked -- Mr. Osuna

13   has a -- has an attorney in the criminal matter, which is

14   still pending, and he -- so we asked Mr. Osuna's attorney

15   whether he would waive and Mr. Osuna's attorney said no.

16         MR. DARLING:  But here's the point on that:

17   Within the criminal context, Your Honor, CDCR has waived.

18   CDCR -- and I've briefed this.

19         CDCR turned over Osuna's mental health records in

20   the criminal case because Osuna's mental health was at

21   issue in that case, and now here CDCR's position is they

22   can't turn it over.  And so it's just so inconsistent.

23         THE COURT:  So I have a question.  I don't know if

24   you do this in California, but in Texas, I routinely get

25   requests to waive privileges or protections that were

1   imposed in one context in a different context.  For

2   example grand jury proceedings, moving on what was in the

3   grand jury proceedings.  Here, we move from criminal to

4   civil, different context.  I don't understand why there

5   would not be an ability to argue and present an order

6   that would say, because this is a different context,

7   because this is a -- because the records would be used in

8   this fashion and subject to these protections, we can

9   overcome what Mr. Duggan has described as a presumption.

10  So we say more than a presumption to begin production for

11  this purpose.

12       MR. DARLING:  I can include that in the order I

13  submit, Your Honor.

14       MR. DUGGAN:  Your Honor, I really think that would

15  include more briefing to make -- to make that decision

16  that this is a -- that this --

17       THE COURT:  Can I ask you a question, Mr. Duggan?

18       MR. DUGGAN:  Yes.

19       THE COURT:  Is there any other way to get the

20  information?

21       MR. DUGGAN:  Is -- the information that's --

22  that's absolutely privileged.  It's as the Supreme Court

23  said, this decision in *Jaffee* may result in probative

24  evidence not being available for these cases because it's

25  an absolute -- an absolute psychotherapy patient

**P R O C E E D I N G S**

1                        

2          (Call to order of the court.)

3       THE COURT:  Good afternoon.  Do we have everybody

4 we need?

5       MR. DARLING:  I believe.

6       THE COURT:  All right.  Go ahead and state your

7 appearances, please.

8       MR. DARLING:  Good afternoon, Your Honor, Erin

9 Darling on behalf of Plaintiff.

10       MR. DUGGAN:  Good afternoon, Your Honor, Jeremy

11 Duggan on behalf of Defendant Burnes as well as Defendant

12 Pena, Ioza, Munoz, Gamboa, Gallemore, and Garcia.

13       MR. KUCHINSKY:  And good afternoon, Your Honor,

14 David Kuchinsky.  I am second counsel to Mr. Duggan

15 representing all the same defendants that he represents.

16       THE COURT:  All right.  Thank you.

17       MS. STOCKER:  Good afternoon, Lynn Stocker

18 appearing for Defendant Silva.

19       THE COURT:  All right.  Every time I look at this

20 case, my first instinct and my first question is:  Why

21 hasn't this case settled?  Are you really going to tie

22 this case to a jury, or is it going to be tried before

23 Horror Films International?

24       MR. DARLING:  I mean, I just will say, Your Honor,

25 we have scheduled a private mediation.  I know Plaintiff

portal.kingscounty.ca.gov/public-portal/?q=node/394/572737/PV-Events-Portal

| Summary | Filings | Parties | Documents | Events | Case Transfer |

**19CM-1882**
The People of the State of California vs. Jaime Osuna
Kings

## ˅ Events

### Events

| Date/Time | Type | Result | Official | Location |
|---|---|---|---|---|
| ⊟ 19CM-1882: The People of the State of California vs. Jaime Osuna | | | | |
| 06/23/2025 08:15 AM | In Chambers Review - Order on Request for Ancillary Service Funds for Mandatory Capital Defense Training | | Gilbert | Chambers Work |
| 06/23/2025 08:15 AM | In Chambers Review - Order on Request or Additional Ancillary Service Funds for a Mitigation Specialist | | Gilbert | Chambers Work |
| 08/19/2025 09:00 AM | Prelim Setting | | Gilbert | Department 6 |
| 08/19/2025 09:00 AM | Status Conference | | Gilbert | Department 6 |
| 08/19/2025 09:00 AM | Motion Hearing - Appointment of Counsel | | Gilbert | Department 6 |
| 08/19/2025 09:00 AM | Motion Hearing - Other - to Unseal Competency Proceeding | | Gilbert | Department 6 |
| 05/11/2025 09:00 AM | Motion Hearing - Other - to Unseal Competency Proceeding | Heard, Continued | Gilbert | Department 6 |
| 05/11/2025 09:00 AM | Motion Hearing - Appointment of Counsel - (See minute order same date) | Heard, Continued | Gilbert | Department 6 |
| 05/14/2025 09:00 AM | Prelim Setting | Heard, Continued | Gilbert | Department 6 |
| 05/14/2025 09:00 AM | Motion Hearing - Strike - Death Penalty | Not Heard/Matter Off Calendar | Gilbert | Department 6 |

1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JON S. ALLIN, State Bar No. 155069
   Supervising Deputy Attorney General
3  JEREMY DUGGAN, State Bar No. 229854
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 210-6008
6    Fax: (916) 324-5205
     E-mail: Jeremy.Duggan@doj.ca.gov
7  *Attorneys for Non-Party*
   *California Department of Corrections*
8  *and Rehabilitation*

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11                       FRESNO DIVISION

12

13 | **DORA SOLARES,** | 1:20-CV-00323-LHR-BAM |
14 | | **NON-PARTY CDCR'S OBJECTION TO** |
   | Plaintiff, | **PROPOSED ORDER (ECF NO. 177)** |
15 | | |
   | v. | Judge:        The Honorable Lee H. |
16 | |               Rosenthal |
   | **RALPH DIAZ, et al.,** | Trial Date:   Not Set |
17 | | Action Filed: March 2, 2020 |
18 | Defendants. | |

19

20                       **INTRODUCTION**

21       Non-Party California Department of Corrections and Rehabilitation (CDCR) provides its

22  objection to Plaintiff's Proposed Order (ECF No. 177). Under the "*Perlman* doctrine," the

23  Proposed Order must be modified to provide a meaningful opportunity to the privilege-holder

24  Osuna to seek review of the Order before disclosure. In particular, the language at the top of page

25  4, which currently reads "CDCR is ordered to produce [the documents] … within 48 hours of this

26  order being issued," should be modified to read "CDCR is ordered to produce [the documents] …

27  within 30 days of this order. Within 2 days of entry of this Order, CDCR shall provide notice of

28  this Order to Osuna."

                              1

# DISCUSSION

On June 24, 2025, the Court held a pre-motion conference to discuss two subpoenas served on non-parties by Plaintiff Solares.  One subpoena was directed to non-party CDCR seeking the mental health records of non-party inmate Jaime Osuna.  CDCR timely objected to production of those records based on the psychotherapist-patient privilege held by Osuna under *Jaffee v. Redmond*, 518 U.S. 1 (1996).  CDCR filed a privilege log and provided the documents in question to the Court for in camera review.

At the June 24, 2025 conference, the Court found that non-party Osuna had waived privilege by putting his mental state at issue in a competency proceeding for his criminal matter.  Osuna was not present or represented at the pre-motion conference, and there is no record that he or his counsel had notice of the conference or that the Court would potentially order disclosure of his records without service of a motion and an opportunity to be heard and make a full record with the participation of his counsel.[1]  Having found that privilege was waived, the Court directed CDCR to produce all of the records identified in its privilege log within 48 hours of entry of a written order.

During the June 24, 2025 pre-motion conference, the Court revealed that ECF No. 117, a December 2024 docket entry listed on the docket as a "Sealed Event" was in fact objections filed by the unrepresented and incarcerated non-party Osuna against the release of his privileged mental health records.  The parties, and non-party CDCR, were not aware that the sealed filing was from Osuna until the June 24, 2025 hearing, and the Court did not release a copy of the filing until June 25, 2025.

CDCR objects to the portion of the Proposed Order at pages 3-4 requiring CDCR to produce documents "within 48 hours of this order being issued."  Under that language, there is no time for Osuna to respond to, or potentially seek review of, the Order.  Instead, the confidential mental health records as to which he has asserted privilege would be disclosed to the parties without notice to Osuna or his criminal defense counsel.  In addition to irretrievably breaching the

---

[1] Osuna's criminal prosecution for murder and imposition of the death penalty is currently ongoing.

1    psychotherapist-patient privilege, the release of these records could potentially compromise both

2    the prosecution and the defense in Osuna's ongoing criminal case.

3        Instead, the Court should allow adequate time for Osuna to be served with and to respond to

4    the Order before CDCR is required to produce documents.  *See* Fed. R. App. P. 4(a)(1)(A) & 4(c)

5    (providing thirty days after entry of an order to file a notice of appeal).  Osuna has the right to

6    seek interlocutory appellate review of the Order before his privileged mental health records are

7    disclosed.  *See In re Grand Jury Proceedings*, 867 F.2d 562, 563 (9th Cir. 1989), *abrogated on*

8    *other grounds by Jaffee v. Redmond*, 518 U.S. 1 (1996) (insofar as the U.S. Supreme Court later

9    held that the psychotherapist-patient privilege is absolute, not conditional).  In *In re Grand Jury*

10    *Proceedings*, the Ninth Circuit held that the "*Perlman* doctrine" allows a mental health patient to

11    file an interlocutory appeal when psychotherapist-patient privileged records are at risk of court-

12    ordered disclosure by a third party because, without an opportunity to seek review, the privilege

13    holder is "powerless to avert the mischief of the order").  *In re Grand Jury Proceedings*, 867 F.2d

14    at 564, *cited with approval in United States v. Doe Co. (In re Grand Jury Investigation)*, 966 F.3d

15    991, 996 (9th Cir. 2020).

16        Osuna was not given notice of the June 24, 2025 pre-motion conference, and he was not

17    present.  Because Plaintiff has never filed and served any actual motion concerning disclosure of

18    Osuna's records, Osuna had no notice that the Court might order disclosure at the pre-motion

19    conference and no opportunity to present evidence and make a full record.  Thus, he must be

20    served with notice of the Order and provided adequate time to act upon it before disclosure of his

21    confidential mental health records.

22    **CONCLUSION**

23        The Proposed Order should be modified to allow thirty days before CDCR must produce

24    documents and notice beforehand to the privilege-holder Osuna.  In particular, the language at the

25    top of page 4, which currently reads "CDCR is ordered to produce [the documents] … within 48

26    hours of this order being issued," should be modified to read "CDCR is ordered to produce [the

27    documents] … within 30 days of this order.  Within 2 days of entry of this Order, CDCR shall

28    provide notice of this Order to Osuna."

3

1    Dated:  June 26, 2025                          Respectfully submitted,

2                                                   ROB BONTA
                                                    Attorney General of California
3                                                   JON S. ALLIN
                                                    Supervising Deputy Attorney General
4

5

6                                                   */s/ Jeremy Duggan*
                                                    JEREMY DUGGAN
7                                                   Deputy Attorney General
                                                    *Attorneys for Non-Party*
8                                                   *California Department of Corrections
     SA2019101902                                   and Rehabilitation*
9    38244735.docx

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Non-Party CDCR's Objection to Proposed Order  (1:20-CV-00323-LHR-BAM)

# CERTIFICATE OF SERVICE

Case Name:   **Dora Solares v. Ralph Diaz, et al.**     No.     **1:20-CV-00323-LHR**

I hereby certify that on <u>June 27, 2025,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **NON-PARTY CDCR'S OBJECTION TO PROPOSED ORDER (ECF NO. 177)**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 27, 2025,</u> at Los Angeles, California.

|  |  |
|---|---|
| J. Sissov | /s/ J. Sissov |
| Declarant | Signature |

SA2019101902

Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiff Dora Solares

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DORA SOLARES, an individual<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, in his official capacity, KENNETH CLARK, in his official capacity, JOSEPH BURNS, in his individual and official capacity, and DOES 1 TO 15,<br><br>Defendants. | Case No. 1:20-cv-00323-LHR<br><br>**PLAINTIFF'S OPPOSITION TO CDCR'S OBJECTION TO PROPOSED ORDER (ECF NO. 177)**<br><br>Judge: Hon. Lee H. Rosenthal<br>Case Filed: March 2, 2020 |

## I.    INTRODUCTION

**"The lady doth protest too much, methinks." -William Shakespeare,** *Hamlet*

Plaintiff Dora Solares hereby opposes California Department of Corrections and Rehabilitation (CDCR) objections to Plaintiff's Proposed Order (ECF No. 177). Plaintiff understands that CDCR and defendants really do not want to produce damning evidence of Jaime Osuna's desire to kill. However, the spaghetti that CDCR throws up against the wall with its objection will not stick. It is a matter of black-letter law that *Perlman* does not apply in the civil context. Furthermore, invoking the psychologist-patient privilege, after it has been waived, does not obviate its waiver.

1

## II.    *PERLMAN* IS INAPPLICABLE AND PERMITTING AN INTERLOCUTORY APPEAL WOULD BE WRONG

On June 24, 2025, the Court held a Pre-Motion Conference and ruled that CDCR must respond to Plaintiff's subpoena and produce statements reflecting Jaime Osuna's desire to kill. CDCR now argues, on Osuna's behalf, that Osuna should be served and be given time to respond to the subpoena on CDRC, and that Osuna has a right to seek an interlocutory appeal under *Perlman*. Desperate to avoid a damning production, this Hail Mary attempt falls short for a number of reasons.

First and foremost, it is a matter of black-letter law that *Perlman* does not apply to discovery orders in an ongoing civil case. As the Ninth Circuit has held, "the *Perlman* rule does not apply to render appealable discovery orders issued in an ongoing civil case." *In re National Mort. Equity Corp.*, 857 F.2d 1238, 1240 (9th Cir. 1988). Unlike in the context of a discovery dispute in a civil case, "the classic application" of *Perlman* is where the aggrieved party's motion or petition is the only pending proceeding in any federal court, such as criminal subpoenas or orders to produce documents in grand jury proceedings. *Id.* However, in an ongoing civil case where a party is aggrieved by a district court discovery order, the rationale for *Perlman* does not apply, as the privilege holder can seek recourse through post-judgment appeals. "The essential character of any litigation over a discovery order and the circumstances under which the order is issued... render it merely a step in the civil proceeding." *Id.* Of course, an order compelling discovery is not a final judgment under 28 U.S.C. § 1291.

Second, *Perlman* is an exception that should not be extended in this case, where CDCR participated in the confidential relationship upon which any claim of privilege by Osuna emerges. The Ninth Circuit in *In re Grand Jury Served upon Niren*, 784 F.2d 939 (9th Cir. 1986) (*Niren*) addressed what it called "the *Perlman* exception," to the general rule that appellate jurisdiction does not lie unless the witness has been held in contempt. In *Niren*, the Ninth Circuit expressed two reasons for the limitation of the *Perlman* exception: (1) the exception is intended to protect only those movants who are

2

1  "powerless" to control the actions of the subpoenaed third party; and (2) it is

2  particularly inappropriate to extend the *Perlman* exception to third parties who are

3  participants in the confidential relationship upon which the movant's claim of privilege

4  is based. *Id.* at 941. Here, Osuna has already argued for the psychotherapist-patient

5  privilege to apply under *Jaffee*, but that objection was filed after Osuna waived the

6  privilege when he placed his mental health at issue. Additionally, the *Perlman* exception

7  should not be extended to CDCR, which provided the psychological care, maintained

8  Osuna's mental health records, and fully participated in the confidential relationship

9  upon which any psychotherapist-patient privilege would be based. As stated in *Niren*,

10  "the exception becomes more difficult to sustain where the target of the disclosure

11  order is both subject to the control of the person or entity asserting the privilege and is

12  a participant in the relationship out of which the privilege emerges." *Id.* at 941 (quoting

13  *National Super Spuds Inc. v. N.Y. Mercantile exchange,* 591 F.2d 174, 179-80 n. 7 (2d Cir.

14  1979)). Here, CDCR is not just the custodian of the sought records, CDCR provided

15  the psychological care and participated in the provider-patient relationship with Osuna

16  of which the privilege emerges. As there is no daylight between CDCR and Osuna on

17  this issue of privilege, so extending the *Perlman* exception is particularly inappropriate.

18        Caselaw makes clear that *Perlman* has been narrowed not expanded. The

19  Supreme Court's decision in *Mohawk Industries, Inc. v. Carpenter* 558 U.S. 100 (2009) has

20  further narrowed the scope of interlocutory appeals in privilege disputes. See *Holt-*

21  *Orstead v. City of Dickson*, 641 F.3d 230 (6th Cir. 2011)("The *Mohawk* decision, however,

22  appears to have narrowed the scope of the *Perlman* doctrine"); see also *Jones v. Riot Hosp.*

23  *Grp. LLC,* 2022 U.S. App. LEXIS 3546 (quoting *Admiral Ins. Co., v. U.S. Dist. Ct.*, 881

24  F.2d 1486, 1490 (9th Cir. 1989) ("Discovery orders are not final appealable orders

25  under 28 U.S.C. § 1291, and courts have refused interlocutory review of such orders

26  under the collateral order doctrine.")).  Expanding *Perlman* would fly in the face of the

27  narrowing of interlocutory appeals post-*Mohawk*.

28

## III.   WAIVER

Osuna has known about Plaintiff's intentions to obtain statements of his desire to kill within his mental health records and has already asserted the psychologist-patient privilege in an objection filed in December 2024. *See* ECF Docket No. 117. Six months later, CDCR offers further delay, for Osuna to make the same argument under *Jaffee v. Redmond* that he has already made. *Id.* CDCR's latest filing misses the point here. It is not that Osuna has not objected or is not on notice of Plaintiff's intentions to obtain Osuna's homicidal ideation statements within mental health records maintained by CDCR. Rather, the Court has already addressed this on June 24, 2025, took Osuna's objections under consideration, and found that Osuna has already waived the psychologist-patient privilege and ordered production under the strict terms of the Protective Order.

## IV.   CONCLUSION

Osuna's mental health records have been in dispute for over a year. *See* ECF Docket No. 93 (June 26, 2024) (The plaintiffs will provide a proposed order compelling production of the disputed mental health records.") Plaintiffs obtained an order as to Burnes, and as ordered by the Court then subpoenaed CDCR. Having litigated and lost on the erroneous argument that *Jaffee* creates an absolute, unwaivable privilege, CDCR attempts a *Perlman* Hail Mary pass. As the law is clear, this effort must fall short. CDCR should be ordered to comply with the subpoena and provide the documents it has already provided *in camera* to the Court, within 48 hours.

DATED:  June 28, 2025                    Respectfully submitted,


                                         */s/ Erin Darling*

                                         ERIN DARLING
                                         Attorney for Plaintiff, Dora Solares

1  DAVID A. PRENTICE, No. 144690
   Interim County Counsel
2  Kings County Counsel
   DIANE WALKER FREEMAN, No. 264330
3  Deputy County Counsel
   Kings County Government Center
4  1400 West Lacey Blvd., Law Bldg., No. 4
   Hanford, CA  93230
5  Tel.: (559) 852-2445
   Fax: (559) 584-0865
6

**FILED**

MAY 2 4 2019

MICHELLE S. MARTINEZ, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
_____ DEPUTY
AMANDA RONQUILLO

7  Attorneys for the Kings County District Attorney's Office

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               IN AND FOR THE COUNTY OF KINGS

11

12  THE PEOPLE OF THE STATE          Case No.:     19CM1882
    OF CALIFORNIA,
13                                   KINGS COUNTY DISTRICT ATTORNEY'S
              Plaintiff,             RESPONSE TO ORDER TO SHOW CAUSE
14                                   RE: RELEASE AND/OR REDACTION OF
    vs.                              INVESTIGATIVE REPORTS
15
    JAIME OSUNA,                     Hearing:     May 31, 2019
16                                   Time:        9:00 a.m.
    _____ Defendant. ___/  Dept:        5
17

18          The Kings County District Attorney's Office ("District Attorney"), provides this

19  response to the Court's Order to Show Cause Regarding Release and/or Redaction of

20  Investigative Reports ("OSC") as filed on May 2, 2019.  In support of this response, the

21  District Attorney submits the declaration of Assistant District Attorney Louis D. Torch, who

22  is a prosecuting attorney in this matter.

23     **I.    THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
               INVESTIGATIVE REPORT NO. 19-03-0315 IS A CONFIDENTIAL DOCUMENT**
24

25          Under common law, the public has a general right to inspect court case records unless

26  the records are confidential by law or sealed by court order.  In accordance, the presumption

27  articulated in California Rules of Court, rule 2.55, subdivision (c), that court records are

28  open for inspection, does not apply to confidential records.

1    California Department of Corrections and Rehabilitation ("CDCR") Investigative

2  Report No. 19-03-0315 is a record made confidential by California Public Records Act

3  section 6254, subdivision (f). The document is part of an active and ongoing investigation

4  being conducted by the District Attorney and therefore is not open to inspection by the

5  public. (See, Decl. of Louis D. Torch at p. 2.) The document was lodged in the case record

6  as confidential. (See Order to Show Cause at p. 2.) A confidential document does not lose

7  its confidential status by its transfer from one holder to another if its confidentiality is

8  continually protected.    In the instant case, all holders have continually protected the

9  confidentiality of the document. Accordingly, CDCR Investigative Report No. 19-03-0315

10  remains a confidential document which, despite being lodged with the court, is not open to

11  inspection by the public.

12    **II.    OVERRIDING INTERESTS SUPPORT SEALING THE RECORD**

13

14    To the extent this Court determines the records filed and or lodged in this matter are

15  not protected from inspection as confidential documents, overriding interests support sealing

16  the record in accordance with California Rules of Court, rule 2.550, subdivision (d). Rule

17  2.550, subdivision (d), allows a court to order that a record be filed under seal if facts

18  establish (1) there exists an overriding interest that overcomes the right of public access to

19  the record; (2) the overriding interest supports sealing the record; (3) a substantial

20  probability exists that the overriding interest will be prejudiced if the record is not sealed; (4)

21  the proposed sealing is narrowly tailored; and (5) no less restrictive means exist to achieve

22  the overriding interest.

23    As noted by the County in its Order to Show Cause, the instant case is the subject of

24  much publicity from media outlets that have already sought to publish the case in detail

25  through televised courtroom coverage. (See Order to Show Cause at p. 1.) KGET News, a

26  media outlet, seeks disclosure of the CDCR Investigative Reports which were lodged with

27  the Court as confidential documents and contain detailed information relevant to the case.

28  Any release of the CDCR Investigative Reports will be, presumably, broadly communicated

1   to the public.

2   Such premature, pre-trial release of the CDCR Investigative Reports poses a

3   significant threat to the integrity of the evidence and the Defendant's due process rights

4   given that specific information in the reports would likely taint the potential jury pool in

5   Kings County given the notoriety of this case. (See Decl. of Louis D. Torch at p. 2.) The

6   need to preserve the integrity of evidence and the Defendant's due process rights are

7   significant interests sufficient to override the right of public access to the record and

8   supports sealing the record. If the record is not sealed, there is a substantial probability that

9   the media will publish the detailed information contained in the record, that evidence will be

10  compromised, and that the potential jury pool will be tainted in a manner that compromises

11  Defendant's due process rights. Sealing the record is the least restrictive means to preserve

12  the integrity of the evidence and the Defendant's due process rights. Mere redaction of the

13  record is in sufficient to prevent the above referenced harm and achieve the overriding

14  interests.

## CONCLUSION

16  As explained above, the CDCR Investigative Report lodged with the Court by the

17  District Attorney is a confidential document not subject to inspection. To the extent this

18  Court determines that it is not a confidential document, overriding interests overcome the

19  public's right to access the record. Thus, the District Attorney respectfully requests the

20  Court deny KGET News's request to inspect CDCR's Investigative Report and that it seal

21  the record to protect it from future requests by the public for inspection.

22  Dated: May 24, 2019                    Respectfully submitted,

23                                          DAVID A. PRENTICE
                                            Interim County Counsel
24

25                                          DIANE WALKER FREEMAN
26                                          Deputy County Counsel

27

28

## PROOF OF SERVICE
(CCP §§ 1013, 1010.6, 1011, 2015.5 and Rules of Court 2.251 & 2.306)

I am employed by the County of Kings; I am over the age of eighteen years and not a party to the above-entitled action; my business address is: 1400 West Lacey Blvd., Hanford, CA, 93230.

On May 24, 2019, I served the following document(s):

**1) KINGS COUNTY DISTRICT ATTORNEY'S RESPONSE TO ORDER TO SHOW CAUSE RE: RELEASE AND/OR REDACTION OF INVESTIGATIVE REPORTS; 2) DECLARATION OF LOUIS D. TORCH ISO RESPONSE TO ORDER TO SHOW CAUSE RE RELEASE AND/OR REDACTION OF INVESTGATIVE REPORTS**

☒    BY INTEROFFICE MAIL: by placing a true copy of the document(s) in an interoffice envelope and placing in the designated area for outgoing mail, addressed as set forth below:

Kings County District Attorney's Office          Melina Benninghoff, Esq.
Attn: Louis D. Torch                              Attorney pickup box at:
1400 W. Lacey Blvd., Law Bldg. 4                 Kings County Superior Court
Hanford, CA 93230                                1640 Kings County Drive
                                                 Hanford, CA 93230
                                                 (Attorney for Defendant)

☒    BY MAIL: by placing a true copy of the document(s) in a sealed envelope and placing in the designated area for outgoing mail, addressed as set forth below:

KGET News
2120 L Street
Bakersfield, CA 93301

I am familiar with this firm's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in an appropriate mailbox in the County of Kings, California.

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration was executed on  May 24, 2019 , at Hanford, California.

*Michelle Ramirez*
MICHELLE RAMIREZ

## CERTIFICATE OF SERVICE

**Case Name**: *Dora Solares v. Ralph Diaz, et al.*

**No.** 1:20-CV-00323-LHR

I hereby certify that on June 30, 2025, I provided following documents to Erin Darling

via U.S. Postal Service Certified Mail to the address on docket record: Law Offices of

Erin Darling 3435 Wilshire Blvd, Suite 2910, Los Angeles, CA 90010:

• **PROOF OF SERVICE AND NOTICE OF:** EMERGENCY MOTION UNDER CIRCUIT
RULE 27-3 FOR INTERLOCUTORY RELIEF UNDER 28 U.S.C. § 1292(a)(1); MOTION TO
VACATE IMPROPER WAIVER OF PRIVILEGE, COMPEL RETURN AND
SEQUESTRATION OF CONFIDENTIAL AND PRIVILEGED MATERIALS, AND ENTER
PROTECTIVE ORDER TO PREVENT FURTHER DISCLOSURE OF NON-PARTY JAMIE
OSUNA'S RECORDS

     I declare under penalty of perjury under the laws of the State of California and the

United States of America the foregoing is true and correct and that this declaration was executed

on June 30, 2025.

Declarant Signature
p.p. Jamie Osuna BD0868

## CERTIFICATE OF SERVICE

**Case Name**: *Dora Solares v. Ralph Diaz, et al.*

**No.** 1:20-CV-00323-LHR

I hereby certify that on June 30, 2025, I provided following documents to the Clerk of the Court of the Eastern District via U.S. Postal Service Certified Mail to the address Robert E. Coyle United States Courthouse, Office of the Clerk, 2500 Tulare Street, Room 1501, Fresno, CA 93721:

• **PROOF OF SERVICE AND NOTICE OF:** EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR INTERLOCUTORY RELIEF UNDER 28 U.S.C. § 1292(a)(1); MOTION TO VACATE IMPROPER WAIVER OF PRIVILEGE, COMPEL RETURN AND SEQUESTRATION OF CONFIDENTIAL AND PRIVILEGED MATERIALS, AND ENTER PROTECTIVE ORDER TO PREVENT FURTHER DISCLOSURE OF NON-PARTY JAMIE OSUNA'S RECORDS

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 30, 2025.

Declarant Signature
p.p. Jamie Osuna BD0868

## CERTIFICATE OF SERVICE

**Case Name**: *Dora Solares v. Ralph Diaz, et al.*

**No.** 1:20-CV-00323-LHR

I hereby certify that on June 30, 2025, I provided following documents to Rob Bonta,

Attorney general; and Jeremy Duggan, Deputy Attorney General via U.S. Postal Service

Certified Mail to the address on docket file 1300 I Street, Suite 125, PO Box 944255,

Sacramento, CA 944255, Sacramento, CA 94244-2550:


**• PROOF OF SERVICE AND NOTICE OF:** EMERGENCY MOTION UNDER CIRCUIT
RULE 27-3 FOR INTERLOCUTORY RELIEF UNDER 28 U.S.C. § 1292(a)(1); MOTION TO
VACATE IMPROPER WAIVER OF PRIVILEGE, COMPEL RETURN AND
SEQUESTRATION OF CONFIDENTIAL AND PRIVILEGED MATERIALS, AND ENTER
PROTECTIVE ORDER TO PREVENT FURTHER DISCLOSURE OF NON-PARTY JAMIE
OSUNA'S RECORDS

I declare under penalty of perjury under the laws of the State of California and the

United States of America the foregoing is true and correct and that this declaration was executed

on June 30, 2025.

Declarant Signature
p.p. Jamie Osuna BD0868

## CERTIFICATE OF SERVICE

**Case Name**: *Dora Solares v. Ralph Diaz, et al.*

**No**. 1:20-CV-00323-LHR

I hereby certify that on June 30, 2025, I provided following documents to Lynne G.

Stocker via U.S. Postal Service Certified Mail to the address on docket record: 1939

Harrison Street, Suite 612, Oakland, California 94612:


• **PROOF OF SERVICE AND NOTICE OF: Emergency Motion Under Circuit Rule 27-3**

**INTERLOCUTORY APPEAL / MOTION FOR RECONSIDERATION AND MOTION**
**FOR PROTECTIVE ORDER TO PREVENT UNAUTHORIZED DISCLOSURE OF**
**PRIVILEGED MENTAL HEALTH RECORDS OF NON-PARTY INMATE JAMIE**
**OSUNA UNDER 28 U.S.C. § 1292(a)**

  .

     I declare under penalty of perjury under the laws of the State of California and the

United States of America the foregoing is true and correct and that this declaration was executed

on June 30, 2025.


Declarant Signature
p.p. Jamie Osuna BD0868

## CERTIFICATE OF SERVICE

**Case Name**: *Dora Solares v. Ralph Diaz, et al.*

**No.** 1:20-CV-00323-LHR

I hereby certify that on June 30, 2025, I provided following documents to Lynne G.

Stocker via U.S. Postal Service Certified Mail to the address on docket record: 1939

Harrison Street, Suite 612, Oakland, California 94612:


• **PROOF OF SERVICE AND NOTICE OF: Emergency Motion Under Circuit Rule 27-3**

**INTERLOCUTORY APPEAL / MOTION FOR RECONSIDERATION AND MOTION FOR PROTECTIVE ORDER TO PREVENT UNAUTHORIZED DISCLOSURE OF PRIVILEGED MENTAL HEALTH RECORDS OF NON-PARTY INMATE JAMIE OSUNA UNDER 28 U.S.C. § 1292(a)**

.

   I declare under penalty of perjury under the laws of the State of California and the

United States of America the foregoing is true and correct and that this declaration was executed

on June 30, 2025.


Declarant Signature
p.p. Jamie Osuna BD0868