J. RANDALL ANDRADA, SBN 70000
randrada@andradalaw.com
LYNNE G. STOCKER, SBN 130333
lstocker@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
1939 Harrison Street, Suite 612
Oakland, California 94612
Tel.: (510) 287-4160 / Fax: (510) 287-4161

Attorneys for Defendant
L. SILVA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DORA SOLARES,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>Defendants. | Case No.: 1:20-CV-00323-LHR-BAM<br><br>**DEFENDANT SILVA'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant SILVA hereby moves to quash the subpoena for production of documents served on non-party California Office of the Inspector General (OIG) as it relates to documents protected from disclosure as identified in privilege logs provided by Silva, the California Department of Corrections and Rehabilitation (CDCR) and OIG. The subpoena must be quashed pursuant to Federal Rule of Civil Procedure 45 because it seeks documents that are protected as attorney work product and protected as employment records of a peace officer and are beyond the scope of permissible discovery, and no exception or waiver applies.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Judge Rosenthal's Court Procedures, Defendant Silva hereby requests oral argument on this matter at a time to be determined



ANDRADA & ASSOCIATES PROFESSIONAL CORPORATION

by the Court.

This Motion is based on this Notice and Motion, the memorandum of points and authorities, the documents presented to the Court for *in camera* review, the pleadings, records, and files herein, and upon such oral and documentary evidence as may be presented to the Court at the time of the hearing.

Dated: July 7, 2025

**ANDRADA & ASSOCIATES**

By *_/s/ Lynne G. Stocker_*
LYNNE G. STOCKER
Attorneys for Defendant SILVA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Based on the circumstances surrounding the murder of her son, Luis Romero, at California State Prison - Corcoran, Dora Solares proceeds in both her individual capacity and as successor-in-interest to Mr. Romero in this action pursuant to 42 U.S.C. § 1983 and state law. This action proceeds on Plaintiff's Fifth Amended Complaint ("5AC") against defendant Correctional Officer Silva and others. (ECF No. 134.)

Plaintiff issued a subpoena to non-party OIG in an effort to obtain non-discoverable, privileged and protected materials related to OIG's statutory oversight of CDCR's recommendations made to and decisions made by the hiring authority regarding, *inter alia*, the discipline to be imposed on correctional officers involved in the subject incident. However, OIG is not authorized to hire, supervise, or discipline CDRC employees, nor does the OIG have authority to direct employees of the CDRC to perform, or not perform, any act.

The production of documents by CDCR to OIG during its oversight of the matter included documents protected by the attorney-client privilege, as attorney work product and as private employment records of peace officers including, but not limited to, records created in preparation for litigation between CDCR and its employees before the State Personnel Board (SPB).

By statute, CDCR (and its employees) is required to allow access to its documents, but allowing that access does <u>not</u> result in the waiver of any confidentiality or privilege regarding those documents. Cal. Penal Code § 6126.5.

Plaintiff has not explained how documents provided to OIG for its oversight of the CDCR disciplinary process are relevant, non-privileged, proportional to the needs of the case, and discoverable.

Plaintiff's subpoena to OIG should be quashed as to the documents listed in the Silva, OIG and CDCR privilege logs. (ECF Nos. 172, 173.)

/ /

/ /

/ /



ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

**RELEVANT PROCEDURAL HISTORY**

On May 5, 2025, Plaintiff served OIG with a subpoena for production of documents. (ECF No. 171-1.) The subpoena sought production of documents prepared by OIG, or relied upon by OIG, in issuing its written findings in its Case Summary, Case No. 19-0028973-DM.

Defendant Silva first appeared in this action by filing his answer to the 5AC on May 19, 2025. (ECF No. 155.)

On May 23, 2025, a pre-motion conference was held. On May 28, 2025, the Court issued its Minute Order directing the filing of privilege logs setting forth objections to each of plaintiff's document requests pertaining to documents generated by OIG and/or documents generated by CDCR. (ECF No. 162.) On June 6, 2025, non-party CDCR filed its privilege log. (ECF No. 167-1.) On June 23, 2025, CDCR filed its supplemental privilege log. (ECF No. 172.)

On June 23, 2025, Silva filed his privilege log asserting privileges and other grounds for withholding documents potentially responsive to the subpoena. The documents identified by Defendant Silva (and by non-party CDCR) relate to litigation between CDCR and Silva before the State Personnel Board. (ECF Nos. 172-1 and 173.) On that same date, Silva submitted documents to the Court for it's *in camera* review.

On June 24, 2025, a pre-motion conference was held. Silva was directed to file this motion to quash.

**ARGUMENT**

**I. Standard on Motion to Quash**

Under Federal Rule of Civil Procedure 45:

> [T]he court for the district where compliance is required <u>must</u> quash or modify a subpoena that:
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies.

Fed. R. Civ. P. 45(d)(3)(A) (emphasis added.)

When a party withholds information otherwise discoverable, or seeks to prevent the unlawful and unauthorized disclosure by others, by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A)(ii). This is what Defendant Silva has done here by submitting a privilege log. (ECF No. 173.)

Defendant Silva has standing to quash a Rule 45 subpoena because he has "a personal right or privilege in the information sought to be disclosed." *Freed v. Home Depot U.S.A., Inc*., No. 18CV359-BAS (LL), 2019 WL 582346, at *2 (S.D. Cal. Feb. 13, 2019) (quoting *Chevron Corp. v. Donziger*, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013)).

**II. Attorney Work-Product Doctrine Precludes Disclosure**

Originally a creature of the common law, Federal Civil Rule 26(b)(3) now "codifies the work-product doctrine." *Upjohn Co. v. United States*, 449 U.S. 383, 398, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). Accordingly, "[u]nlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard." *United Coal Cos. v. Powell Const. Co*., 839 F.2d 958, 966 (3d Cir.1988). That standard provides for "two levels of protection, one for 'fact' work product which is subject to discovery only upon a showing of need and hardship," and "a more absolute protection for 'opinion' work product," which "is subject to discovery only upon a showing of extraordinary justification." *Feld v. Fireman's Fund Ins. Co*., 991 F. Supp. 2d 242, 247 (D.D.C. 2013).

**Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative** (**including the other party's attorney, consultant, surety, indemnitor, insurer, or agent**). Fed. R. Civ. P. 26(b)(3)(A) (emphasis added). **If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation**. Fed. R. Civ. P. 26(b)(3)(B) (emphasis added).

"Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary." *Hickman v. Taylor*, 329 U.S. 495, 516, 67



ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

S.Ct. 385, 91 L.Ed. 451 (1947).

The documents identified by Silva in his privilege log contain material prepared by Silva's attorneys for litigation before the State Personnel Board and protected from disclosure by the attorney work product doctrine. The subpoena must be quashed.

Decisions by lawyers about which people to use for confidential pretrial consultation fall into that almost sacrosanct category recognized in Rule 26(b)(3), namely "the mental impressions, conclusions, opinions, or legal theories of an attorney." *In re Pizza Time Theatre Sec. Litig*., 113 F.R.D. 94, 98 (N.D. Cal. 1986). A lawyer's decisions about which people to use in confidence for which purposes in preparing a case for trial is as central to lawyering strategy as one can get. *Id*.

Permitting Plaintiff to discover the identity of Defendant's consulting experts would be contrary to law. *Burt v. AVCO Corp.*, No. CV-15-3355-MWF-PJWX, 2015 WL 12912366, at *4 (C.D. Cal. Nov. 17, 2015). Indeed, "the identity of non-testifying consulting experts is not discoverable absent a showing of 'exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.' " *Id*. Plaintiff has made no such showing and would be unable to do so. See, *Williams v. Bridgeport Music, Inc.,* 300 F.R.D. 120, 124 (S.D.N.Y. 2014) (Rule 26 protects all facts known or opinions by a non-testifying consulting expert).

Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded. Rule 26(b)(4)(B). Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications. Rule 26(b)(4)(C).

"As the Advisory Committee's Note accompanying the 1970 amendments makes clear, the drafters of that subparagraph wanted it to reinforce each litigant's motivation to aggressively develop his own side of any given case by retaining and relying on his own expert. The flip side of that objective was to discourage lazy or unscrupulous lawyers from trying to cut case-preparation corners by leaching basic information or valuable opinions from experts retained by their opponents. Thus, as a general proposition, there is greater reason to be concerned about a party's efforts to discover information about another party's experts than there is about comparable efforts by non-parties. *In re*

*Pizza Time*, 113 F.R.D. at 96–97.

The requirement of a special showing for discovery of trial preparation materials reflects the view that each side's informal evaluation of its case should be protected, that each side should be encouraged to prepare independently, and that one side should not automatically have the benefit of the detailed preparatory work of the other side. *Advisory Committee Note* to 1970 amendments to Fed. R. Civ. P. 26, subdivision (b)(3).

The procedure established in subsection (b)(4)(A) limits discovery to trial witnesses, and may be obtained only at a time when the parties know who their expert witnesses will be. A party must as a practical matter prepare his own case in advance of that time, for he can hardly hope to build his case out of his opponent's experts. *Advisory Committee Note* to 1970 amendments to Fed. R. Civ. P. 26, subdivision (b)(4).

Disclosure of the protected attorney work product materials contained within the SPB proceedings would be contrary to law and must be prevented. Rule 26 protects the identities of consulting experts as privileged unless they are designated to testify. Defendant Silva cannot be forced to disclose the identity or opinions of his consulting experts. Silva's motion to quash must be granted.

**III. CA Penal Code §§ 832.7, et seq., Precludes Disclosure**

The California Constitution acknowledges that police officers are entitled to certain privacy protections. Article I, section 3, subdivision (b)(3) of the Constitution provides that nothing in that subdivision " 'supersedes or modifies the right of privacy guaranteed by [article I,] Section 1 or affects the construction of any statute ... to the extent that it protects that right to privacy, including any statutory procedures governing discovery or disclosure of information concerning the official performance or professional qualifications of a peace officer.' " *Pasadena Police Officers Assn. v. Superior Ct.*, 240 Cal. App. 4th 268, 284 (2015).

The Penal Code provision exempting from disclosure under the California Public Records Act (CPRA) certain peace officer or custodial officer records and information applies to criminal and civil proceedings and also applies to administrative proceedings. *Copley Press, Inc. v. Superior Ct.*, 39 Cal. 4th 1272, 1284 (2006).



ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

Thus, the documents identified in Defendant Silva's privilege log as related to the litigation involving a disciplinary action before the State Personnel Board are confidential and private and are not subject to disclosure in response to a subpoena issued to non-party OIG.

**IV. The Authority of the OIG is Limited**

Plaintiff has never offered an explanation or any legal authority for why she is "entitled" to obtain documents from the OIG or what use she intends to make of such documents should she obtain them. The failure to support an argument with valid legal authority waives it. *United States v. Cazares*, 788 F.3d 956, 983 (9th Cir. 2015).

Ignoring clear authority to the contrary, Plaintiff argues that by providing documents to OIG, CDCR has waived the attorney client privilege and any other privileges or protections that may apply. Plaintiff's argument is belied by Cal. Penal Code §6126.5.

The Office of the Inspector General was created by the California Legislature in 1994 as part of the Youth and Adult Correctional Agency. California Penal Code §6125, Added Stats 1994 ch 766 §1 (SB 1462). In 1998, the legislature made the OIG a separate, independent state agency. California Penal Code §6125, Amended Stats 1998 ch 969 §2 (SB 1913).

Penal Code §6125 *et seq*., does not give the Inspector General the power to direct, control, or supervise the CDCR or any of its employees, as the Inspector General is not the appointing power for those civil service employees. Cal. Gov't Code §18524. The Inspector General and his staff only have oversight authority over the CDCR, which is limited to conducting investigations and audits, and where necessary, reviewing of documents and interviewing CDCR employees in the context of these investigations and audits. Cal. Penal Code §6126.5.

**V. Evidence of Alleged Violations of Department Policy is Inadmissible**

A State Personnel Board proceeding relates to whether or not an employee complied with Department policy. Any finding or determination about administrative discipline is not relevant and not admissible because there is no § 1983 liability for violating prison policy. Plaintiff must prove that Defendant Silva (and others) violated his constitutional right. *Case v. Kitsap County Sheriff's Dep't*, 249 F.3d 921, 930 (9th Cir.2001); See, *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (violation of CDCR Operations Manual ("DOM") does not establish a federal constitutional



ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

violation). A complaint that the defendant violated the rules is merely an accusation of conduct and not, of course, proof that the conduct alleged occurred. *United States v. Bailey*, 696 F.3d 794, 801 (9th Cir. 2012). Thus, materials presented to the SPB are not relevant and not discoverable. The subpoena must be quashed.

**CONCLUSION**

The documents identified by Defendant Silva in his privilege log (to which Plaintiff has filed no response) are protected from disclosure. Plaintiff's subpoena to the OIG must be quashed.

Dated: July 7, 2025

**ANDRADA & ASSOCIATES**

By *\/s/ Lynne G. Stocker*

LYNNE G. STOCKER
Attorneys for Defendant SILVA

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION