Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiff Dora Solares

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA SOLARES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, in his official capacity, KENNETH CLARK, in his official capacity, JOSEPH BURNS, in his individual and official capacity, and DOES 1 TO 15,<br><br>Defendants. | Case No. 1:20-cv-00323-LHR<br><br>**PLAINTIFF'S OPPOSITION TO JAMIE OSUNA'S EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR INTERLOCUTORY RELIEF UNDER 28 U.S.C. § 1292(a)(1); MOTION TO VACTE IMPROPER WAIVER OF PRIVIELGE, COMPEL RETURN AND SEQUESTRATION OF PRIVILEGED MATERIALS, AND ENTER PROTECTIVE ORDER TO PREVENT FURTHER DISCLOSURE OF NON-PARTY JAMIE OSUNA'S RECORDS (ECF NO. 183)**<br><br>Judge: Hon. Lee H. Rosenthal<br>Case Filed: March 2, 2020 |

## I.   INTRODUCTION

Plaintiff Dora Solares hereby opposes Jamie Osuna's Motion for Interlocutory Relief and Motion to Vacate (ECF No. 183).

1

## II. NO INTERLOCUTORY APPEAL OF CIVIL DISCOVERY ORDER

First, Plaintiff seeks documents in the control of the CDCR, not Jamie Osuna, and so there is no scenario where non-party Jamie Osuna could be held in contempt of court. With no contempt order possible, there would be no final judgment to appeal. *See* 28 U.S.C. § 1291.

Second, it is a matter of black-letter law that *Perlman* does not apply to discovery orders in an ongoing civil case. As the Ninth Circuit has held, "the *Perlman* rule does not apply to render appealable discovery orders issued in an ongoing civil case." *In re National Mort. Equity Corp.*, 857 F.2d 1238, 1240 (9th Cir. 1988). Unlike in the context of a discovery dispute in a civil case, "the classic application" of *Perlman* is where the aggrieved party's motion or petition is the only pending proceeding in any federal court, such as criminal subpoenas or orders to produce documents in grand jury proceedings. *Id.* However, in an ongoing civil case where a party is aggrieved by a district court discovery order, the rationale for *Perlman* does not apply, as the privilege holder can seek recourse through post-judgment appeals. "The essential character of any litigation over a discovery order and the circumstances under which the order is issued... render it merely a step in the civil proceeding." *Id.* Of course, an order compelling discovery is not a final judgment under 28 U.S.C. § 1291. *See Admiral Ins. Co., v. U.S. Dist. Ct.*, 881 F.2d 1486, 1490 (9th Cir. 1989) ("Discovery orders are not final appealable orders under 28 U.S.C. § 1291, and courts have refused interlocutory review of such orders under the collateral order doctrine.")).

Third, caselaw makes clear that *Perlman* has been narrowed not expanded. The Supreme Court's decision in *Mohawk Industries, Inc. v. Carpenter* 558 U.S. 100 (2009) has further narrowed the scope of interlocutory appeals in privilege disputes. See *Holt-Orstead v. City of Dickson*, 641 F.3d 230 (6th Cir. 2011)("The *Mohawk* decision, however, appears to have narrowed the scope of the *Perlman* doctrine").

## III. THE PSYCHOTHERAPIST PATIENT PRIVILEGE HAS BEEN THOROUGHLY LITIGATED AND OSUNA PRESENTS NO NEW ISSUES

The Court has received over a year of briefing on the issue regarding Osuna's mental health records and can rule that *Jaffee* is not absolute. *See* Docket Entry No. 93, Minute Order (June 26, 2024); Docket Entry No. 119, Proposed Order Re: Mental Health (December 11, 2024); Docket Entry No. 131, Proposed Order Re: Mental Health (February 7, 2025); Docket Entry No. 150, Minute Order (April 24, 2025); Docket Entry No. 151, Minute Order (April 29, 2025); Docket Entry No. 177, Proposed Order (June 26, 2025).

The Supreme Court in *Jaffe* recognized that the psychotherapist-patient privilege is not absolute: "[W]e do not doubt that there are situations in which the privilege must give way." *Jaffee v. Redmond*, 518 U.S. 1, 18, n. 19, 135 L.Ed. 2d 337, 116 S.Ct. 1923 (1996). In *Romo*, the Ninth Circuit held that a defendant's confession to a prison counselor was not protected by the psychotherapist-patient privilege after the party invoking the privilege failed to establish sufficient facts. *Romo*, 413 F.3d at 1049. The psychotherapist-patient privilege may be waived whenever the patient places his mental condition at issue. *I.R. v. City of Fresno*, No. 1:12-cv-558-AWI, 2014 U.S. Dist. LEXIS 42094 (E.D. Cal. 2014). Such involuntary waiver applies even if the privilege is later invoked. *See e.g. Green v. St. Vincent's Med. Ctr.*, 242 F.R.D. 125, 128 (D. Conn. 2008) ("Such involuntary waiver is rooted in principles of fairness.")

Osuna simply reiterates a simplistic rendering of *Jaffee* that this Court has already addressed and presents no new issues. Osuna's argument that he waived in absentia misses the point of the waiver: Osuna himself placed his mental health at issue in commencing the competency proceedings, which subsequently froze his criminal prosecution. Moreover, contrary to Osuna's assertions, federal law applies here. "Where there are federal question claims and pendant state law claims present, the federal law of privilege applies." *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir.

3

2005). In federal question cases, the law of privilege is governed by "the principles of the common law as they may be interpreted by the courts of the United Staes in the light of reason and experience." *Religious Tech. Ctr. v. Wollersheim,* 971 F.2d 364, 367 n. 10 (9th Cir. 1992) (refusing to apply California litigation privilege in copyright action with pendant state law claims).

### IV.   A PROTECTIVE ORDER IS IN PLACE

Osuna also objects on the grounds that no protective order is in place. Indeed, a fulsome stipulated protective order has been in place since January 2024. *See* Docket Entry No. 76, Protective Order (Jan. 8, 2024) Not only are materials confidential, but they are subject to the additional layer of "ATTORNEYS' EYES ONLY." *Id.* at 5. The protective order in place here is sufficient and Osuna describes no basis why anything else would be necessary.

### V.   CONCLUSION

Osuna's mental health records have been in dispute for over a year. *See* ECF Docket No. 93 (June 26, 2024) (The plaintiffs will provide a proposed order compelling production of the disputed mental health records.")

DATED: July 7, 2025                    Respectfully submitted,

*/s/ Erin Darling*
_____
ERIN DARLING
Attorney for Plaintiff, Dora Solares

4