ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
JEREMY DUGGAN, State Bar No. 229854
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6008
  Fax: (916) 324-5205
  E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Non-Party
California Department of Corrections and
Rehabilitation*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,**<br><br>Plaintiff,<br><br>v.<br><br>**RALPH DIAZ, et al.,**<br><br>Defendants. | 1:20-CV-00323-LHR<br><br>**NON-PARTY CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S REPLY IN SUPPORT OF MOTION TO QUASH**<br><br>Date:         Hearing not set<br>Judge:       The Honorable Lee H. Rosenthal<br>Action Filed: March 2, 2020 |

Non-party CDCR moves to quash Plaintiff's subpoena directed to another non-party, the California Office of the Inspector General (OIG), because the subpoena seeks privileged documents.

Plaintiff's opposition argues that CDCR's motion is late. The motion is not late; indeed, the Court specifically ordered CDCR to file the motion on June 27, 2025, which CDCR did.

Plaintiff argues that CDCR should not be allowed to assert privilege on a subpoena directed to OIG. As explained in CDCR's motion, the documents sought by Plaintiff's subpoena include CDCR's privileged information. CDCR therefore moves to quash the subpoena. That CDCR

provided the documents to OIG (as required by law) does not change the documents' privileged status.  The motion to quash should be granted.

**I.   CDCR'S MOTION IS TIMELY.**

Plaintiff argues first that CDCR's motion to quash is late.  (Pl.'s Opp'n at 2-3,[1] ECF No. 184.)  The motion is not late.  The parties, non-parties, and the Court first attempted to resolve these issues using the Court's pre-motion conference procedure.  (*See, e.g.,* Docket Control Order, ECF No. 165 ("Any party wishing to make any discovery motions should arrange for a pre-motion conference with the court before the preparation and submission of any motion papers.  That includes a motion to compel, to quash, or for protection.").)  When that procedure did not resolve the issues, the Court ordered that CDCR submit a motion by June 27, 2025. which CDCR did.  CDCR's motion is not late.

The parties and OIG had an initial pre-motion conference, which took place on April 29, 2025. (ECF No. 151.)  Following that conference, counsel for Plaintiff sent a subpoena on May 5, 2025, which is the subpoena at issue here.  (*See* Pl.'s Opp'n at 2 (describing a "second subpoena" served on May 5, 2025).)  OIG requested a further pre-motion conference, which took place on May 28, 2025.  (Minute Order, ECF No. 162.)  At that conference, the Court ordered CDCR and OIG to provide privilege logs stating their objections to production by June 6, 2025, and to provide documents for an *in camera* review.  (*Id.*)

The Court the conducted a further pre-motion conference on June 24, 2025.  (*See* Proposed Order at 3, ECF No. 177.)  At that conference, the Court ordered CDCR to file a "motion to quash and brief" regarding the subpoena to OIG by June 27, 2025.  (Transcript of June 24, 2025 Conference; *see also* Proposed Order at 5, ECF No. 177.)  CDCR filed its motion on June 27, 2025. (Motion to Quash, ECF No. 180.)  CDCR's motion was filed by the court-ordered date and is timely.

---

[1] Plaintiff's Opposition has two sets of page numbers that do not match.  Non-party CDCR is using the Court's ECF page numbers, which are in blue at the top of the page.

## II. CDCR HAS STANDING TO MOVE TO QUASH.

Plaintiff next argues that CDCR's motion should be denied because CDCR "never explains how it has standing to assert privilege that cannot apply to an independent state agency." (Pl.'s Opp'n at 4.) As explained in CDCR's motion, the documents sought by Plaintiff's subpoena include CDCR's privileged information, and privilege has not been waived. (CDCR's Mot. at 5-9.) Disclosure to OIG did not waive privilege. (*Id.* at 9.) Briefly, the California Penal Code specifically provides that OIG's access to CDCR's documents "shall not result in the waiver of any confidentiality or privilege." (Cal. Penal Code § 6126.5(b).) Moreover, CDCR's disclosure of documents to OIG is involuntary, because failure to disclose is a misdemeanor. (Cal. Penal Code § 6126.5(c).) Where disclosure of documents is involuntary, there is no waiver of privilege. See *United States v. De La Jara*, 973 F.2d 746, 749-50 (9th Cir. 1992).

According to Plaintiff, "Although CDCR spills much ink on California statutory protections it supposedly enjoys it never explains how it has standing to assert privilege that cannot apply to an independent state agency." (Pl.'s Opp'n at 4.) Under Plaintiff's erroneous theory, therefore, the documents are privileged, and privilege has not been waived, but CDCR cannot assert its privilege because it somehow lacks "standing." (*Id.*) But non-parties do have standing to move to quash subpoenas seeking their privileged records that are in the possession of others. *See, e.g., In re Optical Disk Drive Antitrust Litig.*, 801 F.3d 1072, 1074 (9th Cir. 2015) (Non-party Doe had standing to move to quash Dell Inc.'s subpoena to the U.S. Department of Justice based on Doe's claim of privilege). Plaintiff provides no authority stating otherwise. The motion to quash should be granted.

## III. OIG'S PUBLISHED FINDINGS DID NOT WAIVE PRIVILEGE.

Last, Plaintiff argues that the documents should be turned over because OIG relied on the documents in making published findings. (Pl.'s Opp'n at 4-5.) As explained in CDCR's motion, OIG's public statements do not waive CDCR's privilege. (CDCR's Mot. at 10.) Attorney-client privilege can be waived expressly — by the privilege holder voluntarily disclosing the documents to third parties — or impliedly — where the attorney's performance is at issue in the case. *See, e.g., United States v. Sanmina Corp. & Subsidiaries*, 968 F.3d 1107, 1117 (9th Cir. 2020).

Neither circumstance is present here, as the disclosure to OIG was involuntary, and the CDCR attorney's performance is not at issue. (CDCR's Mot. at 10.) Plaintiff provides no authority for the argument or authority that privilege is waived in such a circumstance.

Plaintiff argues that "The factual, detailed bases of [OIG's] legal conclusions should not be considered privilege [sic] when the legal conclusions have already been made public." (Pl.'s Opp'n at 5.) Apparently, Plaintiff is attempting to analogize this situation to the Federal Rule of Civil Procedure 26(a)(2)(B)(ii), which requires a testifying expert to disclose the "facts and data" considered in forming her opinions. That rule does not apply here. OIG is not a testifying expert, and OIG's publication of its findings did not waive privilege.

## CONCLUSION

The documents listed in CDCR's privilege log, and OIG's privilege log, include CDCR's privileged information, and privilege has not been waived. Plaintiff's subpoena should be quashed as to those documents.

Dated: July 8, 2025                                        Respectfully submitted,

                                                           ROB BONTA
                                                           Attorney General of California
                                                           JON S. ALLIN
                                                           Supervising Deputy Attorney General

                                                           ***/s/ Jeremy Duggan***

                                                           JEREMY DUGGAN
                                                           Deputy Attorney General
                                                           *Attorneys for Non-Party*
                                                           *California Department of Corrections and*
                                                           *Rehabilitation*

SA2019101902
39142484.docx

# CERTIFICATE OF SERVICE

| Case Name: | **Dora Solares v. Ralph Diaz, et al.** | No. | **1:20-CV-00323-LHR** |
|---|---|---|---|

I hereby certify that on <u>July 8, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> **NON-PARTY CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S REPLY IN SUPPORT OF MOTION TO QUASH**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 8, 2025</u>, at Los Angeles, California.

| K. Vitalie | */s/ K. Vitalie* |
|---|---|
| Declarant | Signature |

SA2019101902