1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JON S. ALLIN, State Bar No. 155069
   Supervising Deputy Attorney General
3  JEREMY DUGGAN, State Bar No. 229854
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 210-6008
6    Fax: (916) 324-5205
     E-mail: Jeremy.Duggan@doj.ca.gov
7  *Attorneys for Defendants*
   *Burnes, Pena, Garcia, Gallemore, Maytubby, and*
8  *Munoz*

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11                     FRESNO DIVISION

12

13 | **DORA SOLARES,** | 1:20-CV-00323-LHR |

14 |                              Plaintiff, | **DEFENDANTS' RESPONSE TO** |

15 |                                         | **OSUNA'S EMERGENCY MOTION** |

16 |     v.                                  | Judge:        The Honorable Lee H. |
                                              |               Rosenthal |
17 | **RALPH DIAZ, et al.,**                 | Action Filed: March 2, 2020 |

18 |                              Defendants. |

19

20

21

22

23

24

25

26

27

28

1

Non-party Osuna seeks seventeen separate types of relief in a wide-ranging motion filed June 30, 2025.  (Osuna's Emergency Motion at 18-20, ECF No. 183.)  Defendants Burnes, Pena, Garcia, Gallemore, Maytubby, and Munoz oppose the relief sought in items 13 and 14, which assert that Defendants' counsel has a unwaivable conflict in representing Defendants.  (*Id.* at 19.)  The same Defendants further propose that in place of the relief sought by Osuna, the Court should consider a stay of this litigation, because Osuna's Fifth Amendment rights are implicated.

## I.    DEFENDANTS' COUNSEL IS NOT CONFLICTED.

In item 13, Osuna asserts that "The Attorney General's continued participation in both matters constitutes an unwaivable conflict of interest."  (*Id.*)  There is no conflict of interest.  A conflict of interest arises where representation of one client is adverse to, or materially limits, representation of another client.  (Cal. Rule of Professional Conduct 1.7.)  In this matter, the Attorney General's office represents Defendants Burnes, Pena, Garcia, Gallemore, Maytubby, and Munoz.  Osuna asserts that the Attorney General is also representing the State of California in Osuna's criminal prosecution.  (Osuna's Mot. at 19.)  The Defendants represented by the Attorney General (state employees and former state employees) on the one hand, and the State of California on the other, are not adverse to one another, and representation of one does not limit the Attorney General's representation of the other.  Accordingly, there is no conflict.

In item 14, Osuna asserts that "sanctions or disqualification of conflicted counsel may be appropriate."  (*Id.*)  As shown above, there is no conflict.  Accordingly, neither sanctions nor disqualification is appropriate.  Osuna's motion should be denied as to items 13 and 14.

## II.    THE COURT SHOULD CONSIDER A STAY.

While much of the relief sought by Osuna is not warranted, he raises a valid concern about the potential for compromise of the criminal prosecution should this civil matter go forward to further discovery.  (Osuna's Mot. at 3 (asserting potential compromise to Osuna's due process and Fifth Amendment rights).)  This Court should consider a stay of this civil matter in favor of allowing that criminal matter to proceed unfettered.  *See e.g., Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995) (Decision whether to stay civil proceeding in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and

2

1  competing interests involved in the case.")  When considering whether to stay civil litigation in

2  favor of a parallel criminal proceeding, the main factor to consider is whether the criminal

3  defendant's Fifth Amendment rights are implicated.  *Id.* (identifying factors.  Here, Osuna asserts

4  that his Fifth Amendment rights would be compromised by further discovery in this matter.

5  (Osuna's Mot. at 2-3.)  If Osuna's Fifth Amendment rights would be compromised, the Court

6  should stay this civil proceeding while the criminal proceeding remains pending.

7  Dated:  July 8, 2025                                    Respectfully submitted,

8                                                         ROB BONTA
                                                          Attorney General of California
9                                                         JON S. ALLIN
                                                          Supervising Deputy Attorney General
10

11

12                                                        */s/ Jeremy Duggan*

13                                                        JEREMY DUGGAN
                                                          Deputy Attorney General
14                                                        *Attorneys for Defendants*
                                                          *Burnes, Pena, Garcia, Gallemore, Maytubby,*
15  SA2019101902                                          *and Munoz*
    39145215.docx
16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Response to Osuna's Emergency Motion  (1:20-CV-00323-LHR)

# CERTIFICATE OF SERVICE

Case Name:   **Dora Solares v. Ralph Diaz, et al.**          No.   **1:20-CV-00323-LHR**

I hereby certify that on <u>July 8, 2025,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> **DEFENDANTS' RESPONSE TO OSUNA'S EMERGENCY MOTION**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 8, 2025,</u> at Sacramento, California.

| K. Vitalie | */s/ K. Vitalie* |
|---|---|
| Declarant for eFiling | Signature |

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>July 8, 2025,</u> the foregoing document(s) have been mailed in the Office of the Attorney General's internal mail system, by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jamie Osuna, BD-0868
California State Prison, Corcoran (3476)
P.O. BOX 3476
CORCORAN, CA 93212-3476
**In Pro Per**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 8, 2025,</u> at Sacramento, California.

| I. Martinez | */s/ I. Martinez* |
|---|---|
| Declarant for Service by U.S. Mail | Signature |

SA2019101902/39147275.docx