Case 1:20-cv-00323-LHR-FRS   Document 193   Filed 07/09/25   Page 1 of 6



**FILED**
JUL 09 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
CSP-COR
PO BOX 3476
CORCORAN, CA 93212

Non-Party Intervenor/Real Party in Interest,

    v.

Dora Solares,
       Plaintiff,

    v.

Diaz, et al
       Defendants

No. 1:20-cv-00323-LHR-BAM

**EMERGENCY MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND TO ORDER CDCR TO PRODUCE CERTIFIED TRUST ACCOUNT STATEMENT PURSUANT TO 28 U.S.C. § 1915(a)(2)**

**TO THE HONORABLE DISTRICT COURT:**

Non-party intervenor and pro se appellant Jamie Osuna, an inmate incarcerated at California State Prison-Corcoran (CSP-COR), respectfully moves this Court for:

1. **Leave to proceed in forma pauperis** under 28 U.S.C. § 1915 for purposes of the interlocutory appeal filed under 28 U.S.C. § 1292(a),

2. And an **order directing CSP-COR and California Department of Corrections and Rehabilitation (CDCR)** officials to immediately produce a certified copy of Mr. Osuna's inmate trust account statement covering the six-month period preceding the filing of the appeal (i.e., from December 30, 2024 to June 30, 2025) as required under § 1915(a)(2).

1

## I. LEGAL FRAMEWORK

Under 28 U.S.C. § 1915(a)(1), a federal court may authorize a civil or habeas litigant to proceed in forma pauperis (IFP) if the applicant demonstrates that they are unable to pay court fees and costs. Under § 1915(a)(2), a prisoner must also submit:

"a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

In this case, Mr. Osuna has complied with every requirement within his control but has been repeatedly denied access to the essential documentation—despite:

- Timely submission of multiple CDCR withdrawal authorizations (CIV-67 Rev. 9997) and other IFP forms,
- Efforts to communicate with the prison trust account office, including calls by correctional staff (e.g., Officer Petro, et al) who confirmed that the requests were submitted and received,
- Multiple personal follow-up requests to CDCR staff over the course of more than 45 days.

The refusal of prison staff to process the request or provide a copy—even for court filing purposes—effectively denies Mr. Osuna the ability to access the courts, in violation of the First and

2

Fourteenth Amendments. See *Bounds v. Smith*, 430 U.S. 817 (1977); *Lewis v. Casey*, 518 U.S. 343 (1996).

## II. FACTUAL BACKGROUND

Mr. Osuna, a non-party appellant, is pursuing an emergency interlocutory appeal to challenge the district court's order authorizing disclosure of his confidential mental health and competency records. This matter is of high constitutional importance and time-sensitive.

Despite submitting the appropriate IFP materials:

- **Three separate trust withdrawal authorizations** and multiple IFP forms (including Form CV-60P and other forms),
- **Requesting assistance from staff**, including correctional staff who personally delivered the envelopes,
- Making multiple requests to obtain or view his account balance for June 2025,

...CDCR and CSP-COR's trust account office has refused to cooperate and has failed to certify or produce the required trust account statement.

Mr. Osuna is unaware of his current balance, though he believes he had no funds between December and May. He has been placed in an impossible position: required to meet strict appellate deadlines but denied the institutional cooperation necessary to proceed IFP.

### III. LEGAL ARGUMENT

**A. Denial of Access to Certified Account Statement Violates Statutory and Constitutional Rights**

Under § 1915(a)(2), only CDCR can provide the certified statement. The statute places no obligation on the inmate to guess the balance or to provide unverified copies; **it is CDCR's legal duty** to certify and return the document to the inmate or directly to the court.

Repeated failure to comply with this obligation constitutes **state interference with a prisoner's access to the court,** in violation of:

- **28 U.S.C. § 1915,**
- The **First Amendment** right to petition the government for redress of grievances,
- The **Due Process Clause** of the Fourteenth Amendment. See *Johnson v. Avery*, 393 U.S. 483 (1969); *Lewis v. Casey*, 518 U.S. 343 (1996).

**B. Court Has Inherent Authority to Compel Compliance**

Federal courts have inherent authority to issue orders compelling prison officials to fulfill statutory obligations necessary to preserve litigants' rights. See:

- *Holt v. State of California*, 2022 WL 945941 (E.D. Cal. Mar. 29, 2022) (ordering CDCR to produce trust statement for IFP applicant),
- *Spencer v. Kelso*, 2014 WL 109134 (E.D. Cal. Jan. 10, 2014) (similar).

This Court, under FRAP 24(a)(5) and its supervisory authority, may grant interim relief or refer the matter to the district court for enforcement action. But where the record is clear—as it is here—this Court may act directly in the interest of justice.

### IV. REQUEST FOR RELIEF

Mr. Osuna respectfully requests that this Court:

1. **Grant leave to proceed in forma pauperis** on appeal, subject to submission of the required certified trust account statement;
2. **Issue an order to CDCR and CSP-Corcoran officials,** including the Trust Office and Litigation Coordination Office, **compelling them to immediately prepare and deliver** to Mr. Osuna a **certified copy of his inmate trust account statement for the six-month period from December 30, 2024 to June 30, 2025;**
3. Order that the statement be:
   - Delivered directly to this Court, **or**
   - Made available to Mr. Osuna to attach to his IFP application;

5

4. Grant any other relief the Court deems just and proper to ensure Mr. Osuna's timely access to the appellate process.

Respectfully submitted,

*/s/ Jamie Osuna*

Dated: July 07, 2025

p.p. Jamie Osuna (BD0868)