Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiffs DORA SOLARES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA SOLARES, <br><br> Plaintiff, <br><br> v. <br><br> RALPH DIAZ, in his individual capacity, KENNETH CLARK, in his individual capacity, JOSEPH BURNS, in his individual, and DOES 1 TO 15, in their individual capacities <br><br> Defendants. | Case No. 1:20-cv-00323-JLT-BAM <br><br> **DECLARATION OF COUNSEL AND EXHIBIT (LETTER FROM JAMIE OSUNA)** |

1

# DECLARATION OF COUNSEL

I, Erin Darling, hereby declare as follows:

1. I am an attorney permitted to practice in the Eastern District of California, and I represent plaintiff Dora Solares in the above-entitled action.

2. Today, July 9, 2025, I received in the mail a letter from Jamie Osuna, dated June 30, 2025. Attached as Exhibit A is a true and correct copy of that letter from Mr. Osuna, dated June 30, 2025.

3. I do not believe this letter has any legal significance but I am notifying the Court and all parties that I have been so contacted and am disclosing every page of Mr. Osuna's letter.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: July 9, 2025              /s/ Erin Darling
                                 ERIN DARLING
                                 Attorney for Plaintiff, Dora Solares

# Exhibit A

**Jamie Osuna**
BD0868
CSP-COR
PO Box 3476
Corcoran, CA, 93212

**Date:** June 30, 2025

**Via Certified Mail**

**Erin Darling, Esq.**
Law Offices of Erin Darling
3435 Wilshire Blvd, Suite 2910
Los Angeles, CA 90010

**RE: Cease and Desist — Unlawful Acquisition and Use of Privileged Mental Health Records; Violation of Due Process and Privacy Rights of Jamie Osuna**

Dear Mr. Darling:

I am writing to formally demand that you immediately cease and desist from any further efforts to obtain, review, disclose, or use any of my confidential and privileged mental health or competency-related records in the course of your representation of the plaintiff in the pending civil case arising from the death of Luis Romero, case 1:20-cv-00323-LHR-BAM.

As you are aware, I am currently a criminal defendant in an open capital proceeding in California Superior Court, charged under Penal Code § 187(a). I am represented by counsel in that matter. I am not a party to the federal civil rights/wrongful death action in which you appear as counsel for the plaintiff, yet you have made repeated and improper efforts to invade my constitutional and statutory rights without notice or legal process.

**I. Improper Conduct and Procedural History**

It has come to my attention that:

1. You obtained a court order from a federal district judge purporting to waive my mental health and psychotherapist-patient privileges, without providing me or my criminal counsel with notice or an opportunity to object, in violation of fundamental due process principles.
2. You initially sought these records through the California criminal courts, failed to arrange for my transportation in violation of CA penal code, where the presiding judge correctly postponed the matter until I could be present and represented.
3. Following the state court's postponement, you circumvented the state court's authority by returning to federal court and securing an order based on incomplete or misleading procedural posture, effectively engaging in forum shopping.

1

4. You have also received at least some of my mental health and competency records without lawful notice, consent, or proper service, violating California and federal confidentiality protections.

## II. Assertion of Rights and Legal Grounds

Your conduct violates multiple legal protections afforded to me under California and federal law, including but not limited to:

### 1. Psychotherapist-Patient Privilege

- **California Evidence Code §§ 1010–1027** protect communications between a patient and a psychotherapist. These privileges are **held by me and have not been waived.**
- **The privilege remains in effect even if the information is relevant to civil** litigation. See *People v. Clark* (1990) 50 Cal.3d 583, 619.

### 2. Right to Privacy — California Constitution, Article I, § 1

- My medical and psychological records are protected by the state constitutional right to privacy.
- Disclosure without notice or opportunity to be heard violates this constitutional right. (*Board of Medical Quality Assurance v. Gherardini*, 93 Cal.App.3d 669 (1979)).

### 3. Due Process — U.S. Constitution, Amendments V & XIV

- The failure to provide notice before obtaining a court order to waive my privileges violates procedural due process.
- The federal court's order is void or voidable as it was issued without jurisdiction over me or proper service. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

### 4. HIPAA and Federal Privacy Protections

- Disclosure of mental health records without my consent likely violates 42 U.S.C. § 1320d, and 45 C.F.R. Parts 160 and 164.
- No lawful exception was triggered, and you are not lawfully entitled to these records without following due process and protective procedures.

**Erin Darling's Circumvention of State Judicial Process and Improper Use of Federal Forum to Obtain Privileged Records Without Due Process**

Your conduct in this matter raises grave legal and ethical concerns, including clear violations of California procedural law, due process, and rules of professional conduct. Specifically, the following facts are now part of the record:

2

1. On information and belief, you were ordered by the U.S. District Court to pursue access to my mental health and incompetency records by petitioning the California state criminal court where those materials were sealed and protected under California law (Cal. Evid. Code §§ 1014, 1018; Cal. Penal Code § 5328).
2. You initiated such a proceeding in the Kings County Superior Court in 2025 but failed to request my transport from California State Prison, Corcoran, and failed to place me on the transportation list in violation of California Penal Code § 2625(b), which provides:

"In any criminal proceeding where the testimony of a prisoner is relevant and necessary, and the prisoner is currently incarcerated in the custody of the CDCR, that prisoner shall be produced at the hearing upon proper application."

3. The Kings County criminal court correctly postponed the hearing, noting the necessity of my presence and my constitutional and statutory rights as the defendant in the underlying criminal case.
4. On the record, you declined to wait for the rescheduled hearing, despite the court's recognition that my appearance was legally necessary.
5. After the state court refused to proceed without my presence, you returned to the federal civil court and filed a motion before Judge Rosenthal requesting the wholesale production of my privileged mental health and incompetency records. Despite the pending state court hearing and without my notice or participation, Judge Rosenthal granted your motion and ordered CDCR to produce the records within 48 hours, effectively preempting the state court's jurisdiction and violating my due process rights.
6. The federal court acted before the state court hearing had been held, contrary to principles of comity, federalism, and exhaustion of available state judicial remedies.

This sequence of events constitutes:

- Improper forum shopping, in violation of principles recognized in *Younger v. Harris*, 401 U.S. 37 (1971), and *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), which require federal courts to abstain from interfering in active and competent state court proceedings involving the same subject matter;
- Violation of Penal Code § 2625, which required you to secure transport for an incarcerated defendant whose rights were at issue;
- Interference with an ongoing state criminal proceeding involving a capital defendant, implicating constitutional concerns under the Sixth, Eighth, and Fourteenth Amendments;
- Unethical conduct under California Rules of Professional Conduct, Rule 3.3 and 4.4, which prohibit:
    - Misleading the court (Rule 3.3(a)(1)),
    - Seeking evidence through means that violate the rights of third parties (Rule 4.4(a)),
    - Failing to respect state court jurisdiction where the appropriate forum is already seized of the issue.

7. You were aware, or should have been aware, that these mental health records were subject to strict protections and could not lawfully be disclosed absent:

- Notice to me or my criminal counsel;
- A formal waiver obtained knowingly and voluntarily;
- Compliance with sealing orders and protective measures required by California Penal Code § 5328 and Evidence Code §§ 1012–1014;
- A finding that the information was relevant and not otherwise available through less intrusive means, as required under federal discovery standards (Fed. R. Civ. P. 26(b)(1)).

Instead, by bypassing the pending state court hearing and seeking a federal order and without lawful jurisdiction over me, you undermined my constitutional right to privacy, due process, and legal representation.

You were not entitled to seek production of my sealed mental health records under HIPAA, the California Confidentiality of Medical Information Act (Civ. Code § 56 et seq.), or Penal Code § 5328, which require actual patient consent or a valid state court order following due process. The order you obtained in federal court is legally void as to me, a non-party without notice or representation.

This type of conduct threatens the integrity of both the state and federal judicial systems and your professional standing. It constitutes:

- A due process violation under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950);
- A violation of the psychotherapist-patient privilege under *Jaffee v. Redmond*, 518 U.S. 1 (1996);
- An unethical circumvention of judicial process, which may subject you to sanction, disqualification, or discipline.

### 5. Additional Unauthorized Disclosures of Confidential and Criminal Case Materials

It has further come to my attention that you and representatives of the California Department of Corrections and Rehabilitation (CDCR) have agreed to and facilitated the production of my entire central file (C-file) to be used in the pending civil matter. This includes:

- Mental health assessments,
- Rules violation reports directly related to open and pending criminal charges — including but not limited to possession of a weapon, threatening staff, assault, and the underlying capital homicide charge,
- And interrogation recordings pertaining to the open capital case.

These records are part of an active criminal investigation and prosecution and are subject to multiple legal protections, including:

- California Penal Code §§ 1054.6–1054.7, which prohibit the unauthorized disclosure of criminal discovery,
- Work-product and law enforcement privileges under state and federal law,

4

- Ongoing **Sixth and Fourteenth Amendment** protections in a capital prosecution.

These materials were released without any notice to me, without opportunity to object, and without compliance with any state or federal court order, in violation of clearly established legal rights. Your continued use or dissemination of these materials is prejudicial, unlawful, and infringes directly on my right to a fair trial in a capital proceeding.

You are hereby instructed to:

- Immediately cease any use, reference, or dissemination of these criminal case records,
- Provide a full inventory of what materials were disclosed or received,
- And return or destroy any copies in your possession, including copies shared with third parties.

Your failure to adhere to these demands will compel me to pursue all available legal remedies.

### III. Demand for Immediate Action

You are hereby instructed to:

1. **Immediately cease and desist** from any further effort to obtain, review, distribute, or use my confidential or privileged mental health records in any forum;
2. **Provide a full accounting** of all records you have received, reviewed, or filed related to my mental health, competency, or psychological condition;
3. **Withdraw or move to vacate** any federal court order obtained without proper service, notice, or due process;
4. **Destroy or return** any improperly obtained materials in accordance with applicable law;
5. **Refrain from referencing my medical or psychological status** in any civil filing or public record unless and until a valid waiver or order is obtained with my counsel's participation and full due process.

### IV. No Waiver of Rights

This letter shall **not be construed as a waiver of any privilege, constitutional right, or legal defense**, nor as consent to your possession, use, or dissemination of my records. I expressly **reserve all rights** to seek judicial remedies, including but not limited to motions to quash, suppression of evidence, injunctive relief, and formal complaints to the California State Bar and federal oversight bodies.

Please govern yourself accordingly.

Sincerely,

*[signature]*

5

**p.p. Jamie Osuna**
In Pro Per (Represented in Criminal Case)
BD0868
CSP-COR

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF KINGS

FILED
MAY -2 2019
MICHELLE S. MARTINEZ, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
_____ DEPUTY
SELENA TERRAZAS

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>JAIME OSUNA,<br><br>Defendant. | No. 19CM1882<br><br>ORDER TO SHOW CAUSE AND NOTICE OF HEARING RE: RELEASE AND/OR REDACTION OF INVESTIGATIVE REPORTS |

On April 24, 2019, a criminal complaint was filed in the above-entitled court charging Defendant JAIME OSUNA with multiple violations of the Penal Code. In Count One, Defendant is charged with a violation of Penal Code § 187(a) [first degree murder]. The complaint also alleges the following special allegations for Count One: 1) Penal Code § 190.2(a)(2) [murder with prior conviction]; 2) Penal Code § 190.2(a)(18) [murder with torture]; 3) Penal Code § 190.2(a)(17) [mayhem]; and 4) Penal Code § 190.2(a)(14) [murder- unnecessarily torturous]. In Counts Two, Three and Four, Defendant is charged with violations of Penal Code § 203 [mayhem], Penal Code § 206 [torture] and Penal Code § 4502(a) [custodial possession of a weapon]. Several prior violent or serious felony convictions are alleged under Penal Code sections 1170.12(a)-(a), 667(b)-(i) and 667.5. Upon submitting the complaint to this court, the Kings County District Attorney's office also submitted the following: 1) a transportation order and declaration in support thereof; and 2) <u>unredacted agency reports from the California Department of Corrections and Rehabilitation ("CDCR") totaling 66 pages</u>.

Multiple media requests to permit televised courtroom coverage of the Defendant's arraignment were denied on April 24, 2019. Defendant was arraigned in Department 9 of the above-entitled court on April 25, 2019. On April 26, 2019, a "Public Records Act

---

NOTICE OF HEARING AND ORDER TO SHOW CAUSE

Request" under Government Code section 6250, et seq., was received via facsimile by this court from Jason Kotowski of KGET News. KGET News sought release of the criminal complaint, probable cause declaration, and *redacted* investigative reports in Case No. 19CM1882. Due to the Defendant's custody status at the time of the alleged offenses, a probable cause declaration and a warrant were not submitted to the court. The California Public Records Act ("CPRA") does *not* apply to superior courts. (Cal. Gov. Code § 6252(a), (f)(1); Cal. Const., art. VI, § 4.) California Rules of Court, rule 10.500, is modeled on the CPRA and does apply to superior courts, but only to administrative records, *not case records*. Accordingly, the KGET News CPRA request was denied by this court via letter.

However, this court acknowledges that pursuant to California Rules of Court, rule 2.550(c), KGET News, other media parties and members of the public have a right to review the complaint and any other documents that are not under seal. The public has a general right to inspect court case records under the common law unless the records are *confidential by law or sealed by court order*. The CDCR agency reports are currently lodged in the case record as confidential. This court is concerned that the wholly unredacted agency reports submitted with the complaint contain personal identifying information that precludes the court from lawfully releasing the reports. Moreover, this court is concerned that a pre-trial release of these reports poses a significant threat to the integrity of the evidence and the Defendant's due process rights. (*KNSD Channels 7/39 v. Superior Court* (1998) 63 Cal.App.4th 1200.)

IT IS HEREBY ORDERED, the following interested parties are ordered to show cause regarding the redaction, release and confidential status of the agency reports: 1) the Kings County District Attorney's Office; 2) Counsel for Defendant (Melina Benninghoff, Esq.); and 3) KGET News. **IT IS FURTHER ORDERED**, the matter is set for hearing in **Department 5** of the above-entitled court on **May 31, 2019, at 9:00 a.m.** Any brief in support or opposition of a position of an interested party shall be filed and served on all parties consistent with the timelines set forth in California Rules of Court, Rule 4.111.

Dated: MAY 2, 2019

Donna Tarter
Presiding Judge of the Superior Court

Page 2

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF KINGS

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs<br><br>JAIME OSUNA,<br><br>Defendant, | Case No.: 19CM1882<br><br><br>**PROOF OF SERVICE** |

I hereby declare under penalty of perjury that I am employed by the Kings County Superior Court, over the age of 18 years, and not a party to the within action. I further declare that on _____MAY - 2 2019_____, following the Court's ordinary business practices with which I am readily familiar, I served the within **ORDER TO SHOW CAUSE AND NOTICE OF HEARING RE: RELEASE AND/OR REDACTION OF INVESTIGATIVE REPORTS** by depositing a true copy thereof, enclosed in a sealed envelope, at the location designated by my place of business for collection and mailing with the United States mail at Hanford, California, addressed as follows:

| | |
|---|---|
| KGET News<br>2120 L Street<br>Bakersfield, CA 93301 | Keith Fagundes<br>Kings County District Attorney<br>1400 W. Lacey Blvd.<br>Hanford, CA 93230<br>(Inter-office Mailing) |
| Melina Benninghoff (SBN 167711)<br>Law Office of Melina Benninghoff<br>Counsel for Defendant Jaime Osuna<br>1925 Howard Road, Suite C<br>Madera, CA 93637<br>(Inter-Office Mailing) | |

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed at Hanford, California.

Executed on ___MAY - 2 2019___, at Hanford, California.

Michelle Martinez, CLERK OF THE COURT

By: __SELENA TERRAZAS__, Deputy Clerk

PROOF OF SERVICE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF KINGS

FILED
MAY - 2 2019
MICHELLE S. MARTINEZ, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
_____ DEPUTY
SELENA TERRAZAS

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>JAIME OSUNA,<br><br>Defendant. | No. 19CM1882<br><br>ORDER TO SHOW CAUSE AND NOTICE OF HEARING RE: RELEASE AND/OR REDACTION OF INVESTIGATIVE REPORTS |

On April 24, 2019, a criminal complaint was filed in the above-entitled court charging Defendant JAIME OSUNA with multiple violations of the Penal Code. In Count One, Defendant is charged with a violation of Penal Code § 187(a) [first degree murder]. The complaint also alleges the following special allegations for Count One: 1) Penal Code § 190.2(a)(2) [murder with prior conviction]; 2) Penal Code § 190.2(a)(18) [murder with torture]; 3) Penal Code § 190.2(a)(17) [mayhem]; and 4) Penal Code § 190.2(a)(14) [murder- unnecessarily torturous]. In Counts Two, Three and Four, Defendant is charged with violations of Penal Code § 203 [mayhem], Penal Code § 206 [torture] and Penal Code § 4502(a) [custodial possession of a weapon]. Several prior violent or serious felony convictions are alleged under Penal Code sections 1170.12(a)-(a), 667(b)-(i) and 667.5. Upon submitting the complaint to this court, the Kings County District Attorney's office also submitted the following: 1) a transportation order and declaration in support thereof; and 2) unredacted agency reports from the California Department of Corrections and Rehabilitation ("CDCR") totaling 66 pages.

Multiple media requests to permit televised courtroom coverage of the Defendant's arraignment were denied on April 24, 2019. Defendant was arraigned in Department 9 of the above-entitled court on April 25, 2019. On April 26, 2019, a "Public Records Act

NOTICE OF HEARING AND ORDER TO SHOW CAUSE

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF KINGS

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs<br><br>JAIME OSUNA,<br><br>Defendant, | Case No.: 19CM1882<br><br><br>**PROOF OF SERVICE** |

I hereby declare under penalty of perjury that I am employed by the Kings County Superior Court, over the age of 18 years, and not a party to the within action. I further declare that on ____MAY - 2 2019____, following the Court's ordinary business practices with which I am readily familiar, I served the within **ORDER TO SHOW CAUSE AND NOTICE OF HEARING RE: RELEASE AND/OR REDACTION OF INVESTIGATIVE REPORTS** by depositing a true copy thereof, enclosed in a sealed envelope, at the location designated by my place of business for collection and mailing with the United States mail at Hanford, California, addressed as follows:

| | |
|---|---|
| KGET News<br>2120 L Street<br>Bakersfield, CA 93301 | Keith Fagundes<br>Kings County District Attorney<br>1400 W. Lacey Blvd.<br>Hanford, CA 93230<br>(Inter-office Mailing) |
| Melina Benninghoff (SBN 167711)<br>Law Office of Melina Benninghoff<br>Counsel for Defendant Jaime Osuna<br>1925 Howard Road, Suite C<br>Madera, CA 93637<br>(Inter-Office Mailing) | |

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed at Hanford, California.

Executed on ____MAY - 2 2019____, at Hanford, California.

Michelle Martinez, CLERK OF THE COURT

By: ____SELENA TERRAZAS____, Deputy Clerk

**PROOF OF SERVICE**