J. RANDALL ANDRADA, SBN 70000
randrada@andradalaw.com
LYNNE G. STOCKER, SBN 130333
lstocker@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
1939 Harrison Street, Suite 612
Oakland, California  94612
Tel.:   (510) 287-4160 / Fax: (510) 287-4161

Attorneys for Defendant
L. SILVA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DORA SOLARES,<br><br>             Plaintiff,<br><br>     v.<br><br>RALPH DIAZ, et al.,<br><br>             Defendants. | Case No.: 1:20-CV-00323-LHR-BAM<br><br>**DEFENDANT SILVA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENA** |

**I.     PLAINTIFF FAILS TO MEET HER BURDEN OF PROOF**

The purpose of the work product doctrine is to not permit one's adversaries to piggyback on the work of diligent counsel. By seeking documents prepared by Defendant Silva's attorneys in State Personnel Board litigation, Plaintiff seeks to obtain protected materials of her adversary so as to avoid having to aggressively develop and prepare her own case. This is the classic reason for the protections provided by the attorney work-product rule.

Federal Rule of Civil Procedure 26(b)(3) is titled "Trial Preparation: Materials" and constitutes a limitation on discovery. Rule 26(b)(3) extends protection to "documents and tangible things" prepared "by or for" a party or its representative ("including the ... party's attorney, consultant, surety, indemnitor, insurer, or agent") "in anticipation of litigation or for trial." Fed.R.Civ.P. 26(b)(3)(A). Contrary to Plaintiff's bizarre argument, Defendant Silva is not "wrong" in

1

1  stating that the documents Plaintiff seeks were prepared in anticipation of litigation or trial. [ECF
2  No. 195 at *3.]

3       Notwithstanding the work product protection, a party may still obtain discovery of trial
4  preparation materials under Rule 26(b)(3) <u>if they are otherwise discoverable</u> and the party shows that
5  it has a "substantial need" for the materials and <u>"cannot, without undue hardship, obtain their
6  substantial equivalent by other means</u>." Fed.R.Civ.P. 26(b)(3)(A) (emphasis added). Plaintiff has
7  made no such showing.

8       Plaintiff has not explained how documents provided to OIG for its oversight of the CDCR
9  investigatory and disciplinary processes are relevant, non-privileged, proportional to the needs of the
10 case and otherwise discoverable.

11      For one thing, Plaintiff has not shown that the materials protected as attorney work product
12 are relevant to her claims in this case. The State Personnel Board proceedings relate to whether or
13 not Officer Silva complied with Department policy. Any finding or determination about
14 administrative discipline is not relevant, and thus not discoverable, because there is no § 1983
15 liability for violating prison policy. Plaintiff must prove that Defendant Silva (and others) violated
16 her constitutional rights. See, *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).

17      Plaintiff has made no showing that the documents allegedly "relied upon" by OIG, as to
18 whether the CDCR's investigation of the underlying incident was appropriate, or whether the hiring
19 authority delayed conducting the investigation, or whether the hiring authority's imposition of
20 discipline was appropriate, are even remotely relevant to Plaintiff's claims in this case. They are not.

21      Additionally, Plaintiff has made absolutely no showing that she has a "substantial need" for
22 the privileged material and that she <u>cannot</u> <u>obtain</u>, without <u>substantial</u> <u>hardship</u>, the information she
23 seeks – i.e., whether Defendant Silva violated Decedent's or Ms. Solares' constitutional rights – from
24 other sources. Obviously, Plaintiff has at her disposal the entire universe of permissible discovery
25 methods contemplated by the Rules of Civil Procedure. Plaintiff (by and through her attorneys) is
26 expected to aggressively develop her own side of the case without taking advantage of the work done
27 by her opponents. *Hickman v. Taylor*, 329 U.S. 495, 516 (1947); Fed. R. Civ. P. 26(b)(3)(A).
28 //

**ANDRADA & ASSOCIATES**
PROFESSIONAL CORPORATION

Contrary to Plaintiff's argument, the issue is <u>not</u> whether Plaintiff can obtain documents that OIG relied on to make its findings. [ECF No. 195 at *3.]

Again, whether non-party OIG found that non-party CDCR's conduct in its investigation and disciplinary decisions was "poor" is NOT the issue in this case. The issue is whether Silva [and others] violated Decedent's and Plaintiff's constitutional rights. The State Personnel Board documents in the possession of OIG (and/or the CDCR) are protected by the attorney work product and/or attorney client privileges. No privileges have been waived. No exceptions to the privileges apply. Fed. R. Civ. P. 45(d)(3)(A) mandates that the court must quash the subpoena.

Rule 26 provides that "[i]n ordering discovery of [work product] materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation." *Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981). To the extent that the documents filed by Silva's attorneys in the SPB proceedings reflect "the attorney's mental processes in evaluating evidence, such work product cannot be disclosed simply on a showing of substantial need and inability to obtain the equivalent without undue hardship." *Id*. at 401. Instead, "a far stronger showing of necessity and unavailability by other means than was made by [Plaintiff in this case] would be necessary to compel disclosure. *Id*. at 402.

As explained by the U.S. Supreme Court, "[w]hen Rule 26 and the other discovery rules were adopted, this Court and the members of the bar in general certainly did not believe or contemplate that all the files and mental processes of lawyers were thereby opened to the free scrutiny of their adversaries. And we refuse to interpret the rules at this time so as to reach so harsh and unwarranted a result." *Hickman*, 329 U.S. at 514.

Without citation to any authority, because there is none, Plaintiff argues that "the privileged mental impressions and opinions of Silva's counsel can be parsed from any facts contained with such documents." [ECF No. 195 at *4.] Bare contentions, unsupported by explanation or authority, are deemed waived. *See*, *FDIC v. Garner*, 126 F.3d 1138, 1997 WL 578414,*7 (9th Cir.1997).

Plaintiff has not met her burden to show substantial need or exceptional circumstances to justify overriding the attorney work-product protection. Plaintiff's subpoena to OIG must be quashed

3

as to the documents listed in the Silva, OIG and CDCR privilege logs. (ECF Nos. 172, 173.)

## II. PLAINTIFF IS NOT ENTITLED TO IDENTITY OF SILVA'S EXPERTS

Permitting Plaintiff to discover the identity of Defendant Silva's consulting experts would be contrary to law. *Burt v. AVCO Corp.*, No. CV-15-3355-MWF-PJWX, 2015 WL 12912366, at *4 (C.D. Cal. Nov. 17, 2015). Indeed, "the identity of non-testifying consulting experts is not discoverable absent a showing of 'exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.' " *Id*. Plaintiff has made no such showing and would be unable to do so.

By failing to address the protections afforded the identity of consulting experts in her opposition, Plaintiff waived any argument against it. *Chmukh v. Garland*, 124 F.4th 670, 675 fn. 1 (9th Cir. 2024).

## CONCLUSION

The State Personnel Board documents identified by Defendant Silva and by non-party CDCR and non-party OIG in their respective privilege logs are protected from disclosure. Plaintiff's subpoena to the OIG must be quashed under Fed. R. Civ. P. 45(d)(3)(A).

Dated:   July 16, 2025                                         **ANDRADA & ASSOCIATES**

By */s/ Lynne G. Stocker*
LYNNE G. STOCKER
Attorneys for Defendant SILVA