Rob Bonta, State Bar No. 202668
Attorney General of California
Jon S. Allin, State Bar No. 155069
Supervising Deputy Attorney General
Jeremy Duggan, State Bar No. 229854
Deputy Attorney General
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone: (916) 210-6008
  Fax: (916) 324-5205
  E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendants*
*Burnes, Maytubby, Gallemore, Garcia, Gamboa,
Munoz, and Pena*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,**<br><br>Plaintiff,<br><br>v.<br><br>**RALPH DIAZ, et al.,**<br><br>Defendants. | 1:20-CV-00323-LHR<br><br>**DEFENDANTS' OPPOSITION TO THIRD PARTY OSUNA'S MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENA**<br><br>Action Filed: March 2, 2020 |

Third party Osuna moves for a protective order and to quash any deposition subpoena directed to him. (Osuna's Mot., ECF No. 198.) However, the Court's order permitting the parties to take Osuna's deposition (ECF No. 170) is proper, and quashing the subpoena would prejudice the parties because they would be unable to obtain Osuna's crucial testimony. Osuna asserts his Fifth Amendment right against self-incrimination. But that privilege cannot be asserted on a blanket basis to prevent a deposition. Rather Osuna must raise his objections at the deposition on a question-by-question basis and answer any questions that are not legally objectionable. Osuna's motion should be denied.

1

Defs.' Opp'n to Third Party Osuna's Mot. (1:20-CV-00323-LHR)

## I. OSUNA'S TESTIMONY IS CRUCIAL IN THIS MATTER.

In this matter, Plaintiff Solares sues current and former Californian Department of Corrections and Rehabilitation employees, over the death of Luis Romero at the hands of Mr. Osuna in their cell at California State Prison, Corcoran, on the night of March 8-9, 2019. (Fifth Am. Compl. at 1-2, ECF No. 134.) Mr. Osuna is currently being prosecuted for Mr. Romero's murder. (Kings County Super. Ct. Docket for *People v. Jaime Osuna*, No. 19CM-1882, *available at* portal.kings.courts.ca.gov/public-portal/.) Mr. Osuna's testimony as to what happened in that cell, and in the days beforehand, is therefore crucial in this case, and the deposition subpoena is proper.

## II. OSUNA SHOULD ASSERT HIS OBJECTIONS ON A QUESTION-BY-QUESTION BASIS.

Osuna raises his Fifth Amendment rights as a reason to quash the deposition subpoena. (Osuna's Mot. at 10, ECF No. 198.) "[I]n a civil case, the Fifth Amendment's protections against self-incrimination are invoked on a question-by-question basis, and therefore the assertion of the privilege necessarily attaches only to the question being asked and the information sought by that particular question." *Doe v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000). A non-party witness "cannot make a blanket invocation of the Fifth Amendment privilege." *Moore v. Gilead Scis., Inc.*, 2011 U.S. Dist. LEXIS 132408, *17-18 (N.D. Cal. Nov. 16, 2011). The proper procedure requires the party seeking the protection of the Fifth Amendment to raise the privilege with respect to specific questions. *Id.* (citing *United States v. Drollinger*, 80 F.3d 389, 392 (9th Cir. 1996); *United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir. 1995). "[T]he mere possibility that [a witness] may invoke his Fifth Amendment privilege during a deposition is not enough to justify quashing" the subpoena. *Ritchie v. Sempra Energy,* 2015 U.S. Dist. LEXIS 186606, *22 (S.D. Cal. Apr. 6, 2015).

Osuna's assertion of Fifth Amendment privilege does not justify quashing the subpoena. Osuna must attend his deposition and raise any Fifth Amendment objections on a question-by-

2

Defs.' Opp'n to Third Party Osuna's Mot.  (1:20-CV-00323-LHR)

question basis and answer any questions that are not legally objectionable.[1]  Osuna's motion should be denied.

Dated:  July 31, 2025                      Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General


*/s/ JEREMY DUGGAN*
JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Defendants
Burnes, Maytubby, Gallemore, Garcia,
Gamboa, Munoz, and Pena*

SA2019101902
39202002.docx

---

[1] If, at the deposition, Osuna invokes his Fifth Amendment rights such that the parties' ability to present their cases are unduly prejudiced, the Court may stay this matter until Osuna's criminal case is resolved and the Fifth Amendment is no longer an issue.  *See Keating v. Office of Thrift* Supervision, 45 F.3d 322, 324-25 (9th Cir. 1995) (identifying the factors to be considered for a discretionary stay).

3

Defs.' Opp'n to Third Party Osuna's Mot.  (1:20-CV-00323-LHR)

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Dora Solares v. Ralph Diaz, et al.** | No. | **1:20-CV-00323-LHR** |

I hereby certify that on <u>July 31, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO THIRD PARTY OSUNA'S MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION SUBPOENA**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 31, 2025</u>, at San Francisco, California.

| | |
|---|---|
| G. Guardado | /s/ G. Guardado |
| Declarant | Signature |

SA2019101902
44738492.docx