J. RANDALL ANDRADA, SBN 70000
randrada@andradalaw.com
LYNNE G. STOCKER, SBN 130333
lstocker@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
1939 Harrison Street, Suite 612
Oakland, California  94612
Tel.:   (510) 287-4160 / Fax: (510) 287-4161

Attorneys for Defendant
L. SILVA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DORA SOLARES,<br><br>        Plaintiff,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>        Defendants. | Case No.: 1:20-CV-00323-LHR-BAM<br><br>**DEFENDANT SILVA'S BRIEF REGARDING THE IMPACT OF OSUNA'S LAWSUIT (EASTERN DISTRICT OF CALIFORNIA, CASE NO. 1:24-CV-00793) ON OSUNA'S PSYCHOTHERAPIST-PATIENT PRIVILEGE** |

Pursuant to this Court's Order following a Discovery Hearing on September 12, 2025 (ECF No. 206), Defendant Silva submits the following summary of Jamie Osuna's allegations, and the Court's orders following screening of Osuna's Second Amended Complaint in another case in this Court, entitled *Jamie Osuna v. J. Burnes, et al.*, Case No. 1:24-cv-00793. Defendant Silva is not named as a defendant in that action.

Defendant Silva contends that Osuna's lawsuit has no impact whatsoever on Osuna's psychotherapist-patient privilege and that there has been no waiver of that privilege by way of that lawsuit.

**PROCEDURAL HISTORY**

Jamie Osuna is proceeding pro se and in forma pauperis in the action filed on June 28, 2024 pursuant to 42 U.S.C. § 1983. In April of 2025, the Court screened Osuna's second amended

1

complaint pursuant to 28 U.S.C. § 1915A(a) and issued its Findings and Recommendations ("F&Rs"). ECF No. 24. On September 15, 2025, the District Judge adopted the F&Rs. The Court ordered that the action proceed on Osuna's claims for deliberate indifference to his safety against certain defendants and on his claims for retaliation in violation of the First Amendment against certain defendants. ECF No. 26. On September 16, 2025, the Court issued its Order finding service appropriate. ECF No. 27. Summons were issued on that date. ECF No. 28. There is no indication that any of the defendants in that action have any knowledge of it.

## OSUNA'S ALLEGATIONS

As it relates to the claims that the Court found to be cognizable and allowed to proceed, Osuna alleges, *inter alia*, that on or around January 18, 2019, certain Defendants produced an inaccurate 128-G chrono falsely listing Osuna as an active Southerners/Surenos gang member. Osuna further alleges that two Defendants held a special committee with only them in attendance for the purpose of clearing Osuna's mental health status, which enabled Osuna to meet the criteria to be double-celled.

Osuna alleges that a certain Defendant, as a mental health supervisor, had the authority to advocate for Osuna to be on temporary single-cell status but chose not to do so. Osuna further alleges that after his double cell clearance and his filing a complaint in another matter, inmates reported that certain Defendants made inflammatory and false statements that could incite inmates to attack Osuna, including that Osuna had been charged with sex crimes.

Osuna alleges that on or around July 20, 2020, Osuna had a one-on-one conversation with the Defendant mental health supervisor who asked if he felt "remorse for 'what he did to his first victim,' expressed her dislike for his conviction, the sister of which victim [ ] is a CDCR employee." Osuna alleges that certain Defendants previously indicated to Osuna that they were retaliating against him because of the victim's sister.

## COURT'S FINDINGS AFTER SCREENING

The Court found that Osuna stated a cognizable claim for deliberate indifference to his safety based on Osuna's allegations that certain Defendants issued a false chrono listing Osuna as an active Southerner/Sureno gang member to improperly subject him to double-celling.

2

The Court found that Osuna's allegations that after he filed a previous lawsuit, certain Defendants made inflammatory and false statements that could incite inmates to attack Osuna, including that Osuna had been charged with sex crimes, and that certain Defendants housed him with an incompatible inmate after he filed the lawsuit, are sufficient to state a cognizable claim for retaliation.

The Court found that although Osuna made a vague reference to the failure to provide medical and/or mental health treatment, Osuna failed to set forth sufficient factual details to support a claim that any Defendant acted with deliberate indifference to his health. Further, Osuna's conclusory claim that a medical injury report contained false statements is not sufficient to state a claim under the Eighth Amendment. Accordingly, Osuna failed to state a cognizable claim for relief.

The Court also found that Osuna failed to state cognizable claims for denial of access to the courts, for violation of due process in disciplinary matters, for supervisory liability against certain Wardens, and for declaratory judgment.

## CONCLUSION

Based on a review of the Court's docket, there is nothing to suggest that Osuna put his mental health at issue in the matter of *Osuna v. Burnes, et al.*, Case No. 1:24-cv-00793. There is nothing to suggest that Osuna waived his psychotherapist-patient privilege by filing that lawsuit.

Dated:     September 19, 2025            **ANDRADA & ASSOCIATES**

By   */s/ Lynne G. Stocker*
LYNNE G. STOCKER
Attorneys for Defendant SILVA