1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JON S. ALLIN, State Bar No. 155069
   Supervising Deputy Attorney General
3  DAVID E. KUCHINSKY, State Bar No. 292861
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 210-7666
6    Fax:  (916) 324-5205
     E-mail:  David.Kuchinsky@doj.ca.gov
7  *Attorneys for Respondent*
   *California Department of Corrections and*
8  *Rehabilitation*

9                IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

11                        FRESNO DIVISION

12

| | |
|---|---|
| **DORA SOLARES,** | 1:20-CV-00323-LHR |
| Plaintiff, | **RESPONDENT CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION'S BRIEFING REGARDING PSYCHOTHERAPIST-PATIENT PRIVILEGE AND NON-PARTY J. OSUNA** |
| v. | |
| **RALPH DIAZ, et al.,** | |
| Defendants. | Action Filed:  March 2, 2020 |

**INTRODUCTION**

Plaintiff seeks through discovery confidential and privileged communications made by non-party inmate J. Osuna, arguing that Osuna's pro-se complaint in a separate case operates as a complete and total waiver of the psychotherapist-patient privilege in this case, which Osuna did not initiate and is not a party to, and in which Osuna has consistently invoked the privilege and objected to disclosure.

However, the allegations in *Osuna v. Burnes,* No. 1:24-cv-00793 (E.D. Cal. filed June 28, 2024), do not amount to a waiver of Osuna's claim of privilege over his confidential mental health treatment records in that case, under either the broad or narrow approach recognized in the Ninth Circuit.  Neither Osuna's mental state nor the mental health treatment he received is at

1

1   issue in that case.  Osuna does not allege or seek damages for injuries to his mental or emotional

2   health, which is required for waiver under the broad approach, but instead only alleges retaliatory

3   cell searches and interference with his property, unfavorable housing classification based on

4   falsely designating him an active gang member, physical injuries, and the "unnecessary, wanton

5   infliction of pain/injury."  Similarly, Osuna does not affirmatively rely upon any psychotherapist-

6   patient communication to support any of his allegations, which is required to find a waiver under

7   the narrow approach.

8          More importantly, even if the Court construed the allegations in Osuna's pro-se complaint

9   as an implied waiver of the privilege in that case, there is no legal authority to extend that implied

10  waiver to this case, in which he is not a party and has not placed any of his mental health

11  treatment at issue at all.  There is no legal basis to find that Osuna waived the psychotherapist-

12  patient privilege over his mental health records in this case based on the filing of, or the

13  allegations contained within, Osuna's separate pro-se lawsuit.

14                                          **ARGUMENT**

15  **I.   COMMUNICATIONS BETWEEN A PSYCHOTHERAPIST AND HIS OR HER PATIENTS IN
          THE COURSE OF DIAGNOSIS OR TREATMENT ARE PROTECTED FROM COMPELLED
16        DISCLOSURE UNLESS THE PATIENT HAS WAIVED THE PRIVILEGE.**

17         "Confidential communications between a licensed psychotherapist and her patients in the

18  course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the

19  Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15, (1996). In the Ninth Circuit, there

20  are two waiver doctrines which apply to the psychotherapist-patient privilege: voluntary or

21  express waiver and waiver by implication.  *In re Jakubaitis*, 604 B.R. 562, 573 (9th Cir. BAP

22  2019) (citing *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc)).  An express waiver

23  is one in which a patient explicitly waives his privilege or does so through disclosure.  *Id.*

24  Implied waiver generally occurs "by putting the privileged information 'at issue,'" such as where

25  a patient puts his own mental state at issue in the case.  *E.E.O.C. v. Serramonte*, 237 F.R.D. 220,

26  224 (N.D. Cal 2006) (citing *Fritsch v. City of Chula Vista*, 187 F.R.D. 614, 625-26 (S.D. Cal.

27  1999), *modified sub nom.*, *Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999)).

28  / / /

1    Courts in the Ninth Circuit employ both a "broad" approach, based on the plaintiff's

2    claimed damages, and a "narrow" approach, based on an actual reliance upon confidential

3    communications, to evaluating whether a patient has impliedly waived the psychotherapist patient

4    privilege.  Under the broad approach, a plaintiff can impliedly waive the privilege "by seeking

5    damages for injuries to her emotional health." *Fritsch,* 196 F.R.D. at 562.  This approach is based

6    upon "fairness considerations," aiming to preclude a litigant in the case from using the

7    psychotherapist privilege "as both a sword and a shield." *Id.* at 568-569.  "If a plaintiff claims

8    emotional distress, then a defendant needs to be able to challenge that claim thoroughly…."

9    *Fitzgerald v. Cassil*, 216 F.R.D. 632, 636 (N.D. Cal. 2003).

10    However, courts have warned against "the tremendous potential for abuse that exists" under

11    the broad waiver approach.  *Id.* at 638.  A party "has numerous avenues through which it can

12    make its case without delving into the party's confidential communications with his or her

13    therapist." *Id.*  "The broad approach may find a waiver even if the psychotherapy treatment has

14    little bearing on the claims, a result that would largely eviscerate the privilege." *Ryan v. Putnam*,

15    No. 2:17-cv-05752-CAS-RAO, 2021 WL 9721273, at *5 (C.D. Cal. July 26, 2021).

16    Under the narrow approach, a litigant must affirmatively rely upon the psychotherapist-

17    patient communication before the privilege is waived. *Fitzgerald*, 216 F.R.D. at 636-638.  This

18    approach recognizes the "primacy of the privacy interests inherent in the privilege." *Id.* at 636-

19    637.  "*Jaffee's* 'no balancing' instruction drastically changes the waiver formula…. After *Jaffee*,

20    a court cannot force disclosure of [psychotherapist-patient] communications *solely because it may*

21    *be extremely useful to the finder of fact." Id.* (emphasis added.)  Instead, under the narrow

22    approach, "[t]here may be a waiver of the psychotherapist-patient privilege if the communication

23    between the two is put at issue by the patient, for example, where the cause of action relies on

24    advice or findings of the psychotherapist." *Id.* at 637.

25    Importantly, there is no "authority for [the] proposition that an implied waiver of the

26    privilege in one case means that a party waives the privilege by implication in another case."

27    *Ryan*, 2021 WL 9721273, at *4.  Nor is there any authority to support the claim that "disclosure

28    of psychotherapist-patient communications with a different physician in a [separate] case

involving different claims…waives the privilege over otherwise undisclosed psychotherapist-patient communications." *Id.* Thus, there is no authority to support Plaintiff's contention that an implied waiver by a pro-se litigant in one case constitutes a complete waiver of the psychotherapist-patient privilege in an entirely separate case, which he did not initiate, is not a party to, and has consistently asserted privilege and objected to disclosure.

## II. THERE IS NO BASIS TO FIND NON-PARTY OSUNA EXPRESSLY OR IMPLIEDLY WAIVED THE PRIVILEGE FOR ANY CONFIDENTIAL PSYCHOTHERAPIST-PATIENT COMMUNICATION IN HIS PRO-SE CASE UNDER EITHER THE BROAD OR NARROW APPROACH.

Applying the broad approach, Plaintiff would first need to show that Osuna is seeking damages for injuries to his mental or emotional health. *See Fritsch* 196 F.R.D. at 562. But Osuna does not seek damages for mental or emotional injury or distress, nor does he make any factual allegations that indicate he is seeking to recover for such harm. (*See* Osuna's Second Am. Compl., *Osuna v. Burnes*, No. 1:24-cv-00793 (E.D. Cal.), ECF No. 22.) Osuna alleges that he sustained "unnecessary, wanton infliction of pain/injury" at several points throughout his complaint, and that he was subject to retaliation and the excessive use of force." *Id.* But he does not claim to have suffered mental or emotional distress, and there is no indication he is trying to use privileged communications as both "a sword and a shield."

Similarly, applying the narrow approach, there is no indication that Osuna is affirmatively relying on any psychotherapist-patient communications to establish his claim. He alleges that Defendants falsely listed him as an active gang member and held a special committee "for the purposes of clearing [Osuna's] mental health status" so that they could double-cell him. (*Id.* at 4-5.) Osuna claims that Kyle, as a mental health supervisor, could have advocated for him to be on single-cell status but chose not to, placed him under "extreme mental health conditions," and "withheld elevation of mental health care/transfer." (*Id.* at 5.) He alleges that Kyle retaliated against him by signing the gang chrono. (*Id.* at 15.)

Paragraphs 76 and 77 of the Second Amended Complaint do describe a one-on-one encounter with Kyle. (*Id.* at 11-12.) But that encounter occurred after the murder of inmate Romero and consisted of an exchange between the two about investigations into Osuna's double-

4

1   cell clearance.  (*Id.*)  The only communication attributed to Osuna is, in its entirety, "Pl. [Osuna]

2   asked Def. [Kyle] what if the law were to come after her [Kyle] (regarding 19CM-1882 [Osuna's

3   criminal case]) and [Kyle] rolled her eyes and stated, 'I'll just say I raised my hand and opposed,

4   while the Cpt. said if [Osuna] doesn't like being double-cell cleared, he can grievance it.'"  (*Id.*)

5   The communication is not alleged to have been — and plainly was not — made for the purpose of

6   mental health care, and there is nothing in Plaintiff's question to Kyle that suggests any

7   therapeutic purpose whatsoever.

8        Osuna's complaint contains no causes of action involving mental or emotional injury or

9   harm, no allegation of damages based on mental or emotional harm, and no indication that Osuna

10   will rely upon any confidential communications between himself and his mental health providers,

11   as he proceeds on retaliation and failure-to-protect claims only, not on a claim for failure to

12   provide mental health treatment.  His only allegation involving health care asserts that a medical

13   staff member falsely reported evaluating Osuna on the morning that Romero's death was

14   discovered, but the complaint contains no reference to his mental health care or any statements or

15   communications between Osuna and that medical staff member.  There is no basis to find that

16   Osuna is asserting mental or emotional injury or that he is relying upon privileged

17   communications in the case, and thus no basis to find waiver in either Osuna's pro-se case or this

18   case.

19                   **CONCLUSION**

20        There is no basis to find from non-party Osuna's complaint in a different case that Osuna

21   has waived the privilege, either expressly or impliedly, under either a broad or narrow approach.

22   Osuna does not appear to seek damages for mental or emotional injuries in that complaint and

23   does not appear to affirmatively rely upon any psychotherapist-patient communication to

24   establish his deliberate indifference to safety claims.  Nor would there be a legal basis to extend

25   any such waiver to this case, which Osuna did not initiate and is not a party to, and in which

26   Osuna has consistently invoked the privilege and objected to disclosure.

27   / / /

28   / / /

1    Dated:  September 19, 2025                          Respectfully submitted,

2                                                        ROB BONTA
                                                         Attorney General of California
3                                                        JON S. ALLIN
                                                         Supervising Deputy Attorney General
4
                                                         *David E. Kuchinsky*
5

6                                                        DAVID KUCHINSKY
                                                         Deputy Attorney General
7                                                        *Attorneys for Respondent*
                                                         *California Department of Corrections and*
8                                                        *Rehabilitation*

9    SA2019101902
     95657710.docx
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respondent CDCR's Brief re: Psychotherapist-Patient Privilege and Waiver  (1:20-CV-00323-LHR)

## <u>DECLARATION OF SERVICE BY E-MAIL</u>

**Case Name:**          Dora Solares v. Ralph Diaz, et al.
**Case Number:**      1:20-CV-00323-LHR
**Party Represented:** California Department of Corrections and Rehabilitation

**Declaration of Electronic Service**

1. I am at least 18 years of age and not a party to this matter.

2. I am employed in the Office of the Attorney General of the State of California.  My business address is 2550 Mariposa Mall, Room 5090, Fresno, CA  93721-2271, County of Fresno.

3. My electronic service address is Josefina.Vinton@doj.ca.gov.

4. On <u>September 19, 2025</u>, I electronically served the following document[s]:

   **a. Respondent's California Dept. of Corrections and Rehabilitation's Briefing Regarding Psychotherapist Patient Privilege and Non-Party J. Osuna**

5. I electronically served the aforementioned document[s] by emailing them to the following individual[s]:

Erin R. Darling, Esq.                          Justin E. Sterling Esq.
Law Offices of Erin Darling              Law Offices of Justin E. Sterling
**E-mail Address**:                              **E-mail Address**:
Erin@erindarlinglaw.com                 justin@sterlingdefense.com
***Attorney for Plaintiff***                     ***Attorney for Plaintiff***

Lynne Stocker
Andrada & Associates
**E-mail Address**:
lstocker@andradalaw.com
spadilla@andradalaw.com
***Attorney for Defendant L. Silva***

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on <u>September 19, 2025</u>.

| J. Vinton | */s/ J. Vinton* |
|---|---|
| Declarant | Signature |

SA2019101902
95657723.docx