**FILED**

**DEC 17 2025**

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
PO Box 3476
Corcoran, CA 93212
Non-Party

No.  1:20-cv-00323-LHR-BAM

Solares,

MOTION FOR PROTECTIVE ORDER
BARRING CIVIL DEPOSITION

                    Plaintiff,

(Fed. R. Civ. P. 26(c))

        v.

Diaz, et al,

                    Defendants.

## I. INTRODUCTION

Osuna seeks a protective order under Federal Rule of Civil Procedure 26(c) barring any compelled civil deposition noticed against him while criminal proceedings arising from the same factual nucleus remain pending, including through resolution of charges. The deposition was enforced at the request of the California Attorney General's Office, which also represents the State in matters involving Osuna arising from the same factual nucleus. Osuna is unrepresented in the civil action and faces overlapping criminal exposure.

Osuna was told by CDCR Correctional Counselor Christopher Jackson upon service that custodial extraction would be used to compel his appearance for the civil deposition and that the authority for extraction was contained in a separate order, described as issued "out of Fresno," which was not produced to Osuna and did not appear on the face of the subpoena enforcement order.

**Osuna provides advance notice that, because he is a pre-trial, capital-eligible criminal defendant facing overlapping criminal exposure and is unrepresented in the civil matter, he will not answer any deposition questions and will invoke his Fifth Amendment privilege and right to counsel**. Proceeding with a compelled deposition under these

1

*MOTION FOR PROTECTIVE ORDER*
*BARRING CIVIL DEPOSITION*

1   circumstances would be futile, unduly burdensome, and coercive, and would force an

2   impermissible choice between self-incrimination and contempt. Rule 26(c) exists to prevent

3   exactly this result.

## II. BACKGROUND

5      Osuna is a criminal defendant in an ongoing state prosecution that remains pre-

6   preliminary hearing and capital-eligible. The criminal case arises from the same 2019 incident

7   that forms the factual nucleus of the civil action in which the deposition is sought. Osuna is not a

8   party to this civil action and is not represented by counsel in it. The subpoena enforcement

9   occurred during active criminal proceedings, after a criminal court hearing, and outside the

10   presence or notice of criminal counsel or the criminal court.

11      The deposition subpoena was enforced at the request of the California Attorney General's

12   Office. Osuna was advised upon service that custodial extraction would be used to compel

13   compliance. No accommodation has been made for Osuna's criminal status, lack of civil counsel,

14   or the overlap between the civil discovery sought and the pending criminal prosecution.

## III. LEGAL STANDARD

16      Rule 26(c) authorizes the Court, for good cause, to issue an order protecting a person from

17   annoyance, embarrassment, oppression, or undue burden, including by forbidding discovery or

18   prescribing conditions for it. Where civil discovery would interfere with a pending criminal

19   prosecution or compel invocation of the Fifth Amendment, courts must balance the interests and

20   issue protective relief as necessary. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25

21   (9th Cir. 1995).

## IV. GOOD CAUSE EXISTS FOR A PROTECTIVE ORDER

23   A. Pending Criminal Prosecution and Overlapping Facts

24      Osuna is not a mere witness. He is a criminal defendant in a pending prosecution arising

25   from the same factual nucleus. Constitutional protections turn on substance, not labels. The Fifth

26   Amendment privilege applies whenever testimony could furnish a link in the chain of evidence

27   needed for prosecution. *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

28

*MOTION FOR PROTECTIVE ORDER*
*BARRING CIVIL DEPOSITION*

1    Courts consistently hold that civil discovery must yield where it would undermine a

2  defendant's Fifth Amendment rights or permit civil discovery to be used as a substitute for

3  criminal process. *Keating*, 45 F.3d at 324–25; *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375–

4  76 (D.C. Cir. 1980) (en banc).

5    B. Fifth Amendment Compulsion and Futility of Deposition

6    **Osuna gives advance notice that he will not answer any deposition questions and will**

7  **invoke the Fifth Amendment and his right to counsel in response to questioning**. This

8  invocation is constitutionally compelled and not selective. Forcing a deposition under these

9  circumstances serves no legitimate discovery purpose and is futile.

10    Courts must accommodate the Fifth Amendment rather than force a person to choose

11  between abandoning constitutional rights and facing sanctions. *Wehling v. CBS*, 608 F.2d 1084,

12  1088–89 (5th Cir. 1979). Proceeding with a compelled deposition where the deponent will invoke

13  the privilege to all questions is unduly burdensome and oppressive within the meaning of Rule

14  26(c).

15    C. Coercive Enforcement and Irreparable Harm

16    The deposition is backed by custodial extraction orders. The use of custodial enforcement

17  to compel testimony from a pre-trial criminal defendant magnifies the coercive nature of the

18  discovery and creates a risk of irreparable constitutional harm that cannot be remedied after the

19  fact. Once testimony is compelled or the privilege is forced to be asserted under threat of

20  contempt, the harm cannot be undone.

21    Where no adequate remedy exists other than prospective protection, a protective order

22  barring the deposition is required. *Keating*, 45 F.3d at 324; *Dresser*, 628 F.2d at 1375.

23                    V. REQUESTED RELIEF

24    Osuna respectfully requests that the Court enter a protective order under Federal Rule of

25  Civil Procedure 26(c) barring any civil deposition of Osuna in this action in its entirety, and

26  prohibiting any compelled testimony or custodial enforcement against him arising from the

27  noticed deposition, as such discovery would be constitutionally impermissible, futile, and unduly

28  coercive given the overlapping criminal exposure and Osuna's status as an unrepresented non-

*MOTION FOR PROTECTIVE ORDER*
*BARRING CIVIL DEPOSITION*

1  party.

2  VI. CONCLUSION

3  Rule 26(c) exists to prevent coercive, futile, and constitutionally infirm discovery. Good

4  cause is plainly present. The Court should grant the requested protective relief.

5

6  p.p. Jamie Osuna, BD0868

7  December 14, 2025,

8  Respectfully submitted,

9

10  *[signature]*

11  p.p. Jamie Osuna BD0868

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4