IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | | |
|---|---|---|
| DORA SOLARES, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 20-CV-323 |
| | § | |
| RALPH DIAZ, *et al.*, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

This is a grisly case arising out of the murder of Luis Romero, an inmate at Corcoran State Prison, by his cellmate, Jaime Osuna. Romero's mother, Doris Solares, has sued several defendants who were working at the California State Prison at Corcoran at the time of Romero's murder. (Docket Entry No. 97). Solares has subpoenaed Osuna for his deposition. Osuna has moved for a protective order, arguing in large part that his testimony may incriminate himself in his ongoing criminal proceedings. (Docket Entry Nos. 198, 215).

Osuna's motions for a protective order are denied. "[I]n a civil case, the Fifth Amendment's protections against self-incrimination are invoked on a question-by-question basis, and therefore the assertion of the privilege necessarily attaches only to the question being asked and the information sought by that particular question." *Doe v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000). As a result, a deponent may not fail to appear at a duly noticed deposition simply because the deponent is likely to face questions that, if answered truthfully, pose a risk of self-incrimination. "The proper procedure requires the party seeking the protection of the Fifth Amendment to raise the privilege with 'respect to a specific question' so that the court can determine whether 'a responsive answer might lead to injurious disclosures.'" *Moore v. Gilead*

*Scis., Inc.*, No. C 07-03850 SI, 2011 WL 5572975, at *7 (N.D. Cal. Nov. 16, 2011) (quoting *United States v. Drollinger*, 80 F.3d 389, 392 (9th Cir. 1996)).  Osuna "must attend his deposition and assert his privilege with respect to specific questions." *Id.*

The court orders Osuna to appear in person at his duly noticed deposition.  The deposition must take place by March 13, 2026.  If Osuna fails to appear for his deposition, a party may move to hold Osuna in contempt.  If a party so moves, Osuna must, by March 19, 2026, show cause for why he should not be held in civil contempt.  If Osuna does not show cause for why he should not be held in civil contempt, the court will issue such further orders and sanctions as are necessary to obtain Osuna's appearance, including requiring, by March 26, 2026, that the U.S. Marshals and CDCR make Osuna appear for a deposition.  *Cf. E*TRADE Sec., LLC v. Deutsche Bank AG*, No. CV 02-3682 RHK/AJB, 2005 WL 8165038, at *3 (D. Minn. May 6, 2005) ("[T]he district court has authority to issue a bench warrant authorizing the federal marshals or local law enforcement to place [the deponent] under arrest until he complies with the order to appear for a deposition.").

All parties acknowledge that there are logistical issues and safety risks in conducting an in-person deposition for Osuna.  But all parties acknowledge that "Osuna's testimony is critical in this case." (Docket Entry No. 232 at 3).  Osuna must be made available for in-person deposition.  The CDCR, as Osuna's custodian, has the discretion to determine how to safely make Osuna available for deposition.  If review of the CDCR's arrangements is needed, the parties may contact the court to schedule a pre-motion conference.

SIGNED on February 13, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

2