J. RANDALL ANDRADA, SBN 70000
randrada@andradalaw.com
LYNNE G. STOCKER, SBN 130333
lstocker@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
1939 Harrison Street, Suite 612
Oakland, California  94612
Tel.:    (510) 287-4160 / Fax: (510) 287-4161

Attorneys for Defendant
L. SILVA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DORA SOLARES, | Case No.: 1:20-CV-00323-LHR-FRS (SKO) |
| Plaintiff, | **DEFENDANT SILVA'S FURTHER RESPONSE REGARDING CONFIDENTIAL DISCUSSION WITH CDCR'S PEER SUPPORT PROGRAM** |
| v. | |
| RALPH DIAZ, et al., | |
| Defendants. | |

Plaintiff seeks an order directing Officer Silva to provide further deposition testimony about his confidential communications with a member of the CDCR Peer Support Program following the subject incident on March 9, 2019. As previously discussed, pursuant to DOM § 33050.4.1, Officer Silva asserts his right to confidentiality as to any such communications.

Pursuant to the Court's direction at the pre-motion conference held before Hon. Lee H. Rosenthal on February 26, 2026 (See, ECF No. 236), Officer Silva submits further information regarding the Peer Support Program (PSP). After discussions by the undersigned counsel for defendant Silva and members of PSP, it has been determined that the Program does not provide counseling per se. PSP ensures staff involved in work related critical incidents are provided with support and available resources to cope with the immediate effects of a traumatic incident. The members of PSP lend an empathetic ear and offer resources to staff to help facilitate additional

1

support. The one-on-one communications between PSP and staff occur in sequestered spaces outside the presence of any third person. The communications between PSP and staff are held as confidential as set forth in the DOM. Obviously, the Program would not be successful if people are afraid to talk.

That said, and without waiver of the attorney-client privilege, if defendant Silva were to be interrogated about that single conversation with PSP in 2019, he would testify that he is not able to recall any of it. Further, he would testify that the only topic that would have been discussed with PSP was Officer Silva's feelings and emotions about the discovery of inmate Romero's body. There would not have been any discussion about the incident itself because all CSP-Corcoran staff were instructed by supervisors not to discuss it.

As plaintiff is aware, Officer Silva was interrogated by two CDCR Internal Affairs Special Agents on June 10, 2019. Many documents were reviewed during that investigation including, but not limited to, a print out of Officer Silva's First Watch Guard One checks and First Watch Post Orders for 4A1R Floor Officers. Defendant Silva was interrogated at deposition on February 6, 2026 for more than six hours. The foregoing documents, and many others, were discussed. Defendant Silva has nothing more to add to those interrogations. Plaintiff is not entitled to another bite at the apple.

For the foregoing reasons, plaintiff's demand that Silva be "ordered to provide deposition responses to the issue of his statements to peer support" should be denied.

Dated:    March 6, 2026                                   **ANDRADA & ASSOCIATES**

                                                          */s/ Lynne G. Stocker*
                                                  By _____
                                                          LYNNE G. STOCKER
                                                          Attorneys for Defendant SILVA

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION