Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiff Dora Solares

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA SOLARES, an individual, | Case No. 1:20-cv-00323-LHR-BAM |
| Plaintiff, | **PLAINTIFF'S CROSS BRIEF RE: "PEER SUPPORT"** |
| v. | |
| RALPH DIAZ, in his individual capacity, KENNETH CLARK, in his individual capacity, JOSEPH BURNS, in his individual, and DOES 1 TO 15, in their individual capacities | |
| Defendants. | |

1

## MEMORANDUM OF POINTS & AUTHORITIES

### I.  Introduction

At his deposition, Defendant Silva's counsel Lynne Stocker ordered him not to answer further questions regarding "peer support." On February 11, 2026, the parties conferred and Ms. Stocker stated that Silva was not invoking a privilege but that the requested topic was confidential, per CDCR DOM section 33050.1.1

Pursuant to Rule 37(a), a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discovery need not be admissible in evidence to be discoverable. *Id.* A party propounding discovery or taking a deposition may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or incomplete responses. *Kaur v. City of Lodi*, Case No. 2:14-cv-828-GEB, 2015 U.S. Dist. LEXIS 2739, at * 5 (Jan. 9. 2015, E.D. Cal.). The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Here, the requested responses are not privileged, but they are relevant and discoverable.

Second, DOM 33050.4.1(b) itself states that confidentiality will not apply in the following circumstances: (4) If the employee's conduct constitutes a violation of state or federal law, or if a violation of departmental policy is admitted; (6) If the disclosure is required by law or by court order; (7) An employee's intent to defraud or deceive an investigation into a critical incident is revealed. *See* DOM 33050.4.1(b).  Applied here, the purported confidentiality does not apply for the following reasons. Re: (4), the very issue is whether federal law was violated (the basis of this lawsuit) and whether department policy is admitted is the statement that is sought (potentially the statement made by Silva that he is being instructed not to provide). Re: (6), the Court can order Silva to respond, regardless of a purported CDCR policy that creates a purported confidentiality. Re: (7), CDCR found that Silva had lied during his interview about the

2

night of Romero's murder, and that allegation was sustained after an investigation, about his conduct during the shift on March 9, 2019.

**II.      Defendant Silva's Shifting Position**

Defendant Silva initially argued that "peer support" is subject to the psychotherapist-patient privilege in *Jaffee v. Redmond*, 518 U.S. 1 (1996), arguing that the privilege extends to unlicensed counselors and "more readily accessible social workers." *Id.* at 17. However, as a matter of fact, the "peer support" used by Officer Silva did not include social workers or counselors, it included other correctional staff. In this case, Silva's statements were made to peers who cannot fall under even this expansive category of unlicensed social workers.

Silva next relied on *Oleszko v. State Comp. Ins. Fund*, 243 F.3d 1154 (9th Cir. 2001) for the proposition that the "peer support" is an Employee Assistance Program (EAP). "Peer support" is not an EAP. In *Oleszko*, the Ninth Circuit noted that EAP counselors help to resolve issues affecting employee health and well-being by providing comprehensive assessments and short-term counseling, referring clients for appropriate treatment where necessary, and providing follow-up services. *Id.* at 1156. The EAP in question in *Oleszko* was "staffed by a coordinator and three consultants." *Id.* Here, there is no such staffing, no such counseling, and no such comprehensive assessments. By definition, the "peer support" is made of peers, other active duty correctional officers. Courts have found that where there is no evidence that any caseworker or mental health professional was present or a participant then reliance upon *Oleszko* is misplaced. *See e.g. Thevenin v. City of Troy*, 2018 U.S. Dist. LEXIS 250803, at * 9 (N.D. N.Y. Mar. 2, 2018). Additionally, defendant Silva knew that the "peer support" were not psychologists or psychiatrists.

Now, Silva admits that "it has been determined that the Program does not provide counseling per se." (Dkt. No. 241, "Defendant Silva's Further Response" at 1) Instead of counseling from trained mental health workers, the "peer support" members "lend an empathetic ear and offer resources." *Id.* So too does a friendly bartender.

3

Although commendable, the "peer support" cannot be considered a form of mental health counseling that falls under the umbrella (or even the penumbra) of the psychotherapist-patient privilege. Defendant Silva seems to concede as much. Since "peer support" is not counseling, Silva retreats to a different position, that he "has nothing more to add." *Id.* at 2. However, that is not the leg a deponent can stand on when refusing to answer a question at his deposition. "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion [to terminate] under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Absent a privilege or other valid justification, a deponent cannot refuse to answer a deposition question and is limited by the libreral standard set forth in Rule 26(b)(1). *See Detoy v. City & Cty. of San Franciscio*, 196 F.R.D. 362, 366 (N.D. Cal. 2000).

**III.    Silva Must Submit to Questions He Refused to Answer at His Deposition**

Every defendant, especially this one, must submit to the trier of fact's scrutiny of his credibility. As to Silva, the OIG already determined that he lied in his interview, and so his credibility is especially at issue in this case. At his deposition, Silva remembered quite a few details about his "peer support" meeting following the discovery of Romero's body, prior to him being instructed to not answer further questions. Whether Silva can remember any additional details is up to him, but Plaintiff should have the right to ask those questions to which he had been instructed to not answer, and the jury can assess the credibility of his responses.

The Ninth Circuit has ruled that evasive conduct, including a false assertion of memory loss "does not constitute a refusal to testify." *In re Battaglia*, 653 F.2d 419, 422 (1981)("[i]f an evasive answer were not equated with a refusal to answer, even the most transparently false assertion of 'I don't remember' would be sufficient to avoid the recalcitrant witness statute.") A court may even order civil contempt for a witness who "refuses without just cause" "until such time as the witness is willing to give such testimony." 28 U.S.C. § 1826(a). Similarly, a party can compel an answer when a

4

deponent fails to answer a question under Rule 30. Fed. R. Civ. P. 37(a)(3)(B). A court can also order a deponent to appear for his examination and produce documents at issue. *United States v. Ottovich*, No. 11-cv-1793-JSW, 2013 U.S. Dist. LEXIS 161266, at *7 (N.D. Cal. Oct. 13, 2013).

Here, Plaintiff does not seek sanctions or civil contempt, but merely for defendant Silva to be ordered to sit for his deposition and answer questions he refused to answer, specifically about what he discussed with "peer support" after he received the news that Romero had been killed. If there are any documents produced as a result of the "peer support," then Silva should be required to produce those as well.

## III.   Conclusion

Plaintiff respectfully requests that the Court compel defendant Silva to provide responses to the deposition questions he refused to answer, produce any documents created in the course of the "peer support," and to permit Plaintiff's counsel to ask follow-up questions, depending on the answer provided.

Respectfully Submitted,

**LAW OFFICES OF ERIN DARLING**

DATED:  March 6, 2026

By:    /s/ Erin Darling

Erin Darling
Attorney for Plaintiff,
DORA SOLARES