FILED

MAR 19 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
PO Box 8800 CSP-COR
Corcoran, CA 93212
Non-Party

Dora Solares,

                Plaintiff,

    v.

Ralph Diaz, et al,

                Defendants.

No.  1:20-cv-00323-LHR-FRS

**NONPARTY JAMIE OSUNA'S MOTION FOR PROTECTIVE ORDER RE MARCH 16, 2026, DEPOSITION; REQUEST FOR INTERIM NON-USE AND PRESERVATION RELIEF**

Jamie Osuna moves under Federal Rules of Civil Procedure 26(c), 30(d)(2)-(3), and 32(a) for a protective order concerning the March 16, 2026, deposition. This motion does not seek to revisit the Court's February 13, 2026, order requiring appearance. It seeks relief because the deposition was procured through false representations and conducted under coercive circumstances following injury and requests for medical care.

Mr. Osuna requests an order:

1. Prohibiting any party or counsel from using, quoting, summarizing, characterizing, filing, or disclosing any portion of the March 16, 2026, deposition, including transcript, audio, video, notes, or derivative summaries, pending further order;

2. Striking, or alternatively sealing, any portion already filed;

3. Prohibiting any resumed deposition of Mr. Osuna, and any further extraction or compelled transport for civil deposition in this action;

4. Ordering immediate preservation of the deposition record and related evidence identified below; and

5. Requiring sworn declarations from counsel and responsible custodial personnel and imposing appropriate sanctions if the Court finds misconduct.

1

On February 13, 2026, the Court ordered that Jamie Osuna to safety appear for deposition and stated that further coercive measures would occur *only* after a failure to appear, a contempt motion, and a failure to show cause. The Court did not issue a signed extraction order and contemplated that any issues regarding CDCR's arrangements could be brought to the Court.

During the March 16 extraction, CDCR officers and Mr. Osuna were told that Judge Rosenthal had already signed an extraction order and that his criminal attorney was present or waiting. When Mr. Osuna arrived, his criminal attorney was not present and parties admitted there was no extraction order.

During the extraction, Mr. Osuna was injured, including impacts to his head, elbow, knee, and neck. Staff made threats to Mr. Osuna that he would be "fucked up" and was a "bitch". Mr. Osuna experienced pain, staff prohibited access to his inhaler/required medical devices. Mr. Osuna requested medical care. He was forcibly removed from medical and brought in a wheelchair to the deposition. During the deposition, Counsel indicated that further orders would be sought after Mr. Osuna invoked his Fifth Amendment rights/would not answer the line of questioning. Multiple officers were present during the deposition within hearing range.

These circumstances warrant immediate relief. The Court's order required appearance; it did not authorize obtaining compliance through false representations regarding a signed extraction order or the presence of criminal counsel. Under Rule 26(c) and Rule 30(d), the Court may protect a deponent from oppression, limit or terminate a deposition conducted in bad faith, and sanction conduct that frustrates a fair examination. Under Rule 32(a), deposition use is limited to admissible material.

On this record, no party should be permitted to use or rely on the March 16 deposition unless and until the Court determines it was fairly obtained and conducted.

Preservation is also required. Mr. Osuna cannot preserve this evidence from prison without Court intervention. The evidence to be preserved includes: (1) the original transcript, notes, and any audio/video; (2) any notes or summaries reflecting refusals or non-answers; (3) all body-worn camera and institutional footage of the approach, extraction, transport, holding, deposition room, and return; (4) incident reports, transport logs, housing logs, and use-of-force

2

records; (5) medical, triage, medication, and inhaler records for that date; and (6) communications concerning the asserted basis for extraction and the representation that criminal counsel was present.

This motion is filed without a joint statement because Mr. Osuna is an incarcerated nonparty, the events occurred during the deposition itself, and immediate relief is required before the deposition is used or filed. To the extent Local Rule 251 applies, the accompanying declaration is intended to serve as the affidavit explaining why a joint statement could not be obtained.

For these reasons, Mr. Osuna respectfully requests immediate interim non-use and preservation relief, and after further proceedings, an order barring any resumed deposition, and awarding such sanctions or other relief as the Court deems just.

Dated: March 17, 2026

_Jamie Osuna_

p.p. Jamie Osuna

.

## DECLARATION OF JAMIE OSUNA

I, Jamie Osuna, declare:

1.  I am the nonparty deponent in this matter. I am incarcerated at California State Prison–Corcoran. I have personal knowledge of the facts stated here.

2.  On March 16, 2026, I was extracted from my cell for deposition in this case.

3.  Before or during the forcible extraction, I was told that a judge had signed an extraction order and that my criminal attorney was present or waiting.

4.  When I arrived at the deposition location, my criminal attorney was not present and parties admitted there was no extraction order.

5.  During the extraction, I was injured and experienced pain to my head, elbow, knee, and neck. Staff prohibited access to my inhaler/required medical devices and threated that I would be

3

"fucked up" and was a "bitch." I requested medical care.

6. I was forcibly removed from medical care/medical care was suspended/not allowed until after the deposition concluded, and I was brought to the deposition in a wheelchair.

7. Despite these circumstances, the deposition proceeded. I was told that further orders would be sought when I asserted to invoke my Fifth Amendment right and did not answer questions. Multiple officers were present during the deposition within hearing range.

8. Despite that the situation was not as represented, at no time was the deposition stopped and the Court contacted.

9. I cannot preserve body-worn camera footage, institutional video, extraction or transport records, or medical records without a court order.

10. I could not complete a meet-and-confer because I am incarcerated and the events occurred during the deposition itself. Immediate relief is needed before the deposition is used.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 17, 2026

p.p. Jamie Osuna