Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiff Dora Solares

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA SOLARES, an individual, | Case No. 1:20-cv-00323-LHR-BAM |
| Plaintiff, | **PLAINTIFF'S REPLY TO DEFENDANT SILVA'S SUPPLEMENTAL BRIEF RE: "PEER SUPPORT"** |
| v. | |
| RALPH DIAZ, in his individual capacity, KENNETH CLARK, in his individual capacity, JOSEPH BURNS, in his individual, and DOES 1 TO 15, in their individual capacities | |
| Defendants. | |

## REPLY BRIEF

At his deposition Defendant Silva remembered many details about "peer support" that he received on March 9, 2019, including: that it was conducted with "another CDCR staff member" (Silva Depo. 152:16); that person was a man (Silva Depo. 152:20); it was not someone that he knew (Silva Depo. 152:22); the person was not someone from the mental health team (Silva Depo. 154:11-15). Silva also remembered where the "peer support" occurred, at the 4B program office. (Silva Depo. 155:2)

1

However, Silva's attorney shut down the subject as to what Silva told "peer support" by claiming that it is subject to the "counseling privilege" and instructed him not to answer. (Silva Depo. 152:25-153:10) Silva's counsel acknowledged that, "The debate is whether the privilege applies." (Silva Depo. 164:3) By now, Silva has effectively acknowledged that the claimed privilege does not apply and now seems to argue that the inquiry is not relevant. Relevance is a very low bar and not a valid objection. What Silva told another about his actions when the night of the murder was fresh in his mind is certainly relevant.

Since Silva's counsel shut down inquiry as to what Silva discussed with peer support, Plaintiff seeks the Court's intervention so that this line of inquiry can be pursued. Plaintiff submits that the debate whether the privilege applies is a resounding no, and that Silva should answer questions as to what he told this peer.

Defendant Silva's credibility is directly at issue in this case, specifically, whether he conducted safety checks on the night of Romero's murder. Whether Silva lied about this during CDCR's Internal Affairs investigation is not a "red herring." Silva's credibility about whether he conducted safety checks on the night of Romero's murder is the central issue. A review of under seal filings shows the history of this issue.

Respectfully Submitted,

**LAW OFFICES OF ERIN DARLING**

DATED: March 19, 2026

By:    /s/ Erin Darling
       Erin Darling
       Attorney for Plaintiff,
       DORA SOLARES

2