ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
DAVID E. KUCHINSKY, State Bar No. 292861
Deputy Attorney General
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone: (916) 210-7666
 Fax: (916) 324-5205
 E-mail: David.Kuchinsky@doj.ca.gov
*Attorneys for Defendants Burnes, Pena, Gamboa,*
*Garcia, Gallemore, Maytubby, and Munoz*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DORA SOLARES,**<br><br>Plaintiff,<br><br>v.<br><br>**RALPH DIAZ, et al.,**<br><br>Defendants. | 1:20-CV-00323-LHR-FRS<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW CAUSE WHY A CONTEMPT CITATION SHOULD NOT ISSUE; DECLARATION OF DAVID E. KUCHINSKY**<br><br>Date:          April 7, 2026<br>Time:         13:00 p.m.<br>Judge:        Hon. Lee H. Rosenthal<br>Trial Date:   Not set<br>Action Filed: March 2, 2020 |

**INTRODUCTION**

Inmate Jaime Osuna failed to comply with this Court's orders to attend and participate in his deposition and to "assert privilege with respect to specific questions." (*See* Orders, ECF Nos. 233, 245.) Instead, at his March 16, 2026, deposition, Osuna initially refused to attend and, after being escorted to the deposition over his objection, refused to take the oath and asserted a blanket Fifth Amendment privilege as to all questions and potential questions, regardless of whether the questions implicated the Fifth Amendment or would potentially incriminate him. Osuna claimed that as a non-party inmate with pending criminal charges, he is entitled to refuse to participate in

Defs.' Mem. P. & A. Supp. Appl. for O.S.C. re: Osuna Deposition  (1:20-CV-00323-LHR-FRS)

the deposition at all.  However, the Court has already ruled that Osuna may not invoke a blanket privilege and ordered him instead to assert the privilege with respect to specific questions, so his actions at his March 16, 2026, deposition violate this Court's order.

In light of Osuna's failure to comply with this Court's order, Defendants respectfully apply for an order directing Osuna to show cause why a contempt citation should not issue, and request that the Court hold Osuna in civil contempt and hold a hearing to determine what sanctions should be imposed to ensure Osuna's compliance with the Court's orders.  The sanctions could be immediately vacated upon Osuna appearing and testifying at his deposition consistent with this Court's orders and asserting privilege, if appropriate, with respect to specific questions.

## ARGUMENT

I.  **THE COURT SHOULD HOLD OSUNA IN CIVIL CONTEMPT BECAUSE OSUNA HAS FAILED TO COMPLY WITH THE COURT'S ORDERS WITHOUT GOOD CAUSE.**

A.  **Legal Standard for Civil Contempt and Available Sanctions**

Under Federal Rule of Civil Procedure 30, a party may depose any person, including a non-party material witness, by oral examination.  Fed. R. Civ. P 30.  Under Federal Rule of Civil Procedure 37, a party may move for an order compelling discovery, including attending and participating in a properly noticed deposition.  Fed. R. Civ. P. 37(a).

A non-party witness must attend a deposition within 100 miles of where they reside when served with a subpoena under Rule 45.  Fed. R. Civ. P 45.  A witness who fails to obey a subpoena or an order related to it, without adequate excuse, may be held in contempt.  Fed. R. Civ. P. 45(g).  A subpoena issued by an attorney is considered a court order for purposes of contempt proceedings under Federal Rule of Civil Procedure 45(g).  *U.S. S.E.C. v. Hyatt,* 621 F.3d 687, 693-694 (7th Cir. 2010).  And if a nonparty fails to comply with a deposition subpoena, "[t]he only sanction against *nonparties* for failure to comply … is a contempt citation." *Martinez v. Antique & Salvage Liquidators, Inc.*, No. C09-00997 HRL, 2011 WL 798707, at *2 (N.D. Cal. Feb. 8, 2011); *see also Sali v. Corona Regional Medical Center*, 884 F.3d 1218, 1224 (9th Cir. 2018) (distinguishing civil contempt sanctions directed at a nonparty with Rule 37 sanctions directed against the parties).

Civil contempt consists of a party's disobedience to "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). "The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "A court may wield its civil contempt powers for two separate and independent purposes: (1) 'to coerce the defendant into compliance with the court's order'; and (2) 'to compensate the complainant for losses sustained.'" *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (quoting *United States v. UMWA*, 330 U.S. 258, 303-04 (1947)). "Coercive sanctions may only be imposed after a reasoned consideration of the character and magnitude of the harm threatened by the continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Id.* at 629. The contemnor must have the ability to comply with the court's order and thus "purge" the contempt. *Id.* at 629-30. "[T]he ability to purge is perhaps the most definitive characteristic of coercive civil contempt." For that reason, "coercive civil sanctions … generally take the form of conditional fines." *Id.* at 629.[1]

Civil contempt fines can take the form of per diem fines imposed for each day a contemnor fails to comply with an affirmative court order, or of fixed fines imposed and suspended pending future compliance. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994). "A court, in determining the amount and duration of a coercive fine, must 'consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 516 (9th Cir. 1992). "Generally, the minimum sanction necessary to obtain compliance is to be imposed." *Id.* at 517.

"Contempt proceedings are instituted by the issuance of an Order to Show Cause why a contempt citation should not issue and a notice of a date for the hearing." *Alcalda v. NAC Real Estate Investments & Assignments, Inc.,* 580 F.Supp.2d 969, 971 (C.D. Cal. 2008). "Because

---

[1] The civil contemnor is said to "carr[y] the keys of his prison in his own pocket," whereas the criminal contemnor "is furnished no key, and he cannot shorten the term by promising not to repeat the offense." *Bagwell*, 512 U.S. at 828–29.

3

civil contempt sanctions are viewed as nonpunitive and avoidable, fewer procedural protections for such sanctions have been required.  Thus civil contempt may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.  Neither a jury trial nor proof beyond a reasonable doubt is required." *U.S. v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999) (quoting *Bagwell*, 512 U.S. at 827, 831) (quotation marks omitted).  The moving party has the burden of showing by clear and convincing evidence that the nonmoving party violated a court order beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of that order.  *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 289 F.R.D. 548, 552-553 (N.D. Cal. 2013).  The burden then shifts to the nonmoving party to demonstrate why they were unable to comply with the court's order and show that they took every reasonable step to comply with the court's order.  *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992).

> **B.     Osuna Failed to Comply with this Court's Order to Attend His Deposition and Assert Privilege with Respect to Specific Questions.**

Inmate Osuna's deposition was originally noticed for January 23, 2026, however Osuna refused to attend, refusing even to leave his cell.  (Kuchinsky Decl. ¶ 2.)  After a pre-motion conference on February 3, 2026, the Court issued an order on February 13, 2026, denying Osuna's motions for protective orders and requiring him to attend and participate in his deposition.  (Order, ECF No. 233; Kuchinsky Decl. ¶ 3.)

The order specifically addressed Osuna's attempt to invoke a blanket Fifth Amendment privilege, finding that "a deponent may not fail to appear at a duly notice deposition simply because the deponent is likely to face questions that, if answered truthfully, pose a risk of self-incrimination."  (*Id*.)  Instead, "[t]he proper procedure requires the party seeking the protection of the Fifth Amendment to raise the privilege with 'respect to a specific question' so that the court can determine whether 'a responsive answer might lead to injurious disclosures.'"  (Order at 2 (quoting *United States v. Drollinger*, 80 F.3d 389, 392 (9th Cir. 1996)); Kuchinsky Decl. ¶ 3.)  The Court made the order very clear: "Osuna must attend his deposition and assert his privilege with respect to specific questions."  (*Id*.)

At his March 16, 2026, deposition, Osuna refused to take the oath administered by the court reporter and stated that he was asserting his Fifth Amendment privilege over any and all questions. (Kuchinsky Decl. ¶ 4.) Osuna acknowledged that he had received the Court's orders but stated that he believes he has a privilege to not testify at a deposition at all. (*Id.*) Osuna refused to answer questions that would not have any possibility of incriminating him, such as what year he was first brought into CDCR custody. (*Id.*) After attempting to question Osuna about non-incriminating information and Osuna repeatedly refusing, the deposition was suspended. (*Id.*)

Inmate-witness Jaime Osuna is a material and necessary witness to this case, as he is the only person who has personal knowledge of substantial elements of the events and circumstances leading to Osuna's placement in the housing unit, his and Romero's prior interactions and assent to celling together, and the events and circumstances leading up to and including Romero's death. In defense counsel's analysis, this includes information that would not implicate Osuna's privilege against self-incrimination, but the only way to litigate the proper application of that privilege is to permit the questions to be asked. (Kuchinsky Decl. ¶ 5.) The deposition will also shed light on the extent to which material information is unavailable solely due to a temporary assertion of privilege that would expire upon resolution of Osuna's criminal proceedings. And expert witnesses cannot fully evaluate the merits of Plaintiff's claims without establishing what information Osuna will testify to, either now or at any point in the case that he may choose for his own reasons to waive the privilege, or otherwise lose its protection. (*Id.*) Thus, defense counsel cannot investigate this case or adequately represent Defendants without deposing Osuna. (*Id.*)

While Osuna may invoke his Fifth Amendment privilege and refuse to answer questions that may incriminate him, he must do so on a question-by-question basis, rather than asserting a blanket privilege to all questioning. The parties must be permitted to meaningfully depose Osuna to determine the extent to which Osuna will assert privilege as to any particular question and the extent of non-privileged information they can obtain. In addition, Osuna must invoke on a question-by-question basis so that the Court can rule on each invocation to determine the extent of the information he must testify to.

By refusing to attend his deposition and by invoking a blanket Fifth Amendment privilege to all questioning, Osuna failed to comply with this Court's February 13, 2026, Order. There is no good cause for his violation, and the Court should find Osuna in civil contempt. Should the Court find Osuna in contempt, the Court should hold a hearing to determine the appropriate sanction to coerce Osuna to testify and invoke his rights on a question-by-question basis. The sanctions could be immediately vacated upon Osuna appearing and testifying at his deposition consistent with this Court's order and asserting privilege with respect to specific questions

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court issue an order directing Osuna to show cause why a contempt sanction should not be imposed for his failure to comply with his deposition subpoena and the Court's orders to attend his deposition and assert privilege with respect to specific questions raised. Osuna's testimony is crucial to this case, and defense counsel cannot adequately represent his clients without taking Osuna's deposition. While Osuna may assert his privilege against self-incrimination, he must do so with respect to specific questions. The Court should hold him in contempt and set a hearing to determine the appropriate sanctions, which can be lifted upon him participating in his deposition and asserting privilege with respect to specific questions raised.

Dated: March 26, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

/s/ David E. Kuchinsky

DAVID E. KUCHINSKY
Deputy Attorney General
*Attorneys for Defendants Burnes,*
*Pena, Gamboa, Garcia, Gallemore,*
*Maytubby, and Munoz*

6

**DECLARATION OF DAVID E. KUCHINSKY**

I, David E. Kuchinsky, declare:

1.    I am employed by the California Department of Justice as a Deputy Attorney General. I am licensed to practice before all of the courts of the State of California, as well as the United States District Court for the Eastern District of California.  I represent Defendants Burnes, Pena, Gamboa, Garcia, Gallemore, Maytubby, and Munoz in this action.

2.    Inmate Osuna's deposition was originally noticed for January 23, 2026, however, Osuna refused to attend, refusing even to leave his cell.

3.    After a pre-motion conference on February 3, 2026, the Court issued an order on February 13, 2026, denying Osuna's motions for protective orders and requiring him to attend and participate in his deposition.  The order specifically addressed Osuna's attempt to invoke a blanket Fifth Amendment privilege, finding that "a deponent may not fail to appear at a duly notice deposition simply because the deponent is likely to face questions that, if answered truthfully, pose a risk of self-incrimination."  Instead, "[t]he proper procedure requires the party seeking the protection of the Fifth Amendment to raise the privilege with 'respect to a specific question' so that the court can determine whether 'a responsive answer might lead to injurious disclosures.'"  The Court made the order very clear: "Osuna must attend his deposition and assert his privilege with respect to specific questions."

4.    At his March 16, 2026, deposition, Osuna refused to take the oath administered by the court reporter and stated that he was asserting his Fifth Amendment privilege over any and all questions.  Osuna acknowledged that he had received the Court's orders but stated that he believes he has a privilege to not testify at a deposition at all.  Osuna refused to answer questions that would not have any possibility of incriminating him, such as what year he was first brought into CDCR custody.  After attempting to question Osuna about non-incriminating information and Osuna repeatedly refusing, the deposition was suspended.

5.    Inmate-witness Jaime Osuna is a material and necessary witness to this case, as is the only person who has personal knowledge of the events and circumstances leading up to Osuna's placement in the housing unit, and the events and circumstances up to and including Romero's

death, which include information that would not implicate his privilege against self-incrimination. Defense counsel cannot investigate this case or adequately represent Defendants without deposing Osuna. Expert witnesses cannot fully evaluate the merits of Plaintiff's claims without deposing Osuna.

6. Defendants respectfully request that the Court hold Osuna in contempt for failing to comply with this Court's order when he refused to attend his deposition and then invoked a blanket privilege as to all questions instead of with respect to specific questions as the Court ordered.

7. In the event the Court holds Osuna in contempt, the Court should hold a hearing on the appropriate sanction to impose on Osuna in order to coerce his testimony consistent with the Court's order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of March 2026, in Sacramento, California.

/s/ David E. Kuchinsky
DAVID E. KUCHINSKY
Deputy Attorney General
Counsel for Defendants

SA2019101902
95701631.docx

8

## DECLARATION OF SERVICE BY E-MAIL and U.S. MAIL

Case Name:  **Dora Solares (H56733) v. Ralph Diaz, et al.**
Case No.:   **1:20-CV-00323-LHR-FRS**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  My business address is: 2550 Mariposa Mall, Room 5090, Fresno, CA  93721-2271.  My electronic service address is Josefina.Vinton@doj.ca.gov.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>March 26, 2026</u>, I served the attached:

- **DEFENDANTS' NOTICE OF APPLICATION AND APPLICATION FOR AN ORDER TO SHOW CAUSE WHY A CONTEMPT CITATION SHOULD NOT ISSUE AGAINST INMATE-WITNESS JAIME OSUNA FOR FAILURE TO COMPLY WITH A COURT ORDER AND PARTICIPATE IN HIS DEPOSITION;**

- **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW CAUSE WHY A CONTEMPT CITATION SHOULD NOT ISSUE;**

- **DECLARATION OF DAVID E. KUCHINSKY**

 by transmitting a true copy via electronic mail.  In addition, I placed a true copy thereof enclosed in a sealed envelope, in the internal mail system of the Office of the Attorney General, addressed as follows:

Erin R. Darling, Esq.
Law Offices of Erin Darling
3435 Wilshire Boulevard, Suite 2910
Los Angeles, CA 90010
**E-mail Address**:
Erin@erindarlinglaw.com
*Counsel for Plaintiff*
***(Served via U.S. Mail;***
***Served via E-Mail)***

Jaime Osuna
CDCR #BD0868
California State Prison – Corcoran
P.O. Box 8800
Corcoran, CA 93212-8309
***(Served via U.S. Mail)***

Lynn G. Stocker, Esq.
Andrade & Associates
1939 Harrison Street, Suite 612
Oakland, CA 94612
**E-mail Address**:
lstocker@andradelaw.com
*Counsel for Defendant*
***(Served via U.S. Mail;***
***Served via E-Mail)***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on March 26, 2026, at Fresno, California.

|  |  |
|---|---|
| J. Vinton | ***/s/ J. Vinton*** |
| Declarant | Signature |

SA2019101902 / 95701636.docx