FILED

MAR 27 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
PO Box 8800, CSP-COR
Corcoran, CA 93212
Non-Party,

Dora Solares
                    Plaintiff,
        v.
Ralph Diaz, et al,
                    Defendants.

No.  1:20-cv-00323-LHR-FRS

**NONPARTY JAMIE OSUNA'S NOTICE OF NONCOMPLIANCE WITH COURT-ORDERED NOTICE AND SUPPLEMENTAL NOTICE REGARDING PLAINTIFF'S WAIVER THEORY**

Nonparty Jamie Osuna respectfully submits this short notice concerning the March 27, 2026, hearing and plaintiff's current waiver theory regarding his psychotherapist-patient privilege. On March 13, 2026, the Court stated on the docket that plaintiff must provide notice of the hearing to Osuna. As of the date of this filing, Osuna still has not received the formal notice directed by the Court from plaintiff or plaintiff's counsel. He learned informally from the public docket that a hearing had been set and filed his objection on that basis. Afterward, he also learned from the docket that sealed events had been entered, yet he still did not receive the Court-ordered notice regarding the hearing affecting his privilege interests.

Persons not registered for CM/ECF, including prisoners, must be conventionally served, and papers required to be served by non-electronic means must be accompanied by proof of service. Fed. R. Civ. P. 5(a)(1)(A), (D), (E), 5(d)(1)(B); E.D. Cal. L.R. 135(b)-(c), 110. Failure to comply with the Local Rules or any order of the Court may be grounds for relief. E.D. Cal. L.R. 110. Osuna therefore respectfully requests that the Court not treat any issue as waived based on plaintiff's failure to provide the ordered notice and failure to properly serve Osuna with the materials and theories now being advanced against his privilege. This notice problem is especially significant because it follows the March 16, 2026, deposition dispute, in which court authority was invoked to secure extraction before the sequence set out in the Court's February 13, 2026, order had occurred. Osuna raises that point here only to show prejudice and the need for strict adherence to the Court's present notice directive.

Plaintiff's current theory appears to be that because mental-health matters were allegedly

1

discussed, referenced, or later reflected in classification, committee, chrono, or central-file materials, the psychotherapist-patient privilege was thereby waived. That is incorrect. California Evidence Code section 1014 permits the patient, whether or not a party, to refuse disclosure and to prevent another from disclosing confidential psychotherapist-patient communications. Waiver under Evidence Code section 912 requires disclosure of a significant part of the communication by the holder, without coercion, or consent by the holder. Mere reference to mental-health matters in committee proceedings, classification materials, chronos, or central-file documents does not itself establish waiver of confidential psychotherapist-patient communications, nor does later discussion of records by others create waiver by the patient. See Evid. Code §§ 1014, 912.

Plaintiff's current reliance on *Tarasoff* is also insufficient. The dangerous-patient exception is narrow. California Civil Code section 43.92 applies to a serious threat of physical violence against a reasonably identifiable victim or victims. Evidence Code section 1024 likewise does not create a wholesale waiver of all psychotherapist-patient communications. Plaintiff still has not identified a reasonably identifiable victim as required, and mere ideation does not itself eliminate the privilege as to all treatment communications. See Civ. Code § 43.92; Evid. Code § 1024; *Jaffee v. Redmond*, 518 U.S. 1; *United States v. Chase*, 340 F.3d 978.

This is not plaintiff's original theory. The Court already decided the privilege issue. Plaintiff's present argument is a re-argument based on later-attached materials and a new attempt to convert classification or committee references into waiver of core psychotherapist-patient communications. That conclusion does not follow.

For these reasons, Osuna respectfully requests that the Court reject plaintiff's late-raised *Tarasoff*/classification/waiver theory, decline to treat any issue as waived against Osuna in light of plaintiff's failure to provide the ordered notice, and leave intact the Court's prior ruling that Osuna did not waive the psychotherapist-patient privilege.

March 25, 2026

p.p. Jamie Osuna

2