

FILED

APR 01 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

Jamie Osuna BD0868
PO Box 8800 CSP-COR
Corcoran, CA 93212
Non-Party,

Dora Solares,

        Plaintiff,

    v.

Ralph Diaz, et al,

        Defendants.

No. 1:20-cv-00323-LHR-FJS

**NONPARTY JAMIE OSUNA'S LIMITED OPPOSITION TO ANY ADVANCE REQUEST TO CERTIFY A FUTURE ORDER ARISING FROM THE APRIL 7, 2026 HEARING ON ECF NO. 264 UNDER 28 U.S.C. § 1292(b)**

Nonparty Jamie Osuna submits this limited opposition to any advance request by Defendants—including, to the extent Defendants previously raised that issue at the March 27, 2026 hearing, any oral request they may make or renew at the April 7, 2026 hearing—to certify under 28 U.S.C. § 1292(b) any future order arising from that hearing on ECF No. 264.

This is not a technical objection. Certification here would be legal error because ECF No. 264 does not present a pure question of law. It presents a disputed, record-bound effort to use contempt and coercive sanctions to force same-incident pretrial sworn testimony from a pending criminal defendant/nonparty. Defendants' own memorandum says the present Fifth Amendment obstacle is only "temporary," will "expire upon resolution" of the criminal case, and that they want to know what Osuna may testify to "either now or at any point in the case." ECF No. 264-1 at 5. Rule 32 gives a deposition potential later use to contradict or challenge later testimony and, if the witness cannot attend because of imprisonment, potentially for broader trial use. Fed. R. Civ. P. 32(a)(2), (a)(4)(C). Osuna does not concede that any such later use would be admissible. The point is narrower: forcing a same-incident sworn record now has obvious practical significance, and certification-driven delay would preserve that leverage rather than materially advance the litigation. It would delay the case for Plaintiff as well.

Osuna does not contend that this civil hearing itself can compel him to testify in the criminal case. The problem is different and more immediate: Defendants seek to use civil

1

contempt and coercive sanctions to force same-incident sworn testimony now, while the related criminal case remains pending, and then seek certification of any future order arising from that effort.

This filing is narrow. It does not repeat Osuna's merits opposition to ECF No. 264. Nothing in this filing waives Osuna's merits, privilege, preservation, non-use, or protective-order arguments. To the extent the Court deems leave required for this limited filing, Osuna respectfully requests it.

## I. ANY ADVANCE CERTIFICATION REQUEST IS PREMATURE.

Section 1292(b) applies only when a district judge, in making an otherwise non-appealable interlocutory order, is of the opinion that the order involves a controlling question of law, that there is substantial ground for difference of opinion, and that immediate appeal may materially advance the ultimate termination of the litigation, and the judge so states in writing in the order. 28 U.S.C. § 1292(b).

Rule 5 confirms the same structure. If the district court has not yet included the necessary permission or statement, it may later amend its order to do so. Fed. R. App. P. 5(a)(3). The later petition must identify "the question itself" and attach the order complained of together with any order containing the district court's permission or findings. Fed. R. App. P. 5(b)(1)(B), (E).

The Ninth Circuit has likewise held that an announcement of a trial court's view on an abstract question of law before final, definitive action affecting substantial rights is not an "order" under § 1292(b). *Nickert v. Puget Sound Tug & Barge Co.*, 480 F.2d 1039, 1041 (9th Cir. 1973).

Accordingly, any request now to certify a future order on ECF No. 264 should be denied as premature.

## II. SECTION 1292(b) WOULD NOT BE SATISFIED.

Section 1292(b) is to be used sparingly and only in exceptional circumstances that justify departure from the ordinary policy against piecemeal appeals. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130–31 (9th Cir. 2022).

First, this is not a controlling question of law. A controlling question under § 1292(b)

2

must be one of law, not a disputed factual record repackaged as law. *ICTSI*, 22 F.4th at 1130–31; *In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020, 1026–27 (9th Cir. 1982). Defendants' own papers show that their request turns on their version of what occurred on March 16, 2026: whether Osuna refused to appear, whether he later appeared, whether he refused the oath, what questions were asked, whether he asserted a blanket privilege or question-specific invocations, and what remedy should follow. ECF No. 264 at 2; ECF No. 264-1 at 4–6. That is record-bound. Any proposed certified question that assumes Defendants' disputed version of March 16—including their characterization of the oath, the questions asked, or the significance of any answers or invocations—would not present a pure question of law and therefore would not support certification.

Second, there is no substantial ground for difference of opinion. Defendants identify no circuit split, no novel statutory issue, and no first-impression legal question. At most, they disagree with how settled rules should be applied to a disputed deposition and contempt record. That does not satisfy § 1292(b). *ICTSI*, 22 F.4th at 1130–31; *In re Cement*, 673 F.2d at 1026–27.

Third, immediate appeal would not materially advance the litigation. Even if an appellate court answered some abstract legal question, the case would still return here for resolution of what actually occurred on March 16, what questions were asked, what invocations were made, what record the Court credits, and what remedy follows. That is not real acceleration. *In re Cement*, 673 F.2d at 1027.

Nor is delay neutral here. Defendants themselves say the asserted privilege is only "temporary," will "expire upon resolution" of the criminal case, and that they want to know what Osuna may testify to "either now or at any point in the case." ECF No. 264-1 at 5. Whatever anyone's subjective motive may be, interlocutory delay would objectively risk benefiting Defendants by preserving their effort to secure a later trial-relevant sworn record while waiting for what they themselves describe as a "temporary" Fifth Amendment obstacle to weaken or disappear. That is the opposite of materially advancing the case. It would delay resolution for all parties, including Plaintiff.

Parallel civil/criminal overlap makes certification less appropriate, not more. In such

3

settings, protective relief may be warranted where civil process threatens to furnish evidence for the criminal case or otherwise creates unfairness, and the extent of Fifth Amendment exposure is central to the analysis. *United States v. Kordel*, 397 U.S. 1, 8–9 & n.27 (1970); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995). This is not an abstract legal issue detached from facts. It is a same-incident overlap dispute on a disputed record.

### III. IF CONTEMPT IS LATER ENTERED, ORDINARY APPELLATE REVIEW ALREADY EXISTS.

If the Court later enters a contempt adjudication against Osuna as a nonparty witness, ordinary appellate review already exists. "The right of a nonparty to appeal an adjudication of contempt cannot be questioned." *United States Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988). And the ordinary route by which a subpoena target obtains appellate review is by refusing compliance and appealing a contempt adjudication if one follows. *United States v. Ryan*, 402 U.S. 530, 532–33 (1971).

So, if a future order is contempt, § 1292(b) is unnecessary. If it is something less than contempt, it remains an ordinary discovery or case-management ruling, which does not become a proper candidate for interlocutory certification merely because one side dislikes it.

### IV. NO STAY OR SELF-EXECUTING ENFORCEMENT LANGUAGE SHOULD BE INCLUDED.

Certification under § 1292(b) does not itself stay district-court proceedings. The statute expressly says so. 28 U.S.C. § 1292(b). Any stay pending appeal ordinarily must be sought first in the district court. Fed. R. App. P. 8(a)(1).

The same is true of any future monetary sanction. If any contempt sanction is framed as coercive civil contempt, it must remain genuinely coercive and purgeable rather than effectively converted into immediate execution or collection in the first instance. See *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827–29 (1994).

Accordingly, no future order should include self-executing execution, collection, turnover, deduction, garnishment, or restraint language merely because Defendants invoke certification or appeal. Any request for stay, security, enforcement, or collection should be made separately, with

4

cited authority and an opportunity to respond.

## V. NO ADDITIONAL CERTIFICATION, STAY, OR ENFORCEMENT TERMS SHOULD BE ADDED TO ANY FUTURE ORDER.

Osuna opposes certification itself and respectfully asks the Court to deny any such request. He also objects to any attempt to add certification, stay, or self-executing enforcement language to a later order through drafting rather than through a distinct request and express ruling.

Whether any future order is later submitted by a party under Local Rule 137 or issued directly by the Court, no party should be permitted to use the order process to add § 1292(b) findings, stay language, or execution/collection language that the Court has not expressly granted. If a proposed order is later served, Osuna preserves his right, where applicable, to seek correction or modification or to submit an alternative order so that the written order reflects the Court's actual ruling and nothing more. See L.R. 137(a), (d)–(e).

## CONCLUSION

For these reasons, Nonparty Jamie Osuna respectfully requests that the Court:

1. deny any request to certify under 28 U.S.C. § 1292(b) any future order resolving ECF No. 264;

2. deny any request to stay any such future order pending appeal absent a separate motion and the required showing;

3. decline to include in any future order any self-executing execution, collection, turnover, deduction, garnishment, or restraint language as to any monetary sanction, including any per diem coercive fine, absent a separate request and an opportunity to respond; and

4. if the Court declines to address certification before entry of an actual order, direct at minimum that no later order include certification, stay, or self-executing enforcement language absent a separate post-order request identifying the exact order, the exact question, the exact language sought, and the authority relied on.

DATED: March 28, 2026

p.p. Jamie Osuna

5