**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION**

| | | |
|---|---|---|
| DORA SOLARES, | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 1:20-cv-323 |
| | § | |
| RALPH DIAZ, *et al.*, | § § | |
| Defendant. | § § | |

**ORDER**

On April 15, 2026, the court held Jamie Osuna in contempt, ordered him to appear at his next duly noticed deposition and to comply with this court's rulings on when he may assert his Fifth Amendment privilege, and threated to "impose a monetary sanction of up to 75% of the value of his account, which will increase by 5 percentage points for each day following [his] failure to appear or to answer questions in a manner consistent with this court's orders." (Docket Entry No. 273 at 4–5). Osuna objects, arguing that he did not have advance notice of a financial sanction; that the movants did not present evidence that he has money in his trust account; and that a financial sanction will burden his Fifth Amendment privilege. (Docket Entry No. 273). Osuna's objections, (Docket Entry No. 273), are overruled.

First, Osuna had advance notice of possible financial sanctions. In its February 13, 2026, order, the court warned Osuna that it would "issue such further orders and sanctions as are necessary to obtain Osuna's appearance" at his deposition. (Docket Entry No. 233 at 2). The defendants, in moving for an order to show cause why Osuna should not be held in contempt, warned Osuna that "coercive civil sanctions generally take the form of conditional fines." (Docket

Entry No. 264-1 at 3 (cleaned up)).  Osuna understood his violation of this court's orders could result in financial penalties.

Second, the court is aware that there is not yet record evidence of Osuna's trust account and its value.  The court highlighted the lack of evidence in its April 15, 2026, order.  (*See* Docket Entry No. 273 at 4).  For that reason, the court did "not impose a specific monetary sanction at [that] time."  (*Id.*).  The court instead warned Osuna about the sanction the court will impose if Osuna does not purge his contempt by sitting for his next duly noticed deposition, assuming there is an adequate record basis to do so.  (*See id.* at 4–5).  And the court issued this warning after reviewing the deposition testimony in full.  The court carefully considered the full record— including both what is in the record as well as what is not—and issued appropriate relief.  Osuna's second objection that the court's order was not based on an adequate record is overruled.

Third, the court's contempt order does not burden Osuna's Fifth Amendment privilege.  As this court has made clear, Osuna does not need to answer any questions that tend to incriminate him in his criminal case.  The court will not sanction Osuna for making good-faith assertions of privilege to each question, even if an objection to a particular question is ultimately erroneous. But this court will sanction Osuna for blatantly disregarding the good-faith, question-by-question procedure that the Ninth Circuit requires and this court has twice outlined.  In the latter case, the court is not penalizing Osuna for asserting his constitutional rights but instead for his blatant disregard for court orders and binding precedent.  The court found such a blatant disregard in the previous deposition and concluded that sanctions were warranted.  As this court stated in its last order, it expects Osuna to "invoke the privilege to nearly every question that the parties will ask." (Docket Entry No. 272 at 3).  That will not be a surprising or sanctionable result, so long as Osuna makes good-faith, question-by-question assertions of the privilege.  But if Osuna again asserts a

blanket privilege, or again asserts privilege based on clearly trifling or imaginary hazards of incrimination, then sanctions are warranted. (*See* Docket Entry No. 272 at 2 (asking Osuna when his criminal sentence began has no tendency to incriminate him)).

Osuna's objections, (Docket Entry No. 273), are overruled. Osuna's motion for a stay, (Docket Entry No. 274), is denied.

SIGNED on April 24, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge