**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

Jamie Osuna BD0868
PO Box 8800, CSP-COR
Corcoran, CA 93212
Non-Party

**FILED**

MAY 0 7 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

Dora Solares,

Plaintiff,

v.

Ralph Diaz, et al,

Defendants.

No. 1:20-cv-00323-LHR-FJS

**NONPARTY JAMIE OSUNA'S NOTICE OF NON-WAIVER, OBJECTION TO USE OF MARCH 16 DEPOSITION, AND PRESERVATION REQUEST**

Nonparty Jamie Osuna submits this notice to preserve objections, non-waiver, and record issues arising from ECF No. 272 and the March 16, 2026, deposition. This notice does not seek reconsideration, modification, or affirmative relief. It is filed to preserve Osuna's position for later review concerning deposition testimony, written questions, Fifth Amendment invocations, contempt, sanctions, trust-account enforcement, waiver, and any use of the March 16 deposition event.

Osuna is an incarcerated nonparty and a pending criminal defendant in a same-incident prosecution involving the events at issue in this civil case. He preserves the following objections for all purposes, including later appellate review and any judicial- or attorney-conduct review.

## I. NON-WAIVER AND PRESERVATION OF OBJECTIONS

Osuna does not waive any constitutional, statutory, evidentiary, psychotherapist-patient, mental-health, Fifth Amendment, non-use, derivative-use, protective-order, or privilege-based objection.

Nothing in his compelled appearance, nonappearance, refusal, invocation, written response, deposition conduct, or response to court-ordered pressure should be construed as consent, waiver, admission, or voluntary relinquishment of rights.

Nothing in this notice is an admission of guilt, liability, relevance, admissibility, waiver, or factual accuracy of any allegation in the civil or criminal proceedings.

## II. OBJECTION TO THE STRUCTURE AND EFFECT OF ECF NO. 272

Osuna preserves the objection that ECF No. 272 creates a legally improper and prejudicial

1

structure for an incarcerated nonparty who is also a same-incident criminal defendant.

The central legal error is that ECF No. 272 permits civil discovery from a same-incident criminal defendant under contempt and financial pressure, while leaving open later use of his testimony, invocations, refusals, or written answers for civil tactical advantage and potential criminal prejudice.

ECF No. 272 holds Osuna in contempt, compels future deposition participation, authorizes written questions, permits the parties to obtain specific Fifth Amendment assertions, contemplates tactical use of those assertions, and threatens escalating monetary sanctions tied to his inmate trust account. ECF No. 272.

That structure creates serious questions regarding voluntariness, waiver, and the permissible use of civil discovery in a same-incident criminal prosecution. If Osuna answers, the testimony may be used to argue waiver, impeachment, evidentiary use, or tactical advantage. If he invokes, ECF No. 272 contemplates tactical use of the invocations. If he refuses to participate, ECF No. 272 threatens escalating sanctions against his inmate trust account.

This is not a neutral discovery mechanism when every available response—answering, invoking, refusing, or responding in writing—can be converted into prejudice while the order simultaneously threatens escalating sanctions for noncompliance.

Osuna further objects that this process occurs without safeguards governing later prosecutorial use in the same-incident criminal case. Any waiver claimed from compelled testimony, invocation, refusal, or written response is disputed as involuntary, coerced, procedurally unfair, and invalid.

### III. SAME-INCIDENT CRIMINAL CASE AND FIFTH AMENDMENT RISK

Defendants have sought to use civil discovery, contempt, and monetary sanctions to obtain sworn testimony from Osuna now. Defendants described sanctions as a means to "coerce" testimony, described the Fifth Amendment obstacle as "temporary," and stated that the deposition would determine what Osuna may testify to "either now or at any point in the case." ECF No. 264-1.

Osuna preserves the objection that this is not ordinary nonparty discovery. It is civil

discovery directed at a same-incident criminal defendant, under contempt pressure, in a record that may later be used to argue waiver, impeachment, adverse inference, evidentiary limitation, or tactical advantage.

Osuna does not consent to any use of compelled testimony, compelled invocation, compelled refusal, written questions, deposition conduct, or contempt response to manufacture waiver or prejudice him in the pending criminal case.

### IV. OBJECTION TO USE OF MARCH 16, 2026 DEPOSITION

Osuna objects to any use of the March 16, 2026, deposition, or any characterization of that deposition, as a basis for contempt, sanctions, waiver, impeachment, tactical use, renewed questioning, written questions, or future enforcement.

Osuna stated under penalty of perjury that before and during extraction, he was told that a judge had already signed an extraction order and that his criminal attorney was present or waiting; that when he arrived, no criminal attorney was present and it was admitted there was no extraction order; that he was injured, brought in a wheelchair, restrained, denied medical access, and questioned without the deposition being stopped so the court could be contacted for real-time guidance. ECF Nos. 253 and 266.

Defendants characterized the event as a refusal to be sworn, a blanket Fifth Amendment assertion, and failure to comply with the deposition order. But no evidence specifically refuting the core procurement allegations was submitted before the March 16 event was relied upon to impose contempt consequences.

ECF No. 272 confirms that the prior order did not require CDCR to forcibly compel Osuna's appearance and that, for the next deposition, "there is no extraction order." ECF No. 272. That leaves unresolved who represented, communicated, caused, authorized, or allowed CDCR staff to believe judicial authority existed to extract Osuna for the March 16 deposition.

ECF No. 272 acknowledges that no extraction order exists for the renewed deposition, yet the March 16 deposition event—allegedly procured through representations that such judicial authority already existed—was still used as the basis for contempt.

Osuna preserves the objection that this issue cannot be separated from the contempt and

3

waiver consequences imposed in this case. The March 16 deposition event was used in this case as the foundation for contempt, future sanctions, waiver arguments, tactical use of invocations, impeachment, and further compelled questioning. Requiring Osuna to pursue the procurement allegations separately does not cure the prejudice caused by using that same event against him here while leaving its integrity unresolved.

The sequence in which the March 16 event was used against Osuna, while the integrity of that event was left unresolved, raises a serious question whether the process afforded was consistent with basic fairness.

## V. MENTAL-HEALTH AND PRIVILEGE-RELATED WAIVER OBJECTIONS

Plaintiff has advanced waiver theories concerning Osuna's privilege interests, including interests related to mental-health materials and psychotherapist-patient communications.

Osuna objects to any use of deposition pressure, contempt pressure, written questions, compelled invocations, refusal to answer, or trust-account sanctions to create or support a later waiver theory. Osuna does not waive any psychotherapist-patient, mental-health, constitutional, statutory, evidentiary, or protective privilege merely because he is compelled to appear, compelled to invoke, compelled to refuse, compelled to respond, or threatened with sanctions.

Any claimed waiver arising from this process is disputed as involuntary, coerced, procedurally unfair, and invalid.

## VI. ORDINARY MAIL, NOTICE, AND NON-WAIVER

Osuna preserves the objection that litigation-related materials affecting his rights, privileges, deposition obligations, contempt exposure, or waiver status have been sent through ordinary prison mail channels.

Ordinary mail to an incarcerated nonparty may be opened, scanned, reviewed, delayed, or handled by prison staff outside confidential legal-mail procedures. Osuna does not consent to any argument that receipt, non-receipt, delay, institutional review, scanning, or handling of ordinary mail constitutes waiver, adequate notice, consent, or meaningful opportunity to be heard.

## VII. PRESERVATION / LITIGATION-HOLD NOTICE

Osuna gives notice that the following categories of materials may be relevant to later

4

review, sanctions issues, waiver disputes, contempt enforcement, judicial or attorney-conduct review, and any challenge to the March 16, 2026, deposition. This notice is made to preserve Osuna's position that loss, destruction, alteration, or nonproduction of such materials may prejudice later review:

1. the full deposition transcript;

2. the deposition officer's certificate, audio or video recording, and court reporter notes;

3. body-worn camera footage and institutional video of extraction, transport, holding, deposition room, and return;

4. transport, movement, holding, use-of-force, medical, inhaler, wheelchair, triage, and treatment records for March 16, 2026;

5. communications concerning any claimed extraction order;

6. communications concerning any claimed presence or expected presence of criminal counsel; and

7. communications among counsel, CDCR personnel, prison staff, litigation coordinators, the deposition officer, and any other involved persons concerning Osuna's appearance for deposition.

## VIII. CONCLUSION

Osuna preserves all objections to ECF No. 272, the March 16 deposition, any renewed deposition, any deposition by written questions, any claimed waiver, any use of Fifth Amendment invocations, any use of compelled testimony, any contempt sanction, any monetary sanction, any trust-account restraint, and any future enforcement based on this process.

Nothing in this notice should be construed as consent to renewed deposition, written questions, contempt, sanctions, account restraint, waiver, use of compelled testimony, use of compelled invocations, or any argument that conduct obtained through coercive or procedurally defective means constitutes voluntary waiver.

April 26, 2026

*[signature]*

p.p. Jamie Osuna