## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | | |
|---|---|---|
| DORA SOLARES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:20-CV-00323- |
| v. | § | LHR-BAM |
| | § | |
| RALPH DIAZ, *et al*., | § | |
| | § | |
| Defendant. | § | |

## ORDER

The defendants have requested witness statements that the plaintiff's private investigator took from several present and former inmates of CDCR. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." FED. R. CIV. P. 26(b)(3)(A). "[T]hose materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.* But "[i]f the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." FED. R. CIV. P. 26(b)(3)(B).

Based on these rules, and the Supreme Court's opinion in *Upjohn Company v. United States*, "courts generally have drawn a distinction between pure 'opinion' work-product, which reflects the attorney's mental processes and is virtually never discoverable, and 'fact' work-product, which reflects only relevant, non-privileged facts and is discoverable upon a showing of substantial need and unavailability by other means." *United States ex rel. Landis v. Tailwind Sports Corp.*, 303 F.R.D. 419, 425 (D.D.C. 2014) (citing *In re Sealed Case*, 124 F.3d 230, 236 (D.C. Cir.

1997)); *see Upjohn Co. v. United States*, 449 U.S. 383, 401 (1981).  The court has reviewed the witness statements and recordings and finds that they are "fact" work-product that is discoverable upon a showing of relevance and "substantial need and unavailability by other means."

The court concludes that the defendants do not have a substantial need for the witness statements.  The witness statements contain no facts that the defendants could not discover through their own effort and investigation.  The witness statements are valuable to the defendants because they disclose what potential witnesses will testify to.  In some cases, parties have substantial need for such information.  It is sometimes critical for parties to access witness statements that "provide the witnesses' initial, unadorned testimony on the key issues" and show "how the witnesses' testimony and recollections may have changed over time."  *Landis*, 303 F.R.D. at 426.  But this case is different because Solares conceded that these witnesses will be used only for impeachment. Impeachment testimony is not substantive evidence.  *See United States v. George*, 960 F.2d 97, 100 (9th Cir. 1992).  It supports neither the plaintiff's case-in-chief nor her rebuttal.  *See Sarantis v. ADP, Inc.*, No. CV-06-2153-PHX-LOA, 2008 WL 4057007, at *5–6 (D. Ariz. Aug. 28, 2008). The need to know what impeachment witnesses will say at trial is not substantial.

This follows from the structure of the Federal Rules.  "[I]mpeachment evidence is not required to be disclosed in pretrial submissions or during discovery."  *In re Watkins*, 343 F. App'x 245, 246 (9th Cir. 2009) (mem.) (citing FED. R. CIV. P. 26(a)(3)); *see Gribben v. United Parcel Serv., Inc.*, 528 F.3d 1166, 1172 (9th Cir.2008) ("[I]mpeachment evidence does not have to be revealed in pretrial disclosures."); *see also* FED. R. CIV. P. 26(a)(1)(A)(ii) (requiring disclosure "of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment").  And Rule 37(c) does not apply to failures to disclose witnesses "offered solely for impeachment purposes."  FED. R. CIV. P. 37(c) advisory committee

note to 1993 amendment; *see ADT Sec. Servs., Inc. v. Sec. One Int'l, Inc.*, No. CV C11-05149 YGR, 2013 WL 6701654, at *1 (N.D. Cal. Sept. 9, 2013).  Courts routinely decline to exclude impeachment evidence not disclosed in discovery.  *See Harrison v. Taiwan Super Young Co.*, 105 F.3d 665, at *2 (9th Cir. 1997) (mem.) ("The trial court did not abuse its discretion in overruling the Rule 26(e) objection to admission of the videotape to impeach the Harrisons."); *see, e.g.*, *Ansur Am. Ins. Co. v. Borland*, No. 3:21-CV-59-SMY-MAB, 2024 WL 2831103, at *4–5 (S.D. Ill. June 4, 2024); *Baker v. D.A.R.A. II, Inc.*, No. CV-06-2887-PHX-LOA, 2008 WL 11339914, at *11–12 (D. Ariz. Aug. 13, 2008); *Adams v. Teck Cominco Alaska, Inc.*, 399 F. Supp. 2d 1031, 1039 (D. Alaska 2005).[1]  If there was a substantial need to know the content of impeachment testimony, then the Federal Rules would require their disclosure.

For these reasons, the court denies the defendants' request for the plaintiffs' witness statements.  The court allowed the defendants to continue to attempt to depose the witnesses.  Because these witnesses will not be used as substantive evidence for purposes of the parties' motions for summary judgment, there was no need to adjust the scheduling order to accommodate the depositions.  *Cf. Gorelangton v. City of Reno ex rel. City of Reno Council of Councilpersons*, 638 F. Supp. 1426, 1432 (D. Nev. 1986) (permitting trial depositions).

SIGNED on August 6, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge

---

[1] Some courts have held that when evidence is admissible for both substantive and impeachment purposes, parties must disclose the evidence.  *See Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 434–39 (D. Md. 2006); *Harrison*, 105 F.3d 665, at *2 & n.3 (discussing *Chaisson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993)).  This case is different because witness statements are themselves not admissible evidence, and they have added work-product protections.