# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | | |
|---|---|---|
| DORA SOLARES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:20-CV-00323- |
| v. | § | LHR-BAM |
| | § | |
| RALPH DIAZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Accompanying this Order is a Memorandum and Opinion that denied Solares's motion for reconsideration and held that Solares may not discover and use Osuna's mental-health records that the defendants reviewed or had access to as part of the decision to cell Romero with Osuna. The parties have hotly disputed whether Osuna's mental-health communications and records are privileged. This court initially ruled that Osuna's mental-health communications and records are not privileged; later reconsidered that ruling and held that they are privileged; and now, after a third look, denied Solares's motion for reconsideration of the court's second privilege ruling. The court denied Solares's motion for reconsideration because the Ninth Circuit's reasoning in *United States v. Chase*, 340 F.3d 978 (9th 2003) (en banc), binds this court. An interlocutory appeal to the Ninth Circuit on this legal issue is appropriate, as it is the only way to resolve the tension between the prevailing legal rule and this court's obligation to apply *Chase*'s reasoning and holding beyond its specific facts.

Section 1292(b) allows litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. 28 U.S.C. § 1292(b). To certify an interlocutory appeal under Section 1292(b), there must be (1) "a controlling question of law";

(2) on which there is a "substantial grounds for difference of opinion"; and (3) for which "an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).  A question of law is "controlling" if it "could materially affect the outcome of litigation in the district court."  *Id.*  Substantial grounds for difference of opinion exist if federal appellate courts (or, in this case, state supreme courts) are split or if there is a novel and difficult question of first impression.  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  An interlocutory appeal will materially advance the case if accelerating resolution of the issue would minimize the total burdens of litigation on parties and the judicial system.  *Dukes v. Wal-Mart Stores, Inc.*, No. C 01-02252 CRB, 2012 WL 6115536, at *5 (N.D. Cal. Dec. 10, 2012).

Each requirement is met.  Osuna's mental-health communications and records address directly the defendants' knowledge of an alleged material risk to Romero's safety in a cell with Osuna.  The issue is complicated by Ninth Circuit precedent that rejects the dangerous-patient exception to the psychotherapist privilege when the patient is a defendant.  *Chase*, 340 F.3d at 985–992.  But, as the accompanying Memorandum and Opinion catalogues, *Chase*'s facts are distinguishable, and states that permit tort claims against the psychotherapist do not apply the privilege in those cases, which are factually similar to this one.  There is an untenable tension between the majority rule, the defendants' constitutional duties, and the Ninth Circuit's reasoning, which an interlocutory appeal will conclusively resolve.  The erroneous exclusion or admission of Osuna's mental-health communications and records is likely to be harmful, so pre-trial resolution of this issue will abate the risk that a post-verdict appeal results in a reversal.  *See Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1025 (C.D. Cal. 2000) (explaining that interlocutory appeals help materially advance the termination of litigation by providing "guidance on an unsettled area

2

of law").   Solares's discovery requests, motions to compel production, and motion for reconsideration present a discrete question of law, on which a substantial disagreement exists, the resolution of which will materially advance the termination of the litigation.

The Supreme Court has encouraged lower courts to certify interlocutory appeals under § 1292(b) in cases such as this one, "when a privilege ruling involves a new legal question or is of special consequence."  *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009) ("[D]istrict courts should not hesitate to certify an interlocutory appeal in such cases."); *see, e.g.*, *Transamerica Computer Co. v. Int'l Bus. Machines Corp.*, 573 F.2d 646, 647 (9th Cir. 1978) (considering an interlocutory appeal on a privilege issue); *In re Boileau*, 736 F.2d 503, 505 (9th Cir. 1984) (same); *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 339 (9th Cir. 1996) (same).  The following questions are certified for appeal to the Ninth Circuit:

(1) Whether the psychotherapist-patient privilege protects a patient's mental-health communications and records when a victim (or the victim's family) sues the psychotherapist and other state officials for their alleged failure to perform a constitutional duty to protect the victim from a substantial risk of harm, of which they knew or should have known about.

(2) Whether, in the same case, the psychotherapist-patient privilege protects a patient's mental-health communications and records that are excerpted in non-privileged records and communications to third parties.

The legal issue is certified for appeal *sua sponte*.  *See, e.g.*, *Jeremiah M. v. Crum*, 695 F. Supp. 3d 1060, 1109 (D. Alaska 2023) ("A district court may certify an order for interlocutory appeal *sua sponte*."); *see, e.g.*, *Deutsche Bank Nat. Tr. Co. v. FDIC*, 744 F.3d 1124, 1133–34 (9th Cir. 2014); *Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1071 (9th Cir. 2006).

This order certifying an appeal to the Ninth Circuit is stayed pending this court's resolution of the forthcoming motions for summary judgment.  The court stays the order for reasons of judicial economy.  This court's ruling on the forthcoming motions for summary judgment will

result in an appeal: The plaintiff will appeal if the defendants win, and the defendants will appeal if this court denies qualified immunity. Even if this court did not certify the privilege issue for appeal, the Ninth Circuit would have to address it if this court granted summary judgment in the defendant's favor; the plaintiff would argue that the privilege issue was material to this court's ruling against her at summary judgment. A single interlocutory appeal is most efficient for this case and the judicial system.

For these reasons, two privilege questions are certified for appeal, and this order is stayed until the court rules on the forthcoming motions for summary judgment.

SIGNED on August 6, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge