Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiff Dora Solares

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DORA SOLARES, an individual,

Plaintiff,

v.

RALPH DIAZ, in his individual capacity, KENNETH CLARK, in his individual capacity, JOSEPH BURNS, in his individual, and DOES 1 TO 15, in their individual capacities

Defendants.

Case No. 1:20-cv-00323-LHR

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT SILVA'AS MOTION FOR SUMMARY JUDGMENT**

**Judge: Hon. Lee H. Rosenthal**

Plaintiff Dora Solares hereby opposes the Motion for Summary Judgment filed by Defendant Luis Silva. *See* ECF Dkt. No. 292, Silva Motion for Summary Judgment. Plaintiff requests that the Court deny this motion as triable issues abound.

Respectfully submitted,

Dated: August 17, 2026

LAW OFFICES OF ERIN DARLING

By: */s/Erin Darling*
Erin Darling,
Attorneys for Plaintiff Dora Solares

# TABLE OF CONTENTS

**I. INTRODUCTION .................................................................... 2**

**II. STATEMENT OF FACTS ........................................................... 2**

A. Jaime Osuna's Documented History at CSP-Corcoran ....................... 2

B. Mandatory Standards Applicable to Defendants Silva, Gallemore, Pena and Garcia ....................................................................................................... 2

1. Cal. Code Regulations, Title 15 and CDCR's Operations Manual (DOM) 2

2. Operational Procedure 226 ......................................................... 3

3. Allison Memorandum Re: Removal of Window Coverings ..... 3

4. Allison Memorandum Re: Inmate Count Expectations ........... 4

5. Post Orders Applicable to Defendant Silva ................................ 4

C. Silva's Knowledge of Osuna, Cell Covering Policy.............................. 5

1. "Gasser" Sign Outside the Cell, "HAHAHA" Inside the Cell 5

2. Silva Knew About the Bar on Window Coverings ................... 5

3. Silva Saw Cell 46 Covered ......................................................... 5

D. First Watch Shift, March 8–9, 2019: Improper Safety Checks ........... 6

E. Romero's Body Discovered ..................................................................... 8

F. Time of Death is a Disputed Issue of Fact............................................ 9

1. Sources Saying Time-of-Death Around Midnight ..................... 9

a. Percipient Witnesses..........................................................9

b. Forensic Vacuum............................................................ 10

2. Sources Saying Time-of-Death Not Before 5:45 a.m. ............. 10

a. Percipient Witness .......................................................... 10

b. Expert Witness................................................................ 10

3. Romero's Death Could Have Been Prevented in the Unknown Period of Time Between When the Attack Started and the Unknown Time Romero Died 11

G. Internal Affairs Sustained Misconduct ................................................ 12

**III. LEGAL STANDARD ON SUMMARY JUDGMENT....................13**

# TABLE OF CONTENTS

**IV. GENUINE ISSUES PRECLUDE SUMMARY JUDGMENT AS TO SILVA ........ 14**

A. Silva Violated Romero's Eighth Amendment Rights When He Left Cell 46 Unsupervised for Eight Hours ........ 15

1. Intentional Decision ........ 15
2. Substantial Risk of Serious Harm ........ 15
3. Deliberate Indifference ........ 16
4. Causation ........ 17
5. Time-of-Death Disputes Preclude Summary Judgment for Both Peña and Silva ........ 18

B. Defendant Silva Is Not Entitled to Qualified Immunity ........ 18

1. Defendant Silva Is Not Entitled to Qualified Immunity ........ 21

**V. GENUINE ISSUES AS TO WRONGFUL DEATH (FIFTH CLAIM) 22**

A. Duty ........ 22

B. Breach and Causation Are Jury Questions ........ 23

C. Supplemental Jurisdiction ........ 23

**VI. CONCLUSION ........ 24**

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Admiralty Fund v. Tabor,* 677 F.2d 1297 (9th Cir. 1982) ........ 13
*Ashcroft v. al-Kidd,* 563 U.S. 731 (2011) ........ 19
*Berg v. Kincheloe,* 794 F.2d 457 (9th Cir. 1986) ........ 14, 20, 22
*Castro v. County of Los Angeles,* 833 F.3d 1060 (9th Cir. 2016) (en banc) 14, 15, 19, 20, 22
*City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156 (1997) ........ 24
*Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162 (9th Cir. 2006) ........ 13
*Clem v. Lomeli,* 566 F.3d 1177 (9th Cir. 2009) ........ 14, 21, 22
*Farmer v. Brennan,* 511 U.S. 825 (1994) ........ 14, 15, 16, 20, 22
*Hampton v. California,* 83 F.4th 754 (9th Cir. 2023) ........ 19
*Hearns v. Terhune,* 413 F.3d 1036 (9th Cir. 2005) ........ 20–21
*Hope v. Pelzer,* 536 U.S. 730 (2002) ........ 19, 22
*Johnson v. Duffy,* 588 F.2d 740 (9th Cir. 1978) ........ 17
*Labatad v. Corr. Corp. of Am.,* 714 F.3d 1155 (9th Cir. 2013) ........ 16
*Lemire v. Cal. Dep't of Corr. & Rehab.,* 726 F.3d 1062 (9th Cir. 2013) 14, 15, 16, 17, 21, 22
*Redman v. County of San Diego,* 942 F.2d 1435 (9th Cir. 1991) (en banc) ........ 20
*Robins v. Meecham,* 60 F.3d 1436 (9th Cir. 1995) ........ 22
*Robinson v. York,* 566 F.3d 817 (9th Cir. 2009) ........ 18–19
*Saucier v. Katz,* 533 U.S. 194 (2001) ........ 19
*Scott v. Henrich,* 39 F.3d 912 (9th Cir. 1994) ........ 14
*Serrano v. Francis,* 345 F.3d 1071 (9th Cir. 2003) ........ 19
*Shelley v. County of San Joaquin,* 996 F. Supp. 2d 921 (E.D. Cal. 2014) ........ 12
*Taylor v. Barkes,* 575 U.S. 822 (2015) (per curiam) ........ 19
*Taylor v. List,* 880 F.2d 1040 (9th Cir. 1989) ........ 13
*Wilk v. Neven,* 956 F.3d 1143 (9th Cir. 2020) ........ 20
*Wilson v. Layne,* 526 U.S. 603 (1999) ........ 19

# TABLE OF AUTHORITIES

## CALIFORNIA CASES

*Giraldo v. Cal. Dep't of Corr. & Rehab.*, 168 Cal. App. 4th 231 (2008) .................. 22

*Ladd v. County of San Mateo*, 12 Cal. 4th 913 (1996) .............................................. 22

*Lattimore v. Dickey*, 239 Cal. App. 4th 959 (2015) .................................................. 22

*Novak v. Continental Tire N. Am.*, 22 Cal. App. 5th 189 (2018) ............................ 23

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. VIII .............................................................. 14, 15, 21, 22

U.S. Const. amend. XIV .............................................................................. 12

## STATUTES

28 U.S.C. § 1367(a) .................................................................................... 23

Cal. Gov't Code § 19990(g) ............................................................................ 2

## REGULATIONS

Cal. Code Regs. tit. 2, § 172 ........................................................................ 2

Cal. Code Regs. tit. 15, § 3270 ...................................................................... 2

Cal. Code Regs. tit. 15, § 3271 ................................................................ 2, 23

Cal. Code Regs. tit. 15, § 3391 ...................................................................... 2

## OTHER AUTHORITIES

CACI No. 3921 ............................................................................................ 22

CDCR Dep't Operations Manual § 52020.4.2 .................................................. 2

CDCR Dep't Operations Manual § 52020.5 ............................................ 3, 4, 23

Ninth Circuit Model Civil Jury Instruction 9.31 ............................................ 14

Ninth Circuit Model Civil Jury Instruction 9.32 ............................................ 14

Restatement (Second) of Torts § 431 ............................................................ 23

## I. INTRODUCTION

The Motion for Summary Judgment submitted by defendant Correctional Officer Luis Silva ("Silva")(ECF Dkt. No. 292) gestures at dismissal but wholly misses the mark.

## II. STATEMENT OF FACTS

### A. Jaime Osuna's Documented History at CSP-Corcoran

[redacted]

### B. Mandatory Standards Applicable to Defendants Silva, Gallemore, Pena and Garcia

#### 1. Cal. Code Regulations, Title 15 and CDCR's Operations Manual (DOM)

CDCR's primary goal is the safety of the public, staff and inmates. Cal. Code Regs. Tit. 15, § 3270 (PMF 4) ("The requirement of custodial security and of staff, incarcerated person and public safety must take precedence over all other considerations"). "Every employee, regardless of their assignment, is responsible for the safe custody of the incarcerated persons confined in the institutions of the department." Cal. Code Regs. Tit. 15, § 3271. (PMF 5) CDCR employees "shall possess the general qualifications of integrity, honesty" and is deemed part of the "minimum qualifications." Cal. Code Regs. Tit. 2, § 172. (PMF 6) A state officer "shall not engage in an" activity "which is clearly inconsistent, in conflict with, or inimical to his or her duties as a state officer." Cal. Gov't Code § 19990(g); Cal. Code Regs. Tit. 15, § 3271. (PMF 7) "Irresponsible or unethical conduct…shall be avoided by all employees." Cal. Code Regs. Tit. 15, § 3391. As a law enforcement, CDCR employees "shall be responsible to enforce laws, regulations and procedures, which governs the actions and activities of inmates." Procedures relevant to this case are described below.

CDCR's Operations Manual ("DOM") § 52020.4.2 describes the method of count of inmates: "The Count shall be performed by the physical observation of each inmate at his/her assigned housing

unit."(PMF 8) DOM § 52020.5 notes that a positive physical count of an inmate: "A positive/physical count means to count a living, breathing person and physically see that person." (PMF 9)

**2. Operational Procedure 226**

[redacted]

**3. Allison Memorandum Re: Removal of Window Coverings**

[redacted]

[redacted]

**4. Allison Memorandum Re: Inmate Count Expectations**

[redacted]

**5. Post Orders Applicable to Defendants Silva**

A Post Order control a correctional officers' job responsibilities for the specific location and shift and is the "written document that describes" duties as a correctional officer and sets forth "general duties and responsibilities." (PMF 17)

[redacted]

[redacted]

**2. Silva Knew About the Bar on Window Coverings**

[redacted]

[redacted]

**D. First Watch Shift, March 8-9, 2019: Improper Safety Checks**

[redacted]

[redacted]

[redacted]

**E. Romero's Body Discovered**

[redacted]

[redacted]

**F. Time of Death is a Disputed Issue of Fact**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

**III. LEGAL STANDARD ON SUMMARY JUDGMENT**

"Summary judgment is only appropriate if, viewing the evidence in the light most favorable to the party opposing the motion, the court finds that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Taylor v. List*, 880 F. 2d 1040, 1044 (9th Cir. 1989). After drawing inferences most favorable to the non-moving party, summary judgment may be granted only if all reasonable inferences defeat the non-movant's claims. See, e.g., *Admiralty Fund v. Tabor*, 677 F. 2d 1297, 1298 (9th Cir. 1982). When the opposing parties present conflicting accounts of what happened, there is a triable issue of material fact that presents credibility issues that should be determined by a jury. See *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1172-73 (9th Cir. 2006). The judge must carefully examine all the evidence

in the record, including "any expert testimony proffered by the plaintiff," to determine whether the official's story is internally consistent and consistent with other known facts. *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994).

## IV. GENUINE ISSUES PRECLUDE SUMMARY JUDGMENT AS TO SILVA

"'[A] prison official may be held liable under the Eight Amendment if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."' *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016) (quoting *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) Ninth Circuit Model Jury Instruction 9.32 sets for the elements for an Eighth Amendment failure-to-protect claim: First, defendant made an intentional decision with respect to the conditions under which plaintiff was confined; Second, those conditions put the plaintiff in substantial risk of suffering serious harm; Third, the defendant did not take reasonable measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved; Fourth, by not taking such measures, the defendant caused plaintiff's injuries. *See* Ninth Circuit Model Jury Instruction 9.32. "Eighth Amendment – Convicted Prisoner's Claim of Failure to Protect." The Ninth Circuit Model Jury Instruction for Conditions of Confinement (Plaintiff's First Claim) have three elements, which are identical to the second, third and fourth element for Instruction 9.32. *See* Ninth Circuit Model Jury Instruction 9.31. "Eighth Amendment – Convicted Prisoner's Claim Re Conditions of Confinement."

The "sufficiently serious" prong, is an "objective question" whether the official's actions have exposed an inmate to a "substantial risk of serious harm." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075-6 (9th Cir. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994))

The "deliberate indifference" prong is a subjective test whether "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 834, 847, 837.) The official need not "believe to a moral certainty that one inmate intends to attack another at a given place at a time certain"; the standard requires only "more than a mere suspicion that an attack will occur." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). As officials rarely concede their own knowledge, subjective awareness may be proven "in the usual ways, including inference from circumstantial evidence," and "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk

was obvious." *Farmer*, 511 U.S. at 842; *accord Lemir.*, 726 F.3d at 1078. "In other words, the official must demonstrate a subjective awareness of the risk of harm." *Castro*, 833 F.3d at 1-68 (citation omitted).

[redacted]

[redacted]

[redacted]

[redacted]

**B. Defendant Silva Is Not Entitled to Qualified Immunity**

Qualified immunity presents two questions: "(1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the official's conduct violated a constitutional right; and (2) if so, whether the right was established in light of the specific context of the case." *Robinson v. York*,

566 F.3d 817, 821 (9th Cir. 2009)(citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The first question is answered above, the second factor is discussed here.

A right is clearly established when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he [is] doing violates that right." *Wilson v. Layne*, 526 U.S. 603, 614-15 (1999) That does not mean an official action is protected "unless the very action in question has previously been held unlawful'; it means only that "in the light of pre-existing law the unlawfulness must be apparent." *Id.*

Prior authority need not present "identical or even 'materially similar' facts," it need only have provided defendants fair warning that their conduct was unlawful. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2013); *see also*, *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)("officials can still be on notice that their conduct violates established law even in novel factual circumstances.") The touchstone is whether "every reasonable official would have understood that what he is doing violates th[e] right." *Taylor v. Barkes*, 675 U.S. 822, 825 (2015). No "case directly on point" is required, though "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741. The doctrine "protects all but the plainly incompetent or those who knowingly violate the law." *Id.*

The Ninth Circuit applied that framework to Eight Amendment claims in *Hampton v. California*, 83 F.4th 754, 769 (9th Cir. 2023). Binding caselaw, the court held, "need not catalogue every way in which" prison conditions can be constitutionally inadequate "for us to conclude that a reasonable official would understand that his actions violated" an inmate's rights. *Id.* (quoting *Castro*, 833 F.3d at 1067. The plaintiff was "not required to point to a prior case holding that prison officials can violate the Eighth Amendment by transferring inmates from one prison to another during a global pandemic." *Id.* Instead, *Castro* supplied "a useful guide for articulating the right at issue here at the proper level of generality." *Id.* This was the right of an inmate beaten by his cellmate as the "right to be free from violence at the hands of other inmates." *Id.* Following that contour, *Hampton* articulated the right at issue as "an inmate's right to be free from exposure to a serious disease." *Id.* The contrast drawn in *Hampton* is enlightening. The right is not so narrow as to be exclusive to the facts of any other case ("transferring inmates form one prison to another during a global pandemic") but at the "proper level of generality" ("an inmate's right to be free from exposure to a serious.") *Id.*

*Castro* is binding and supplies the level of generality here. Sitting en banc, Ninth Circuit reiterated that the right to be free from violence at the hands of other inmates has been established "for decades," and denied immunity to officials who placed a vulnerable detainee with a combative one. *Castro*, 833 F.3d at 1067. "'[A] prison official may be held liable under the Eight Amendment if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Id.* (quoting *Farmer*, 511 U.S. at 847). The court rejected the argument that the right so described was too general to apply. "The contours of the right required only that the individual defendants take reasonable measures to mitigate the substantial risk to [the plaintiff]. Accordingly, we reject the individual defendants' argument that the law…was not clearly established at the time of the incident." *Id.*

*Wilk* confirms this point. Reversing summary judgment, the Ninth Circuit held that any reasonable official who learned at a classification committee of the risk posed by an inmate would know not to house that inmate in a cell adjoining the victim's cell. *Wilk*, 956 F.3d at 1148-50. The court did not require a published decision with near identical facts. Rather, it was enough that the facts were "materially similar" to *Farmer* and *Castro*. *Id.* at 1150. Plaintiff does not rely on Wilk as the clearly established authority, but point to Wil because is confirms that Farmer and Castro established the following applicable right: "Once an official is subjectively aware of a substantial risk of serious harm, 'clearly established' law requires 'only that the [official] take reasonable measures to mitigate the substantial risk." *Id.* at 1148-49 (citing *Castro*, 833 F.3d at 1067). After *Farmer* and *Castro*, "[n]one of the defendants can claim ignorance of a prisoner's right to be protected from violence at the hands of other inmates." *Id.*

*Castro* sits within a long line of authority where the Ninth Circuit recognized the right and imposed liability on officials who disregard that risk.

Prison officials violate the Eighth Amendment when they act with "deliberate indifference" to the threat of serious harm by another prisoner. *Berg v. Kincheloe*, 794 F.2d 457, 459 and 462 (9th Cir. 1986)(official on notice an inmate's life was in danger and failed to act not entitled to summary judgment). *Redman v. County of San Diego*, 942 F.2d 1435, 1442-46 (9th Cir. 1991) (en banc) located this right in the classification and housing context where "officials knew of [plaintiff's] vulnerability that resulted in his initial placement in the 'young and tender' unit.") In *Hearns v. Terhune*, 413 F.3d 1036, 1040–42 (9th Cir. 2005), the Ninth Circuit held prison officials aware of the danger posed by a group of specific Muslim

inmates who had orchestrated prior attacks could be held liable for allowing them in a chapel unsupervised. *Clem* rounds out this principle, as it held an official's act *or an omission* may violate the Eighth Amendment where he is deliberately indifferent to known "conditions posing a substantial risk of serious harm." *Clem*, 566 F.3d at 1181-82. "I]t is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 1181.

[redacted]

[redacted]

## III. GENUINE ISSUES AS TO WRONGFUL DEATH (FIFTH CLAIM)

Plaintiff's wrongful death claim sounds in negligence. *See Lattimore v. Dickey*, 239 Cal. App. 4th 959, 968 (2015) (elements are "the tort (negligence or other wrongful act), the resulting death, and the damages"); *see also* CACI 3921. Negligence in turn requires "(a) a legal duty to use due care; (b) a breach of such a legal duty; (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. Cnty. of San Mateo*, 12 Cal. 4th 913, 917 (1996). Neither deliberate indifference nor qualified immunity is at issue, so the claim survives independent of the Eighth Amendment analysis.

### A. Duty

The jailer-inmate relationship is a special relationship giving rise to an affirmative duty of ordinary care to protect against foreseeable harm, grounded in the inmate's total dependency and the custodian's control. *Giraldo v. Cal. Dep't of Corr. & Rehab.*, 168 Cal.App.4th 231, 250–52 (2008).

**B. Breach and Causation Are Jury Questions**

[redacted]

**C. Supplemental Jurisdiction**

Federal courts “shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.” 28 U.S.C. § 1367(a). Original jurisdiction over federal questions "carries with it jurisdiction over state law

claims that derive from a common nucleus of operative fact." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (internal quotation marks omitted).

Should any individual defendant prevail on Plaintiff's federal claims, the Court may retain jurisdiction over the wrongful death claim, which derives from the common nucleus of operative fact surrounding Romero's murder.

## IV. CONCLUSION

For the foregoing reasons, defendant Officer Silva's Motion for summary judgment should be denied.

Respectfully submitted,

Dated: August 17, 2026

LAW OFFICES OF JUSTIN STERLING

By: *_____/s/ Justin Sterling_____________*
Justin E. Sterling,
Attorneys for Plaintiff
Dora Solares

LAW OFFICES OF ERIN DARLING

By: *_____/s/Erin Darling_______________*
Erin Darling,
Attorneys for Plaintiff
Dora Solares