J. RANDALL ANDRADA, SBN 70000
randrada@andradalaw.com
LYNNE G. STOCKER, SBN 130333
lstocker@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
1939 Harrison Street, Suite 612
Oakland, California 94612
Tel.: (510) 287-4160 / Fax: (510) 287-4161

Attorneys for Defendant
L. SILVA

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DORA SOLARES,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>Defendants. | Case No.: 1:20-CV-00323-LHR-FJS<br><br>**DEFENDANT SILVA'S REPLY TO PLAINTIFF'S OPPOSITION TO SILVA'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: Sept. 11, 2026<br>Time: 11:00 A.M.CDT (9:00 A.M.PDT)<br>Judge: Hon. Lee H. Rosenthal |

## INTRODUCTION

Defendant Silva has shown, by undisputed and admissible evidence, that he did his job, competently and in full compliance with CDCR policies and procedures on March 8 to March 8, 2019. Defendant Silva has shown that he had no reason to suspect there was anything unusual happening in Cell 46 during his watch because there was not.

Plaintiff has no admissible evidence to support her contention that Defendant Silva did not do his job competently and in full compliance with CDCR policies and procedures. Plaintiff's repeated statement that "Silva could not and did not see into Cell 46 because it was covered" is unsupported by any evidence whatsoever. Plaintiff's reliance on inadmissible evidence is misplaced.

Plaintiff's "Material Facts" must be disregarded as procedurally defective.

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

## STANDARD ON SUMMARY JUDGMENT

Defendant Silva is entitled to the "just, speedy and inexpensive determination of [this] action." Fed.R.Civ.P. 1. He is entitled to judgment in his favor.

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Defendant Silva met his burden of proof. Plaintiff has failed to 'set forth specific facts showing that there is a genuine issue for trial.' " *Id*. at 250.

Defendant Silva does not bear the burden of proof at trial and, in moving for summary judgment, he need only prove an absence of evidence to support plaintiff's case. *In re Oracle Corp. Sec. Litig*., 627 F.3d 376, 387 (9th Cir. 2010). If defendant meets his initial burden, the burden then shifts to plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." *Id*. This requires plaintiff to "show more than the mere existence of a scintilla of evidence." *Id*. In fact, plaintiff must come forth with "evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id*. Plaintiff has failed to meet her burden.

Plaintiff's repeated statement that "Silva could not and did not see into Cell 46 because it was covered" is unsupported by any evidence whatsoever. There are no contradictory declarations, no photographs, nothing. "A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Moreover, Silva provided uncontradicted and admissible testimony that he had a clear and unobstructed view into Cell 46 at all times despite the presence of a covering of part of the door.

Plaintiff's reliance on the CDCR's Notice of Adverse Action to support his burden of proof is misplaced as it is inadmissible. As set forth in Defendant Silva's Objections to Evidence, all references to the Notice of Adverse Action should be stricken.

## PLAINTIFF'S "MATERIAL FACTS" SHOULD BE DISREGARDED

Local Rule 260(b) provides, in relevant part, that "[t]he opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

facts as to which there is a genuine issue precluding summary judgment. . ." Plaintiff's "Material Facts" Nos. 1 through 101 fail to comply with L.R. 260(b) should be disregarded. Plaintiff's arguments in opposition to Defendant Silva's motion for summary judgment based on those "Material Facts" ("PMF") be disregarded.

## ARGUMENT

### A. Plaintiff Cannot Establish the Requisite Culpable State of Mind

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a "sufficiently culpable state of mind . . . one of deliberate indifference to inmate health or safety." *Id.* (internal quotation marks and citations omitted).

Plaintiff's reliance on *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016) is misplaced as that case involved a pre-trial detainee, not a convicted prisoner.

Even when the evidence is viewed in the light most favorable to Romero, and inferences therefrom drawn in his favor, a reasonable jury could not find that defendant Silva was deliberately indifferent to a known risk to Romero's safety. Here, defendant Silva has shown that he conducted security checks in a proper and timely manner in compliance with CDCR POST orders, that the covering over half of Osuna's cell door did not hinder his ability to have a clear line of sight into Osuna's cell, that he was not aware of a serious risk to Romero's safety and was not aware of the attack on Romero as it appears to have happened after the end of Silva's shift. Plaintiff cannot show otherwise.

### B. Plaintiff Cannot Establish that Silva Caused Romero's Death

Wrongful death actions involve claims by the decedent's relatives to recover for their own injuries, caused by the death of their loved one. See Cal. Civ. Proc. Code § 377.60 *et seq.* A wrongful death claim encompasses all the elements of a negligence claim. Consequently, Plaintiff would be required to establish (1) breach of an existing duty (2) that proximately caused (3) an injury. *Singh v. Nat'l R.R. Passenger Corp.*, 799 F. App'x 516, 517 (9th Cir. 2020). Plaintiff is unable

to meet her burden.

**C. Defendant Silva is Entitled to Qualified Immunity**

Defendant Silva has shown that he was not deliberately indifferent to a substantial risk of serious harm or violated familial rights or violated any of plaintiff's Constitutional rights. The shield of qualified immunity is appropriate. Plaintiff cannot meet her burden of proving otherwise.

**CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court enter summary judgment in favor of Defendant Silva and against Plaintiff.

Dated: August 27, 2026

ANDRADA & ASSOCIATES

By *_/s/ J. Randall Andrada_*

J. RANDALL ANDRADA
Attorneys for Defendant
L. SILVA

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION