Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiff Dora Solares

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DORA SOLARES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ, in his individual capacity, KENNETH CLARK, in his individual capacity, JOSEPH BURNS, in his individual, and DOES 1 TO 15, in their individual capacities<br><br>Defendants. | Case No. 1:20-cv-00323-LHR<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES**<br><br>**Judge: Hon. Lee H. Rosenthal** |

Plaintiff Dora Solares hereby opposes Defendants Burnes, Loza, Gamboa, Garcia, Gallemore, Maytubby, Munoz, and Pena ("Defendants") Motion to Exclude Plaintiff's Witnesses. (ECF Dkt. No. 314.)

Respectfully submitted,

Dated: August 28, 2026

LAW OFFICES OF ERIN DARLING

By: */s/ Erin Darling*
Erin Darling,
Attorneys for Plaintiff Dora Solares

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Desperate to support a weak summary judgment motion, Defendants throw something else into the hopper: Defendants move to strike Plaintiff's expert Erin Parker's Declaration because it is unsigned. Although the defect is real, it is the form of curable irregularity contemplated by Rule 56(e) and Rule 61 of the Federal Rules of Civil Procedure.

Plaintiff's corrections practice expert Erin Parker signed her declaration under penalty of perjury on August 17, 2026, at Sacramento, California. The signed declaration is attached as Exhibit A and lodged herewith. Excusion of an expert's opinions prior to a hearing on a dispositive motion bears no proportion to the clerical mistake that has already been cured.

It must be noted that in preparing for this opposition, Plaintiff's counsel compared the filed Declaration of Erin Parker against the signed Declaration of Erin Parker and noticed two paragraphs of differences, besides the signature. Plaintiff identifies the differences below so that the Court may evaluate them directly. The differences create no prejudice to defendants. Accordingly, Plaintiff requests that the Court: (1) deem the signed declaration of Erin Parker (attached as Exhibit A) substituted for the version filed at ECF Dkt. No. 312, nunc pro tunc to August 17, 2026; (2) deny Defendants' Motion to Strike. There is no prejudice to Defendants and the error was harmless, as they were put on notice of the contentions being made by Ms. Parker. Indeed, instead of wrestling with the substantive opinions Ms. Parker made, defense counsel had enough time to file the instant motion to strike. Should the Court conclude Defendants require anything further, Plaintiff will make Ms. Parker available for further deposition. With that said, Defendants were already in possession of Ms. Parker's opinions and in the alternative, Plaintiffs can withdraw those two paragraphs from the support to the Opposition to Defendants' Motion for Summary Judgment, as Defendants' summary judgment motion can be defeated without reliance on those minor points by Ms. Parker.

## II. RELEVANT FACTS

### A. The Transmission Error

Justin Sterling was the attorney principally responsible for communicating with Ms. Parker in connection with Plaintiff's opposition to Defendants' motion for summary judgment. (Sterling Decl. ¶ 2.) On August 17, 2026, at 3:12 p.m., Mr. Sterling received Ms. Parker's finalized declaration via e-mail, signed under penalty of perjury that same day at Sacramento, California. (*Id.* ¶ 3; Ex. A.) Thirteen minutes later, at 3:25 p.m., Mr. Sterling emailed a declaration of Ms. Parker to co-counsel Erin Darling under the subject line "parker decl. final signed." (*Id.* ¶ 4; Ex. B.) The attachment was not the signed declaration Mr. Sterling had just received, but an earlier working draft of the declaration, unsigned by Ms. Parker. (*Id.*)

Mr. Darling, relying on the subject line, "parker decl. final signed" filed the unsigned draft that had been attached to the email from Mr. Sterling, without checking to confirm that it had in fact been signed by Ms. Parker. (Darling Decl. ¶¶ 2-3) Both Plaintiff's counsel did not discover the error until Defendants filed instant motion. (Sterling Decl. ¶ 5; Darling Decl. ¶ 3) The mistakes were inadvertent and sequential: Mr. Sterling attached the wrong file and labeled it "final signed"; Mr. Darling filed it without verifying that it was actually signed. Such errors are harmless, as described below.

### B. Two Differences Between Signed and Unsigned Declarations

Paragraphs 1 through 33 and 35 through 101 of the filed Declaration of Erin Parker and the singed Declaration of Erin Parker are identical. However, two differences (besides the lack of a signature) exist:

**First,** the signed declaration contains Paragraph 102, which is not in the unsigned version. It reads: "There are no nationally accepted guidelines/laws that govern all instances of limitations to confidentiality in a correctional setting." (Exhibit A, ¶ 102.)

**Second,** Paragraph 34 differs. The filed version shows that this was a working draft and states:

> There is no generally accepted practice or policy, at least that is detailed in CDCR's own memorandum or policy, that within Facility 4A at California State Prison, Corcoran, staff was to have the two potential cellmates meet and speak to one another before agreeing to cell together by placing them in the two holding cells in the rotunda where they can see one another and talk. There is policy which requires the CDC 1882- B. Let's discuss.

(Exhibit B, ¶ 34)

The signed Declaration of Erin Parker contains a Paragraph 34, which states:

> There is a generally accepted practice that staff is to have the two potential cellmates meet and speak to one another before agreeing to cell together by placing them in the two holding cells in the rotunda where they can see one another and talk, however, should an inmate refuse to accept the cell assignment discipline can be imposed on the refusing inmate.

(Exhibit A, ¶ 34)

The "Let's discuss" in the filed unsigned version confirms that this is a working draft, not the final one. This is the end of the discrepancies between the two declarations.

## III. ARGUMENT

### A. Harmless Error, No Prejudice

Federal Rule of Civil Procedure 56 does not authorize the sanction that Defendants seek. Where a party "fails to properly support an assertion of fact," sub-section (e)(2) of Rule 56 states that the court may "give an opportunity to properly support or address the fact." Fed. R. Civ. P. 56(e)(2). Federal Rule of Civil Procedure 61, "Harmless Error," also does not support Defendants' position, as it states: "At every stage of the proceedings, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61. The issue here is whether the defect in Plaintiff filing an unsigned declaration affected Defendants' substantial rights. It did not.

The Ninth Circuit has made clear that technical defects to the form of a declaration should not preclude a district court from considering it part of the record. *CFTC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 1999). The inquiry is directed to whether the contents of the evidence would be admissible, not the form to which the contents arrive at the summary judgment stage. *Fraser v. Goodale*, 342 F.3d 1032, 103601937 (9th Cir. 2003).

Whether an error is harmless, and whether it shall be disregarded as such, hinges on assessing whether the defect affected the substantial rights of the defendant. *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1982) The test is "whether the prejudice resulting from the error was more probably than not harmless." *Id.*; *see also* 28 U.S.C. § 2111 ("On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.")

In the context of unsigned declarations, counsel's filing of an unsigned declaration is deficient but prejudicial where a signed copy is subsequently provided. *Moyes v. United States*, 2010 U.S. Dist. LEXIS 96423 (E.D. Cal. Aug. 30, 2010). In *Moyes*, counsel served a declaration that was unsigned, was unaware of the mistake, and when the mistake was brought to her attention, immediately mailed a signed declaration to the other side. *Id.* at *4-5. The court found this harmless error that would not prejudice the other side. *Id.* at * 5; *see also Neri v. Hornbeak*, 550 F. Supp. 2d 1143, 1172 (C.D. Cal. 2008)(counsel's filing of unsigned declaration deficient but not prejudicial).

Here, the same outcome should follow. The signed declaration predates the filing of the declaration, so there is no question whether Ms. Parker signed, only whether the correct declaration was filed. Ms. Parker's signed, executed declaration satisfies the requirements of 28 U.S.C. § 1746. Ms. Parker signed the declaration on August 17, 2026, within the United States, at Sacramento, California, and declares the contents true and correct. The error of Ms. Parker's unsigned declaration is being corrected prior the summary judgment hearing, the substantive statements of Ms. Parker remain the same, except for Paragraphs 34 and 102. Defendants had timely notice of such statements. Plaintiff is amenable to permitting the deposition of Ms. Parker again, but submits that it would be unnecessary, as Defendants have already been put on notice of the opinions, and because they are not key to the Opposition. Indeed, in the alternative, Plaintiff is comfortable with the Court striking the two paragraphs where a discrepancy exists, although submits that it is not necessary.

Big picture, the error was clerical, not strategic, and it conferred no advantage of any kind on Plaintiff. Indeed, Plaintiff gained nothing whatever from filing a draft in place of a final signed version. Moreover, Defendants were not harmed, as 100 of the 102 paragraphs were identical and in Defendants' possession. The two differences were actually volunteered by Plaintiff, rather than uncovered by Defendants, weeks before the dispositive hearing. Exclusion would remove from the summary judgment record the opinions of Plaintiff's expert witness, which is at the heart of Plaintiff's failure-to-protect claim, simply because an attachment was misfiled. Defendants cannot demonstrate that the initial omission of the signature affected the outcome of the proceedings or prejudiced their case in any way.

## II. CONCLUSION

For the foregoing reasons defendants' motion should be denied, and deem the signed Declaration of Erin Parker, lodged herewith, substituted for the version filed at ECF Dkt. No. 312, nunc pro tunc to August 17, 2026.

Respectfully submitted,

Dated: August 13, 2026

LAW OFFICES OF JUSTIN STERLING

By: */s/ Justin Sterling*
Justin E. Sterling,
Attorneys for Plaintiff

LAW OFFICES OF ERIN DARLING

By: */s/Erin Darling*
Erin Darling,
Attorneys for Plaintiff

## DECLARATION OF COUNSEL JUSTIN STERLING

I, Justin Sterling, hereby declare as follows:

1. I am an attorney permitted to practice in the Eastern District of California, and I represent Dora Solares, mother of decedent Luis Rodriguez, in the above-entitled action. I have personal knowledge of the matters stated below and, if called as a witness, could and would testify competently to them.

2. I was the attorney principally responsible for communicating with Plaintiff's retained correctional practices expert, Erin Parker, in connection with Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

3. On August 17, 2026, at 3:12 p.m., I received an email from Ms. Parker, attached to which was her declaration in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. That declaration was signed by Ms. Parker under penalty of perjury on August 17, 2026, at Sacramento, California. A true and correct copy of Ms. Parker's signed declaration is attached hereto as Exhibit A.

4. At 3:25 p.m. on August 17, 2026, thirteen minutes after receiving Ms. Parker's signed declaration, I forwarded a declaration of Ms. Parker to my co-counsel Erin Darling via email. The subject line of that email was "parker decl. final signed." I intended to attach the signed declaration I had received from Ms. Parker at 3:12 p.m. that afternoon, but I did not. I inadvertently attached in my email to Mr. Darling an earlier, unexecuted working draft of Ms. Parker's declaration. A true and correct copy of the unsinged Declaration of Erin Parker that I emailed Mr. Darling (with the subject line "parker decl. final signed") is attached hereto as Exhibit B. A true and correct copy of the email itself to Mr. Darling is attached as Exhibit C. A true and correct copy of the amil I received from Ms. Parker on August 17, 2026, at 3:12 p.m. is attached hereto as Exhibit D.

5. I did not learn that I had attached the wrong file in my email to Mr. Darling until after Defendants filed their Motion to Strike. ECF Dkt. No. 314. The error described

above in Paragraph 4 is mine. Mr. Darling had no reason to know from the subject line of my email to him that the attachment was not the final declaration of Ms. Parker.

6. After discovering the error, I compared the unredacted submitted/filed Declaration of Ms. Parker that was unfinished and unsigned, with the completed and signed Declaration of Ms. Parker. Besides the latter being signed, the documents differ in only two respects. First, the signed declaration contains a Paragraph 102, which reads in full: "There are no nationally accepted guidelines/laws that govern all instances of limitations to confidentiality in a correctional setting." That paragraph is not in the submitted draft. Second, Paragraph 34 of the unsigned and submitted declaration reflects that it is a draft. It says: "There is no generally accepted practice or policy, at least that is detailed in CDCR's own memorandum or policy, that within Facility 4A at California State Prison, Corcoran, staff was to have the two potential cellmates meet and speak to one another before agreeing to cell together by placing them in the two holding cells in the rotunda where they can see one another and talk. There is policy which requires the CDC 1882- B. Let's discuss." *See* Exhibit B, ¶ 34. Paragraph 34 of the finalized and signed Declaration of Erin Parker states: "There is a generally accepted practice that staff is to have the two potential cellmates meet and speak to one another before agreeing to cell together by placing them in the two holding cells in the rotunda where they can see one another and talk, however, should an inmate refuse to accept the cell assignment discipline can be imposed on the refusing inmate." *See* Exhibit A, ¶ 34. Ms. Parker made that same point in her March 2, 2026, report, in which she stated: "Had Romero refused to house with Osuna, he would face receiving a serious RVR for refusing to house with another inmate."

7. If need be, Plaintiff is willing to make Ms. Parker available for further deposition limited to Paragraphs 34 and 102 of her signed declaration if the Court is inclined.

8. Neither Mr. Darling or I sought or obtained any tactical advantage from the filing of the unsigned draft declaration of Ms. Parker. No additional time was gained, no disclosure obligation was avoided, and no substantive position was altered by the mistake.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on August 28, 2026, at Encino, California.

By *<u>/s/ Justin Sterling</u>*

JUSTIN STERLING
Attorney for Dora Solares

**DECLARATION OF COUNSEL ERIN DARLING**

I, Erin Darling, hereby declare as follows:

1. I am an attorney permitted to practice in the Eastern District of California, and I represent Dora Solares, mother of decedent Luis Rodriguez, in the above-entitled action. I have personal knowledge of the matters stated below and, if called as a witness, could and would testify competently to them.

2. On August 17, 2026, at approximately 3:25 p.m., I received an email from my co-counsel Justin Sterling bearing the subject line "parker decl. final signed," with a declaration of Erin Parker attached. Reling on the description in the subject line, I filed the Declaration Erin Parker. *See* ECF Dkt. No. 312, redacted, unsigned version of Ms. Parker's Declaration. I reviewed the declaration quickly and did not check to confirm that it had in fact been signed by Ms. Parker. That omission was my mistake.

3. I did not learn that I had filed the incorrect Declaration of Erin Parker, which was unsigned, until after Defendants filed their Motion to Strike and I had received that motion. ECF Dkt. No. 314.

4. Concurrent with this Opposition, attached as Exhibit A to the Declaration of Justin Sterling, Plaintiff has lodged the signed Declaration of Erin Parker, dated August 17, 2026. Plaintiff requests that the signed declaration be substituted for the Declaration of Erin Parker filed at ECF Dkt. No. 312.

5. Neither Mr. Sterling or I sought or obtained any tactical advantage from the filing of the unsigned draft declaration of Ms. Parker. No additional time was gained, no disclosure obligation was avoided, and no substantive position was altered by the mistake.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on August 28, 2026, in Los Angeles, California.

By */s/ Erin Darling*

ERIN DARLING
Attorney for Dora Solares